1   Eugene B. Elliot, State Bar No. 111475
    Christine Lee, State Bar No. 231617
2   BERTRAND, FOX & ELLIOT
    The Waterfront Building
3   2749 Hyde Street
    San Francisco, California 94109
4   Telephone:    (415) 353-0999
    Facsimile:    (415) 353-0990
5
    Attorneys for Defendants
6   TAMALPAIS COMMUNITY SERVICES DIST. and JON ELAM, erroneously
    named herein as JOE ELAM
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  MARJORY ANDERSON,                         Case No.:      2354

12              Plaintiff,                    NOTICE OF REMOVAL OF MARIN
                                              COUNTY SUPERIOR COURT ACTION NO.
13        vs.                                 CV 081663 UNDER 28 U.S.C. §1441(b)
                                              [Federal Question]
14  TAMALPAIS COMMUNITY SERVICES
    DISTRICT, JOE ELAM, BOARD OF
15  TRUSTEES OF TAMALPAIS COMMUNITY
    SERVICES DISTRICT, PEARCE &
16  FRANKMAN, INC., MILLEN GRIFFITH,
    SPECIAL DISTRICT RISK MANAGEMENT
17  SERVICES, and DOES 1 through 15,

18              Defendants.

19

20        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21        PLEASE TAKE NOTICE that defendants TAMALPAIS COMMUNITY SERVICES

22  DISTRICT and JON ELAM, erroneously named herein as JOE ELAM, hereby remove to this

23  court the state court action described below:

24        1.    On April 7, 2008, Action No. CV 081663 was commenced in the Superior Court of

25  the State of California, in and for the County of Marin, captioned Marjory Anderson v. Tamalpais

26  Community Services District, Joe Elam, Board of Trustees of Tamalpais Community Services

27  District, Pearce & Frankman, Inc., Millen Griffith, Special District Risk Management Services,

28  and Does 1 through 15. A true and correct copy of plaintiff's complaint is attached hereto as

                                          1

DEFENDANT TAMALPAIS COMMUNITY SERVICES DISTRICT'S NTC REMOVAL TO FEDERAL COURT

1 | Exhibit "A".

2 |     2.    This action is a civil action of which this court has original jurisdiction under 28

3 | U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to 28 U.S.

4 | C. §1441(b) in that it arises under the Civil Rights Act of 1871, 42 U.S.C. § 1983, as set forth in

5 | the Eighth Cause of Action.

6 |     3.    Supplemental jurisdiction arises over the remaining claims because all claims are

7 | transactionally related for the purposes of 28 U.S.C. § 1367(a).

8 |     4.    No other named defendants have been served as of the date of filing this notice.

9 |

10 | Dated: May 7, 2008                  BERTRAND, FOX & ELLIOT

11 |

12 |                          By:_____Christine Lee_____

13 |                             Eugene B. Elliot
                            Christine Lee

14 |                             Attorneys for Defendants
                            TAMALPAIS COMMUNITY SERIVCES

15 |                             DIST. And JON ELAM

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANT TAMALPAIS COMMUNITY SERVICES DISTRICT'S NTC REMOVAL TO FEDERAL COURT

ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

FILED

APR 0 7 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By C. Larson Deputy

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MARIN

MARJORY ANDERSON,

Plaintiff,

v.

TAMALPAIS COMMUNITY
SERVICES DISTRICT, JOE ELAM,
BOARD OF TRUSTEES OF
TAMALPAIS COMMUNITY
SERVICES DISTRICT, PEARCE &
FRANKMAN, INC., MILLEN
GRIFFITH, SPECIAL DISTRICT RISK
MANAGEMENT SERVICES, and
DOES 1 through 15,

Defendants

CASE NO. CV 081663

**COMPLAINT**

(INVERSE CONDEMNATION;
TRESPASS; NUISANCE;
NEGLIGENCE; NEGLIGENCE *PER
SE*; THEFT, CONVERSION, OR
WASTE; WRONGFUL
INTERFERENCE WITH A
PROSPECTIVE ECONOMIC
ADVANTAGE; DISCRIMINATION
IN VIOLATION OF CIVIL RIGHTS)

**JURY DEMANDED**

Plaintiff, Marjory Anderson, alleges:

1.    Mrs. Anderson is an adult resident of Marin County, California, a citizen of United States of America, a former national of the United Kingdom, a former resident of Guyana, and a person of Asian, particularly Indian, descent.

