1  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone:    (415) 353-0999
   Facsimile:    (415) 353-0990
5
   Attorneys for Defendants
6  TAMALPAIS COMMUNITY SERVICES DIST. and JON ELAM, erroneously
   named herein as JOE ELAM
7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  MARJORY ANDERSON,                    Case No.: CV08-2354 JCS

12              Plaintiff,
          vs.
13                                       Date:   July 11, 2008
                                         Time:   9:30 a.m.
14  TAMALPAIS COMMUNITY SERVICES         Dept.:  Courtroom A, 15th Floor
    DISTRICT, JOE ELAM, BOARD OF
15  TRUSTEES OF TAMALPAIS COMMUNITY      Honorable Joseph C. Spero
    SERVICES DISTRICT, PEARCE &
16  FRANKMAN, INC., MILLEN GRIFFITH,
    SPECIAL DISTRICT RISK MANAGEMENT
17  SERVICES, and DOES 1 through 15,

18              Defendants.

19

20

21
    **DEFENDANTS TAMALPAIS COMMUNITY SERVICES DISTRICT & JON**
22  **ELAM'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM**
    **OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND**
23  **IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**
    **[FRCP 12(b)(6) & 12(e)]**
24

25

26

27

28

1

# TABLE OF CONTENTS

2  NOTICE.................................................................................................1

3  MEMORANDUM OF POINTS AND AUTHORITIES.................................1

4      I.      INTRODUCTION AND SUMMARY OF ARGUMENT.........................1

5

6      II.     STATEMENT OF ISSUES TO BE DECIDED..............................4

7

8      III.    STATEMENT OF FACTS.....................................................5

      IV.    LEGAL ARGUMENT.........................................................6

9           A.     AUTHORITY FOR MOTION.........................................6

10         B.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR

11                  VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH
                  AMENDMENTS UNDER SECTION 1983 AGAINST THE

12                  DISTRICT BECAUSE THE MISCONDUCT WAS NOT
                  PURSUANT TO AN OFFICIAL POLICY, PATTERN OR

13                  PRACTICE..................................................6

14         C.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR

15                  VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH
                  AMENDMENTS UNDER SECTION 1983 AGAINST ELAM

16                  BECAUSE HE DID NOT PARTICIPATE IN, DIRECT OR
                  KNOW OF THE ALLEGED DISCRIMINATION.....................7

17

18         D.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A
                  FIRST AMENDMENT VIOLATION BECAUSE SHE FAILS TO

19                  ALLEGE THAT HER FIRST AMENDMENT RIGHTS WERE
                  VIOLATED...................................................8

20

21         E.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER
                  THE FIFTH AMENDMENT BECAUSE THE DISTRICT AND

22                  ELAM ARE NOT FEDERAL ACTORS..............................8

23         F.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER

24                  THE FOURTEENTH AMENDMENT BECAUSE THE DENIAL OF
                  COMPENSATION IS NOT A CONSTITUTIONALLY PROTECTED

25                  RIGHT, THE DENIAL OF COMPENSATION DOES NOT SHOCK
                  THE CONSCIENCE AND PLAINTIFF WAS NOT TREATED

26                  DIFFERENTLY FROM THOSE SIMILARLY SITUATED.............9

27

28

G.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
    VIOLATION OF 42 U.S.C. § 2000d AGAINST THE DISTRICT AND
    ELAM BECAUSE THE DISTRICT DOES NOT RECEIVE
    FEDERAL FUNDING AND TITLE VI DOES NOT PROVIDE
    FOR INDIVIDUAL LIABILITY..................................................................10

H.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
    VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION
    ACT OF 1993 BECAUSE NO FEDERAL LAW OR REGULATION
    IS IMPLICATED.............................................................................................11

I.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER
    THE CALIFORNIA CONSTITUTION AND THE UNRUH CIVIL
    RIGHTS ACT BECAUSE SHE DOES NOT IDENTIFY HER
    CONSTITUTIONAL RIGHTS NOR DOES SHE ALLEGE HOW
    DEFENDANTS DISCRIMINATED AGAINST HER...................................12

J.  TO THE EXTENT THAT PLAINTIFF'S EIGHTH CAUSE OF
    ACTION RELIES ON THE 2004 INCIDENT IT IS BARRED BY
    THE STATUTE OF LIMITATIONS................................................................13

K.  TO THE EXTENT THAT PLAINTIFF'S FIRST, SECOND, THIRD,
    FOURTH, FIFTH AND SIXTH CAUSES OF ACTION RELY IN
    THE 2004 INCIDENT, HER CLAIMS ARE UNTIMELY............................14

L.  THE SECOND, FOURTH, SIXTH AND SEVENTH CAUSES OF
    ACTION, SHOULD BE DISMISSED AGAINST THE DISTRICT
    BECAUSE THE DISTRICT AS A PUBLIC ENTITY IS IMMUNE
    FROM COMMON LAW TORT CLAIMS.......................................................15

M.  PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE
    PER SE BECAUSE THE DISTRICT IS IMMUNE FROM COMMON
    LAW NEGLIGENCE CLAIMS AND PLAINTIFF RELIES ON
    STATUTES THAT ARE NOT APPLICABLE HERE...................................15

N.  PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR WRONGFUL
    INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
    FAILS TO STATE A CAUSE OF ACTION BECAUSE SHE DOES
    NOT ALLEGE FACTS TO SHOW AN ECONOMIC RELATIONSHIP
    WITH A THIRD PARTY, THE PROBABILITY OF FUTURE
    ECONOMIC BENEFIT OR ELAM'S WRONGFUL CONDUCT.................17

O.  IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR
    A MORE DEFINITE STATEMENT..............................................................20

V.  CONCLUSION................................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Ballistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) ............................................................................................. 6

*Bartkus v. Illinois*
359 U.S. 121 (1959) ............................................................................................................. 9

*Beck Dev. Co. v. S. Pac. Transp. Co.*
44 Cal. App. 4th 1160 (1996) .......................................................................................... 14

*Blank v. Kirwan*
39 Cal. 3d 311 (1985) ............................................................................................... 18, 20

*Board of the County Commissioners of Bryan County v. Brown*
520 U.S. 397 (1996) ........................................................................................................... 7

*Canatella v. Van De Kamp*
486 F.3d 1128 (9th Cir. 2007) ........................................................................................ 13

*City of Boerne v. P.F. Flores*
521 U.S. 507 (1997) ......................................................................................................... 11

*City of Canton v. Harris*
489 U.S. 378 (1988) ........................................................................................................... 7

*City of Los Angeles v. Heller*
475 U.S. 796 (1986) ........................................................................................................... 7

