1  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
2  BERTRAND, FOX & ELLIOT
   The Waterfront Building
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone:    (415) 353-0999
   Facsimile:     (415) 353-0990

5  Attorneys for Defendants
6  TAMALPAIS COMMUNITY SERIVCES DIST., JOE ELAM,
   BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DIST.,
7  SPECIAL DISTRICT RISK MANAGEMENT SERVICES

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MARJORY ANDERSON, | Case No.:  C08-02354 JCS |
| 13              Plaintiff, | **DEFENDANT DISTRICT AND ELAM'S** |
| 14       vs. | **NOTICE OF MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 15  TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF | **DEFENDANTS' MOTION TO STRIKE** |
| 16  TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & | |
| 17  FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT | Date:   July 11, 2008 Time:   9:30 a.m. |
| 18  SERVICES, and DOES 1 through 15, | Dept.:  Courtroom A, 15th Floor |
| 19              Defendants. | Honorable Joseph C. Spero |

20  **TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

21          PLEASE TAKE NOTICE that on July 11, 2008, at 9:30 a.m., or as soon thereafter as the

22  matter may be heard before the Honorable Joseph C. Spero in Courtroom A, of the above-entitled

23  court, located at 450 Golden Gate Ave., San Francisco, California, defendants TAMALPAIS

24  COMMUNITY SERVICES DISTRICT (hereinafter "DISTRICT') and JON ELAM (hereinafter

25  "ELAM"), erroneously named herein as JOE ELAM, will and do move this court to strike all

26  requests for punitive and exemplary damages against defendants.

27          Pursuant to FRCP 12(f), defendants, as a public entity, are immune from punitive and

28  exemplary damages under California Government Code § 818.  The motion will be based on this

1

1 exemplary damages under California Government Code § 818. The motion will be based on this

2 Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the

3 pleadings and papers filed herein.

4 **MEMORANDUM OF POINTS AND AUTHORITIES**

5  Pursuant to Federal Rules of Civil Procedure, Rule 12(f), defendants TAMALPAIS

6 COMMUNITY SERVICES DISTRICT and JON ELAM, *erroneously named herein as* JOE

7 ELAM, move to strike all requests for punitive and exemplary damages against defendants from

8 plaintiff MARJORY ANDERSON's complaint. This Motion is filed in conjunction with

9 defendants' Motion to Dismiss, or in the Alternative for a More Definite Statement, their Proposed

10 Order, and their Notice of Motion to Dismiss and Notice of Motion to Strike, which are

11 incorporated herein by reference.

12 **I. FACTS**

13  Plaintiff filed this action on April 7, 2007, in Superior Court of California, for the County

14 of Marin. Defendants removed the action to this Court under federal question jurisdiction pursuant

15 to 28 U.S.C. §1331.

16  Plaintiff brought suit alleging that defendants were responsible for two separate sewage

17 back-ups in her home, in December 2004 and April 2007. Plaintiff requests punitive damages from

18 all defendants, including the DISTRICT, a public entity, and ELAM, General Manager and

19 employee of the DISTRICT.

20 **II. PLAINTIFF'S REQUESTS FOR PUNITIVE AND EXEMPLARY DAMAGES**

21  Defendants move to strike the following excerpts from the lines, pages, and causes of action

22 in plaintiff's complaint as indicated below:

23  1. "The entry of sewage into Mrs. Anderson's home on April 17, 2007 occurred as a direct

24 result of TCSD's, Joe Elam's, Board of Trustees', and/or Does 1 through 5's knowing and reckless

25 disregard of Mrs. Anderson's health, welfare, and property rights, and as a consequence, Mrs.

26 Anderson is entitled to exemplary damages from TCSD, Joe Elam, Board of Trustees, and/or Does

27 1 through 5 in an amount to be proven at trial to be between $900,000 and $4,050,000." *See*

28 *Complaint*, paragraph 37.

