1  James P. Wagoner, # 058553
   Ruby Ann D. Helsley, # 191812
2  A. Robert Rhoan, # 231949
   McCORMICK, BARSTOW, SHEPPARD,
3  WAYTE & CARRUTH LLP
   P.O. Box 28912
4  5 River Park Place East
   Fresno, CA 93720-1501
5  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
6
   Attorneys for Defendant
7  SPECIAL DISTRICT RISK MANAGEMENT
   AUTHORITY erroneously sued herein as Special
8  District Risk Management Services

(SPACE BELOW FOR FILING STAMP ONLY)

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  MARJORY ANDERSON,                         Case No. 3:08-CV-2354-VRW

13             Plaintiff,                     **SPECIAL DISTRICT RISK
                                              MANAGEMENT AUTHORITY'S NOTICE
14  v.                                        OF MOTION AND MOTION FOR
                                              ADMINISTRATIVE RELIEF TO JOIN IN
15  TAMALPAIS COMMUNITY SERVICES              TAMALPAIS COMMUNITY SERVICES
    DISTRICT, JOE ELAM, BOARD OF              DISTRICT AND JON ELAM'S MOTION
16  TRUSTEES OF TAMALPAIS                     TO DISMISS; MEMORANDUM OF
    COMMUNITY SERVICES DISTRICT,              POINTS AND AUTHORITIES**
17  PEARCE & FRANKMAN, INC.,
    MILLEN GRIFFITH, SPECIAL                  **[Fed. R. Civ. P. 12(b)(6), 12(e) & 12(g)(1);
18  DISTRICT RISK MANAGEMENT                  Civil L.R. 7-11]**
    SERVICES, and DOES 1 through 15,
19                                            Date:       August 21, 2008
               Defendants.                    Time:       2:30 p.m.
20                                            Judge:      Hon. Vaughn R. Walker
                                              Dept:       Courtroom No. 6
21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  **NOTICE IS HEREBY GIVEN** that Defendant Special District Risk Management

3  Authority, erroneously sued herein as Special District Risk Management Services ("SDRMA"),

4  hereby moves this Court for administrative relief permitting SDRMA to join in Defendants

5  Tamalpais Community Services District and Jon Elam's, erroneously sued herein as Joe Elam

6  (collectively "Co-Defendants"), Motion to Dismiss, or in the alternative, Motion for a More

7  Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), which was

8  previously scheduled to be heard on July 25, 2008, at 9:30 a.m., by the Hon. Joseph C. Spero in

9  Courtroom A of this Court located at 450 Golden Gate Ave., San Francisco, California.  This

10  motion is filed in conjunction with SDRMA's Motion to Dismiss and Motion to Strike Plaintiffs'

11  Claims For Exemplary and Punitive Damages.

12  This motion is based upon this Notice of Motion and Motion for Administrative Relief,

13  the accompanying Memorandum of Points and Authorities, and all of the papers, records and

14  pleadings on file herein.

15  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

16  I.  <u>**INTRODUCTION**</u>

17  SDRMA hereby moves this Court for administrative relief permitting it to join in Co-

18  Defendants' Motion to Dismiss, or in the alternative, Motion for a More Definite Statement

19  pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e)Standard of Review.   As

20  explained more fully below, joinder would promote conservation of judicial resources as many of

21  the arguments raised in Co-Defendants' Motion to Dismiss apply equally to the claims made

22  against SDRMA.

23  II.  <u>**PROCEDURAL HISTORY**</u>

24  Plaintiff filed this action on April 7, 2007, in the Superior Court of California, County of

25  Marin.  Defendants removed this action to this Court under federal question jurisdiction pursuant

26  to 28 U.S.C. Section 1331.  Plaintiff sued SDRMA contending it was responsible for two separate

27  sewage backups in her home, in December 2004 and April 2007.  Co-Defendants' initially

28  noticed their Motion to Dismiss for July 11, 2008.  Later, Co-Defendants' amended their notice

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

1

SDRMA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN CO-DEFENDANTS'
MOTION TO DISMISS

1   for hearing on July 25, 2008 due to the Court's unavailability on the previously noticed date.

