1  James P. Wagoner, # 058553
   Ruby Ann D. Helsley, # 191812          (SPACE BELOW FOR FILING STAMP ONLY)
2  A. Robert Rhoan, # 231949
   McCORMICK, BARSTOW, SHEPPARD,
3  WAYTE & CARRUTH LLP
   P.O. Box 28912
4  5 River Park Place East
   Fresno, CA  93720-1501
5  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
6
   Attorneys for Defendant
7  SPECIAL DISTRICT RISK MANAGEMENT
   AUTHORITY erroneously sued herein as Special
8  District Risk Management Services

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  MARJORY ANDERSON,                 Case No.  3:08-CV-2354-VRW

13              Plaintiff,            **SPECIAL DISTRICT RISK**
                                      **MANAGEMENT AUTHORITY'S NOTICE**
14  v.                                **OF MOTION AND MOTION TO STRIKE**
                                      **PLAINTIFFS' CLAIM FOR PUNITIVE**
15  TAMALPAIS COMMUNITY SERVICES      **AND EXEMPLARY DAMAGES;**
    DISTRICT, JOE ELAM, BOARD OF      **MEMORANDUM OF POINTS AND**
16  TRUSTEES OF TAMALPAIS             **AUTHORITIES**
    COMMUNITY SERVICES DISTRICT,
17  PEARCE & FRANKMAN, INC.,          **[Fed. R. Civ. P. 12(f)]**
    MILLEN GRIFFITH, SPECIAL
18  DISTRICT RISK MANAGEMENT          Date:     August 21, 2008
    SERVICES, and DOES 1 through 15,  Time:     2:30 p.m.
19                                    Judge:    Hon. Vaughn R. Walker
              Defendants.             Dept:     Courtroom No. 6
20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

---

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          **NOTICE IS HEREBY GIVEN** that Defendant Special District Management Authority

3      ("SDRMA"), erroneously sued herein as "Special District Risk Management Services," will move

4      this Court at 2:30 p.m. on August 21, 2008 in the United States District Court, Northern District

5      Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 6, or as soon

6      as the matter may be heard, for an order granting SDRMA's Motion to Strike Plaintiffs' Claim for

7      Punitive and Exemplary Damages pursuant to Federal Rule of Civil Procedure 12(f).  This motion

8      is filed in conjunction with SDRMA's Motion to Dismiss and Motion for Administrative Relief to

9      Join in Tamalpais Community Service District and Jon Elam's, erroneously sued herein as Joe

10     Elam, Motion to Dismiss, or Alternatively, Motion for a More Definite Statement.  This motion

11     will be made on the grounds that , as a public entity, SDRMA is immune from punitive damages

12     under California Government Code Section 818 and under any federal civil rights laws.

13         Accordingly, SDRMA seeks to strike the following portions of Plaintiff Marjory

14     Anderson's ("Plaintiff") complaint:

15         1.      "Because Defendants were grossly negligent, and/or breached their duties to Mrs.

16     Anderson with oppression, fraud, and/or malice, they should be required to pay exemplary

17     damages of three to nine times that amount."  Plaintiffs Complaint ("Complaint") at ¶ 52.

18         2.      "Mrs. Anderson is entitled to punitive and exemplary damages from . . . SDRMA,

19     . . . for said conversion, theft, or waste in an amount to be determined at trial between $90,000

20     and $405,000."  Complaint at ¶ 66.

21         3.      "Because . . .  SDRMA's interference with [sic] was legally and/or actually

22     malicious, Mrs. Anderson is entitled to punitive damages from . . . SDRMA in an amount to be

23     proven a trial between $900,000 and $4,050,000."  Complaint at ¶ 74.

24         4.      "Pursuant to Cal. Civil Code § 52(a), Mrs. Anderson is entitled to treble damages

25     of over $3 million from . . . SDRMA . . . for each of their alleged acts of discrimination."

26     Complaint at ¶ 82.

27         5.      "Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to

28     punitive and exemplary damages in an amount to be proven at trial."  Complaint at ¶ 86.

