| | |
|---|---|
| 1  James P. Wagoner, # 058553<br>   Ruby Ann D. Helsley, # 191812 | (SPACE BELOW FOR FILING STAMP ONLY) |
| 2  A. Robert Rhoan, # 231949<br>   McCORMICK, BARSTOW, SHEPPARD, | |
| 3  WAYTE & CARRUTH LLP<br>   P.O. Box 28912 | |
| 4  5 River Park Place East<br>   Fresno, CA  93720-1501 | |
| 5  Telephone:   (559) 433-1300<br>   Facsimile:    (559) 433-2300 | |

Attorneys for Defendant
SPECIAL DISTRICT RISK MANAGEMENT
AUTHORITY erroneously sued herein as Special
District Risk Management Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON, | Case No.  3:08-CV-2354-VRW |
| Plaintiff, | **SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>Defendants. | Date:     August 21, 2008<br>Time:    2:30 p.m.<br>Judge:   Hon. Vaughn R. Walker<br>Dept:    Courtroom No. 6 |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on August 21, 2008 at 2:30 p.m., or as soon thereafter as this matter can be heard, in Courtroom A of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco California, in Courtroom 6, Defendant Special District Risk Management Authority ("SDRMA"), erroneously sued herein as "Special District Risk Management Services," will and does move this Court to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiff Marjory Anderson's ("Plaintiff") Complaint fails to state facts sufficient to constitute a claim for relief. Pursuant to Civil L.R. 7-4(a)(3), the following is a statement of the issues submitted for decision by the Court:

1. Plaintiffs' Fourth Cause of Action for Negligence fails to state a claim upon which relief can be granted in that the allegations of this cause of action establish, as a matter of law, that Plaintiff does not have standing to sue SDRMA directly without first obtaining a judgment against SDRMA's member, as required by California Insurance Code Section 11580(b)(2).

2. Plaintiffs' Sixth Cause of Action for Theft, Conversion, and/or Waste fails to state a claim upon which relief can be granted in that the allegations of this cause of action establish, as a matter of law, that Plaintiff does not have standing to sue SDRMA directly without first obtaining a judgment against SDRMA's member, as required by California Insurance Code Section 1158(b)(2).

3. Plaintiffs' Seventh Cause of Action for Wrongful Interference with a Prospective Economic Advantage fails to state a claim upon which relief can be granted in that the allegations of this cause of action establish, as a matter of law, that Plaintiff does not have standing to sue SDRMA directly without first obtaining judgment against SDRMA's member, as required by California Insurance Code Section 11580(b)(2).

4. Plaintiffs' Eighth Cause of Action for Violation of Civil Rights fails to state a claim upon which relief can be granted in that the allegations of this cause of action establish, as a matter of law, that Plaintiff does not have standing to sue SDRMA directly without first obtaining judgment against SDRMA's member, as required by California Insurance Code Section 11580(b)(2).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

2

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

This Motion is filed in conjunction with SDRMA's Motion for Administrative Relief to Join Tamalpais Community Service District and Jon Elam's (erroneously sued herein as "Joe Elam") Motion to Dismiss, or in the alternative, Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) and SDRMA's Motion to Strike Plaintiffs' Claims For Exemplary and Punitive Damages.

This Motion is based upon this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the papers, records and pleadings on file herein, a reply, if necessary, and any further evidence, oral or otherwise, submitted at or before the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In this action, Plaintiff seeks to hold SDRMA directly liable for the alleged acts of its' members, Tamalpais Community Service District ("TCSD") and its employee Jon Elam, arising out of damages sustained as a result of sewage overflows in her home on December 24, 2004 and April 17, 2007. Plaintiffs bases her claims against SDRMA on the premise that it "provides insurance, or the functional equivalent thereto, to resolve the claims of TCSD customers against TCSD." Plaintiffs' Complaint ("Complaint") at ¶ 7.[1] Indeed, pursuant to this alleged insurer-insured relationship, Plaintiff alleges that "TCSD and SDRMA had a contractual business relationship or business expectance pursuant to which SDRMA was obligated to settle the claims of third parties to whom TCSD was liable for damages of the type claimed by [Plaintiff]." Complaint at ¶ 68. Plaintiff further alleges that "[a]s a customer of TCSD, [Plaintiff] was an intended third-party beneficiary of that alleged contractual relationship or business expectance."