2.    Defendant Tamalpais Community Services District ("TCSD") is a Community Services District existing and organized under the laws of the State of

1
COMPLAINT AND DEMAND FOR JURY TRIAL

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

1  California, and at all times relevant hereto, was the owner and operator of the sewage

2  system provided pursuant to the laws of the State of California to serve Mrs. Anderson's

3  residence

4

5       3.      At all times relevant hereto, Defendant Joe Elam was the General

6  Manager of TCSD. Plaintiff sues Defendant Elam in that capacity and also as an individual.

7  On information and belief, Mr. Elam is an adult resident of Marin County, California.

8       4.      On information and belief, Defendant Pearce & Frankman, Inc.

9  ("Pearce") is a business entity of unknown nature authorized to conduct business as an

10  insurance adjuster in the State of California.

11       5.      On information and belief, at all times relevant hereto, Defendant

12  Millen Griffith ("Griffith") was employed by Pearce as a claims adjuster. Plaintiff sues

13

14  Defendant Griffith in that capacity and also as an individual. On information and belief, he

15  is an adult resident of Sonoma County, California.

16       6.      Defendant Board of Trustees of TCSD ("Board of Trustees") is the

17  governing body and ultimate authority of TCSD.

18       7.      On information and belief, defendant Special District Risk

19  Management Advisor ("SDRMA") provides insurance, or the functional equivalent thereto,

20  to resolve the claims of TCSD customers against TCSD.

21

22       8.      Mrs. Anderson does not presently know the true names, capacities,

23  and places of residence of the defendants being sued herein as Does 1 through 15, inclusive.

24  Mrs. Anderson will seek leave of court to amend this complaint to allege said Defendants'

25  true names and capacities as soon as Mrs. Anderson can ascertain them.

26

ANTONIO L. CORTÉS
578 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919
27

28

2

COMPLAINT AND DEMAND FOR JURY TRIAL

9.   At all times herein, each Doe Defendant was an officer, employee, co-employee, servant, agent, employee, co-conspirator, and/or collaborator with all, some, or any of the named Defendants and/or was an officer, employee, co-employee, servant, agent, co-conspirator, and/or collaborator of or with an entity whose contractual dealings with one or more named Defendants who has injured Mrs. Anderson's property or civil rights, and each Doe defendant was acting in the course or capacity of such office, employment, position of service, agency, conspiracy, or collaboration.

10.   On information and belief, each of Does 1 through 5 was an officer, employee, co-employee, servant, or agent of TCSD charged with responsibility for the proper functioning of TCSD's sewage system that served Mrs. Anderson's home at all times or some time between January 1, 2004 and April 17, 2007.

11.   On information and belief, each of Does 6 through 10 was an officer, employee, co-employee, servant, or agent of Pearce or SDRMA charged with responsibility for the proper handling or adjusting of Mrs. Anderson's claims against TCSD.

12.   On information and belief, each of Does 11 through 15 was an officer, employee, co-employee, servant, or agent of TCSD, SDRMA, or Pearce charged with responsibility for cleaning sewage filth from Mrs. Anderson's home or repairing damage caused by sewage filth to Mrs. Anderson's home at all times or some time between December 26, 2004 and April 17, 2007.

13.   Venue.   Venue is proper in Marin County because some or all causes of action arise from damages done to real property located in Marin County.

14.   Mrs. Anderson has exhausted her rights of redress under California's Government Claims Act, California Government Code §§ 915, *et seq.*

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

3
COMPLAINT AND DEMAND FOR JURY TRIAL

1

## FACTS BASIC TO ALL CLAIMS

2
3

15.    Mrs. Anderson owns, occupies, and possesses a single family

dwelling home in the County of Marin within the jurisdiction of TCSD.

4
5
6
7
8
9
10
11
12

16.    Prior to Christmas 2004, Mrs. Anderson, who is approaching 70

years of age, lived happily in her home in what is believed to be an unincorporated area of

Marin County near Mill Valley, creating paintings and sculpture, cooking, and entertaining

friends. Her home was clean and sanitary, and filled with valuable possessions, including

family heirlooms, memorabilia, the toys played with by her children during their youth,

materials and tools used by Mrs. Anderson to create works of art, rare and valuable

hardwoods, and tools used by her son in pursuit of one or more of the building trades.