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994.) ............................................................................................. 6

*Conley v. Gibson*
355 U.S. 41 (1956) ............................................................................................................. 6

*Daviton v. Columbia/HCA Healthcare Corp.*
241 F.3d 1131 (9th Cir. 2001) ........................................................................................ 11

*De La Cruz v. Tormey*
582 F.2d 45 (9th Cir. 1978) ............................................................................................... 6

*Della Penna v. Toyota Motor Sales*
*U.S.A.*, 11 Cal. 4th 376 (1995) ..................................................................................... 19

*Eastburn v. Reg'l Fire Prot. Auth.*
31 Cal. 4th 1175 (2003) .................................................................................................. 15

*Fobbs v. Holy Cross Health System Corp.*
   29 F.3d 1439 (9th Cir. 1994) .................................................................11

*Gatto v. County of Sonoma*
   98 Cal. App. 4th 744 (2002) .................................................................21

*Goehring v. Brophy*
   94 F.3d 1294 (9th Cir. 1996) .................................................................11

*Hoff v. Vacaville Unified School District*
   19 Cal. 4th 925 (1998) .................................................................15

*Ingraham v. Wright*
   430 U.S. 651 (1977).................................................................9

*Ivey v. Bd. of Regents of Univ. of Alaska*
   673 F.2d 266 (9th Cir. 1982) .................................................................7

*Jones v. Blanas*
   393 F.3d 918 (9th Cir. 2004) .................................................................13

*Ketchum v. Alameda County*
   811 F.2d 1243 (9th Cir. 1987) .................................................................8

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal. 4th 1134 (2003) .................................................................19

*Levine v. Diamanthuset*
   950 F.2d 1278 (9th Cir. 1991) .................................................................6

*Lyles v. State of California*
   153 Cal. App. 4th 281 (2007) .................................................................14

*Merrick v. Farmers Ins. Group*
   892 F.2d 1434 (9th Cir. 1990) .................................................................9

*Miller v. Maxwell's Int'l Inc.*
   991 F.2d 583 (9th Cir. 1993) .................................................................11

*Monell v. New York City Dept. of Social Services*
   436 U.S. 658 (1997).................................................................6

*Neal v. Shimoda*
   131 F.3d 818 (9th Cir. 1997) .................................................................9

*Petersen v. California Special Education Hearing Office*
   2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007) .................................................................21

*Polk County v. Dodson*
   454 U.S. 312 (1981)..................................................................................7

*Rasul v. Myers*
   512 F.3d 644 (D.C. Cir. 2008)..................................................................12

*Reno v. Flores*
   113 S. Ct. 1439 (1993)..............................................................................9

*San Jose Charter of Hell's Angel's Motorcycle Club v. City of San Jose*
   1999 U.S. Dist. LEXIS 21440 (N.D. Cal. Dec. 6, 1999)....................9, 12

*Scott v. Henrich*
   39 F.3d 912 (9th Cir. 1992) .....................................................................7

*Shotz v. City of Plantation*
   344 F.3d 1161 (11th Cir. Fla. 2003) ......................................................11

*Stephen H. v. W. Contra Costa County Unified School District.*
   2007 U.S. Dist. LEXIS 41672 (N.D. Cal. May 29, 2007)......................21

*Sutton v. Providence St. Joseph Med. Ctr.*
   192 F.3d 826 (9th Cir. 1999) .................................................................12

*Taylor v. List*
   880 F.2d 1040 (9th Cir. 1989) .................................................................7

*United States v. Salerno*
   481 U.S. 739 (1987)..................................................................................9

*Ventura Mobilehome Comm. Owners Ass'n v. City of San Beunaventura*
   371 F.3d 1046 (9th Cir. 2004) ...............................................................10

*West v. Atkins*
   487 U.S. 42 (1988)....................................................................................8

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*
   42 Cal. App. 4th 507 (1996)...................................................................18

*Worldwide Church of God v. Philadelphia Church of God, Inc.*
   227 F.3d 1110 (9th Cir. 2000) ...............................................................12

*Youst v. Longo*
   43 Cal. 3d 64 (1987) ...............................................................17, 18, 19

*Zack v. Marin Emergency Radio Auth.*
   118 Cal. App. 4th 617 (2004) ..................................................................6

1

## Statutes

2  42 U.S.C. Section 1983 ................................................................................13

3  42 U.S.C. Section 2000bb ...........................................................................11

4  42 U.S.C. Section 2000cc(a)(1). ...............................................................13

5  42 U.S.C. Section 2000d. ......................................................................10, 11

6  Civil Code Section 1714 .............................................................................15

7  Civil Code Section 3480 ........................................................................15, 16

8  Civil Code Section 51 .................................................................................13

9  Civil Code Section 51.2 ..............................................................................13

10 Civil Code Section 51.9 ..............................................................................13

11 Code of Civil Procedure Section 335.1 ......................................................13

12 Code of Civil Procedure Section 338 .........................................................14

13 Federal Rule of Civil Procedure Rule 12(b)(1) ...........................................6

14 Federal Rule of Civil Procedure Rule 12(e) ...........................................1, 20

15 Federal Rules of Civil Procedure Rule 12(b)(6) ......................................1, 6

16 Government Code Section 815 ...................................................................15

17 Government Code Section 815.6 ................................................................16

18 Health and Safety Codes Section 5410 ......................................................16

19 Health and Safety Codes Section 5411 .............................................15, 16, 17

20 Health and Safety Codes Section 5412 .............................................15, 16, 17

21 Penal Code Section 372 .........................................................................15, 16

## Other Authorities

Prosser & Keeton, The Law of Torts (5th ed. 1984) ...................................18

**TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on July 11, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero in Courtroom A, of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants TAMALPAIS COMMUNITY SERVICES DISTRICT (hereinafter "DISTRICT') and JON ELAM (hereinafter "ELAM"), erroneously named herein as JOE ELAM, will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because plaintiff's complaint fails to state a cause of action as to her federal and state claims, and the complaint is so vague and ambiguous that defendants cannot prepare a meaningful response.

Defendants seek to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action as to each and every one of the federal claims. Plaintiff has also failed to state a claim under Rule 12(b)(6) for their state law tort causes of action under California tort law and the California Government Code.

Alternatively, defendants move this Court for a more definite statement. The majority of the allegations in the complaint are undated, precluding defendants from ascertaining the timeliness of plaintiff's claims and the application of certain affirmative defenses. Plaintiff fails to identify which defendants are responsible for which actions. Although the causes of action have titles, they combine different statutes improperly, and without specifying which allegations pertain to a particular cause of action. Plaintiff also fails to identify which constitutional rights she claims were violated under the Federal and California Constitutions and the Unruh Civil Rights Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants    TAMALPAIS    COMMUNITY    SERVICES    DISTRICT    (hereinafter "DISTRICT'") and JON ELAM, erroneously named herein as "JOE ELAM" (hereinafter "ELAM") bring this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative moves for a more definite statement

1  under Rule 12(e).