2. "Because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to abate the nuisance created by the remaining portions of its sewage in Mrs. Anderson's home, despite a long passage of time and several demands for said abatement, in knowing and willful disregard of Mrs. Anderson's health and safety, and because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to correct the known defects in TCSD's sewage system prior to the April 2007 sewage intrusion in knowing and willful disregard of Mrs. Anderson's health and safety, Mrs. Anderson is entitled to punitive damages from TCSD, Elam, Board of Trustees, and Does 1-5 in an amount to be proven at trial to be between $900,000 and $4,050,000." *See Complaint*, paragraph 44.

3. "Because Defendants were grossly negligent, and/or breached their duties to Mrs. Anderson with oppression, fraud, and/or malice, they should be required to pay exemplary damages of three to nine times that amount." *See Complaint*, paragraph 52.

4. "Mrs. Anderson is entitled to punitive and exemplary damages from TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, Millen, and Does 11 through 15 for said conversion, theft, or waste in an amount to be determined at trial to be between $90,000 and $405,000." *See Complaint*, paragraph 66.

5. "Because Pearce, Griffith, Elam, and SDRMA's interference with [*sic*] was legally and/or actually malicious, Mrs. Anderson is entitled to punitive damages from Pearce, Griffith, Elam, and SDRMA in an amount to be proven at trial to be between $900,000 and $4,050,000." *See Complaint*, paragraph 74.

6. "Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to punitive and exemplary damages in an amount to be proven at trial to be between $2 million and $9 million." *See Complaint*, paragraph 86.

7. "For punitive and exemplary damages of $9,000,000 against each of TCSD, SDRMA, Elam, Pearce, and Griffith and for punitive and exemplary damages against each other Defendant according to proof." *See Complaint*, paragraph 86(g).

## III.    GROUNDS FOR MOTION TO STRIKE

Defendants bring their Motion to Strike pursuant to Federal Rules of Civil Procedure, Rule 12(f). Rule 12(f) provides, in relevant part: "The court may strike from a pleading an insufficient

1  defense or any redundant, immaterial, impertinent, or scandalous matter."

2      A motion to strike may be used to strike portions of the complaint where the relief sought is

3  not recoverable as a matter of law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005). A

4  motion to strike can apply to a request for punitive damages. *Id.*

5      Defendants, a public entity and its manager, are immune from punitive damages and

6  plaintiff has no legal basis to request punitive and exemplary damages against defendants. Each

7  and every request for punitive and exemplary damages is thus improper and, pursuant to Rule

8  12(f), these allegations should be stricken.

9                    **IV.   ARGUMENT**

10     According to California Government Code section 818, public entities are immune from

11  punitive and exemplary damages. Accordingly, plaintiff's requests for punitive and exemplary

12  damages against defendants must be stricken. Specifically, plaintiff's requests for punitive and

13  exemplary damages in paragraphs 37, 44, 52, 66, 74 and 86 must be stricken as against the

14  defendants.

15                    **V.  CONCLUSION**

16     Defendants are clearly immune from claims for punitive and exemplary damages. Each and

17  every request for such damages by plaintiff, as outlined above, must be stricken from the complaint

18  as they are improper and entirely without legal basis. For these reasons, defendants respectfully

19  request that this Court strike the references to requests for punitive and exemplary damages against

20  defendants.

21

22  Dated: May 27, 2008                    BERTRAND, FOX & ELLIOT

23

24                                   By:_____
                                        Eugene B. Elliot
25                                      Christine Lee
                                        Attorneys for Defendants
26                                      TAMALPAIS COMMUNITY SERIVCES DIST., JOE
                                        ELAM, BOARD OF TRUSTEES OF TAMALPAIS
27                                      COMMUNITY SERVICES DIST., SPECIAL
                                        DISTRICT RISK MANAGEMENT SERVICES
28

4

DEFENDANT DISTRICT & ELAM'S MOTION TO STRIKE PUNITIVE DAMAGES