2   Thereafter, on June 16, 2008, this Court reassigned the instant matter to Hon. Vaughn R. Walker

3   for further proceedings.

4   **III.    LEGAL ARGUMENT**

5          **A.    Standard of Review**

6          "A motion under [Federal Rule of Civil Procedure 12(b)] may be joined with any other

7   motion allowed by this rule." Fed. R. Civ. P. 12(g)(1); *see also Hasse Construction Co., Inc. v.*

8   *Gary Sanitary Dist. Bd. of Commissioners*, 2008 WL 2169000, at *3 (N.D. Ind. 2008), 2008 U.S.

9   Dist. LEXIS 41326 (granting defendants' motion under Federal Rule of Civil Procedure 12(g)(1)

10  to join co-defendants' motion to dismiss); *but see Willis v. Pacific Maritime Ass'n*, 1997 WL

11  488581, at *2 (N.D. Cal. 1997) (holding that no local or federal rule exists for joining motions,

12  but no reason exists for prohibiting the practice). Moreover, this Court may grant a defendants'

13  motion to join a co-defendant's motion to dismiss, as long as the latter has been timely filed.

14  *LiveOps, Inc. v. Teleo, Inc.*, 2006 WL 83058, at *1, n. 1 (N.D. Cal. 2006), 2006 U.S. Dist. LEXIS

15  2574.

16         Where a miscellaneous administrative matter is not governed by a federal statute, federal

17  or local rule or standing order of the assigned judge, a party may move for administrative relief

18  on the miscellaneous matter. Civil L.R. 7-11. Pursuant to Civil Federal Rule of Civil Procedure

19  12(g)(1) and Local Rule 7-11, SDRMA hereby moves this Court for an order permitting it to join

20  in Co-Defendants' Notice of Motion to Dismiss; Memorandum of Points and Authorities in

21  Support of Motion to Dismiss, and in the Alternative, Motion for More Definite Statement [FRCP

22  12(b)(6) & 12(e)].

23         **B.    The Legal Issues Presented By Co-Defendants' Motion To Dismiss Apply**
              **Equally To SDRMA, And Granting Its' Motion To Join Would Conserve**
24            **Judicial Resources.**

25         Where one defendant files a motion to dismiss and another defendant is thereafter served

26  with process in the same action, a court has discretion to permit the later served defendant to join

27  in the motion to dismiss. *See Gonzalez v. Mason*, 2008 WL 2079195 at *2, n. 1 (N.D. Cal. 2008);

28  *Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1514 (1990); *Williams v. Mitchell*, 2007

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

SDRMA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN CO-DEFENDANTS'
MOTION TO DISMISS

1  WL. 2572162, at *1 (N.D. Cal. 2007) (permitting defendant to join co-defendants' motions to

2  dismiss); *Robertson v. Northwest Administrators, Inc.*, 1999 WL 183616, at *1, n. 1 (N.D. Cal.

3  1999), 1999 U.S. Dist. LEXIS 4238 (same); *accord Hasse*, 2008 WL 2169000, at *3.  Granting

4  such a motion is particularly appropriate where the grounds upon which the motion to dismiss is

5  based applies equally to the later served defendant.  *Gonzalez*, 2008 WL 2079195 at *2, n. 1.

6  Permitting SDRMA to join in Co-Defendants, Motion to Dismiss conserves judicial resources,

7  and should be allowed here since the alternative would be to require SDRMA to file a separate

8  Motion to Dismiss raising identical legal issues that are equally applicable to SDRMA.  *Id.*;

9  *Willis,* 1997 WL 488581, at *2 ("[i]f the grounds stated in the motion are applicable to the joining

10  party as well as the moving party, it would be wasteful for them to file separate motions").