2

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1        6.      "For treble damages of $3,000,000.00 against . . . SDRMA . . ."  Complaint at ¶

2 86(b).

3        7.      "For punitive and exemplary damages of $9,000,000.00 against . . . SDRMA . . .

4 for punitive and exemplary damages against each other Defendant according to proof . . ."

5 Complaint at ¶ 86(g).

6        This motion is based upon this notice of motion and motion, the accompanying

7 memorandum of points and authorities, all papers, records and pleadings on file with this Court,

8 and any further evidence, oral or otherwise, submitted in support of this motion at the hearing.

9 **MEMORANDUM OF POINTS AND AUTHORITIES**

10 **I.**     **INTRODUCTION**

11        SDRMA moves this Court for an order striking portions of Plaintiffs' Complaint relating

12 to punitive and exemplary damages pursuant to Federal Rule of Civil Procedure 12(f) on the

13 ground that a plaintiff may not seek such damages against a public agency like SDRMA.

14 SDRMA is a joint powers authority organized under California Government Code Section 6500,

15 and as such is entitled to immunity from punitive and exemplary damages under California

16 Government Code Section 818.  Cal. Gov. Code §§ 818 & 6500, *et seq.* [1]

17 **II.**    **PROCEDURAL HISTORY**

18        Plaintiff filed this action on April 7, 2007, in the Superior Court of California, County of

19 Marin.  Defendants removed this action to this Court under federal question jurisdiction pursuant

20 to 28 U.S.C. Section 1331.  Plaintiff sued SDRMA contending it was responsible for two separate

21 sewage backups in her home, in December 2004 and April 2007.  Plaintiff requests punitive and

22 exemplary damages from SDRMA in several allegations of her complaint.

23

24

---

25 [1] SDRMA has been registered under the Roster of Public Agencies maintained by the California
Secretary of State since at least April 5, 2002 to the present.  Declaration of Paul Frydendal at ¶¶

26 1-7; SDRMA's Request for Judicial Notice at ¶¶ 1-4 & 1.  Indeed, Mr. Frydendal, Chief Financial
Officer for SDRMA, filled out statements in 2002, 2003, 2005 and 2008 and filed them with the

27 Secretary of State's Office, which filing was subsequently acknowledged pursuant to California
Government Code Section 53051.  *Id.*  Accordingly, at all times relevant to the allegations

28 outlined in Plaintiffs' Complaint, SDRMA was a public agency, as a matter of law.  Cal. Gov.
Code § 53051.

3

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

III.    **RELEVANT ALLEGATIONS**

Plaintiff seeks damages against SDRMA on the ground that it "provides insurance, or the functional equivalent thereto, to resolve claims of TCSD customers against TCSD." Plaintiffs' Complaint ("Complaint") at ¶ 7.  Solely on this basis, Plaintiff has directly sued SDRMA for (1) Negligence; (2) Theft, Conversion, and/or Waste; (3) Wrongful Interference With Prospective Economic Advantage; and (4) various violations of Plaintiff's Civil Rights.  Under each of these causes of action, Plaintiff alleges that she is entitled to punitive damages.  However, as set forth below, Plaintiff is not entitled to punitive or exemplary damages from SDRMA, since they are not recoverable against a public entity under any of Plaintiffs' theories as a matter of law.

IV.    **LEGAL ARGUMENT**

A.    **Standard of Review**

Federal Rule of Civil Procedure 12(f) provides in pertinent part:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion . . . or upon the Court's own initiative at any time, the court may order stricken from any pleading  .  .  . any redundant, immaterial, impertinent or scandalous matter.