---

[1] SDRMA does not concede that it is an insurer for purposes of insurance regulation. Indeed, it is well settled that pooling of self-insured claims or losses by entities like SDRMA "shall not be considered insurance nor be subject to regulation under the Insurance Code." Cal. Gov. Code § 990.8; *see also Orange Cty. Water Dist. V. Ass'n of Cal. Water Agencies Joint Powers Ins. Authority*, 54 Cal.App.4th 772, 779 (1997); *accord City of South El Monte v. So. Cal. Joint Powers Ins. Authority*, 38 Cal.App.4th 1629, 1634. However, SDRMA can be considered to be providing the "functional equivalent of insurance" to its' members and employees for the purposes of analyzing Plaintiffs' complaint under dismissal standards pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Marcelos v. Dominguez*, 2008 WL 1820683, at *1 (N.D. Cal. 2008), *citing Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).

Complaint at ¶ 69.

As stated, Plaintiffs' allegations seek to impose liability directly upon SDRMA, by impermissibly joining it in an action against SDRMA's member. California law is clear that "an injured party is compelled to bring two lawsuits if he seeks to collect judgment from the insurer which issued a liability policy." *Billington v. Interinsurance Exchange of So. California*, 71 Cal.2d 728, 744-745, *citing* Cal. Ins. Code § 11580(b)(2). As explained herein, Plaintiffs' causes of action against SDRMA violate this rule, and therefore SDRMA's motion to dismiss all claims against it should be granted.

## II.  RELEVANT ALLEGATIONS

On December 26, 2004, sewage overflowed into Plaintiff's home. Complaint at ¶ 17. According to Plaintiff, TCSD owned the raw sewage and was responsible for responding to the situation. *Id.* In the ensuing clean up, Plaintiff alleges that TCSD did not adequately clean her home, and that TCSD's employees stole and damaged her personal property. Complaint at ¶¶ 18-19. Plaintiff claims that on or about April 17, 2007, raw sewage again overflowed into her home and caused additional damage. Complaint at ¶ 20. As before, Plaintiff claims TSCD did not adequately remediate the situation, and its' employees again stole and damaged her personal property. Complaint at ¶ 22. Since April 17, 2007, Plaintiff claims that TCSD has failed and refused to remediate the damage to her home caused by the overflows. Complaint at ¶ 24.

Plaintiff alleges that SDRMA should be held directly liable because for the damages alleged sustained because (1) SDRMA is TCSD's insurer or functional equivalent; (2) SDRMA failed to honor Plaintiffs' claims for compensation; (3) SDRMA tacitly consented to the theft, waste or conversion of Plaintiffs' property; (4) SDRMA deprived Plaintiff of her rights as a third-party beneficiary of a contractual relationship existing between TCSD and SDRMA; and (5) SDRMA denied Plaintiff rights she was entitled to as a third party beneficiary on account of her membership in a protected class, in violation of various state and federal civil rights statutes. Complaint at ¶¶ 47, 48, 61, 64, 68, 69, 71, 73 & 78. Importantly, nowhere does Plaintiff allege that SDRMA was directly responsible for the acts that lead to Plaintiffs' damages.

## III. LEGAL ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires "a short plaint statement of the claim showing that the pleader is entitled to relief. A motion to dismiss should be granted under Federal Rule of Civil Procedure 12(b)(6) where the Plaintiff is unable to meet its burden under Rule 8(a)(2) by articulating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929, 949 (2007), *abrogating Conley v. Gibson*, 355 U.S. 41, 78. "In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a 'formulaic recitation of the elements of a cause of action;' it must contain allegations sufficient to 'to raise a right to relief above the speculative level.'" *Consiglio v. Woodford*, 2007 WL 1557464, at *2 (E.D. Cal. 2007); 2007 U.S. Dist. LEXIS 40678, *citing Bell Atlantic Corp. v. Twombly*.