13
14
15
16
17

17.    On or about December 26, 2004, large volumes of raw sewage,

including identifiable fecal matter and the neighbors' used toilet paper, invaded Mrs.

Anderson's home, entering not only through her toilets, but also through her kitchen and

bathroom sinks, and her bathing facilities. That raw sewage was owned by and under the

control and jurisdiction of TCSD.

18
19
20
21
22
23
24
25
26

18.    TCSD did not initially respond to this disaster. However, after Mrs.

Anderson contacted an official she believes was working as an Environmental Engineer for

Marin County, TCSD arranged for some workers to come to Mrs. Anderson's home, about

ten (10) days after her house had been flooded by sewage, to assist her to clean up that

mess. Unfortunately, the assistance those workers provided was woefully inadequate

considering the scope of the sewage invasion, and further, in the process of doing what

cleanup work those workers did do, they took a large number of valuable goods belonging

27
28

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL. CA 94903
(415) 256-1911
FAX: (415) 256-1919

4

COMPLAINT AND DEMAND FOR JURY TRIAL

1    to Mrs. Anderson from her home, initially without her knowledge, and at all times without

2    her consent or authorization and contrary to her desires.

3          19.    TCSD took only limited steps to remediate the invasion of Mrs.

4    Anderson's home by its sewage. It paid for a short period of lodging and engaged in some

5    cleaning of her home. It did not, however, remove significant portions of the sewage

6    contaminating her home and did not replace damaged portions of her home. Although

7    TCSD did give her approximately $34,000 to complete the clean up and make repairs, those

8    funds were not sufficient to pay for damage to kitchen cabinets, baseboards, walls, and

9

10   flooring in the kitchen, bathroom, living room, hallways, stairwells, and other areas, or to

11   clean all residual sewage from her home. TCSD also sent contractors to work in Mrs.

12   Anderson's home in her absence without supervision adequate to prevent those persons

13   from stealing or disposing of her valuable possessions, and TCSD has failed and refused to

14   compensate her for that loss.

15

16          20.    Less than two and one-half years later, on or about April 17, 2007,

17   large volumes of raw sewage, *again* including identifiable fecal matter and the neighbors'

18   used toilet paper, *again* invaded the home of Mrs. Anderson, entering not only through her

19   toilets, but also through her kitchen and bathroom sinks, and her bathing facilities. This

20   sewage covered the downstairs bathroom, ran into the hallway, into the living room, and

21   into the kitchen. It then ran downstairs to the basement, covering the entire basement area.

22   At times, the sewage was over four inches deep in the kitchen and, in some areas, it was six

23   to eight inches deep. Mrs. Anderson's personal and real property suffered damage from this

24   second sewage invasion in addition to and distinct from the damage caused by the first

25   sewage invasion.

26

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919
27

28

5

COMPLAINT AND DEMAND FOR JURY TRIAL

21.     That raw sewage that entered the home of Mrs. Anderson on or about April 17, 2007 was owned by and under the control and jurisdiction of TCSD.

22.     TCSD took even more limited steps to assist Mrs. Anderson to survive this second disaster, did not remove much of the sewage filth from the woodwork and flooring, and other important areas such as kitchen cabinets and appliances, the heating system, and did not repair damage to Mrs. Anderson's real and personal property caused by the second sewage invasion. Because of the limited nature of TCSD's assistance after the April 17, 2007 invasion, Mrs. Anderson has lost $30,000 in personal property, has suffered damage to her home that has and will cost more than $160,000 to repair, has incurred incidental expenses exceeding $20,000, has suffered emotional distress, and has continued to suffer the loss of her means of livelihood and personal enjoyment of life.  Further, on or about April 18, 2007, workmen hired by TCSD to remove sewage from her basement removed personal property valuable to Mrs. Anderson without her consent, knowledge, or permission.  That property was worth more than $15,000 to Mrs. Anderson.

23.     The presence of the raw sewage soon made Mrs. Anderson ill, depressed, and despondent, and, having still not been adequately cleaned up, continues to make Mrs. Anderson ill, depressed, and despondent to this date.  She is no longer happy, she can no longer entertain friends, and she can no longer create her works of art, most of her materials and tools having been taken or destroyed by TCSD and/or its agents and employees, and her home environment remaining sufficiently disgusting to not be conducive to the creative process, as it was before TCSD's sewage invasions. Due to her age and the depression and despondency she currently suffers due to the second sewage invasion, and due to her limited funds and lack of skills in the building traces, she remains

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

6
COMPLAINT AND DEMAND FOR JURY TRIAL

1    unable to restore her home environment to the level of repair and cleanliness necessary to

2    remedy her depression and despondency.