2      Plaintiff MARJORY ANDERSON seeks monetary compensation for damages allegedly

3  sustained to her real and personal property after sewage overflowed into her home on April 17, 2007.

4  Plaintiff contends that the DISTRICT did not adequately compensate her for the resulting damage. A

5  prior overflow occurred on December 24, 2004 and while she received approximately $34,000.00

6  after that incident, she now alleges this amount was inadequate. An undifferentiated mix of general

7  federal Constitutional claims is alleged in plaintiff's eighth cause of action, entitled "Violation of

8  Civil Rights." The remaining causes of action assert a variety of state law and state constitutional

9  claims.

10      Addressing plaintiff's federal claims first, plaintiff's eighth cause of action asserts the

11  DISTRICT'S failure to compensate her for her property damage was motivated by discrimination

12  based on her race, nationality, age, gender, or spiritual or religious beliefs. She alleges the

13  DISTRICT and ELAM violated the following federal civil rights laws (consolidated into one cause of

14  action): First, Fifth and Fourteenth Amendments under Section 1983, 42 U.S.C. § 2000d (otherwise

15  known as Title VI), and 42 U.S.C. § 2000bb (known as the Religious Freedom Restoration Act of

16  1993). Plaintiff cannot state a cause of action under Section 1983 against the DISTRICT because she

17  does not allege that the misconduct occurred pursuant to an official policy or custom. A Section

18  1983 action may not be maintained against ELAM because he did not participate in or personally

19  direct the misconduct.

20      Plaintiff refers to the First, Fifth and Fourteenth Amendments but she fails to identify a

21  constitutionally protected interest that defendants violated. She also fails to identify which

22  protections she wishes to invoke under the individual amendments. There are no facts to show

23  defendants prevented plaintiff from the free exercise of her religion or speech, or that defendants

24  prevented her from freely associating. Her Fifth Amendment claim fails because defendants are not

25  federal actors. Any claim under the Fourteenth Amendment fails because the denial of compensation

26  for damages is not a constitutionally protected right and the denial of compensation does not shock

27  the conscience. Furthermore, plaintiff cannot state a claim for violation of the equal protection clause

28

1  because she cannot allege that she was treated differently than those similarly situated.

2  Plaintiff's Title VI cause of action under 42 U.S.C. section 2000d fails because the

3  DISTRICT does not receive federal funds and Title VI does not provide relief against individuals.

4  The Religious Freedom Restoration Act of 1993 (42 U.S.C. § 2000bb) addresses federal regulations

5  only and is not applicable against local agencies.  Finally, to the extent that plaintiff's eighth cause of

6  action relies on injuries sustained prior to April 7, 2006, her claims are untimely.

7  Plaintiff's civil rights claims under the California Constitution Article I, sections 4 and 7, and

8  the Unruh Civil Rights Act cannot stand because plaintiff did not allege how defendants prevented

9  her from the free religious expression or treated her in such a way to violate the Equal Protection

10  Clause.  Likewise, there are no allegations as to how defendants violated the Unruh Civil Rights Act

11  and she did not specify which statutes defendants supposedly violated.

12  The following state law claims are also asserted by plaintiff:  (1) Inverse condemnation

13  (against the DISTRICT); (2) Trespass; (3) Nuisance; (4) Negligence; (5) Negligence *per se*; (6)

14  Theft, Conversion and/or Waste; and (7) Wrongful Interference with a Prospective Economic

15  Advantage (against ELAM).

16  The first through sixth causes of action, to the extent they rely on the 2004 overflow, are

17  untimely under the three-year statute of limitations per California Civil Code section 338.

18  The second, fourth, sixth and seventh causes of action should be dismissed against the

19  DISTRICT because the DISTRICT as a public entity is immune from common law tort claims.

20  Plaintiff's fifth cause of action for negligence per se fails because plaintiff relies on statutes that

21  address public nuisances, which are not applicable here.

22  Plaintiff's seventh cause of action for wrongful interference with prospective economic

23  advantage should be dismissed because plaintiff is not in an economic relationship with a third-party,

24  she cannot show she had a probable economic advantage, and she does not allege that defendants

25  engaged in wrongful conduct.

26  In the alternative, plaintiffs' complaint is so vague and ambiguous that defendants cannot

27  form a meaningful response and therefore defendants move for a more definite statement.

28

## II.    STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1)    Whether plaintiff's Section 1983 claims fail to state a claim upon which relief may be granted against the DISTRICT because the alleged misconduct was not pursuant to an official policy, pattern or practice.

2)    Whether plaintiff's Section 1983 claims fail to state a claim upon which relief may be granted against ELAM because ELAM did not participate, direct or have knowledge of the alleged discriminatory misconduct.

3)    Whether plaintiff fails to state a claim upon which relief may be granted under the First Amendment because she failed to allege that her First Amendment rights were violated.

4)    Whether plaintiff fails to state a claim upon which relief may be granted under the Fifth Amendment because the DISTRICT and ELAM are not federal actors.

5)    Whether plaintiff fails to state a claim upon which relief may be granted under the Fourteenth Amendment because the denial of compensation is not a constitutionally protected right.

6)    Whether plaintiff fails to state a claim upon which relief may be granted under the Fourteenth Amendment because the denial of compensation does not shock the conscience.

7)    Whether plaintiff fails to state a claim upon which relief may be granted under the Equal Protection Clause because she cannot allege she was treated differently than those similarly situated.

8)    Whether plaintiff fails to state a cause of action under Title VI against the DISTRICT for failure to allege that the DISTRICT receives federal funding.

9)    Whether plaintiff fails to state a cause of action under Title VI against ELAM because there is no individual liability under TITLE VI.

10)    Whether plaintiff fails to state a cause of action for violation of the Religious Freedom Restoration Act for failure to identify a federal law or regulation.

11)    Whether plaintiff fails to state a cause of action for violation of the California

1   Constitution and the Unruh Civil Rights Act for failure to identify the right violated.

2       12)     Whether plaintiff's eighth cause of action as it relies on the 2004 overflow is barred by

3   the statute of limitations.

4       13)     Whether plaintiff's first through sixth causes of action are barred by the statute of

5   limitations to the extent they rely on the 2004 overflow.

6       14)     Whether plaintiff's second, fourth, sixth and seventh causes of action are barred

7   against the DISTRICT because the DISTRICT is immune from common law tort claims.