**C.    The Following Legal Issues Raised In Co-Defendants' Motion To Dismiss Apply Equally To SDRMA.**

Indeed, the following issues raised in Co-Defendants' Motion to Dismiss, or alternatively,

Motion for a More Definite Statement apply equally to SDRMA as a public entity[1]:

1.    Plaintiff Marjory Anderson's ("Plaintiff") Section 1983 claim fails to state a claim

upon which relief may be granted against SDRMA because the alleged conduct was not pursuant

to an official policy, pattern or practice of SDRMA.

2.    Plaintiffs' Section 1983 claims fail to state a claim upon which relief may be

granted against SDRMA because SDRMA did not participate directly or have knowledge of the

alleged discriminatory conduct.

3.    Plaintiff fails to state a claim upon which relief may be granted under the First

Amendment because she failed to allege that her First Amendment Rights were violated.

4.    Plaintiff fails to state a claim upon which relief may be granted under the Fifth

Amendment because SRMA is not a federal actor.

5.    Plaintiff fails to state a claim upon which relief may be granted under the

Fourteenth Amendment because the denial of compensation is not a constitutionally protected

---

[1]  Pursuant to Federal Rule of Civil Procedure 12(b)(6), SDRMA will also file a separate Motion to Dismiss raising legal issues that are not raised by Co-Defendants' motion.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

SDRMA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN CO-DEFENDANTS'
MOTION TO DISMISS

1    right.

2        6.    Plaintiff fails to state a claim upon which relief may be granted under the

3    Fourteenth Amendment because the denial of compensation does not shock the conscience.

4        7.    Plaintiff fails to state a claim upon which relief may be granted under the Equal

5    Protection Clause because she cannot allege she was treated differently than those similarly

6    situated.

7        8.    Plaintiff fails to state a claim upon which relief can be granted under Title VI

8    against SDRMA for failure to allege that SDRMA receives federal funding.

9        9.    Plaintiff fails to state a claim upon which relief can be granted for violation of the

10    Religious Freedom Restoration Act for failure to identify a federal law or regulation.

11        10.    Plaintiff fails to state a claim upon which relief can be granted for violation of the

12    California Constitution and the Unruh Civil Rights Act for failure to identify the right violated.

13        11.    Plaintiffs' eighth cause of action as it relies on the 2004 overflow is barred by the

14    statute of limitations.

15        12.    Plaintiffs' first through sixth causes of action are barred by the statute of

16    limitations to the extent they rely on the 2004 overflow.

17        13.    Plaintiffs' second, fourth, sixth and seventh causes of action are barred against

18    SDRMA because it is immune from common law tort claims.

19        14.    Plaintiff's claim for negligence per se fails to state a claim upon which relief can

20    be granted because SDRMA is immune from common law tort claims and because Plaintiff relies

21    on statutes inapplicable to the overflows.

22        15.    Plaintiff fails to state a claim upon which relief may be granted for wrongful

23    interference with prospective economic advantage because she does not allege facts to whos an

24    economic relationship with a third party, the probability of future economic benefit or wrongful

25    conduct.

26        16.    Plaintiffs' complaint is so vague and ambiguous that a more definite pleading is

27    required.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

SDRMA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN CO-DEFENDANTS'
MOTION TO DISMISS

1   IV.     **CONCLUSION**

2          For all of the foregoing reasons, this Court should grant SDRMA's Motion for

3   Administrative Relief to Join in Co-Defendants' Motion to Dismiss, or in the alternative, Motion

4   for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e)

5

6   Dated: June 17, 2008                        McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP

7

8                                       By:          /s/ James P. Wagoner /s/
                                                     James P. Wagoner
9                                                    Ruby Ann D. Helsley
                                                     A. Robert Rhoan
10                                                   Attorneys for Defendant
                                                     SPECIAL DISTRICT RISK
11                                                   MANAGEMENT AUTHORITY
                                                     erroneously sued herein as Special District
12                                                   Risk Management Services

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1

## TABLE OF CONTENTS

2

**Page**

3  I.     INTRODUCTION ................................................................................................. 1