"Redundant" has beend defined as including allegations that "constitute a needless repetition of other averments or which are foreign to the issue." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).  "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses pled. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on another ground Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent" matter is that which does not pertain, and is not necessary, to the issues in question. *Id.* Motions to strike are designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

A Motion to Strike may be used to remove an improper request for damages, including punitive damages, when such requested relief is unavailable as a matter of law. *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D.Cal. 2006); *Wells v.*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1  *Bd. of Trustees. of the Cal. State Univ.,* 393 F.Supp.2d 990, 995 (N.D.Cal. 2005); *Bureerong v.*

2  *Uvawas,* 922 F. Supp. 1450, 1479 n. 34 (C.D.Cal. 1996).    Additionally, "motions to strike

3  requests for certain types of relief, such as punitive and compensatory damages, are generally

4  granted if such relief is not recoverable under applicable law."  *Henrikson v. Turbomeca,* 2006

5  WL 3929541, at *2 (E.D. Cal. 2006), 2006 U.S. Dist. LEXIS 90075, *citing* 2 Moore's Federal

6  Practice, § 12.37[3] at 12-96, 12-97 (Matthew Bender 3d ed. 2000); *see also Wilkerson,* 229

7  F.R.D. at 172 (a motion to strike portion of the complaint should be granted where the relief

8  sought is not recoverable as a matter of law).

9      **B.    Plaintiff Is Not Entitled To Punitive Or Exemplary Damages From A Public**
       **Entity Like SDRMA For Alleged Violations Of State Or Federal Civil Rights**
10     **Law.**

11         SDRMA is organized pursuant to California Government Code Section 6500, which

12  defines a joint powers authority as a public agency.  Cal. Gov. Code § 6500 ("[a]s used in this

13  article, 'public agency' includes . . . any joint powers authority formed pursuant to this article by

14  any of these agencies"); *see also People ex rel Lockyer v. Sun Pacific Farming Co.,* 77

15  Cal.App.4th 619, 628 (2000) ("[t]he Government Code provides a procedure that allows public

16  agencies to enter into agreements which jointly exercise their powers on a regional basis"); *City*

17  *of South El Monte v. So. California Joint Powers Insurance Authority,* 38 Cal.App.4th 1629, 1632

18  (discussing the general nature of joint powers pooling arrangements, such as SDRMA).  As a

19  public entity, SDRMA is immune from punitive and exemplary damages.

20         1.    SDRMA Is Entitled To Public Entity Immunity Under California
                 Government Code Section 818.
21

22         "Notwithstanding any other provision of law, a public entity is not liable for damages

23  awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake

24  of example and by way of punishing the defendant."  Cal. Gov. Code § 818.  California case law

25  interpreting this statute forbids recovery of punitive damages against governmental entities.  *See,*

26  *e.g., Kizer v. Cty. of San Mateo,* 53 Cal.3d 139, 144 (1991); *State Dept. of Corrections v.*

27  *Workmen's Compensation Appeals Bd.,* 5 Cal.3d 885, 888 (1971); *Masters v. San Bernardino*

28  *Cty. Employees Retirement Assn.,* 32 Cal.App.4th 30, 40 (1995).    Therefore, punitive and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1    exemplary damages against SDRMA are simply unavailable for any of her state law claims.

2        This Court has enforced this rule on several occasions. *See, e.g., Tan v. Univ. of*

3 *California San Francisco*, 2007 WL 963223, at *1 (N.D. Cal. 2007), 2007 U.S. Dist. LEXIS

4 27436 (granting motion to strike punitive damages against public entity); *Wilbur v. City of San*

5 *Leandro*, 2006 WL 708654, at *3-4 (N.D. Cal. 2006), 2006 U.S. Dist. LEXIS 15750 (same);

6 *Chappell v. City of Pittsburg*, 2005 WL 756617, at *5 (N.D. Cal. 2005), (grating motion to

7 dismiss punitive damages claim against public entity); *Podesta v. City of San Leandro*, 2005 WL

8 2333802, at *8 (N.D. Cal. 2005), 2005 U.S. Dist. LEXIS 45772 (same); *Daniels v. Cty. of San*

9 *Francisco*, 2000 WL 1060455, at *2 (N.D. Cal. 2000) (granting motion to strike punitive

10 damages against public entity); *Fernandez v. City of and Cty. of San Francisco*, 1994 WL

11 117796, at *4 (N.D. Cal. 1994) (same).