In other words, Plaintiffs' obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Papasan v. Allain*, 478 U.S. 265, 286 (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as factual allegation"); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (a court need not accept legal conclusions "cast in the form of factual allegations"). Importantly, "[a] motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *United State Pacific Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006); *accord Scott v. Steinhagen Oil Co., Inc.*, 224 F.Supp.2d 1084, 1085 (N.D. Tex. 2002); *see also S.E.C. v. Indigenous Global Dev. Corp.*, 2007 WL 988188, at *3 (N.D. Cal. 2007), 2007 U.S. Dist. LEXIS 27783 ("[d]ismissal can be based on the lack of a cognizable legal theory or the absent of sufficient facts alleged under a cognizable legal theory"), *citing Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, this Court may consider facts which can be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 825 F.2d 1385, 1388 (9th Cir. 1987), and records maintained by the California Secretary of State are subject to judicial notice. Fed. R. Evid § 201;

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

*see Oregon Ass'n of Homes for the Aging, Inc.*, 5 F.3d 1239, 1243, n. 2 (9th Cir. 1993) (court may take judicial notice of records and reports of administrative bodies); *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F.Supp.2d 1088, 1100 (E.D. Cal. 2001) (considering motion to dismiss and strike and judicially noticing certified copies of official records made by the California Secretary of State showing the registration of the Visalia Unified School District with the roster of public agencies); *In re Golden State Capital Corp.*, 317 B.R. 144, 148, fn. 4 (judicially noticing records maintained on the California Secretary of State's website); *Piazza v. EMPI, Inc.*, 2008 WL 590494, at *4 (E.D. Cal. 2008), 2008 U.S. Dist. LEXIS 28136 (same); *Pollution Denim & Co. v. Pollution Clothing Co.*, ---F.Supp.2d---, 2007 WL 4973851, at *7, n. 9 (C.D. Cal. 2007) (same).

**B.     Plaintiffs' Causes Of Action Fail As A Matter Of Law Because Plaintiff Has Not Obtained A Judgment Against SDRMA's Members or Employees.**

All Plaintiffs causes of action hinge on SDRMA's role in providing the "functional equivalent" of insurance to TCSD.[2] Plaintiff acknowledges this throughout her complaint by asserting that SDRMA has denied her the benefit of this contractual relationship based upon her alleged status as a third-party beneficiary. However, all of Plaintiffs' claim fail to state a claim upon which relief can be granted, since Plaintiff "has no entitlement to a legal remedy" against SDRMA until it obtains a judgment against SDRMA member or its employee as required by California Insurance Code Section 11580(b)(2).

"Under Section 11580, an injured party must bring two lawsuits to collect a judgment from an insurer which issued a liability policy, first against the insured and then against the insurer." *Rose v. Royal Ins. Co. of America*, 2 Cal.App.4th 709, 488 (1992), *citing Billington*, 71 Cal.2d at 744-745; *accord Hand v. Farmers Ins. Exchange*, 23 Cal.App.4th 1847, 1858 (1994).

---

[2] SDRMA has been registered under the Roster of Public Agencies maintained by the California Secretary of State since at least April 5, 2002 to the present. Declaration of Paul Frydendal at ¶¶ 1-7; SDRMA's Request for Judicial Notice at ¶¶ 1-4. Indeed, Mr. Frydendal, Chief Financial Officer for SDRMA, filled out statements in 2002, 2003, 2005 and 2008 and filed them with the Secretary of State's Office, which filing was subsequently acknowledged pursuant to California Government Code Section 53051. *Id.* Accordingly, at all times relevant to the allegations outlined in Plaintiffs' Complaint, SDRMA was a public agency, as a matter of law. Cal. Gov. Code § 53051.

In other words "the insured's liability must be established independently and not in an action brought directly against the insurer and the insurer may not be joined in the action against the insured." *Zahn v. Canadian Indem. Co.*, 57 Cal.App.3d 509, 514 (1976); *see also Williams v. Transport Indem. Co.*, 157 Cal.App.3d 953, 960 (1984) ("it is fundamental that an insurance contract is, by nature, an indemnity contract, no enforceable claim accrues against the insurer until the insured's liability is in fact established"); *accord Green v. Travelers Indem. Co.*, 185 Cal.App.3d 544, 553-554 (1986). "The policy reason for this rule is obvious: the insurance carrier's liability toward a third party is derivative in nature, that is, the insurer cannot be found liable toward third persons unless the insured itself is liable." *Harper v. Wausau Ins. Co.*, 56 Cal.App.4th 1079, 1086 (1997) ("absent an assignment of rights or a final judgment, a third party claimant may not bring a direction action against an insurance company on the contract because the insurer's duties flow to the insured"); *Marenger v. Hartford Accident & Indem. Co.*, 219 Cal.App.3d 625, 631 (1990) ; *Mathews Cadillac Inc. v. Phoenix of Hartford Ins. Co.*, 90 Cal.App.3d 393, 397 (1979).[3]