3        24.    Since April 17, 2007, despite repeated demands by Mrs. Anderson,

4    TCSD has failed and refused to repair the damage to her home and personal property by

5    TCSD's raw sewage. Residual fecal matter and other sewage debris from that second spill

6    remains behind her kitchen cabinetry, inside her kitchen appliances, insider her heating

7

8    system, and in and under flooring throughout her home as of the date of filing this

9    complaint. Her floors and walls remain warped and unsightly as a result of that second

10    spill.

11

12                            FIRST CAUSE OF ACTION
                              Inverse Condemnation
13                            Against TCSD

14        25.    Mrs. Anderson restates and realleges the foregoing paragraphs 1

15    through 24 as if fully restated and incorporates them herein by this reference.

16        26.    The entry of sewage into Mrs. Anderson's home was substantially

17    caused by a public improvement owned and maintained by TCSD.

18        27.    The complained-of damage to Mrs. Anderson's home and personal

19    property was substantially caused by a public improvement owned and maintained by

20    TCSD.

21

22        28.    The complained-of invasion of Mrs. Anderson's home by sewage

23    through TCSD's facilities continues to soil and degrade her home and permeate it with

24    noxious odors and unhealthy pestilence.

25        29.    The entry of sewage into Mrs. Anderson's home has damaged Mrs.

26    Anderson's home in an amount to be proven at trial to exceed $250,000.00, damaged Mrs.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919
27

28

                                7
                COMPLAINT AND DEMAND FOR JURY TRIAL

1  Anderson's other property in an amount to be proven at trial to exceed $45,000.00, and has

2  deprived Mrs. Anderson of the use of her home and personal property to her damage in an

3  amount to be proven at trial to exceed $50,000.00.

4
5          30.    Mrs. Anderson has the constitutional right to be reimbursed for all

6  such damage by TCSD.

7                          SECOND CAUSE OF ACTION
                                    Trespass
8          Against TCSD, Joe Elam, Board of Trustees, and Does 1 through 5

9          31.    Mrs. Anderson restates and realleges the foregoing paragraphs 1

10 through 30 as if fully restated and incorporates them herein by this reference.

11         32.    On December 26, 2004, and at all times thereafter, Mrs. Anderson
12
   has been in sole legal and actual possession of her home and has used it at her place of
13
   dwelling.
14

15         33.    The entries of sewage into Mrs. Anderson's home on December 26,

16 2004 and April 17, 2007 were without Mrs. Anderson's consent or authorization.

17         34.    The entries of sewage into Mrs. Anderson's home on December 26,
18
   2004 and April 17, 2007 interfered with, and at all times since those dates have continued to
19
   interfere with, Mrs. Anderson's rightful use and possession of her home.
20

21         35.    The entries of sewage into Mrs. Anderson's home on December 26,

22 2004 and April 17, 2007 physically damaged Mrs. Anderson's home, Mrs. Anderson's

23 property therein, Mrs. Anderson's health, and Mrs. Anderson's emotional and economic

24 well being.

25

26

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919
27
28
                                        8
   COMPLAINT AND DEMAND FOR JURY TRIAL

36.    The entries of sewage into Mrs. Anderson's home on December 26, 2004 and April 17, 2007 have caused injury and damage to Mrs. Anderson's person and property in an amount to be proven at trial to exceed $450,000.00.

37.    The entry of sewage into Mrs. Anderson's home on April 17, 2007 occurred as a direct result of TCSD's, Joe Elam's, Board of Trustees', and/or Does 1 through 5's knowing and reckless disregard of Mrs. Anderson's health, welfare, and property rights, and as a consequence, Mrs. Anderson is entitled to exemplary damages from TCSD, Joe Elam, Board of Trustees, and/or Does 1 through 5 in an amount to be proven at trial to be between $900,000 and $4,050,000.

THIRD CAUSE OF ACTION
Nuisance
Against TCSD, Joe Elam, Board of Trustees, and Does 1 through 5

38.    Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 37 as if fully restated and incorporates them herein by this reference.