8       15)     Whether plaintiff's claim for negligence per se fails to state a cause of action because

9   the DISTRICT is immune from common law tort claims and because plaintiff relies on statutes

10  inapplicable to the overflows.

11      16)     Whether plaintiff fails to state a claim upon which relief may be granted for wrongful

12  interference with prospective economic advantage because she does not allege facts to show an

13  economic relationship with a third party, the probability of future economic benefit or wrongful

14  conduct.

15      17)     Whether plaintiffs' complaint is so vague and ambiguous that a more definite pleading

16  is required.

17                      **III.    STATEMENT OF FACTS**

18      Plaintiff MARJORY ANDERSON owns and resides in a home located in Marin County.

19  *Complaint* p. 4 ¶ 15. Defendant DISTRICT provides sewage services to Marin County. *Complaint*

20  p. 1 ¶ 13. Defendant ELAM is the General Manager of the DISTRICT. *Complaint* p. 2 ¶ 3. On

21  December 24, 2004, sewage overflowed into plaintiff's home. *Complaint* p. 4 ¶ 17. The DISTRICT

22  provided plaintiff with $34,000.00 for her damages. *Complaint* p. 5 ¶ 19. The DISTRICT also sent

23  contractors to plaintiff's home, who took various items from plaintiff's home without permission. *Id.*

24      On April 17, 2007, another sewage overflow entered plaintiff's home. *Complaint* p. 5 ¶ 20.

25  The DISTRICT provided workers to help remove the sewage from plaintiff's home on or about April

26  18, 2007. *Complaint* p. 6 ¶ 22. The DISTRICT did not provide adequate assistance to plaintiff after

27  the 2007 overflow and denied to provide plaintiff with adequate compensation. *Id.*

28

1    On April 7, 2008, plaintiff filed this complaint in Marin Superior Court.  On May 8, 2008, the

2    DISTRICT and ELAM removed the action to the United States District Court, Northern District of

3    California.

## IV.    LEGAL ARGUMENT

### A.    AUTHORITY FOR MOTION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991).  Dismissal of claims is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990).  In determining the adequacy of a pleading, the court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true.  *Conley v. Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978).  However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994.)

Rule 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

### B.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983 AGAINST THE DISTRICT BECAUSE THE MISCONDUCT WAS NOT PURSUANT TO AN OFFICIAL POLICY, PATTERN OR PRACTICE.

California law treats community services districts as municipal corporations.  *See Zack v. Marin Emergency Radio Auth.*, 118 Cal. App. 4th 617, 632-33 (2004).  "A municipality cannot be held liable . . . under § 1983 on a respondeat superior theory."  *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1997).  Local governing bodies can be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice.  *Id.* at 690.  "[A] municipality can be liable under § 1983 only where its policies are the moving force

behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1988). "[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs of Bryan County v. Brown* (1996) 520 U.S. 397, 404. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Id.* at 405. Further, "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1992); *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

Plaintiff cannot establish municipal liability against the DISTRICT she does not, and cannot, alleged that the alleged discrimination was the result of an official policy, pattern or practice of the DISTRICT. Moreover, plaintiff fails to point to a constitutional right which was violated, as fully outlined below, and she cannot state a cause of action under Section 1983 against the DISTRICT.

**C.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983 AGAINST ELAM BECAUSE HE DID NOT PARTICIPATE IN, DIRECT OR KNOW OF THE ALLEGED DISCRIMINATION.**

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In support of her civil rights cause of action, plaintiff asserts generally that the "failure of and refusal" of each and every defendant was "motivated, at least in part, by her Asian race, her Indian ancestry, her age, her spiritual practices, and her gender." *Complaint* p. 17 ¶ 77. Plaintiff lays out several examples of the alleged discriminatory motivation: "Defendants' verbal and written communications to her, the patronizing tone of those communications, Defendants' insistence in

addressing her as "Marge" when denying her the compensation she was entitled to receive, the fact that she never addressed any Defendant by his first name or expressed acceptance for their addressing her as "Marge"...." *Complaint* p. 17 ¶ 77. Plaintiff never asserts that ELAM personally participated in the alleged acts of discrimination, nor does she state that he directed the violations. There are no allegations that ELAM knew about the discrimination and failed to act to prevent them. Finally, plaintiff never alleges that ELAM personally denied her claim for compensation. Plaintiff's allegations are vague and conclusory and her Section 1983 claims against ELAM should be dismissed.

**D.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A FIRST AMENDMENT VIOLATION BECAUSE SHE FAILS TO ALLEGE THAT HER FIRST AMENDMENT RIGHTS WERE VIOLATED.**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Although plaintiff refers to the First Amendment in her complaint, she does not specify the individual constitutional right she claims was violated and it is not clear from the facts how the First Amendment was violated. Plaintiff does not allege that the DISTRICT or ELAM prevented her from exercising her rights to free speech, her right to associate, or her right to free expression of her religion. To the extent that plaintiff claims that the failure to adequately compensate her was improperly motivated by discrimination against her religion, her claim fails. There is no First Amendment right to be "considered for compensation from Defendants for damages [plaintiff] has suffered from the two sewage invasions without regard to her race, nationality, age, gender, or spiritual and religious beliefs." *Complaint* p. 16 ¶ 76. Without alleging the violation of an interest protected by the First Amendment, plaintiff cannot state a valid cause of action against the DISTRICT and ELAM.

**E.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FIFTH AMENDMENT BECAUSE THE DISTRICT AND ELAM ARE NOT FEDERAL ACTORS.**

Plaintiff cites the Fifth Amendment, but again does not specify the particular right she seeks to protect under the amendment. There is no right under the Fifth Amendment to be "considered for compensation from Defendants for damages [plaintiff] has suffered from the two sewage invasions without regard to her race, nationality, age, gender, or spiritual and religious beliefs." *Complaint* p. 16 ¶ 76. To the extent that plaintiff asserts the DISTRICT and ELAM violated her due process claims under the Fifth Amendment, her claims must fail as a matter of law. The Due Process component of the Fifth Amendment applies only to action by the federal government, not state or local governments. *See Bartkus v. Illinois*, 359 U.S. 121, 124 (1959).

**F.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FOURTEENTH AMENDMENT BECAUSE THE DENIAL OF COMPENSATION IS NOT A CONSTITUTIONALLY PROTECTED RIGHT, THE DENIAL OF COMPENSATION DOES NOT SHOCK THE CONSCIENCE AND PLAINTIFF WAS NOT TREATED DIFFERENTLY FROM THOSE SIMILARLY SITUATED.**

Plaintiff's vague allusion to the Fourteenth Amendment in her eighth cause of action fails to identify the right she seeks to protect under the Fourteenth Amendment. Defendants infer she intends to claim a substantive due process claim and/or a procedural due process claim and/or an equal protection claim.