4  II.    PROCEDURAL HISTORY .................................................................................. 1

   III.   LEGAL ARGUMENT .......................................................................................... 2

5         A.  Standard of Review ................................................................................... 2

6         B.  The Legal Issues Presented By Co-Defendants' Motion To Dismiss Apply
              Equally To SDRMA, And Granting Its' Motion To Join Would Conserve
7             Judicial Resources .................................................................................... 2

          C.  The Following Legal Issues Raised In Co-Defendants' Motion To Dismiss
8             Apply Equally To SDRMA ........................................................................ 3

9  IV.    CONCLUSION ..................................................................................................... 4

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

i

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Alfus v. Pyramid Technology Corp.,*
    745 F.Supp. 1511, 1514 (1990)...............................................................................2

5

6

*Gonzalez v. Mason,*
    2008 WL 2079195 at *2, n. 1 (N.D. Cal. 2008)..........................................................2

7

*Hasse Construction Co., Inc. v. Gary Sanitary Dist. Bd. of Commissioners,*
    2008 WL 2169000, at *3 (N.D. Ind. 2008), 2008 U.S. Dist. LEXIS 41326.................2

8

9

*LiveOps, Inc. v. Teleo, Inc.,*
    2006 WL 83058, at *1, n. 1 (N.D. Cal. 2006), 2006 U.S. Dist. LEXIS 2574. ............2

10

*Robertson v. Northwest Administrators, Inc.,*
    1999 WL 183616, at *1, n. 1 (N.D. Cal. 1999), 1999 U.S. Dist. LEXIS 4238 ...........3

11

12

*Williams v. Mitchell,*
    2007 WL 2572162, at *1 (N.D. Cal. 2007)..............................................................3

13

*Willis v. Pacific Maritime Ass'n,*
    1997 WL 488581, at *2 (N.D. Cal. 1997); 1997 WL 488581, at *2 ......................2, 3

14

**Statutes**

15

*Fed. R. Civ. P. 12(g)(1)*...............................................................................................2

16

17

18

19

20

21

22

23

24

25

26

27

28

SDRMA'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN CO-DEFENDANTS'
MOTION TO DISMISS

**PROOF OF SERVICE**

        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California  93720-1501.  On June 17, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN IN TAMALPAIS COMMUNITY SERVICES DISTRICT AND JON ELAM'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

☐    **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    **BY PERSONAL DELIVERY:**  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐    **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒    **BY ELECTRONIC SUBMISSION:**  per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☐    **BY ELECTRONIC MAIL:**  by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Antonio L. Cortes
Attorney at Law
528 Wisteria Way
San Rafael, CA  94903
Phone: 415-256-1911

*Attorneys for Plaintiff*
Marjory Anderson

Eugene B. Elliott
Christine Lee
Bertrand, Fox & elliott
The Waterfront Building
2749 Hyde Street
San Francisco, CA  94109
Phone: 415-353-0999
Fax: 415-353-0990

*Attorneys for Defendants*
Tamalpais CSD and Jon Elam

        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. BOX 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE

1   am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

2

3          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4          Executed on June 17, 2008, at Fresno, California.

5

6                                                   _____

7                                                   Alysia Eckersberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501.  On June 17, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO JOIN IN TAMALPAIS COMMUNITY SERVICES DISTRICT AND JON ELAM'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:**  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY ELECTRONIC SUBMISSION:**  per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☒ **BY ELECTRONIC MAIL:**  by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Steven B. Shatz, President
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX
sshatz@claimsadjuster.com

Millen Griffith
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. BOX 28912
FRESNO, CA 93729-8912

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jachyn Davis
Lerch Sturmer, LLP
333 Bush Street, Suite 2020
San Francisco, California 94104

E: jdavis@lerchsturmer.com
Tel: (415) 217-6354
Faxt: (415) 217-2782

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on June 17, 2008, at Fresno, California.

                                           Alysia Eckersberg

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912

PROOF OF SERVICE