12        Accordingly, this Court should grant SDRMA's motion to strike all of Plaintiffs' punitive

13 and exemplary damages claims which are based on her California state law claims for

14 Negligence, Theft, Waste, Conversion and Wrongful Interference With Prospective Economic

15 Advantage.

16                2.     <u>SDRMA Is Entitled To Immunity From Exemplary And Punitive Damages</u>
17                     <u>For Alleged Violations Of Federal Civil Rights Laws.</u>

18        "As a general rule, local public entities are immune from punitive damages awards in civil

19 rights actions." *Kolar v. Cty. of Sangamon*, 756 F.2d 564, 567 (7th Cir. 1985); *accord Mitchell v.*

*Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996); *White v. Washington Public Power Supply System*, 692

20 F.2d 1286, 1290 (9th Cir. 1982) (punitive damages against public entities are unavailable under

21 Title VII and Section 1983). The rationale behind this rule is that "[t]he impact of such a windfall

22 recovery is likely to be both unpredictable and, at times, substantial, and the [United States

23 Supreme Court] is sensitive to the possible strain on local treasuries and therefore on services

24 available to the public at large." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-271.

25        This Court, and others, have enforced this rule consistently by holding that public entities

26 are immune from punitive damages in civil rights actions. *See, e.g., Planned Parenthood Assn. v.*

27 *Chicago Transit Authority*, 767 F.2d 1225, 1233-1234 (7th Cir. 1985); *Anderson v. Bd. of*

28

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1    *Education of the City of Chicago*, 169 F.Supp.2d 864, 871 (N.D. Ill. 2001); *Davis v. Sacramento*

2    *Cty. Sheriff's Dept.*, 2008 WL 540614, at *1-2 (E.D. Cal. 2008), 2008 U.S. Dist. LEXIS 13819

3    (granting public entity's motion to strike punitive damage claim based upon Section 1983, since

4    public entities are immune under the statute, and California Government Code Section 818

5    indicates that this immunity has not been waived); *Podesta*, 2005 WL 2333802, at *9 (N.D. Cal.

6    2005) (granting public entity's motion to strike punitive damages claim based on Section 1983);

7    *Mehringer v. Village of Bloomingdale*, 2003 WL 21506856, at *7-10 (N.D. Ill. 2003); *Fernandez*,

8    1994 WL 117796, at *4 (granting public entity's motion to strike punitive damages claim based

9    upon Section 1983).

10        Accordingly, this Court should grant SDRMA's motion to strike Plaintiffs' punitive

11   damages claims that are based on alleged violations of federal civil rights laws.

12   **V.    CONCLUSION**

13        For all of the foregoing reasons, this Court should grant SDRMA's motion to strike

14   paragraphs 52, 66, 74, 82, 86, 86(b) and 86(g) of Plaintiffs' complaint.

15

16   Dated: June 17, 2008                    McCORMICK, BARSTOW, SHEPPARD,
                                             WAYTE & CARRUTH LLP

17

18                                           By:_____/s/ James P. Wagoner /s/_____
                                                     James P. Wagoner
19                                                   Ruby Ann D. Helsley
                                                     A. Robert Rhoan
20                                               Attorneys for Defendant
                                                 SPECIAL DISTRICT RISK
21                                               MANAGEMENT AUTHORITY
                                             erroneously sued herein as Special District
22                                               Risk Management Services

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

7

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1

# TABLE OF CONTENTS

2

**Page**

3  I.     INTRODUCTION ................................................................................. 3

4  II.    PROCEDURAL HISTORY ................................................................... 3

   III.   RELEVANT ALLEGATIONS ............................................................... 3

5  IV.    LEGAL ARGUMENT .......................................................................... 4

6         A.    Standard of Review ................................................................... 4

7         B.    Plaintiff Is Not Entitled To Punitive Or Exemplary Damages From A
                 Public Entity Like SDRMA For Alleged Violations Of State Or Federal