For example, in *Laguna Publishing Co. v. Employers Reinsurance Corp.*, 617 F.Supp. 271 (C.D. Cal. 1985), a publishing company sued another company contending, *inter alia*, that its' first amendment rights had been violated because the company was prevented from distributing a newspaper it published. The publishing company subsequently settled the case with the company, and pursuant to the settlement agreement, the court entered a default judgment. *Id.* at 272. After taking the default judgment, the publishing company contacted several insurance companies and demanded payment. *Id.* Thereafter, several insurers intervened in the action and moved to have the default judgment set aside, which motion the court granted. *Id.*

---

[3] A slew of cases stand for this well-settled and longstanding principle of California insurance law. *See, e.g., Campbell v. Allstate Ins. Co.*, 60 Cal.2d 303, 305 (1963); *Bachman v. Independence Indem. Co.*, 214 Cal. 529, 531 (1932); *Travelers Cas. & Sur. Co. v. Super. Ct.*, 126 Cal.App.4th 1131, 1136 (2005); *San Diego Housing Comm'n v. Industrial Indem. Co.*, 95 Cal.App.4th 669, 685 (2002); *Pruyn v. Agricultural Ins. Co.*, 36 Cal.App.4th 500, 516-517 (1995); *Nat'l Union Fire Ins. Co. v. Lynette C.*, 27 Cal.App.4th 1434, 1444 (1994); *Zander v. Cas. Ins. Co. of California*, 259 Cal.App.2d 793, 800 (1968); *Spencer v. State Farm Mut. Auto. Ins. Co.*, 152 Cal.App.2d 797, 799 (1957); *Van Der Hoof v. Chambon*, 121 Cal.App. 118, 129-130 (1932); *Malmgren v. Southwestern Auto. Ins. Co.*, 126 Cal.App. 135, 139 (1932); *Jennings v. Ward*, 114 Cal.App. 536, 537-538 (1931); *Levy v. Super. Ct.*, 74 Cal.App. 171, 175 (1925).

Notwithstanding the state court's granting of relief from default, the publishing company sued one of the company's insurers, contending that it was still liable under the set aside judgment. *Id.*

The Court rejected this argument and held that "[u]nder California Insurance Code Section 11580(b)(2), a claimant, such as [the Publishing Company] can bring a direct action against an insurance company . . . if [it] is a judgment creditor of one of the [insurer's] isnureds." "Under the law of California . . . a direct action is not allowable until after the claimant shall have secured final judgment against the insured." *Id., citing Tashire v. State Farm Fire and Cas. Co.*, 363 F.2d 7, 10 (9th Cir. 1966). The court concluded that since there "is no final judgment against [the insured], [the Publishing Company] is not yet a judgment creditor with standing to sue under Section 11580(b)(2)." *Laguna Publishing*, 617 F.Supp. at 272-273. The court dismissed the complaint without prejudice since the Publishing Company's filing of the complaint was premature. *Id.* at 273; *see also Shaolian v. Safeco Ins. Co.*, 71 Cal.App.4th 276, 277 (sustaining demurrer and dismissing complaint against insurer because third party claimant lacked standing to sue insurer where insured's liability had not been adjudicated in underlying action).

This Court discussed these principles in depth in *Mezzetti v. State Farm Mut. Auto. Ins. Co.*, 346 F.Supp.2d 1058 (N.D. Cal. 2004). In that case, the court discussed the legal ramifications of California Insurance Code 11580(b)(2) and noted that it states that an injured party may bring an action against an insurer only "when a judgment is *secured* against the insured." *Id.* at 1063 (emphasis in original). "The use of the past tense ("secured") plainly requires an injured party to *first* secure a judgment against an insured *before* bringing suit against the insurer." *Id.* (emphasis in original); *Sanchez v. Truck Ins. Exchange*, 21 Cal.App.4th 1778, 1785 (same). "Under Section 11580(b)(2), an injured party is not permitted to bring suit against an insurer *without first obtaining a judgment against the insured.*" *Mezzetti*, 346 F.Supp.2d at 1063 (emphasis in original); *accord Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1123 (9th Cir. 1998); *see also Farmer ex rel Hansen v. Allstate Ins. Co.*, 311 F.Supp.2d 884, 889 (C.D. Cal. 2004).