39.    At all times herein, TCSD was the owner and operator of the sewage system serving Mrs. Anderson's residence.

40.    Since 2004, Defendants constructed and maintained the portion of its sewage system adjacent to and/or serving Mrs. Anderson's residence and the residences of her neighbors in a manner that does not allow sufficient drainage of sewage away from Mrs. Anderson's residence during certain conditions, and that, in certain conditions, forces sewage from other TCSD customers into Mrs. Anderson's home. Between the first and second invasions of sewage into Mrs. Anderson's home, Defendants omitted to correct its sewage system in a manner reasonably calculated to protect Mrs. Anderson from the further intrusion of sewage into her home.

9
COMPLAINT AND DEMAND FOR JURY TRIAL

41.     Because of TCSD's construction and maintenance of its sewage system in this manner, the interior living area of Mrs. Anderson's residence has twice been flooded with raw sewage generated by her neighbors and others.

42.     Because of the acts and omissions set forth above, Mrs. Anderson has been damaged in that her home has been severely damaged, her personal possessions in her home have been damaged, destroyed, or removed without her permission, she has and continues to have to dwell in unpleasant, noxious, dirty, disgusting, and unsanitary conditions, she has suffered emotional distress, she has lost and continues to be deprived of the use of her home, she has suffered and continues to suffer adverse health effects including depression, and she has lost her means of livelihood.

43.     Because of the above acts, Mrs. Anderson has been damaged in an amount to be proven at trial to exceed $450,000.00, and unless the above enumerated acts of Defendants are enjoined, Mrs. Anderson will continue to suffer irreparable harm thereby.

44.     Because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to abate the nuisance created by the remaining portions of its sewage in Mrs. Anderson's home and the unsanitary conditions caused by its sewage in Mrs. Anderson's home, despite a long passage of time and several demands for said abatement, in knowing and willful disregard of Mrs. Anderson's health and safety, and because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to correct the known defects in TCSD's sewage system prior to the April 2007 sewage intrusion in knowing and willful disregard of Mrs. Anderson's health and safety, Mrs. Anderson is entitled to punitive damages from TCSD, Elam, Board of Trustees, and Does 1-5 in an amount to be proven at trial to be between $900,000 and $4,050,000.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

10
COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

27

28

45.     Mrs. Anderson is entitled to a permanent injunction enjoining TCSD from maintaining its sewer system in a manner that allows any sewage, grey water, waste material, or any other noxious substance in any amount to enter the property of Mrs. Anderson.

FOURTH CAUSE OF ACTION
Negligence
Against TCSD, Joe Elam, Board of Trustees, SDRMA, Does 1 through 5, and Does 11 through 15

46.     Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 45 as if fully restated and incorporates them herein by this reference

47.     TCSD, Joe Elam, Board of Trustees, SDRMA, Does 1 through 5, and Does 11 through 15 each owed Mrs. Anderson , as a resident of an unincorporated area under jurisdiction of TCSD, a duty to exercise due care to not needlessly deprive her of her health, welfare, home, enjoyment of life, livelihood, and constitutional rights.

48.     Defendants TCSD, Joe Elam, Board of Trustees, SDRMA, and Does 1 through 5 and 11 through 15 each breached those duties by the following acts and omissions:

a. Maintaining their sewage system in such a condition that it would cause or allow sewage to enter the homes of any of their customers, including Mrs. Anderson;

b. Failing to correct known defects in their sewage system in time to prevent the April 17, 2007 entry of sewage into her home;

c. Failing to promptly and thoroughly clean Mrs. Anderson's home after the entries of sewage into Mrs. Anderson's home on December 26, 2004 and April 17, 2007;

11

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL. CA 94903
(415) 256-1911
FAX: (415) 256-1919

          d.   Failing to supervise their employees or contractors working at Mrs. Anderson's home to the extent required to prevent them from taking or disposing of Mrs. Anderson's personal property without her consent;

          e.   Taking or disposing of Mrs. Anderson's personal property without her consent;

          f.   Failing to retain and instruct a claims adjuster in a manner reasonably calculated to give proper consideration of and remediation for Mrs. Anderson's claims; and

          g.   Failing to honor Mrs. Anderson's claims for compensation for the injuries to her home, property, and health caused by the entries of sewage into Mrs. Anderson's home on December 26, 2004 and April 17, 2007.