Any due process claim must identify a constitutionally protected right. "'Substantive due process analysis' must begin with a careful description of the asserted right, for 'the doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.'" *Reno v. Flores*, 113 S. Ct. 1439, 1447 (1993). The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997).

Substantive due process prohibits conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. *United States v. Salerno*, 481 U.S. 739, 746 (1987). "Derogatory remarks alone do not rise to the level of the malfeasance necessary to set forth a substantive due process claim. Conduct which violates substantive due process is generally described as that which 'shocks the conscience,' or is 'offensive to human dignity.'" *San Jose Charter of*

1    *Hell's Angel's Motorcycle Club v. City of San Jose*, 1999 U.S. Dist. LEXIS 21440 (N.D. Cal. Dec. 6,

2    1999). *See also Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1439 (9th Cir. 1990) ("On the other

3    hand, "stray" remarks are insufficient to establish discrimination.")

4         An individual may bring a claim for disparate treatment in violation of the equal protection

5    clause under §1983 by alleging that persons similarly situated to plaintiff, who are not in the same

6    protected class, were treated differently. *Ventura Mobilehome Comm. Owners Ass'n v. City of San*

7    *Beunaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004).

8         Plaintiff fails to identify a constitutionally protected interest here. She claims that defendants

9    violated her civil rights because she is "entitled to be considered for compensation from Defendants

10   for damages she has suffered from the two sewage invasions without regard to her race, nationality,

11   age, gender, or spiritual and religious beliefs." *Complaint p. 16* ¶76. This 'entitlement' is not

12   protected by the Constitution. Without a constitutionally protected interest, plaintiff cannot make a

13   cognizable claim for violation of the Fourteenth Amendment. None of the conduct plaintiff

14   complains of rises to the level of "shocking the conscience." That some persons, who may or may

15   not have been associated with the DISTRICT or ELAM, addressed plaintiff by her first name and

16   doubted her expertise on sewage may not have been polite, but these examples certainly do not

17   exceed the bounds of common decency. Plaintiff does not cite facts to show defendants violated her

18   procedural due process. She does not allege that she was deprived of a hearing prior to the denial of

19   compensation. Indeed, she specifically states that she made repeated demands to the DISTRICT for

20   compensation. She also asserts that she has "exhausted her rights of redress under California

21   Government Claims Act, California Government Code §§ 915 *et seq*." *Complaint p. 3* ¶14. If

22   plaintiff's claim was denied, then her recourse is to file a lawsuit, which she has done.

23        Plaintiff also fails to cite facts sufficient to state a claim under the equal protection clause.

24   The 2007 overflow only affected plaintiff. There are no other persons similarly situated who were

25   treated differently by the DISTRICT and ELAM. She does not, and cannot, allege that she was part

26   of a group that was treated unequally.

27   **G.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 42**
28   **U.S.C. § 2000d AGAINST THE DISTRICT AND ELAM BECAUSE THE DISTRICT**

**DOES NOT RECEIVE FEDERAL FUNDING AND TITLE VI DOES NOT PROVIDE FOR INDIVIDUAL LIABILITY.**

In her eighth cause of action, plaintiff merely mentions "42 U.S.C. § 2000d *et seq.*" but fails to state facts to show that this statute applies to defendant DISTRICT and ELAM. Title VI of the Civil Rights Act of 1964, found at 42 U.S.C. section 2000d *et seq.*, prohibits discrimination on the basis of race, color, and national origin in programs receiving federal financial assistance. 42 U.S.C. § 2000d. To properly plead a cause of action for money damages under Section 2000d, a plaintiff must allege: (1) that the defendant is an entity engaging in racial discrimination and (2) that it is receiving federal funding. *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).)

The text of Title VI precludes liability against those who do not receive federal funding, including individuals. *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. Fla. 2003); *see also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that individuals may not be held liable for discrimination under similar language in Title VII, 42 U.S.C. §§ 2000e-2000e-17, or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634).

Plaintiff does not, and cannot, allege that the DISTRICT receives federal funding. She cannot cure this defect and she cannot state facts sufficient to state a claim under Title VI against the DISTRICT or ELAM. Moreover, individual defendants are not liable under Title VI. Plaintiff's cause of action for discrimination under 42 U.S.C. section 2000d against defendant ELAM should be dismissed without leave to amend.

**H.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT OF 1993 BECAUSE NO FEDERAL LAW OR REGULATION IS IMPLICATED.**

Again, plaintiff makes a passing reference to "42 U.S.C. § 2000bb *et seq.*" but fails to state facts to show that this statute applies to defendant DISTRICT and ELAM. The Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, provides in relevant part that "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results

from a rule of general applicability [subject to exceptions not relevant here]." 42 U.S.C. § 2000bb-1(a). The RFRA "essentially requires the government to justify any regulation imposing a substantial burden on the free exercise of religion by showing that the regulation satisfies strict scrutiny." *Goehring v. Brophy*, 94 F.3d 1294, 1298 n.4 (9th Cir. 1996) (overruled on other grounds, *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), *cert. denied*, 520 U.S. 1156 (1997)).

The Ninth Circuit explained the Supreme Court case *City of Boerne v. Flores*, 521 U.S. 507, 117 (1997)[1] thusly: "[The RFRA exceeded the authority of Congress under Section 5 of the Fourteenth Amendment to enforce the First Amendment. We have held, along with most other courts, that the Supreme Court invalidated RFRA only as applied to state and local law." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000)(citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 832 (9th Cir. 1999); *see also San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 n.3 (9th Cir. 2004).

Plaintiff asserts that defendants DISTRICT and ELAM violated the RFRA because their "failure and refusal to provide her with compensation" for damages allegedly incurred as a result of the overflows "was motivated, at least in part, by … her spiritual practices." *See Complaint p. 17 ¶ 76-77*. This cause of action must fail because plaintiff does not state facts to show that her free exercise of religion was burdened in any way. Further, she does not identify a federal regulation that burdens her exercise of religion. Any action she protests was presumably made by the DISTRICT, a municipal entity, or ELAM, an employee of the DISTRICT. Further, plaintiff does not allege that a federal regulation was the source of her alleged mistreatment. The RFRA simply does not apply to the instant case and this cause of action should be dismissed without leave to amend.