8                Civil Rights Law ....................................................................... 5

9               1.    SDRMA Is Entitled To Public Entity Immunity Under California
                       Government Code Section 818 ............................................... 5

10              2.    SDRMA Is Entitled To Immunity From Exemplary And Punitive
                       Damages For Alleged Violations Of Federal Civil Rights Laws ......... 6

11 V.     CONCLUSION .................................................................................. 7

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

i

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

4

*Anderson v. Bd. of Education of the City of Chicago,*
   169 F.Supp.2d 864, 871 (N.D. Ill. 2001) ............................................................... 7

5

6

*Bureerong v. Uvawas,*
   922 F. Supp. 1450, 1479 n. 34 (C.D.Cal. 1996) ................................................... 5

7

*Chappell v. City of Pittsburg,*
   2005 WL 756617, at *5 (N.D. Cal. 2005).............................................................. 6

8

9

*City of Newport v. Fact Concerts, Inc.,*
   453 U.S. 247, 270-271. .......................................................................................... 6

10

*City of South El Monte v. So. California Joint Powers Insurance Authority,*
   38 Cal.App.4th 1629, 1632 .................................................................................... 5

11

12

*Daniels v. Cty. of San Francisco,*
   2000 WL 1060455, at *2 (N.D. Cal. 2000)............................................................ 6

13

*Davis v. Sacramento Cty. Sheriff's Dept.,*
   2008 WL 540614, at *1-2 (E.D. Cal. 2008), 2008 U.S. Dist. LEXIS 13819............. 7

14

15

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,*
   436 F.Supp.2d 1095, 1100 (C.D.Cal. 2006) .......................................................... 4

16

*Fantasy, Inc. v. Fogerty,*
   984 F.2d 1524, 1527 (9th Cir. 1993)...................................................................... 4

17

18

*Fernandez v. City of and Cty. of San Francisco,*
   1994 WL 117796, at *4 (N.D. Cal. 1994); 1994 WL 117796, at *4 ...................... 6, 7

19

*Fogerty v. Fantasy, Inc.,*
   510 U.S. 517 (1994)............................................................................................... 4

20

21

*Henrikson v. Turbomeca,*
   2006 WL 3929541, at *2 (E.D. Cal. 2006), 2006 U.S. Dist. LEXIS 90075 .............. 5

22

*Kizer v. Cty. of San Mateo,*
   53 Cal.3d 139, 144 (1991) ..................................................................................... 5

23

24

*Kolar v. Cty. of Sangamon,*
   756 F.2d 564, 567 (7th Cir. 1985).......................................................................... 6

25

*Masters v. San Bernardino Cty. Employees Retirement Assn.,*
   32 Cal.App.4th 30, 40 (1995) ................................................................................ 5

26

27

*Mehringer v. Village of Bloomingdale,*
   2003 WL 21506856, at *7-10 (N.D. Ill. 2003) ...................................................... 7

28

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND
EXEMPLARY DAMAGES

**TABLE OF AUTHORITIES**
(continued)

Page

*Mitchell v. Dupnik,*
  75 F.3d 517, 527 (9th Cir. 1996)..................................................6

*People ex rel Lockyer v. Sun Pacific Farming Co.,*
  77 Cal.App.4th 619, 628 (2000) ..................................................5

*Planned Parenthood Assn. v. Chicago Transit Authority,*
  767 F.2d 1225, 1233-1234 (7th Cir. 1985) ................................6

*Podesta v. City of San Leandro,*
  2005 WL 2333802, at *8 (N.D. Cal. 2005), 2005 U.S. Dist. LEXIS 45772; 2005 WL 2333802,
  at *9 (N.D. Cal. 2005) ............................................................6, 7

*Sidney-Vinstein v. A.H. Robins Co.,*
  697 F.2d 880, 885 (9th Cir. 1983)..............................................4

*State Dept. of Corrections v. Workmen's Compensation Appeals Bd.,*
  5 Cal.3d 885, 888 (1971) ............................................................5