Accordingly, "[u]nder Section 11580 a third party claimant bringing a direct action against an insurer should . . . plead and prove: (1) it obtained a judgment for bodily injury, death, or property damage, (2) the judgment was against the person insured under a policy that insures

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

8

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

against loss or damage resulting from liability for personal injury or insures against the loss of aor damage to property caused by a vehicle or draught animal; (3) the liability insurance policy was issued by the defendant insurer; (4) the policy covers the relief awarded in the judgment; and (5) the policy either contains a clause that authorizes the claimant to bring an action directly against the insurer or the policy was issued or delivered in California and insures against loss or damage resulting from liability for personal injury or insures against loss of or damage to property caused by a vehicle or draught animal." *Wright v. Fireman's Fund Ins. Cos.*, 11 Cal.App.4th 998, 1015 (1992); *Garamendi v. Golden Eagle Ins. Co.*, 116 Cal.App.4th 694, 710 (2004) (same).

Here, Plaintiff has asserted several claims against SDRMA that are largely based upon TCSD's and its' employees conduct. A cursory examination of Plaintiffs' complaint shows that Plaintiff has not pled the necessary facts required to sustain an action against SDRMA under California Insurance Code Section 11580(b)(2). Plaintiff is essentially "attempting to reach [the insured's] policy without having first secured a final judgment against [the insured]. This [she] cannot do." *Fireman's Fund Ins. Co. v. City of Turlock*, 170 Cal.App.3d 988, 1004, *disapproved on other grounds by Vandenberg v. Super. Ct.*, 21 Cal.4th 815. In sum, because "the contingency giving rise to an injured party's right as third party beneficiary to enforce the contract is the legal established liability of the insured," Plaintiff cannot possibly state a "cognizable legal theory" supporting any cause of action against SDRMA, because she is attempting to sue the insured and the functional equivalent of its' insured in the same action. *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal.App.4th 54, 80 (2003).

## IV. CONCLUSION

For all of the foregoing reasons, this Court should grant SDRMA's Motion to Dismiss the Fourth, Sixth, Seventh and Eighth Causes of Action in their entirety.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

9

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

| | |
|---|---|
| Dated: June 17, 2008 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| | By: /s/ James P. Wagoner /s/ |
| | James P. Wagoner |
| | Ruby Ann D. Helsley |
| | A. Robert Rhoan |
| | Attorneys for Defendant |
| | SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY erroneously sued herein as Special District Risk Management Services |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

10

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | RELEVANT ALLEGATIONS | 4 |
| III. | LEGAL ARGUMENT | 5 |
| | A. Standard of Review | 5 |
| | B. Plaintiffs' Causes Of Action Fail As A Matter Of Law Because Plaintiff Has Not Obtained A Judgment Against SDRMA's Members or Employees | 6 |
| IV. | CONCLUSION | 9 |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

i

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page

**Cases**

*Alliance Network v. Visalia Unified School Dist.*,
  262 F.Supp.2d 1088, 1100 (E.D. Cal. 2001)......................................................................... 6

*Bachman v. Independence Indem. Co.*,
  214 Cal. 529, 531 (1932) ..................................................................................................... 7

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696, 699 (9th Cir. 1988)........................................................................................ 5

*Bell Atlantic Corp. v. Twombly* ................................................................................................ 5

*Billington v. Interinsurance Exchange of So. California*,
  71 Cal.2d 728, 744-745, *citing* Cal. Ins. Code § 11580(b)(2) ............................................. 4

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336, 340 (9th Cir. 1996).......................................................................................... 3

*Campbell v. Allstate Ins. Co.*,
  60 Cal.2d 303, 305 (1963) ................................................................................................... 7

*City of South El Monte v. So. Cal. Joint Powers Ins. Authority*,
  38 Cal.App.4th 1629, 1634 .................................................................................................. 3

*Conley v. Gibson*,
  355 U.S. 41, 78..................................................................................................................... 5

*Consiglio v. Woodford*,
  2007 WL 1557464, at *2 (E.D. Cal. 2007).......................................................................... 5

*Farmer ex rel Hansen v. Allstate Ins. Co.*,
  311 F.Supp.2d 884, 889 (C.D. Cal. 2004) ........................................................................... 8

*Fireman's Fund Ins. Co. v. City of Turlock*,
  170 Cal.App.3d 988, 1004 ................................................................................................... 9

*Garamendi v. Golden Eagle Ins. Co.*,
  116 Cal.App.4th 694, 710 (2004) ........................................................................................ 9

*Green v. Travelers Indem. Co.*,
  185 Cal.App.3d 544, 553-554 (1986) .................................................................................. 7

*Hand v. Farmers Ins. Exchange*,
  23 Cal.App.4th 1847, 1858 (1994) ...................................................................................... 6

*Harper v. Wausau Ins. Co.*,
  56 Cal.App.4th 1079, 1086 (1997) ...................................................................................... 7

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

ii

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES
### (continued)

Page

*In re Golden State Capital Corp.*,
 317 B.R. 144, 148, fn. 4 .................................................................................................. 6

*Jennings v. Ward*,
 114 Cal.App. 536, 537-538 (1931) .................................................................................. 7

*Kiernan v. Zurich Cos.*,
 150 F.3d 1120, 1123 (9th Cir. 1998) ................................................................................ 8

*Laguna Publishing Co. v. Employers Reinsurance Corp.*,
 617 F.Supp. 271 (C.D. Cal. 1985) .................................................................................... 7

*Levy v. Super. Ct.*,
 74 Cal.App. 171, 175 (1925) ............................................................................................ 7

*Malmgren v. Southwestern Auto. Ins. Co.*,
 126 Cal.App. 135, 139 (1932) .......................................................................................... 7

*Marcelos v. Dominguez*,
 2008 WL 1820683, at *1 (N.D. Cal. 2008) ...................................................................... 3

*Marenger v. Hartford Accident & Indem. Co.*,
 219 Cal.App.3d 625, 631 .................................................................................................. 7

*Mathews Cadillac Inc. v. Phoenix of Hartford Ins. Co.*,
 90 Cal.App.3d 393, 397 (1979) ........................................................................................ 7

*Mezzetti v. State Farm Mut. Auto. Ins. Co.*,
 346 F.Supp.2d 1058 (N.D. Cal. 2004) .............................................................................. 8

*Mullis v. United States Bankruptcy Ct.*,
 825 F.2d 1385, 1388 (9th Cir. 1987) ................................................................................ 5

*Nat'l Union Fire Ins. Co. v. Lynette C.*,
 27 Cal.App.4th 1434, 1444 (1994) .................................................................................... 7

*Orange Cty. Water Dist. V. Ass'n of Cal. Water Agencies Joint Powers Ins. Authority*,
 54 Cal.App.4th 772, 779 (1997) ........................................................................................ 3

*Oregon Ass'n of Homes for the Aging, Inc.*,
 5 F.3d 1239, 1243, n. 2 (9th Cir. 1993) ............................................................................ 6

*Papasan v. Allain*,
 478 U.S. 265, 286 ............................................................................................................. 5

*Piazza v. EMPI, Inc.*,
 2008 WL 590494, at *4 (E.D. Cal. 2008), 2008 U.S. Dist. LEXIS 28136 ....................... 6

*Pollution Denim & Co. v. Pollution Clothing Co.*,
 ---F.Supp.2d---, 2007 WL 4973851, at *7, n. 9 (C.D. Cal. 2007) .................................... 6

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

iii

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(continued)

Page

*Pruyn v. Agricultural Ins. Co.*,
  36 Cal.App.4th 500, 516-517 (1995) .................................................................. 7

*Rose v. Royal Ins. Co. of America*,
  2 Cal.App.4th 709, 488 (1992) ............................................................................ 6

*S.E.C. v. Indigenous Global Dev. Corp.*,
  2007 WL 988188, at *3 (N.D. Cal. 2007), 2007 U.S. Dist. LEXIS 27783 .......... 5

*San Diego Housing Comm'n v. Industrial Indem. Co.*,
  95 Cal.App.4th 669, 685 (2002) .......................................................................... 7

*Sanchez v. Truck Ins. Exchange*,
  21 Cal.App.4th 1778, 1785 .................................................................................. 8

*Scott v. Steinhagen Oil Co., Inc.*,
  224 F.Supp.2d 1084, 1085 (N.D. Tex. 2002) ...................................................... 5

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,
  107 Cal.App.4th 54, 80 (2003) ............................................................................ 9

*Shaolian v. Safeco Ins. Co.*,
  71 Cal.App.4th 276, 277 ...................................................................................... 8

*Spencer v. State Farm Mut. Auto. Ins. Co.*,
  152 Cal.App.2d 797, 799 (1957) ......................................................................... 7

*Tashire v. State Farm Fire and Cas. Co.*,
  363 F.2d 7, 10 (9th Cir. 1966) ............................................................................. 8

*Travelers Cas. & Sur. Co. v. Super. Ct.*,
  126 Cal.App.4th 1131, 1136 (2005) .................................................................... 7

*United State Pacific Ins. Co. v. United States*,
  464 F.3d 1325, 1327 (Fed. Cir. 2006) ................................................................. 5

*Van Der Hoof v. Chambon*,
  121 Cal.App. 118, 129-130 (1932) ...................................................................... 7

*Vandenberg v. Super. Ct.*,
  21 Cal.4th 815 ...................................................................................................... 9

*Western Mining Council v. Watt*,
  643 F.2d 618, 624 (9th Cir. 1981) ....................................................................... 5

*Williams v. Transport Indem. Co.*,
  157 Cal.App.3d 953, 960 (1984) ......................................................................... 7

*Wright v. Fireman's Fund Ins. Cos.*,
  11 Cal.App.4th 998, 1015 (1992) ........................................................................ 9

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Place East
Fresno, CA 93720-1501

iv

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES
(continued)

Page

*Zahn v. Canadian Indem. Co.*,
   57 Cal.App.3d 509, 514 (1976).................................................................................................. 7

*Zander v. Cas. Ins. Co. of California*,
   259 Cal.App.2d 793, 800 (1968).................................................................................................. 7

**Statutes**

Cal. Gov. Code § 53051 ................................................................................................................... 6

Cal. Gov. Code § 990.8 .................................................................................................................... 3

Cal. Ins. Code § 11580(b)(2) ............................................................................................................ 4

Fed. R. Evid § 201 ............................................................................................................................ 5

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

v

SDRMA'S NOTICE OF MOTION AND MOTION TO DISMISS

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On June 17, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☐ **BY ELECTRONIC MAIL:** by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Antonio L. Cortes  
Attorney at Law  
528 Wisteria Way  
San Rafael, CA 94903  
Phone: 415-256-1911  

*Attorneys for Plaintiff*  
Marjory Anderson

Eugene B. Elliott  
Christine Lee  
Bertrand, Fox & elliott  
The Waterfront Building  
2749 Hyde Street  
San Francisco, CA 94109  
Phone: 415-353-0999  
Fax: 415-353-0990  

*Attorneys for Defendants*  
Tamalpais CSD and Jon Elam

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

PROOF OF SERVICE

1  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2  Executed on June 17, 2008, at Fresno, California.

_____
Alysia Eckersberg

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On June 17, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☒ **BY ELECTRONIC MAIL:** by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Steven B. Shatz, President
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX
sshatz@claimsadjuster.com

Millen Griffith
Pearce & Frankman, Inc.
Insurance Adjusters
2380 Junipero Serra Blvd.
Daly City, CA 94015
650-756-7400; 650-756-3948-FAX

Jachyn Davis
Lerch Sturmer, LLP
333 Bush Street, Suite 2020
San Francisco, California 94104

E: jdavis@lerchsturmer.com
Tel: (415) 217-6354
Faxt: (415) 217-2782

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912

PROOF OF SERVICE

       I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on June 17, 2008, at Fresno, California.

_____
Alysia Eckersberg

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
P.O. Box 28912
FRESNO, CA 93729-8912

PROOF OF SERVICE