      49.   Defendants have breached those duties with oppression, fraud, and/or malice in that, among other things, Defendants knew of the December 26, 2004 entry of sewage into Mrs. Anderson's home yet still failed to take reasonable steps to correct the cause of that disaster sufficiently that the interior living areas Mrs. Anderson's house would not be inundated with raw sewage and fecal matter a second time, and in that, the taking of Mrs. Anderson's personal property without her consent was known to Defendants to be criminally illegal. Defendant Elam also breached that duty with oppression, fraud, and/or malice in that, among other things, his failure and refusal to properly clean repair the damage to Mrs. Anderson's home and her possessions was motivated by his prejudices concerning her race, nationality, prior citizenship, and age.

12

COMPLAINT AND DEMAND FOR JURY TRIAL

50.    As a direct and proximate result of Defendants' breaches of their duties as a community services district, and officers, employees, contractors, and/or insurers or *de facto* insurers thereof, Mrs. Anderson has been injured in an amount to be proven at trial to exceed $450,000.

51.    Mrs. Anderson did not negligently contribute to her injury.

52.    Because Defendants were grossly negligent, and/or breached their duties to Mrs. Anderson with oppression, fraud, and/or malice, they should be required to pay exemplary damages of three to nine times that amount.

## FITFTH CAUSE OF ACTION
Negligence *per se*
Against TCSD, Joe Elam, Board of Trustees, and Does 1 through 5

53.    Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 52 as if fully restated and incorporates them herein by this reference.

54.    By twice causing or allowing large volumes of raw sewage and fecal matter to enter and damage Mrs. Anderson's home and the property therein, and/or by failing to repair that damage, Defendants violated the following statutes:  (a) Health & Safety Code §§ 5411 & 5412; (b) Civil Code § 3480; and (c) Penal Code § 372.

55.    Defendants' violations of each of the foregoing statutes caused injury to Mrs. Anderson in that those violations deprived her of her health, her happiness, her home, her livelihood, and her sanitary place to dwell.

56.    The injury to Mrs. Anderson caused by Defendants' violations of the foregoing statutes was the injury those statutes were enacted to prevent.

57.    Mrs. Anderson is a member of the class of persons the foregoing statutes were enacted to protect.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

13
COMPLAINT AND DEMAND FOR JURY TRIAL

58.    Defendants' violation of the foregoing statutes has injured Mrs. Anderson in an amount that is difficult to determine, but that Mrs. Anderson is informed and believes will be proven at trial to exceed $450,000.

59.    Mrs. Anderson is informed and believes that Defendant's violation of the foregoing statutes was malicious, in that, among other things, by December 26, 2004, Defendants knew of the conditions that caused sewage to enter Mrs. Anderson's home on that date and knew those would likely cause a second entry of TCSD's sewage into her home, yet prevented TCSD from correcting those conditions, and also in Defendant Elam's disinclination to cause TCSD to correct those conditions was racially and otherwise impermissibly motivated.

SIXTH CAUSE OF ACTION
Theft, Conversion, and/or Waste
Against TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, Millen,
and Does 11 through 15

60.    Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 59 as if fully restated and incorporates them herein by this reference.

61.    On information and belief, TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, and/or Millen permitted, employed, hired, and/or contracted with Does 11 through 15 to clean sewage filth from Mrs. Anderson's home and to perform limited repairs to Mrs. Anderson's home.

62.    While performing such cleaning and repairs, the foregoing Defendants removed and/or caused to be removed a large number of valuable items of personal property belonging to Mrs. Anderson from her home and property without her knowledge or consent and against her wishes.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

14
COMPLAINT AND DEMAND FOR JURY TRIAL

63.     On information and belief, the foregoing Defendants either converted such property to their own use, intentionally stole it, wantonly and willfully disposed of it without regard to Mrs. Anderson's ownership interest in said property, or wasted it while it was in their control.

64.     On information and belief, Does 11 through 15 converted, stole, disposed of, or wasted said property with the complicity or tacit consent of one or more of Defendants TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, and/or Millen.

65.     As a proximate result of said conversion, theft, disposal, or waste, Mrs. Anderson has suffered damages an amount to be proven at trial to exceed $45,000.

66.     Mrs. Anderson is entitled to punitive and exemplary damages from TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, Millen, and Does 11 through 15 for said conversion, theft, or waste in an amount to be determined at trial to be between $90,000 and $405,000.

SEVENTH CAUSE OF ACTION
Wrongful Interference with a Prospective Economic Advantage
Against Pearce, Griffith, Elam, and SDRMA

67.     Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 66 as if fully restated and incorporates them herein by this reference.

68.     On information and belief, TCSD and SDRMA had a contractual relationship or business expectance pursuant to which SDRMA was obligated to settle claims of third parties to whom TCSD was liable for damages of the type claimed by Mrs. Anderson.

69.     As a customer of TCSD, Mrs. Anderson was an intended third-party beneficiary of that alleged contractual relationship or business expectance.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

15
COMPLAINT AND DEMAND FOR JURY TRIAL

70.   Pearce, Griffith, Elam, and SDRMA each knew of that alleged contractual relationship or business expectance.

71.   Pearce, Griffith, Elam, and SDRMA each interfered with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance.

72.   As a direct and proximate result of that interference, Mrs. Anderson has been damaged in an amount to be proven at trial to exceed $450,000.00.

73.   The interference by Pearce, Griffith, Elam, and SDRMA with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance was legally and/or actually malicious.

74.   Because Pearce, Griffith, Elam, and SDRMA's interference with was legally and/or actually malicious, Mrs. Anderson is entitled to punitive damages from Pearce, Griffith, Elam, and SDRMA in an amount to be proven at trial to be between $900,000 and $4,050,000.

EIGHTH CAUSE OF ACTION
Violation of Civil Rights
Against TCSD, SDRMA, Elam, Pearce, & Griffith

75.   Mrs. Anderson restates and realleges the foregoing paragraphs 1 through 74 as if fully restated and incorporates them herein by this reference.

76.   Mrs. Anderson is entitled to be considered for compensation from Defendants for damages she has suffered from the two sewage invasions without regard to her race, nationality, age, gender, or spiritual and religious beliefs.

ANTONIO L CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

16
COMPLAINT AND DEMAND FOR JURY TRIAL

77.    Based on the foregoing allegations in this complaint, Mrs. Anderson is informed and believes that Defendants' failure and refusal to provide her that compensation was and is motivated, at least in part, by her Asian race, her Indian ancestry, her age, her spiritual practices, and her gender, as indicated by Defendants' verbal and written communications to her, the patronizing tone of those communications, Defendants' insistence in addressing her as "Marge" when denying her the compensation she was entitled to receive, the fact that she never addressed any Defendant by his first name or expressed acceptance for their addressing her as "Marge," Defendants' repeated sarcastic remarks belittling Mrs. Anderson's efforts to discuss compensation with Defendants, such as "Oh, and you are an expert on sewage!," Defendants' unsolicited and unwelcomed verbal and written remarks expressing their consciousness of her Asian race, her Indian nationality, her age, and her spiritual practices, and by Defendants' demeanor when delivering the foregoing communications to her.

78.    Based on the foregoing, Mrs. Anderson is informed and believes that there is a disparity between Defendants' provision of due compensation to her and to their provision of compensation to other similarly-situated TCSD customers and other similarly-situated SDRMA intended beneficiaries who are not of Asian race, of Indian Ancestry, senior citizenship, and/or female gender, and/or who have religious and spiritual beliefs and practices shared by Defendants and/or more readily acceptable to Defendants.

79.    The foregoing alleged denials of compensation based on Mrs. Anderson's race, ancestry, age, and spiritual practices, and the foregoing disparate treatment, violate her rights under the First, Fifth, Fourteenth Amendments of the Constitution of the United States of America, under the Civil Rights Act of 1964, 42 USC §

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

17
COMPLAINT AND DEMAND FOR JURY TRIAL

2000d, *et seq.*, and under the Religious Freedom Restoration Act of 1993, 41 USC 2000bb, *et seq.*, and, accordingly, violate 42 USC § 1983.

80.    The foregoing alleged denials of compensation based on Mrs. Anderson's race, nationality, age, and spiritual practices, and the foregoing alleged disparate treatment, also violate her rights under Cal. Const. Art. I, §§ 4 and 7, and under the Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq.*

81.    Pursuant to precedent, and to federal and state statutes such as 42 USC § 1983 and Cal. Civil Code § 52(a), Mrs. Anderson is entitled to damages from each of TCSD, SDRMA, Elam, Pearce, & Griffith, separately, in an amount to be proven at trial to exceed $1 million from each of TCSD, SDRMA, Elam, Pearce, and Griffith, for each of their violations of her constitutional and civil rights.

82.    Pursuant to Cal. Civil Code § 52(a), Mrs. Anderson is entitled to treble damages of over $3 million from each of TCSD, SDRMA, Elam, Pearce, and Griffith, for each of their alleged acts of discrimination.

83.    Pursuant to Cal. Civil Code § 52(b)(2), Mrs. Anderson is entitled to a civil penalty of $25,000 from each Defendant for each act of his or its alleged discrimination.

84.    Pursuant to Federal and State statutes, including, but not limited to, 42 USC § 1988(b) and Cal. Civil Code § 52(b)(3), Mrs. Anderson is entitled to her reasonable attorneys' fees incurred in prosecuting this action.

85.    Mrs. Anderson is entitled to expert witness fees necessary to prove her discrimination claims by federal statutes such as 42 USC § 1988(c).

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

86.    Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to punitive and exemplary damages in an amount to be proven at trial to be between $2 million and $9 million.

For the foregoing reasons, Mrs. Anderson most respectfully requests this honorable Court to grant judgment in her favor and against Defendants, as follows:

a.    For monetary damages against each Defendant in an amount to be proven at trial to exceed $1,000,000.00 in the case of TCSD, SDRMA, Elam, Pearce, and Griffith and in an amount to be proven at trial to exceed $450,000 in the case of each other Defendant;

b.    For treble damages of $3,000,000.00 against each of TCSD, SDRMA, Elam, Pearce, and Griffith;

c.    For interest on all damages at the statutory rate;

d.    For Mrs. Anderson's reasonable attorneys' fees;

e.    For Mrs. Anderson's costs of suit;

f.    For Mrs. Anderson's reasonable experts' fees;

g.    For punitive and exemplary damages of $9,000,000.00 against each of TCSD, SDRMA, Elam, Pearce, and Griffith and for punitive and exemplary damages against each other Defendant according to proof; and

h.    For such other and further relief as this honorable Court may deem just and proper.

/ / /

/ / /

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

19
COMPLAINT AND DEMAND FOR JURY TRIAL

1    PLAINTIFF DEMANDS A JURY TRIAL.

2    DATED:  April 7, 2008

3

4

5    Antonio L. Cortes,
     Counsel for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ANTONIO L. CORTES
    528 WISTERIA WAY
    SAN RAFAEL, CA 94903
    (415) 256-1911
28  FAX (415) 256-1919

20
COMPLAINT AND DEMAND FOR JURY TRIAL

1       I, Jan Taheny declare that:

2       I am employed in the County of San Francisco, California; I am over the age of eighteen years

3   and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco,

4   California 94109.

5       I am readily familiar with the practice of Bertrand, Fox, & Elliot for the processing of

6   correspondence, said practice being that in the ordinary course of business, correspondence is

7   deposited in the United States Postal Service the same day as it is placed for processing.

8       On **May 7, 2008,** I served the following document(s):

9   **NOTICE OF REMOVAL OF MARIN COUNTY SUPERIOR COURT ACTION NO.
    CV081663 UNDER 28 U.S.C. § 1441(b)**

10

11  in said cause, on the following interested parties:

12  Antonio L. Cortes, Esq.         *Attorney for Plaintiff*
    528 Wisteria Way           *MARJORY ANDERSON*

13  San Rafael, CA 94903
    Fax: 415.256.1919

14

15      Said service was performed in the following manner:

16  **( X ) BY U.S. POSTAL SERVICE (Mail):** I placed each such document in a sealed envelope

17  addressed at noted above, with first-class mail postage thereon fully prepaid, for collection and
    mailing at San Francisco, California, following the above-stated business practice, on this date.

18
        I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct. Executed **May 7, 2008,** at San Francisco, California.

20

21                            Jan Taheny
                              Jan Taheny

22

23

24

25

26

27

28

1

PROOF OF SERVICE

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MARJORY ANDERSON

**DEFENDANTS**

TAMALPAIS COMMUNITY SERVICES DISTIRCT, JOE ELAM, BOARD OF TRUSTEE OF TAMALPAIS COMM. SERVICES DIST.

**(b)** County of Residence of First Listed Plaintiff  MARIN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Antonio L. Cortes, Esq.
528 Wisteria Way
San Rafael, CA 94903
Tel: 415.256.1911

Attorneys (If Known)

Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
2749 Hyde St., San Francisco, CA 94109  Tel: 415.353.0999

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
USC Section 1441(b)
Brief description of cause:
Violation of Civil Rights under 42 USC Section 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
May 7, 2008

SIGNATURE OF ATTORNEY OF RECORD
Christine Lee