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA CONSTITUTION AND THE UNRUH CIVIL RIGHTS ACT BECAUSE SHE DOES

---

[1] *City of Boerne v. Flores* has been overruled, in part, by statute as stated in *Rasul v. Myers*, 512 F.3d 644, 670 (D.C. Cir. 2008): "In response [to *Boerne*], in 2000 the Congress amended RFRA through the Religious Land Use and Institutionalized Persons Act of 2000, Pub. L. 106-274, 114 Stat. 803 (2000) (RLUIPA) (codified at 42 U.S.C. §§ 2000cc et seq.). RLUIPA provided that '[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution' unless the government demonstrates a compelling interest therefor. 42 U.S.C. § 2000cc(a)(1)." *Id.* However, no land use regulation is at issue here and plaintiff's cause of action fails under the RLUIPA.

1  **NOT IDENTIFY HER CONSTITUTIONAL RIGHTS NOR DOES SHE ALLEGE HOW DEFENDANTS DISCRIMINATED AGAINST HER.**

2

3     In plaintiff's general violation of civil rights cause of action, plaintiff states in a general and

4  conclusory way that defendants' actions also violate the Unruh Civil Rights Act, California Civil

5  Code sections 51 *et seq.*, stating that the "foregoing alleged denials of compensation based on

6  [plaintiff's] race, nationality, age, and spiritual practices, and the foregoing alleged disparate

7  treatment also violate her rights under Cal. Const. Art. I, §§ 4 and 7, and under the Unruh Civil

8  Rights Act, Cal. Civil Code § 51 *et seq.*" *See Complaint* p. 18 ¶ 80.

9     California Constitutional Article I section 4 provides that "[f]ree exercise and enjoyment of

10 religion without discrimination or preference are guaranteed."  Section 7 states in relevant part:  "A

11 person may not be deprived of life, liberty, or property without due process of law or denied equal

12 protection of the laws...."  Although the nature of plaintiff's claims under these state provisions is

13 unclear, defendants infer that plaintiff attempts to claim that defendants violated her civil rights under

14 the Unruh Civil Rights Act, as well as her religious freedom and due process rights under the

15 California Constitution.

16    As explained above, plaintiff has not identified any actions on the part of defendants

17 DISTRICT and ELAM that have prevented her from the free exercise and enjoyment of her religion,

18 or her free associative rights.  Likewise, plaintiff has not cited facts in the complaint to support a

19 finding that plaintiff was denied due process or equal protection of the law.  Plaintiff cannot state a

20 cause of action under the California Constitution without first identifying which rights were violated.

21    The Unruh Civil Rights Act prohibits a wide-range of discriminatory acts, such as

22 discrimination by business establishments (Civil Code section 51), age discrimination in housing

23 (California Civil Code section 51.2) and sexual harassment (Civil Code section 51.9).  Plaintiff refers

24 only generally to the Unruh Civil Rights Act and does not specify under which statute she asserts her

25 claims.  By failing to identify the statute and the right she claims was violated, she has not stated a

26 cause of action for violation of the Unruh Civil Rights Act should fail.

27 **J.    TO THE EXTENT THAT PLAINTIFF'S EIGHTH CAUSE OF ACTION RELIES ON THE 2004 INCIDENT IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

28

For actions under 42 U.S.C. section 1983, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004), *cert. denied,* 546 U.S. 820 (2005). Thus, "California['s] statute of limitations for assault, battery, and other personal injury claims" applies to plaintiff's Section 1983 claims. *Id.* California Code of Civil Procedure section 335.1 provides for a two-year statute of limitations for personal injuries. Cal. Civ. .Pro. § 335.1; *see, e.g., Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

Here, plaintiff's complaint was filed on April 7, 2008. To the extent that any of plaintiff's causes of action rely on incidents prior to April 7, 2006, they are untimely. Injuries flowing from the 2004 overflow should be barred by the statute of limitations as presumably the injuries from that overflow were sustained prior to April 7, 2006. The majority of plaintiff's allegations are vague and ambiguous in that she does not specify the dates of the alleged violations and she often does not specify who performed the alleged violations. Without these details, it is impossible for defendants to determine which, if any, of plaintiff's claims are viable. Plaintiff's undated allegations warrant an order directing her to file a more definite statement as outlined below.

## K. TO THE EXTENT THAT PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION RELY IN THE 2004 INCIDENT, HER CLAIMS ARE UNTIMELY.

California Code of Civil Procedure section 338 provides than actions for trespass upon or injury to real property or injury to personal property must be brought within three years. Cal. Civ. Pro. §§ 338 (b), (c).

"Generally, a cause of action accrues for purposes of the statute of limitations, and the applicable limitations period begins to run, when the plaintiff has suffered damages from a wrongful act." *Lyles v. State of California*, 153 Cal. App. 4th 281, 286 (2007).

"With respect to a permanent nuisance, the statute of limitations begins to run on the creation of the nuisance and bars all claims after its passage." *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1217 (1996).

1    Plaintiff's complaint was filed on April 7, 2008. Plaintiff's first cause of action for inverse

2    condemnation and second cause of action for nuisance are based on the December 24, 2004 incident.

3    The statute of limitations for these claims ended on December 24, 2007 and her complaint was

4    therefore untimely. To the extent that the claims for negligence, negligence per se, and theft,

5    conversion and/or waste rely on incidents prior to April 7, 2005, her claims are untimely. Plaintiff's

6    failure to include the date of the alleged misconduct makes it difficult to determine which, if any, of

7    plaintiff's claims are within the applicable statute of limitations and if leave to amend is granted,

8    plaintiff should be directed to file a more definite statement.

9    **L.    THE SECOND, FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION, SHOULD
          BE DISMISSED AGAINST THE DISTRICT BECAUSE THE DISTRICT AS A**
10        **PUBLIC ENTITY IS IMMUNE FROM COMMON LAW TORT CLAIMS.**

11    The DISTRICT as a public entity is immune from common law tort claims. Pursuant to

12    Government Code section 815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise

13    provided by statute." In *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998), the Supreme

14    Court held: "Under the California Tort Claims Act, a public entity is not liable for injury arising

15    from an act or omission except as provided by statute. Thus, in California, all government tort

16    liability must be based on statute." *Id.* at 932.

17    As the court in *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112 (2002) observed, "'the intent

18    of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities,

19    but to confine potential governmental liability to rigidly delineated circumstances.'" *Id.* at 1127

20    (internal citations omitted).

21    Here, plaintiffs fail to identify any statutes that confer liability upon the DISTRICT in the

22    following state law claims: Second Cause of Action for Trespass; Third Cause of Action for

23    Nuisance; Fourth Cause of Action for Negligence; Sixth Cause of Action for Theft, Conversion,

24    and/or Waste; and Seventh Cause of Action for Wrongful Interference with a Prospective Economic

25    Advantage. These claims are based on general negligence principles and fail to specify a statutory

26    basis for liability. The failure to cite a relevant statute renders plaintiff's claims insufficient to state a

27    claim upon which relief may be granted and they should be dismissed as to the DISTRICT.

28

1  M.  **PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE PER SE BECAUSE THE DISTRICT IS IMMUNE FROM COMMON LAW NEGLIGENCE CLAIMS AND PLAINTIFF RELIES ON STATUTES THAT ARE NOT APPLICABLE HERE.**

2

3      As outlined above, the DISTRICT as a public entity is not liable for common law causes of

4  action. A general tort statute is insufficient to serve as a basis for direct public liability. *Eastburn v.*

5  *Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003) (holding direct entity liability could not be

6  imposed based on general duty of ordinary care embodied in Civil Code § 1714).

7      To the extent that plaintiff's fifth cause of action attempts to impose liability against the

8  DISTRICT and ELAM pursuant to California Civil Code section 3480, California Penal Code section

9  372 and California Health and Safety Codes sections 5411 and 5412, her claim fails because she

10  improperly relies on statutes inapplicable to the instant case.

11      California Government Code section 815.6 provides that "where a public entity is under a

12  mandatory duty imposed by an enactment that is designed to protect against the risk of a particular

13  kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to

14  discharge the duty unless public entity establishes that it exercised reasonable diligence to discharge

15  the duty." A review of the statutes cited by plaintiff reveals that they were not enacted to protect

16  against overflows in an individual's home.

17      "A public nuisance is one which affects at the same time an entire community or

18  neighborhood, or any considerable number of persons...." Cal. Civ. Code § 3480.

19      Likewise, California Penal Code section 372 specifically addresses public nuisances:

20  "Every person who maintains or commits any public nuisance, the punishment for which is not

21  otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a

22  public nuisance, is guilty of a misdemeanor."

23      California Health & Safety Code section 5411 states: "No person shall discharge sewage or

24  other waste, or the effluent of treated sewage or other waste, in any manner which will result in

25  contamination, pollution or a nuisance." Health & Safety Code section 5412 provides: "Whenever

26  the state department or any local health officer finds that a contamination exists, the state department

27  or officer shall order the contamination abated, as provided in this chapter, and, commencing July 1

28  of a year in which the Legislature has appropriated sufficient funds for this purpose, shall submit any

DEFENDANTS DISTRICT & ELAM'S NOTICE OF MOTION TO DISMISS AND MEMO OF POINTS & AUTHORITIES IN    16
SUPPORT OF MTN TO DISMISS

1  report required pursuant to subdivision (d) of Section 13193 of the Water Code."

2       Section 5410 of the Health and Safety Code defines contamination as "an impairment of the

3  quality of the waters of the state by waste to a degree which **creates a hazard to the public health**

4  through poisoning or through the spread of disease."  Cal. Health & Safety § 5410 (d) (emphasis

5  added).  Subsection (e) defines pollution as "an alteration of the quality of the **waters of the state** by

6  waste to a degree which unreasonably affects:  (1) such waters for beneficial uses, or (2) facilities

7  which serve such beneficial uses.  'Pollution' may include 'contamination.'"  Nuisance for the

8  purposes of California Health and Safety Code section 5411 means "anything which:  (1) is injurious

9  to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as

10  to interfere with the comfortable enjoyment of life or property, and (2) **affects at the same time an**

11  **entire community or neighborhood, or any considerable number of persons**, although the extent

12  of the annoyance or damage inflicted upon individuals may be unequal, and (3) occurs during or as a

13  result of, the treatment or disposal of wastes."  Again, California Health and Safety Code section

14  5411 and 5412 are directed toward public nuisances and to incidents injurious to the public health.

15       The DISTRICT as a public entity can only be liable when a statute confers liability upon it.

16  When a statute imposes a mandatory duty on a public entity, the statute relied upon must address the

17  kind of injury the statute was designed to protect.  The plain language of all the statutes cited by

18  plaintiff show that they were designed to address public nuisances where large numbers of people are

19  affected by the overflow.  Here, only plaintiff was affected and she does not, and cannot allege

20  otherwise.

21       The California Health and Safety Code statutes also target the contamination or pollution of

22  state waters, not the overflow of sewage into a single individual's home.  Section 5412 of the Health

23  & Safety Code outlines the responsibilities of the state department and local health officers.  Plaintiff

24  has not and cannot allege that the DISTRICT or ELAM are part of the state department or that they

25  are local health officers.  Plaintiff cannot state a claim for negligence per se against the DISTRICT

26  and her fifth cause of action should be dismissed.

27  **N.**    **PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR WRONGFUL INTERFERENCE**
**WITH PROSPECTIVE ECONOMIC ADVANTAGE FAILS TO STATE A CAUSE OF**
28      **ACTION BECAUSE SHE DOES NOT ALLEGE FACTS TO SHOW AN ECONOMIC**

**RELATIONSHIP WITH A THIRD PARTY, THE PROBABILITY OF FUTURE ECONOMIC BENEFIT OR ELAM'S WRONGFUL CONDUCT.**

The elements of intentional interference with prospective economic advantage are "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987). The Court in *Youst* affirmed the dismissal of plaintiff's complaint, which claimed intentional interference with prospective economic advantage after plaintiff's horse lost a race. *Id.* at 67.

Plaintiff in *Blank v. Kirwan*, 39 Cal. 3d 311 (1985) brought suit for intentional interference with prospective economic advantage against defendant city when the city council denied his application for a license to open a poker club. *Id.* at 317. In its analysis of what constitutes an economic relationship, the California Supreme Court observed that "the tort [of intentional interference with prospective economic advantage] has traditionally protected the expectancies involved in ordinary commercial dealings -- not the 'expectancies,' whatever they may be, involved in the governmental licensing process. (See Prosser & Keeton, The Law of Torts (5th ed. 1984) § 130, p. 1006.) Plaintiff does not attempt to justify such an expansion of the tort. Nor would he likely have been successful if he had." *Id.* at 330. The demurrer to plaintiff's complaint was affirmed because plaintiff could not establish he was in the requisite economic relationship with the city. *Id.* at 330-331. In addition, plaintiff was unable to show that he had a "protectible expectancy" "[i]n light of the city council's broad discretion to grant or deny a license application...." *Id.*

The California Supreme Court referred to this holding in *Youst, supra*, stating "we acknowledged Prosser's suggestion that the interests generally protected by the tort are *business* expectancies, and on that basis we declined to expand the tort to cover interference with prospective nonbusiness relations." *Youst*, 43 Cal. 3d at 75 (emphasis in original).

"These two decisions, *Blank* and *Youst*, support the view that the interference tort applies to interference with *existing* noncontractual relations which hold the promise of future economic

1  advantage. In other words, it protects the expectation that the relationship eventually will yield the

2  desired benefit, not necessarily the more speculative expectation that a potentially beneficial

3  relationship will eventually arise." *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th

4  507, 524 (1996) (emphasis in original).

5       "The law precludes recovery for overly speculative expectancies by initially requiring proof

6  the business relationship contained 'the probability of future economic benefit to the plaintiff.'

7  [citations omitted] 'Although varying language has been used to express this threshold requirement,

8  the cases generally agree it must be reasonably probable that the prospective economic advantage

9  would have been realized but for defendant's interference.'" *Id.* at 522 (quoting *Youst*, 43 Cal. 3d at

10  71).

11       "[A] plaintiff seeking to recover for an alleged interference with prospective contractual or

12  economic relations must plead and prove as part of its case-in-chief that the defendant not only

13  knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by

14  some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales,*

15  *U.S.A.*, 11 Cal. 4th 376, 393 (1995).

16       The California Supreme Court later clarified this holding, specifying that "an act is

17  independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory,

18  regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed*

19  *Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

20       Plaintiff has not alleged facts sufficient to state a cause of action for intentional interference of

21  prospective economic advantage.   Her claim essentially states that ELAM performed some

22  unidentified act which prevented her from receiving the amount of money she desired in

23  compensation for the overflow.  She asserts no facts to show that she was in an economic business

24  relationship with a third-party.  Instead, she makes a conclusory allegation that she was a "third-party

25  beneficiary" to a contract between the DISTRICT and co-defendant SDRMA (SPECIAL DISTRICT

26  RISK MANAGEMENT SERVICES).   However, she cites no facts to support this conclusion.  Any

27  contract between the DISTRICT and SDRMA benefited the DISTRICT, not plaintiff.   Further,

28  plaintiff asserts this cause of action against ELAM, who is employed by the DISTRICT and is

1    therefore a party to the alleged contract between the DISTRICT.

2        Even if plaintiff was considered a third-party beneficiary for the purposes of this motion, she

3    has not alleged facts to show that a third-party beneficiary is a sufficient economic relationship upon

4    which to base a claim for interference with a prospective economic advantage.  No case law holds

5    that a third-party beneficiary is in a business relationship within the scope of the tort.  Plaintiff's

6    claim is akin to the plaintiff in *Blank v. Kirwan* in that she grounds her claim in the DISTRICT'S

7    decision to deny her compensation.  The DISTRICT and ELAM have discretion to deny her damages

8    claim, as the city did in *Blank*.

9        Plaintiff fails to allege facts to support her claim that she would have received economic

10    advantage but for ELAM's interference.  Any economic advantage she may have realized would be

11    contingent on a number of factors, such as the cause of the overflow, the adequacy of her claim, the

12    type of damages she claimed and the amount of her damage claim.  Even if SDRMA is considered an

13    insurance company, plaintiff cites no facts to show that <u>any</u> claim submitted by any third-party

14    beneficiary would automatically result in money payout.  Her alleged economic advantage is too

15    speculative to claim an interference with prospective economic advantage.

16        Finally, plaintiff does not allege that ELAM engaged in any independently wrongful conduct,

17    such as a criminal action, that interfered with her prospective economic advantage.  If plaintiff's

18    cause of action were allowed to stand, it would lead to the illogical result that every potential third-

19    party beneficiary to an alleged insurance policy would be allowed to bring a lawsuit (against the

20    general manager of the insured entity) when the third-party beneficiary was dissatisfied with the

21    outcome of the settlement.  The tort simply does not apply to these facts and this cause of action

22    should be dismissed without leave to amend.

23    **O.    IN THE ALTERNATIVE, DEFENDANTS' MOVE THIS COURT FOR A MORE
      DEFINITE STATEMENT**

24

25        Rule 12(e) provides that "A party may move for a more definite statement of a pleading to

26    which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

27    reasonably prepare a response. The motion must be made before filing a responsive pleading and

28    must point out the defects complained of and the details desired."

While defendants readily acknowledge that a motion for a more definite statement under Rule 12(e) is a disfavored motion, here, plaintiff's complaint is so deficient that a more definite statement should be required.

Plaintiff fails to include any dates for the DISTRICT'S and ELAM'S alleged misconduct and does not specify which incidents occurred after the 2004 overflow or the 2007 overflow. For instance, she does not state when the DISTRICT'S employees took her personal property, an activity upon which she bases the fourth cause of action for negligence and the sixth cause of action for theft, conversion and/or waste. She fails to state when ELAM purportedly interfered with her prospective economic advantage.

In her eighth cause of action for violation of civil rights, plaintiff does not provide the dates or identify the persons responsible for the alleged discriminatory communications. Instead, she asserts that all of the "defendants' verbal and written communications" to her indicated discriminatory intent. Plaintiff has brought suit against three different separate entities. Her general allegations of "defendants" means that defendants are unable to prepare a meaningful response to these claims.

In addition, plaintiff's eighth cause of action refers generally to the First Amendment, Fifth Amendment and Fourteenth Amendment without specifying the individual constitutional rights under §1983 she claims were violated. *See Petersen v. California Special Education Hearing Office*, 2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007).

Plaintiff's claims under the Unruh Civil Rights Act are impermissibly vague because she does not identify which rights and which statutes she seeks to invoke. Plaintiff's failure to state which rights were violated makes it impossible for defendants to determine which defenses and statutes of limitations are applicable. "Because some of the provisions commonly treated by the courts as part of the Unruh Civil Rights Act derive from the common law and some do not, we conclude that no single statute of limitations applies to all. The one-year statute will apply to causes of action under provisions that evolved from the common law; the three-year statute will apply to others." *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 777 (2002). Defendants are unable to determine which, if any, of plaintiff's claims are timely without more information from plaintiff regarding which

1  constitutional rights she claims were violated.

2      Defendants respectfully submit that plaintiffs should be ordered to amend their complaint and

3  to cure the pleading deficiencies identified herein.

4                                      **V. CONCLUSION**

5      For the foregoing reasons, defendants respectfully request plaintiffs' complaint be dismissed

6  in its entirety.

7  Dated:  May 27, 2008                    BERTRAND, FOX & ELLIOT

8

9                            By: _____

10                             Eugene B. Elliot
                               Christine Lee
11                             Attorneys for Defendants
                               TAMALPAIS COMMUNITY SERIVCES DIST., JOE
12                             ELAM, BOARD OF TRUSTEES OF TAMALPAIS
                               COMMUNITY SERVICES DIST., SPECIAL
13                             DISTRICT RISK MANAGEMENT SERVICES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28