*Tan v. Univ. of California San Francisco,*
  2007 WL 963223, at *1 (N.D. Cal. 2007), 2007 U.S. Dist. LEXIS 27436 ..................6

*Wells v. Bd. of Trustees. of the Cal. State Univ.,*
  393 F.Supp.2d 990, 995 (N.D.Cal. 2005) ..................................5

*White v. Washington Public Power Supply System,*
  692 F.2d 1286, 1290 (9th Cir. 1982)..........................................6

*Wilbur v. City of San Leandro,*
  2006 WL 708654, at *3-4 (N.D. Cal. 2006), 2006 U.S. Dist. LEXIS 15750 ...............6

*Wilkerson v. Butler,*
  229 F.R.D. 166, 170 (E.D. Cal. 2005) ........................................4

**Statutes**

2 Moore's Federal Practice, § 12.37[3] at 12-96, 12-97 ....................5

Cal. Civil Code § 52(a) ..................................................................2

Cal. Gov. Code § 53051..................................................................3

Cal. Gov. Code § 6500 ..................................................................5

Cal. Gov. Code § 818 ....................................................................5

Cal. Gov. Code §§ 818 & 6500 ......................................................3

Civil Code § 3294 ..........................................................................2

iii

SDRMA'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND EXEMPLARY DAMAGES

1

## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action.  My business address is McCormick, Barstow, Sheppard, Wayte &
3     Carruth LLP, 5 River Park Place East, Fresno, California  93720-1501.  On June 17, 2008, I
served the within documents:

4

### SPECIAL DISTRICT MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND
5     MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND EXEMPLARY
DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES
6

7          ☐     **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m.
8

9          ☐     **BY PERSONAL DELIVERY:**  by personally delivering the document(s) listed
above to the person(s) at the address(es) set forth below.
10

11         ☐     **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with
postage thereon fully prepaid, in the United States mail at Fresno, California
12               addressed as set forth below.

13         ☐     **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an
overnight delivery service company for delivery to the addressee(s) on the next
14               business day.

15         ☒     **BY ELECTRONIC SUBMISSION:**  per court order, submitted electronically by
ECF to be posted to the website and notice given to all parties that the document
16               has been served.

17         ☐     **BY ELECTRONIC MAIL:**  by causing documents(s) to be transmitted by
electronic mail to the below e-mail addresses.
18

19    Antonio L. Cortes                      Eugene B. Elliott
Attorney at Law                        Christine Lee
20    528 Wisteria Way                       Bertrand, Fox & elliott
San Rafael, CA  94903                  The Waterfront Building
21    Phone: 415-256-1911                    2749 Hyde Street
San Francisco, CA  94109
22    *Attorneys for Plaintiff*              Phone: 415-353-0999
Marjory Anderson                       Fax: 415-353-0990
23

24                                           *Attorneys for Defendants*
Tamalpais CSD and Jon Elam
25

26         I am readily familiar with the firm's practice of collection and processing
27    correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912

PROOF OF SERVICE

1    am aware that on motion of the party served, service is presumed invalid if postal cancellation
2    date or postage meter date is more than one day after date of deposit for mailing in affidavit.

3           I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.

4           Executed on June 17, 2008, at Fresno, California.

5

6                                              _____
7                                                    Alysia Eckersberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On June 17, 2008, I served the within documents:

**SPECIAL DISTRICT MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE AND EXEMPLARY DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☒ **BY ELECTRONIC MAIL:** by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Steven B. Shatz, President
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX
sshatz@claimsadjuster.com

Millen Griffith
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912

PROOF OF SERVICE

1    Jachyn Davis
2    Lerch Sturmer, LLP
     333 Bush Street, Suite 2020
3    San Francisco, California 94104

4    E: jdavis@lerchsturmer.com
     Tel: (415) 217-6354
5    Faxt: (415) 217-2782

6

7         I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
8    Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation
9    date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

11        Executed on June 17, 2008, at Fresno, California.

12

13

14                                                    _____
                                                        Alysia Eckersberg
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE