Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:    (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendants
TAMALPAIS COMMUNITY SERVICES DISTRICT and JON ELAM, erroneously
named herein as JOE ELAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>            Plaintiff,<br><br>    vs.<br><br>TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>            Defendants. | Case No.:  CV08-2354 VRW<br><br><br>Date:    August 21, 2008<br>Time:    2:30 p.m.<br>Dept.:  Courtroom 6, 17th Floor<br><br>Honorable Chief Judge Vaughn R. Walker |

**DEFENDANTS TAMALPAIS COMMUNITY SERVICES DISTRICT & JON ELAM'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(b)(6) & 12(e)]**

1

# TABLE OF CONTENTS

2    NOTICE..............................................................................................................................1

3    MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

4

5      I.      INTRODUCTION AND SUMMARY OF ARGUMENT.............................1

6      II.     STATEMENT OF ISSUES TO BE DECIDED..............................................4

7      III.    STATEMENT OF FACTS..............................................................................5

8      IV.    LEGAL ARGUMENT.....................................................................................6

9            A.     AUTHORITY FOR MOTION...........................................................6

10

11            B.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983 AGAINST THE DISTRICT BECAUSE THE MISCONDUCT WAS NOT PURSUANT TO AN OFFICIAL POLICY, PATTERN OR PRACTICE...............................................................................6

12

13

14

15            C.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983 AGAINST ELAM BECAUSE HE DID NOT PARTICIPATE IN, DIRECT OR KNOW OF THE ALLEGED DISCRIMINATION............................7

16

17

18            D.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A FIRST AMENDMENT VIOLATION BECAUSE SHE FAILS TO ALLEGE THAT HER FIRST AMENDMENT RIGHTS WERE VIOLATED..................................................................................8

19

20

21            E.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FIFTH AMENDMENT BECAUSE THE DISTRICT AND ELAM ARE NOT FEDERAL ACTORS..........................................8

22

23            F.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FOURTEENTH AMENDMENT BECAUSE THE DENIAL OF COMPENSATION IS NOT A CONSTITUTIONALLY PROTECTED RIGHT, THE DENIAL OF COMPENSATION DOES NOT SHOCK THE CONSCIENCE AND PLAINTIFF WAS NOT TREATED DIFFERENTLY FROM THOSE SIMILARLY SITUATED............................9

24

25

26

27

28

G.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 2000d AGAINST THE DISTRICT AND ELAM BECAUSE THE DISTRICT DOES NOT RECEIVE FEDERAL FUNDING AND TITLE VI DOES NOT PROVIDE FOR INDIVIDUAL LIABILITY.......................................................................10

H.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT OF 1993 BECAUSE NO FEDERAL LAW OR REGULATION IS IMPLICATED............................................................................11

I.    PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA CONSTITUTION AND THE UNRUH CIVIL RIGHTS ACT BECAUSE SHE DOES NOT IDENTIFY HER CONSTITUTIONAL RIGHTS NOR DOES SHE ALLEGE HOW DEFENDANTS DISCRIMINATED AGAINST HER...................................12

J.    TO THE EXTENT THAT PLAINTIFF'S EIGHTH CAUSE OF ACTION RELIES ON THE 2004 INCIDENT IT IS BARRED BY THE STATUTE OF LIMITATIONS...............................................................13

K.    TO THE EXTENT THAT PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION RELY ON THE 2004 INCIDENT, HER CLAIMS ARE UNTIMELY...........................14

L.    THE SECOND, FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION SHOULD BE DISMISSED AGAINST THE DISTRICT BECAUSE THE DISTRICT AS A PUBLIC ENTITY IS IMMUNE FROM COMMON LAW TORT CLAIMS.......................................................15

M.    PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE PER SE BECAUSE THE DISTRICT IS IMMUNE FROM COMMON LAW NEGLIGENCE CLAIMS AND PLAINTIFF RELIES ON STATUTES THAT ARE NOT APPLICABLE HERE...................................15

N.    PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR WRONGFUL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE FAILS TO STATE A CAUSE OF ACTION BECAUSE SHE DOES NOT ALLEGE FACTS TO SHOW AN ECONOMIC RELATIONSHIP WITH A THIRD PARTY, THE PROBABILITY OF FUTURE ECONOMIC BENEFIT OR ELAM'S WRONGFUL CONDUCT.................17

O.    IN THE ALTERNATIVE, DEFENDANTS MOVE THIS COURT FOR A MORE DEFINITE STATEMENT...............................................20

V.  CONCLUSION....................................................................................................22

1

# TABLE OF AUTHORITIES

2

3 **Cases**

4 *Ballistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ..........................................................................6
5

6 *Bartkus v. Illinois*
  359 U.S. 121 (1959)........................................................................................9
7

8 *Beck Dev. Co. v. S. Pac. Transp. Co.*
  44 Cal. App. 4th 1160 (1996) .......................................................................14

9 *Blank v. Kirwan*
  39 Cal. 3d 311 (1985) ..............................................................................18, 20
10

11 *Board of the County Commissioners of Bryan County v. Brown*
  520 U.S. 397 (1996)........................................................................................7
12

13 *Canatella v. Van De Kamp*
  486 F.3d 1128 (9th Cir. 2007) ......................................................................13

14 *City of Boerne v. P.F. Flores*
  521 U.S. 507 (1997)......................................................................................11
15

16 *City of Canton v. Harris*
  489 U.S. 378 (1988).......................................................................................7
17

18 *City of Los Angeles v. Heller*
  475 U.S. 796 (1986).......................................................................................7

19 *Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994.) ...........................................................................6
20

21 *Conley v. Gibson*
  355 U.S. 41 (1956).........................................................................................6
22

23 *Daviton v. Columbia/HCA Healthcare Corp.*
  241 F.3d 1131 (9th Cir. 2001) ......................................................................11

24 *De La Cruz v. Tormey*
  582 F.2d 45 (9th Cir. 1978) ............................................................................6
25

26 *Della Penna v. Toyota Motor Sales*
  *U.S.A.*, 11 Cal. 4th 376 (1995)....................................................................19
27

28 *Eastburn v. Reg'l Fire Prot. Auth.*
  31 Cal. 4th 1175 (2003) ................................................................................15

*Fobbs v. Holy Cross Health System Corp.*
  29 F.3d 1439 (9th Cir. 1994) ...........................................................................11

*Gatto v. County of Sonoma*
  98 Cal. App. 4th 744 (2002) ............................................................................21

*Goehring v. Brophy*
  94 F.3d 1294 (9th Cir. 1996) ...........................................................................11

*Hoff v. Vacaville Unified School District*
  19 Cal. 4th 925 (1998) ....................................................................................15

*Ingraham v. Wright*
  430 U.S. 651 (1977)...........................................................................................9

*Ivey v. Bd. of Regents of Univ. of Alaska*
  673 F.2d 266 (9th Cir. 1982) .............................................................................7

*Jones v. Blanas*
  393 F.3d 918 (9th Cir. 2004) ...........................................................................13

*Ketchum v. Alameda County*
  811 F.2d 1243 (9th Cir. 1987) ...........................................................................8

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal. 4th 1134 (2003) ..................................................................................19

*Levine v.Diamanthuset*
  950 F.2d 1278 (9ᵗʰ Cir. 1991) ...........................................................................6

*Lyles v. State of California*
  153 Cal. App. 4th 281 (2007) ..........................................................................14

*Merrick v. Farmers Ins. Group*
  892 F.2d 1434 (9th Cir. 1990) ...........................................................................9

*Miller v. Maxwell's Int'l Inc.*
  991 F.2d 583 (9th Cir. 1993) ...........................................................................11

*Monell v. New York City Dept. of Social Services*
  436 U.S. 658 (1997)...........................................................................................6

*Neal v. Shimoda*
  131 F.3d 818 (9th Cir. 1997) .............................................................................9

*Petersen v. California Special Education Hearing Office*
  2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007) ........................21

*Polk County v. Dodson*
    454 U.S. 312 (1981)......................................................................................................7

*Rasul v. Myers*
    512 F.3d 644 (D.C. Cir. 2008) ...................................................................................12

*Reno v. Flores*
    507 U.S. 292, 302 (1993). .........................................................................................9

*San Jose Charter of Hell's Angels Motorcycle Club v. City of San Jose*
    1999 U.S. Dist. LEXIS 21440 (N.D. Cal. Dec. 6, 1999)......................................9, 12

*Scott v. Henrich*
    39 F.3d 912 (9th Cir. 1992) ........................................................................................7

*Shotz v. City of Plantation*
    344 F.3d 1161 (11th Cir. Fla. 2003) ..........................................................................11

*Stephen H. v. W. Contra Costa County Unified School District.*
    2007 U.S. Dist. LEXIS 41672 (N.D. Cal. May 29, 2007) ..........................................21

*Sutton v. Providence St. Joseph Med. Ctr.*
    192 F.3d 826 (9th Cir. 1999) ....................................................................................12

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) ....................................................................................7

*United States v. Salerno*
    481 U.S. 739 (1987)....................................................................................................9

*Ventura Mobilehome Comm. Owners Ass'n v. City of San Beunaventura*
    371 F.3d 1046 (9th Cir. 2004) …………………………………………………… 10

*West v. Atkins*
    487 U.S. 42 (1988).......................................................................................................8

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*
    42 Cal. App. 4th 507 (1996) .....................................................................................18

*Worldwide Church of God v. Philadelphia Church of God, Inc.*
    227 F.3d 1110 (9th Cir. 2000) ...................................................................................12

*Youst v. Longo*
    43 Cal. 3d 64 (1987) ......................................................................................17, 18, 19

*Zack v. Marin Emergency Radio Auth.*
    118 Cal. App. 4th 617 (2004) .....................................................................................6

1

**Statutes**

2

42 U.S.C. Section 1983................................................................................................13

42 U.S.C. Section 2000bb...........................................................................................11

42 U.S.C. Section 2000cc(a)(1)...................................................................................13

42 U.S.C. Section 2000d.......................................................................................10, 11

Civil Code Section 1714.............................................................................................15

Civil Code Section 3480........................................................................................15, 16

Civil Code Section 51.................................................................................................13

Civil Code Section 51.2..............................................................................................13

Civil Code Section 51.9..............................................................................................13

Code of Civil Procedure Section 335.1......................................................................13

Code of Civil Procedure Section 338.........................................................................14

Federal Rule of Civil Procedure Rule 12(b)(1)...........................................................6

Federal Rule of Civil Procedure Rule 12(e) ..........................................................1, 20

Federal Rules of Civil Procedure Rule 12(b)(6)......................................................1, 6

Government Code Section 815 ...................................................................................15

Government Code Section 815.6.................................................................................16

Health and Safety Codes Section 5410.......................................................................16

Health and Safety Codes Section 5411..............................................................15, 16, 17

Health and Safety Codes Section 5412..............................................................15, 16, 17

Penal Code Section 372.........................................................................................15, 16

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

25

**Other Authorities**

26

Prosser & Keeton, The Law of Torts (5th ed. 1984) ...................................................18

27

28

**TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD HEREIN:**

   **PLEASE TAKE NOTICE**  that on August 21, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Chief Judge Vaughn R. Walker in Courtroom 6, of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants TAMALPAIS COMMUNITY SERVICES DISTRICT (hereinafter "DISTRICT') and JON ELAM (hereinafter "ELAM"), erroneously named herein as JOE ELAM, will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because plaintiff's complaint fails to state a cause of action as to her federal and state claims, and the complaint is so vague and ambiguous that defendants cannot prepare a meaningful response.

   Defendants seek to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action as to each and every one of the federal claims.  Plaintiff has also failed to state a claim under Rule 12(b)(6) for their state law tort causes of action under California tort law and the California Government Code.

   Alternatively, defendants move this Court for a more definite statement.  The majority of the allegations in the complaint are undated, precluding defendants from ascertaining the timeliness of plaintiff's claims and the application of certain affirmative defenses.  Plaintiff fails to identify which defendants are responsible for which actions.  Although the causes of action have titles, they combine different statutes improperly, without specifying which allegations pertain to a particular cause of action.  Plaintiff also fails to identify which constitutional rights she claims were violated under the Federal and California Constitutions and the Unruh Civil Rights Act.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

   Defendants    TAMALPAIS    COMMUNITY    SERVICES    DISTRICT    (hereinafter "DISTRICT'") and JON ELAM, erroneously named herein as "JOE ELAM" (hereinafter "ELAM") bring this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative moves for a more definite statement

1  under Rule 12(e).

2      Plaintiff MARJORY ANDERSON seeks monetary compensation for damages allegedly

3  sustained to her real and personal property after sewage overflowed into her home on April 17, 2007.

4  Plaintiff contends that the DISTRICT did not adequately compensate her for the resulting damage.  A

5  prior overflow occurred on December 24, 2004 and while she received approximately $34,000.00

6  after that incident, she now alleges this amount was inadequate. An undifferentiated mix of general

7  federal Constitutional claims is alleged in plaintiff's eighth cause of action, entitled "Violation of

8  Civil Rights."  The remaining causes of action assert a variety of state law and state constitutional

9  claims.

10      Addressing plaintiff's federal claims first, plaintiff's eighth cause of action asserts the

11  DISTRICT'S failure to compensate her for property damage was motivated by discrimination based

12  on her race, nationality, age, gender, or spiritual or religious beliefs.  She alleges the DISTRICT and

13  ELAM violated the following federal civil rights laws (consolidated into one cause of action):  First,

14  Fifth and Fourteenth Amendments under Section 1983; 42 U.S.C. § 2000d (otherwise known as Title

15  VI); and 42 U.S.C. § 2000bb (known as the Religious Freedom Restoration Act of 1993).  Plaintiff

16  cannot state a cause of action under Section 1983 against the DISTRICT because she does not allege

17  that the misconduct occurred pursuant to an official policy or custom.  A Section 1983 action may not

18  be maintained against ELAM because he did not participate in or personally direct the misconduct.

19      Plaintiff refers to the First, Fifth and Fourteenth Amendments but she fails to identify a

20  constitutionally protected interest that defendants violated.  She also fails to identify which

21  protections she wishes to invoke under the individual amendments.  There are no facts to show

22  defendants prevented plaintiff from the free exercise of her religion or speech, or that defendants

23  prevented her from freely associating with whom she chooses.  Her Fifth Amendment claim fails

24  because defendants are not federal actors.  Any claim under the Fourteenth Amendment fails because

25  the denial of compensation for damages is not a constitutionally protected right and the denial of

26  compensation does not shock the conscience.  Furthermore, plaintiff cannot state a claim for violation

27  of the equal protection clause because she cannot allege that she was treated differently than those

1  similarly situated.

2      Plaintiff's Title VI cause of action under 42 U.S.C. section 2000d fails because the

3  DISTRICT does not receive federal funds and Title VI does not provide relief against individuals.

4  The Religious Freedom Restoration Act of 1993 (42 U.S.C. § 2000bb) addresses federal regulations

5  only and is not applicable against local agencies.  Finally, to the extent that plaintiff's eighth cause of

6  action relies on injuries sustained prior to April 7, 2006, her claims are untimely.

7      Plaintiff's civil rights claims under the California Constitution Article I, sections 4 and 7, and

8  the Unruh Civil Rights Act cannot stand because plaintiff did not allege how defendants prevented

9  her from free religious expression or treated her in such a way to violate the Equal Protection Clause.

10 Likewise, there are no allegations as to how defendants violated the Unruh Civil Rights Act and she

11 did not specify which statutes defendants supposedly violated.

12     The following state law claims are also asserted by plaintiff:  (1) Inverse condemnation

13 (against the DISTRICT); (2) Trespass; (3) Nuisance; (4) Negligence; (5) Negligence *per se*; (6)

14 Theft, Conversion and/or Waste; and (7) Wrongful Interference with a Prospective Economic

15 Advantage (against ELAM).

16     The first through sixth causes of action, to the extent they rely on the 2004 overflow, are

17 untimely under the three-year statute of limitations per California Civil Code section 338.

18     The second, fourth, sixth and seventh causes of action should be dismissed against the

19 DISTRICT because the DISTRICT as a public entity is immune from common law tort claims.

20 Plaintiff's fifth cause of action for negligence per se fails because plaintiff relies on statutes that

21 address public nuisances, which are not applicable here.

22     Plaintiff's seventh cause of action for wrongful interference with prospective economic

23 advantage should be dismissed because plaintiff is not in an economic relationship with a third-party,

24 she cannot show she had a probable economic advantage, and she does not allege that defendants

25 engaged in wrongful conduct.

26     In the alternative, plaintiff's complaint is so vague and ambiguous that defendants cannot

27 form a meaningful response and therefore defendants move for a more definite statement.

28

DEFENDANTS DISTRICT & ELAM'S NOTICE OF MOTION TO DISMISS AND MEMO OF POINTS & AUTHORITIES IN    3
SUPPORT OF MTN TO DISMISS (Re-Notice After Reassignment to VRW)

1

## II.    STATEMENT OF ISSUES TO BE DECIDED

2    Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement

3 of the issues to be decided by the Court:

4    1)    Whether plaintiff's Section 1983 claims fail to state a claim upon which relief may be

5 granted against the DISTRICT because the alleged misconduct was not pursuant to an official policy,

6 pattern or practice.

7    2)    Whether plaintiff's Section 1983 claims fail to state a claim upon which relief may be

8 granted against ELAM because ELAM did not participate, direct or have knowledge of the alleged

9 discriminatory misconduct.

10    3)    Whether plaintiff fails to state a claim upon which relief may be granted under the

11 First Amendment because she failed to allege that her First Amendment rights were violated.

12    4)    Whether plaintiff fails to state a claim upon which relief may be granted under the

13 Fifth Amendment because the DISTRICT and ELAM are not federal actors.

14    5)    Whether plaintiff fails to state a claim upon which relief may be granted under the

15 Fourteenth Amendment because the denial of compensation is not a constitutionally protected right.

16    6)    Whether plaintiff fails to state a claim upon which relief may be granted under the

17 Fourteenth Amendment because the denial of compensation does not shock the conscience.

18    7)    Whether plaintiff fails to state a claim upon which relief may be granted under the

19 Equal Protection Clause because she cannot allege she was treated differently than those similarly

20 situated.

21    8)    Whether plaintiff fails to state a cause of action under Title VI against the DISTRICT

22 for failure to allege that the DISTRICT receives federal funding.

23    9)    Whether plaintiff fails to state a cause of action under Title VI against ELAM because

24 there is no individual liability under TITLE VI.

25    10)    Whether plaintiff fails to state a cause of action for violation of the Religious Freedom

26 Restoration Act for failure to identify a federal law or regulation.

27    11)    Whether plaintiff fails to state a cause of action for violation of the California

28

Constitution and the Unruh Civil Rights Act for failure to identify the right violated.

12)   Whether plaintiff's eighth cause of action as it relies on the 2004 overflow is barred by the statute of limitations.

13)   Whether plaintiff's first through sixth causes of action are barred by the statute of limitations to the extent they rely on the 2004 overflow.

14)   Whether plaintiff's second, fourth, sixth and seventh causes of action are barred against the DISTRICT because the DISTRICT is immune from common law tort claims.

15)   Whether plaintiff's claim for negligence per se fails to state a cause of action because the DISTRICT is immune from common law tort claims and because plaintiff relies on statutes inapplicable to the overflows.

16)   Whether plaintiff fails to state a claim upon which relief may be granted for wrongful interference with prospective economic advantage because she does not allege facts to show an economic relationship with a third party, the probability of future economic benefit or wrongful conduct.

17)   Whether plaintiff's complaint is so vague and ambiguous that a more definite pleading is required.

### III.   STATEMENT OF FACTS

Plaintiff MARJORY ANDERSON owns and resides in a home located in Marin County. *Complaint* p. 4 ¶ 15.  Defendant DISTRICT provides sewage services to Marin County.  *Complaint* p. 1 ¶ 13.  Defendant ELAM is the General Manager of the DISTRICT.  *Complaint* p. 2 ¶ 3.  On December 24, 2004, sewage overflowed into plaintiff's home.  *Complaint* p. 4 ¶ 17.  The DISTRICT provided plaintiff with $34,000.00 for her damages.  *Complaint* p. 5 ¶ 19.  The DISTRICT also sent contractors to plaintiff's home, who took various items from plaintiff's home without permission.  *Id.*

On April 17, 2007, another sewage overflow entered plaintiff's home.  *Complaint* p. 5 ¶ 20.  The DISTRICT provided workers to help remove the sewage from plaintiff's home on or about April 18, 2007.  *Complaint* p. 6 ¶ 22.  The DISTRICT did not provide adequate assistance to plaintiff after the 2007 overflow and denied plaintiff adequate compensation.  *Id.*

1      On April 7, 2008, plaintiff filed this complaint in Marin Superior Court.  On May 8, 2008, the

2 DISTRICT and ELAM removed the action to the United States District Court, Northern District of

3 California.

4                         **IV.**     **LEGAL ARGUMENT**

5 **A.**     **AUTHORITY FOR MOTION**

6      A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the

7 complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991).  Dismissal of claims is

8 proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts

9 alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th

10 Cir. 1990).  In determining the adequacy of a pleading, the court must determine whether plaintiffs

11 would be entitled to some form of relief if the facts alleged in the complaint were true.  *Conley v.*

12 *Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978).  However,

13 the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations

14 if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

15 *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994.)

16      Rule 12(e) provides that "A party may move for a more definite statement of a pleading to

17 which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

18 reasonably prepare a response. The motion must be made before filing a responsive pleading and

19 must point out the defects complained of and the details desired."

20 **B.**     **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE**
            **FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983**
21             **AGAINST THE DISTRICT BECAUSE THE MISCONDUCT WAS NOT PURSUANT**
            **TO AN OFFICIAL POLICY, PATTERN OR PRACTICE.**
22

23      California law treats community services districts as municipal corporations.  *See Zack v.*

24 *Marin Emergency Radio Auth.*, 118 Cal. App. 4th 617, 632-33 (2004).  "A municipality cannot be

25 held liable . . . under § 1983 on a respondeat superior theory."  *Monell v. New York City Dept. of Soc.*

26 *Servs.*, 436 U.S. 658, 691 (1997).  Local governing bodies can be sued directly under Section 1983

27 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice.

28 *Id.* at 690.  "[A] municipality can be liable under § 1983 only where its policies are the moving force

behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1988). "[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of the County Comm'rs of Bryan County v. Brown* (1996) 520 U.S. 397, 404. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Id.* at 405. Further, "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights." *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1992); *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

Plaintiff cannot establish municipal liability against the DISTRICT because she does not, and cannot, contend that the alleged discrimination was the result of an official policy, pattern or practice of the DISTRICT. Moreover, plaintiff fails to point to a constitutional right which was violated, as outlined below, and she cannot state a cause of action under Section 1983 against the DISTRICT.

## C.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS UNDER SECTION 1983 AGAINST ELAM BECAUSE HE DID NOT PARTICIPATE IN, DIRECT OR KNOW OF THE ALLEGED DISCRIMINATION.

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In support of her civil rights cause of action, plaintiff asserts generally that the "failure of and refusal" of each and every defendant was "motivated, at least in part, by her Asian race, her Indian ancestry, her age, her spiritual practices, and her gender." *Complaint* p. 17 ¶ 77. Plaintiff lays out several examples of the alleged discriminatory motivation: "Defendants' verbal and written communications to her, the patronizing tone of those communications, Defendants' insistence in

1    addressing her as "Marge" when denying her the compensation she was entitled to receive, the fact

2    that she never addressed any Defendant by his first name or expressed acceptance for their addressing

3    her as "Marge"...." *Complaint* p. 17 ¶ 77.  Plaintiff never asserts that ELAM personally participated

4    in the alleged acts of discrimination, nor does she state that he directed the violations.  There are no

5    allegations that ELAM knew about the discrimination and failed to act to prevent them.  Finally,

6    plaintiff never alleges that ELAM personally denied her claim for compensation.  Plaintiff's

7    allegations are vague, conclusory and fail to assert facts to support a Section 1983 cause of action

8    against ELAM.

9   **D.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR A FIRST
10         AMENDMENT VIOLATION BECAUSE SHE FAILS TO ALLEGE THAT HER
          FIRST AMENDMENT RIGHTS WERE VIOLATED.**

11        To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a

12   right secured by the Constitution or laws of the United States was violated and (2) that the alleged

13   violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42,

14   48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

15        Although plaintiff refers to the First Amendment in her complaint, she does not specify the

16   individual constitutional right she claims was violated and it is not clear from the allegations how the

17   First Amendment was violated.  Plaintiff does not allege that the DISTRICT or ELAM prevented her

18   from exercising her rights to free speech, her right to associate, or her right to free expression of her

19   religion.   To the extent that plaintiff claims that the failure to adequately compensate her was

20   improperly motivated by discrimination against her religion, her claim fails.   There is no First

21   Amendment right to be "considered for compensation from Defendants for damages [plaintiff] has

22   suffered from the two sewage invasions without regard to her race, nationality, age, gender, or

23   spiritual and religious beliefs." *Complaint* p. 16 ¶ 76.  Without alleging the violation of an interest

24   protected by the First Amendment, plaintiff cannot state a valid cause of action against the

25   DISTRICT and ELAM.

26   **E.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FIFTH
27         AMENDMENT BECAUSE THE DISTRICT AND ELAM ARE NOT FEDERAL
          ACTORS.**

28

1    Plaintiff cites the Fifth Amendment in support of her eighth cause of action, but again fails to

2    specify the particular right she seeks to protect under the amendment.  There is no right under the

3    Fifth Amendment to be "considered for compensation from Defendants for damages [plaintiff] has

4    suffered from the two sewage invasions without regard to her race, nationality, age, gender, or

5    spiritual and religious beliefs."  *Complaint* p. 16 ¶ 76.    To the extent that plaintiff asserts the

6    DISTRICT and ELAM violated her due process claims under the Fifth Amendment, her claims must

7    fail as a matter of law.  The Due Process component of the Fifth Amendment applies only to action

8    by the federal government, not state or local governments.  *See Bartkus v. Illinois*, 359 U.S. 121, 124

9    (1959).

10   **F.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FOURTEENTH
         AMENDMENT BECAUSE THE DENIAL OF COMPENSATION IS NOT A
11       CONSTITUTIONALLY PROTECTED RIGHT, THE DENIAL OF COMPENSATION
         DOES NOT SHOCK THE CONSCIENCE AND PLAINTIFF WAS NOT TREATED
12       DIFFERENTLY FROM THOSE SIMILARLY SITUATED.**

13   Plaintiff's vague allusion to the Fourteenth Amendment in her eighth cause of action fails to

14   identify the right she seeks to protect under the Fourteenth Amendment.  Defendants infer she intends

15   to claim a substantive due process claim and/or a procedural due process claim and/or an equal

16   protection claim.

17    Any due process claim must identify a constitutionally protected right.  " 'Substantive due

18   process analysis' must begin with a careful description of the asserted right, for 'the doctrine of

19   judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new

20   ground in this field.'"  *Reno v. Flores*, 507 U.S. 292, 302 (1993).  The procedural guarantees of the

21   Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or

22   property interest is at stake.  *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Neal v. Shimoda*, 131

23   F.3d 818, 827 (9th Cir. 1997).

24   Substantive due process prohibits conduct that shocks the conscience or interferes with rights

25   implicit in the concept of ordered liberty.  *United States v. Salerno*, 481 U.S. 739, 746 (1987).

26   "Derogatory remarks alone do not rise to the level of the malfeasance necessary to set forth a

27   substantive due process claim.  Conduct which violates substantive due process is generally described

28

1   as that which 'shocks the conscience,' or is 'offensive to human dignity.'" *San Jose Charter of*

2   *Hell's Angels Motorcycle Club v. City of San Jose*, 1999 U.S. Dist. LEXIS 21440 (N.D. Cal. Dec. 6,

3   1999). *See also Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1439 (9th Cir. 1990) ("On the other

4   hand, 'stray' remarks are insufficient to establish discrimination.")

5           An individual may bring a claim for disparate treatment in violation of the equal protection

6   clause under §1983 by alleging that persons similarly situated to plaintiff, who are not in the same

7   protected class, were treated differently. *Ventura Mobilehome Comm. Owners Ass'n v. City of San*

8   *Beunaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004).

9           Plaintiff fails to identify a constitutionally protected interest here. She claims that defendants

10  violated her civil rights because she is "entitled to be considered for compensation from Defendants

11  for damages she has suffered from the two sewage invasions without regard to her race, nationality,

12  age, gender, or spiritual and religious beliefs." *Complaint p. 16* ¶76. This 'entitlement' is not

13  protected by the Constitution. Without a constitutionally protected interest, plaintiff cannot make a

14  cognizable claim for violation of the Fourteenth Amendment. Her substantive due process rights

15  were not violated because none of the conduct plaintiff complains of rises to the level of "shocking

16  the conscience." That some persons, who may or may not have been associated with the DISTRICT

17  or ELAM, addressed plaintiff by her first name and doubted her expertise on sewage may not have

18  been polite, but these examples certainly do not exceed the bounds of common decency. Neither

19  does plaintiff cite facts to show defendants violated her procedural due process. She does not allege

20  that she was deprived of a hearing prior to the denial of compensation. Indeed, she specifically states

21  that she made repeated demands to the DISTRICT for compensation. She also asserts that she has

22  "exhausted her rights of redress under California Government Claims Act, California Government

23  Code §§ 915 *et seq.*" thereby exercising her procedural due process rights. *Complaint p. 3* ¶14. If

24  plaintiff's claim was denied, then her recourse is to file a lawsuit, which she has done.

25          Plaintiff also fails to cite facts sufficient to state a claim under the equal protection clause.

26  The 2007 overflow only affected plaintiff. There are no other persons similarly situated who were

27  treated differently by the DISTRICT and ELAM. She does not, and cannot, allege that she was part

28

1   of a group that was treated unequally.    Plaintiff fails to state a claim under the Fourteenth

2   Amendment.

3   **G.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF 42**

4   **U.S.C. § 2000d AGAINST THE DISTRICT AND ELAM BECAUSE THE DISTRICT**
     **DOES NOT RECEIVE FEDERAL FUNDING AND TITLE VI DOES NOT PROVIDE**

5   **FOR INDIVIDUAL LIABILITY.**

6        In her eighth cause of action, plaintiff merely mentions "42 U.S.C. § 2000d *et seq.*" but fails

7   to state facts to show that this statute applies to defendant DISTRICT and ELAM.  Title VI of the

8   Civil Rights Act of 1964, found at 42 U.S.C. section 2000d *et seq.*, prohibits discrimination on the

9   basis of race, color, and national origin in programs receiving federal financial assistance.  42 U.S.C.

10  § 2000d.  To properly plead a cause of action for money damages under Section 2000d, a plaintiff

11  must allege:  (1) that the defendant is an entity engaging in racial discrimination and (2) that it is

12  receiving federal funding.  *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir.

13  1994) *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d

14  1131 (9th Cir. 2001).

15       The text of Title VI precludes liability against those who do not receive federal funding,

16  including individuals.  *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. Fla. 2003); *see also*

17  *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that individuals may not

18  be held liable for discrimination under similar language in Title VII, 42 U.S.C. §§ 2000e-2000e-17,

19  or the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634).

20       Plaintiff does not, and cannot, allege that the DISTRICT receives federal funding.  She cannot

21  cure this defect and she cannot state facts sufficient to state a claim under Title VI against the

22  DISTRICT or ELAM.  Moreover, individual defendants are not liable under Title VI.  Plaintiff's

23  cause of action for discrimination under 42 U.S.C. section 2000d against defendant ELAM should be

24  dismissed without leave to amend.

25  **H.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE**

26  **RELIGIOUS FREEDOM RESTORATION ACT OF 1993 BECAUSE NO FEDERAL**
     **LAW OR REGULATION IS IMPLICATED.**

27       Again, plaintiff makes a passing reference to "42 U.S.C. § 2000bb *et seq.*" but fails to state

28

1    facts to show that this statute applies to defendant DISTRICT and ELAM.  The Religious Freedom

2    Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq*., provides in relevant part that

3    "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results

4    from a rule of general applicability [subject to exceptions not relevant here]."  42 U.S.C. § 2000bb-

5    1(a).  The RFRA "essentially requires the government to justify any regulation imposing a substantial

6    burden on the free exercise of religion by showing that the regulation satisfies strict scrutiny."

7    *Goehring v. Brophy*, 94 F.3d 1294, 1298 n.4 (9th Cir. 1996) *overruled on other grounds*, *City of*

8    *Boerne v. P.F. Flores*, 521 U.S. 507 (1997), *cert. denied*, 520 U.S. 1156 (1997).

9            The Ninth Circuit explained the Supreme Court case *City of Boerne v. Flores*, 521 U.S. 507,

10   117 (1997)[1] thusly:  "[T]he RFRA exceeded the authority of Congress under Section 5 of the

11   Fourteenth Amendment to enforce the First Amendment.  We have held, along with most other

12   courts, that the Supreme Court invalidated RFRA only as applied to state and local law."  *Worldwide*

13   *Church of God v. Philadelphia Church of God, Inc.,* 227 F.3d 1110, 1120 (9th Cir. 2000)(citing

14   *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 832 (9th Cir. 1999); *see also San Jose*

15   *Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 n.3 (9th Cir. 2004).

16           Plaintiff asserts that defendants DISTRICT and ELAM violated the RFRA because their

17   "failure and refusal to provide her with compensation" for damages allegedly incurred as a result of

18   the overflows "was motivated, at least in part, by … her spiritual practices."  *See Complaint p. 17 ¶*

19   *76-77*.  This cause of action must fail because plaintiff does not state facts to show that her free

20   exercise of religion was burdened in any way.  Further, she does not identify a federal regulation that

21   burdens her exercise of religion.  Any action she protests for the purposes of this motion was

22   presumably made by the DISTRICT, a municipal entity, or ELAM, an employee of the DISTRICT;

24   _____

25   [1] *City of Boerne v. Flores* has been overruled, in part, by statute as stated in *Rasul v. Myers*, 512 F.3d 644, 670 (D.C. Cir.
     2008): **"**In response [to *Boerne*], in 2000 the Congress amended RFRA through the Religious Land Use and

26   Institutionalized Persons Act of 2000, Pub. L. 106-274, 114 Stat. 803 (2000) (RLUIPA) (codified at 42 U.S.C. §§ 2000cc
     et seq.).  RLUIPA provided that '[n]o government shall impose or implement a land use regulation in a manner that

27   imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution' unless the
     government demonstrates a compelling interest therefor. 42 U.S.C. § 2000cc(a)(1)."  *Id.*  However, no land use regulation

28   is at issue here and plaintiff's cause of action fails under the RLUIPA.

1   neither are federal actors.  Further, plaintiff does not allege that a federal regulation was the source of

2   her alleged mistreatment.  The RFRA simply does not apply to the instant case and this cause of

3   action should be dismissed without leave to amend.

4   **I.      PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA
         CONSTITUTION AND THE UNRUH CIVIL RIGHTS ACT BECAUSE SHE DOES
5        NOT IDENTIFY HER CONSTITUTIONAL RIGHTS NOR DOES SHE ALLEGE
         HOW DEFENDANTS DISCRIMINATED AGAINST HER.**

6

7        In her eighth cause of action for violation of civil rights, plaintiff states in a general and

8   conclusory way that defendants' actions also violate the Unruh Civil Rights Act, California Civil

9   Code sections 51 *et seq.*, stating that the "foregoing alleged denials of compensation based on

10  [plaintiff's] race, nationality, age, and spiritual practices, and the foregoing alleged disparate

11  treatment also violate her rights under Cal. Const. Art. I, §§ 4 and 7, and under the Unruh Civil

12  Rights Act, Cal. Civil Code § 51 *et seq*."  *See Complaint* p. 18 ¶ 80.

13       California Constitutional Article I section 4 provides that "[f]ree exercise and enjoyment of

14  religion without discrimination or preference are guaranteed."  Section 7 states in relevant part:  "A

15  person may not be deprived of life, liberty, or property without due process of law or denied equal

16  protection of the laws…."  Although the nature of plaintiff's claims under these state provisions is

17  unclear, defendants infer that plaintiff attempts to claim that defendants violated her civil rights under

18  the Unruh Civil Rights Act, as well as her religious freedom and due process rights under the

19  California Constitution.

20       As explained above, plaintiff has not identified any actions on the part of defendants

21  DISTRICT and ELAM that have prevented her from the free exercise and enjoyment of her religion,

22  or her free associative rights.  Likewise, plaintiff has not cited facts in the complaint to support a

23  finding that plaintiff was denied due process or equal protection of the law.  Plaintiff cannot state a

24  cause of action under the California Constitution without first identifying which rights were violated.

25       The Unruh Civil Rights Act prohibits a wide-range of discriminatory acts, such as

26  discrimination by business establishments (Civil Code section 51), age discrimination in housing

27  (California Civil Code section 51.2) and sexual harassment (Civil Code section 51.9).  Plaintiff refers

28  only generally to the Unruh Civil Rights Act and does not specify under which statute she asserts her

1    claims.  By failing to identify the statute and the right she claims was violated, she has not stated a

2    cause of action for violation of the Unruh Civil Rights Act.

3    **J.    TO THE EXTENT THAT PLAINTIFF'S EIGHTH CAUSE OF ACTION RELIES ON
        THE 2004 INCIDENT IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

4

5              For actions under 42 U.S.C. section 1983, "courts apply the forum state's statute of limitations

6    for personal injury actions, along with the forum state's law regarding tolling, including equitable

7    tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393

8    F.3d 918, 927 (9th Cir. 2004), *cert. denied,* 546 U.S. 820 (2005).  Thus, "California['s] statute of

9    limitations for assault, battery, and other personal injury claims' applies to plaintiff's Section 1983

10   claims.  *Id.*  California Code of Civil Procedure section 335.1 provides for a two-year statute of

11   limitations for personal injuries.  Cal. Civ. .Pro. § 335.1; *see, e.g., Canatella v. Van De Kamp*, 486

12   F.3d 1128, 1132 (9th Cir. 2007).

13             Here, plaintiff's complaint was filed on April 7, 2008.  To the extent that any of plaintiff's

14   causes of action rely on incidents prior to April 7, 2006, they are untimely.  Injuries flowing from the

15   2004 overflow should be barred by the statute of limitations as presumably the injuries from that

16   overflow were sustained prior to April 7, 2006.  The majority of plaintiff's allegations are vague and

17   ambiguous in that she does not specify the dates of the alleged violations and she often does not

18   specify who performed the alleged violations.  Without these details, it is impossible for defendants

19   to determine which, if any, of plaintiff's claims are viable.  Plaintiff's undated allegations warrant an

20   order directing her to file a more definite statement as outlined below.

21   **K.    TO THE EXTENT THAT PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, FIFTH
        AND SIXTH CAUSES OF ACTION RELY ON THE 2004 INCIDENT, HER CLAIMS
        ARE UNTIMELY.**

22

23             California Code of Civil Procedure section 338 provides that actions for trespass upon or

24   injury to real property or injury to personal property must be brought within three years.  Cal. Civ.

25   Pro. §§ 338 (b), (c).

26             "Generally, a cause of action accrues for purposes of the statute of limitations, and the

27   applicable limitations period begins to run, when the plaintiff has suffered damages from a wrongful

28

act." *Lyles v. State of California*, 153 Cal. App. 4th 281, 286 (2007).

"With respect to a permanent nuisance, the statute of limitations begins to run on the creation of the nuisance and bars all claims after its passage." *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1217 (1996).

Plaintiff's complaint was filed on April 7, 2008. Plaintiff's first cause of action for inverse condemnation and second cause of action for nuisance are based, in part, on the December 24, 2004 incident. The statute of limitations for these claims ended on December 24, 2007 and her complaint was therefore untimely. To the extent that the claims for negligence, negligence per se, and theft, conversion and/or waste rely on incidents prior to April 7, 2005, her claims are untimely. Plaintiff's failure to include the date of the alleged misconduct makes it difficult to determine which, if any, of plaintiff's claims are within the applicable statute of limitations and if leave to amend is granted, plaintiff should be directed to file a more definite statement.

**L. THE SECOND, FOURTH, SIXTH AND SEVENTH CAUSES OF ACTION SHOULD BE DISMISSED AGAINST THE DISTRICT BECAUSE THE DISTRICT AS A PUBLIC ENTITY IS IMMUNE FROM COMMON LAW TORT CLAIMS.**

The DISTRICT as a public entity is immune from common law tort claims. Pursuant to Government Code section 815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise provided by statute." In *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998), the Supreme Court held: "Under the California Tort Claims Act, a public entity is not liable for injury arising from an act or omission except as provided by statute. Thus, in California, all government tort liability must be based on statute." *Id.* at 932.

As the court in *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112 (2002) observed, "'the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances.'" *Id.* at 1127 (internal citations omitted).

Here, plaintiff fails to identify any statutes that confer liability upon the DISTRICT in the following state law claims: Second Cause of Action for Trespass; Third Cause of Action for Nuisance; Fourth Cause of Action for Negligence; Sixth Cause of Action for Theft, Conversion,

and/or Waste; and Seventh Cause of Action for Wrongful Interference with a Prospective Economic Advantage. These claims are based on general negligence principles and fail to specify a statutory basis for liability. The failure to cite a relevant statute renders plaintiff's claims insufficient to state a claim upon which relief may be granted and they should be dismissed as to the DISTRICT.

## M. PLAINTIFF CANNOT STATE A CLAIM FOR NEGLIGENCE PER SE BECAUSE THE DISTRICT IS IMMUNE FROM COMMON LAW NEGLIGENCE CLAIMS AND PLAINTIFF RELIES ON STATUTES THAT ARE NOT APPLICABLE HERE.

As outlined above, the DISTRICT as a public entity is not liable for common law causes of action. A general tort statute is insufficient to serve as a basis for direct public liability. *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003) (holding direct entity liability could not be imposed based on general duty of ordinary care embodied in Civil Code § 1714).

To the extent that plaintiff's fifth cause of action attempts to impose liability against the DISTRICT and ELAM pursuant to California Civil Code section 3480, California Penal Code section 372 and California Health and Safety Code sections 5411 and 5412, her claim fails because she improperly relies on statutes inapplicable to the instant case.

California Government Code section 815.6 provides that "where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless public entity establishes that it exercised reasonable diligence to discharge the duty." A review of the statutes cited by plaintiff reveals that they were not enacted to protect against overflows in an individual's home.

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons…." Cal. Civ. Code § 3480.

Likewise, California Penal Code section 372 specifically addresses public nuisances: "Every person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor."

California Health & Safety Code section 5411 states: "No person shall discharge sewage or other waste, or the effluent of treated sewage or other waste, in any manner which will result in

1    contamination, pollution or a nuisance."  Health & Safety Code section 5412 provides:  "Whenever

2    the state department or any local health officer finds that a contamination exists, the state department

3    or officer shall order the contamination abated, as provided in this chapter, and, commencing July 1

4    of a year in which the Legislature has appropriated sufficient funds for this purpose, shall submit any

5    report required pursuant to subdivision (d) of Section 13193 of the Water Code."

6         Section 5410 of the Health and Safety Code defines contamination as "an impairment of the

7    quality of the waters of the state by waste to a degree which **creates a hazard to the public health**

8    through poisoning or through the spread of disease."  Cal. Health & Safety § 5410 (d) (emphasis

9    added).  Subsection (e) defines pollution as "an alteration of the quality of the **waters of the state** by

10   waste to a degree which unreasonably affects:  (1) such waters for beneficial uses, or (2) facilities

11   which serve such beneficial uses.  'Pollution' may include 'contamination.'"  "Nuisance" for the

12   purposes of California Health and Safety Code section 5411 means "anything which:  (1) is injurious

13   to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as

14   to interfere with the comfortable enjoyment of life or property, and (2) **affects at the same time an**

15   **entire community or neighborhood, or any considerable number of persons**, although the extent

16   of the annoyance or damage inflicted upon individuals may be unequal, and (3) occurs during or as a

17   result of, the treatment or disposal of wastes."  Again, California Health and Safety Code section

18   5411 and 5412 are directed toward public nuisances and to incidents injurious to the public health.

19        The DISTRICT as a public entity can only be liable when a statute confers liability upon it.

20   When a statute imposes a mandatory duty on a public entity, the statute relied upon must address the

21   kind of injury the statute was designed to protect.  The plain language of all the statutes cited by

22   plaintiff show that they were designed to address public nuisances where large numbers of people are

23   affected.  Here, only plaintiff was affected and she does not, and cannot, allege otherwise.

24        The California Health and Safety Code statutes clearly target the contamination or pollution

25   of state waters, not the overflow of sewage into a single individual's home.  Further, section 5412 of

26   the Health & Safety Code outlines the responsibilities of the state department and local health

27   officers.  Plaintiff has not and cannot allege that the DISTRICT or ELAM are part of the state

28   department or that they are local health officers.  Plaintiff cannot state a claim for negligence per se

1   against the DISTRICT and her fifth cause of action should be dismissed.

2   **N.    PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR WRONGFUL INTERFERENCE**
3   **WITH PROSPECTIVE ECONOMIC ADVANTAGE FAILS TO STATE A CAUSE OF**
    **ACTION BECAUSE SHE DOES NOT ALLEGE FACTS TO SHOW AN ECONOMIC**
4   **RELATIONSHIP WITH A THIRD PARTY, THE PROBABILITY OF FUTURE**
    **ECONOMIC BENEFIT OR ELAM'S WRONGFUL CONDUCT.**

5       The elements of intentional interference with prospective economic advantage are "(1) an

6   economic relationship between the plaintiff and some third party, with the probability of future

7   economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional

8   acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the

9   relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."

10  *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987).  The Court in *Youst* affirmed the dismissal of plaintiff's

11  complaint, which claimed intentional interference with prospective economic advantage after

12  plaintiff's horse lost a race.  *Id.* at 67.

13      Plaintiff in *Blank v. Kirwan*, 39 Cal. 3d 311 (1985)  brought suit for intentional interference

14  with prospective economic advantage against defendant city when the city council denied his

15  application for a license to open a poker club.  *Id.* at 317.  In its analysis of what constitutes an

16  economic relationship, the California Supreme Court observed that "the tort [of intentional

17  interference with prospective economic advantage] has traditionally protected the expectancies

18  involved in ordinary commercial dealings -- not the 'expectancies,' whatever they may be, involved

19  in the governmental licensing process. (See Prosser & Keeton, The Law of Torts (5th ed. 1984) §

20  130, p. 1006.)  Plaintiff does not attempt to justify such an expansion of the tort. Nor would he likely

21  have been successful if he had."  *Id.* at 330.  The demurrer to plaintiff's complaint was affirmed

22  because plaintiff could not establish he was in the requisite economic relationship with the city.  *Id.* at

23  330-331.  In addition, plaintiff was unable to show, "[i]n light of the city council's broad discretion to

24  grant or deny a license application", that he had a "protectible expectancy".  *Id.*

25      The California Supreme Court referred to this holding in *Youst, supra*, stating "we

26  acknowledged Prosser's suggestion that the interests generally protected by the tort are *business*

27

28

1    expectancies, and on that basis we declined to expand the tort to cover interference with prospective

2    nonbusiness relations." *Youst*, 43 Cal. 3d at 75 (emphasis in original).

3        "These two decisions, *Blank* and *Youst*, support the view that the interference tort applies to

4    interference with *existing* noncontractual relations which hold the promise of future economic

5    advantage. In other words, it protects the expectation that the relationship eventually will yield the

6    desired benefit, not necessarily the more speculative expectation that a potentially beneficial

7    relationship will eventually arise." *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th

8    507, 524 (1996) (emphasis in original).

9        "The law precludes recovery for overly speculative expectancies by initially requiring proof

10   the business relationship contained 'the probability of future economic benefit to the plaintiff.'

11   [citations omitted] 'Although varying language has been used to express this threshold requirement,

12   the cases generally agree it must be reasonably probable that the prospective economic advantage

13   would have been realized but for defendant's interference.'" *Id.* at 522 (quoting *Youst*, 43 Cal. 3d at

14   71).

15       "[A] plaintiff seeking to recover for an alleged interference with prospective contractual or

16   economic relations must plead and prove as part of its case-in-chief that the defendant not only

17   knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by

18   some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales,*

19   *U.S.A.*, 11 Cal. 4th 376, 393 (1995).

20       The California Supreme Court later clarified this holding, specifying that "an act is

21   independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory,

22   regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed*

23   *Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

24       Plaintiff has not alleged facts sufficient to state a cause of action for intentional interference of

25   prospective economic advantage. Her claim essentially states that ELAM performed some

26   unidentified act which prevented her from receiving the amount of money she desired in

27   compensation for the overflow. She asserts no facts to show that she was in an economic business

28   relationship with a third-party. Instead, she makes a conclusory allegation that she was a "third-party

1    beneficiary" to a contract between the DISTRICT and co-defendant SDRMA (SPECIAL DISTRICT

2    RISK MANAGEMENT SERVICES).  However, she cites no facts to support this conclusion.  Any

3    contract between the DISTRICT and SDRMA benefited the DISTRICT, not plaintiff.  Further,

4    plaintiff asserts this cause of action against ELAM, who is employed by the DISTRICT and is

5    therefore a party to the alleged contract between the DISTRICT.

6          Even if plaintiff was considered a third-party beneficiary for the purposes of this motion, she

7    has not alleged facts to show that a third-party beneficiary is a sufficient economic relationship upon

8    which to base a claim for interference with a prospective economic advantage.  No case law holds

9    that a third-party beneficiary is in a business relationship within the scope of the tort.  Plaintiff's

10   claim is akin to the plaintiff in *Blank v. Kirwan* in that she grounds her claim in the DISTRICT'S

11   decision to deny her compensation.  The DISTRICT and ELAM have discretion to deny her damages

12   claim, as the city did in *Blank*.

13         Plaintiff fails to allege facts to support her claim that she would have received economic

14   advantage but for ELAM's interference.  Any economic advantage she may have realized would be

15   contingent on a number of factors, such as the cause of the overflow, the adequacy of her claim, the

16   type of damages she claimed and the amount of her damage claim.  Even if SDRMA is considered an

17   insurance company, plaintiff cites no facts to show that <u>any</u> claim submitted by any third-party

18   beneficiary would automatically result in money payout.  Her alleged economic advantage is too

19   speculative to claim an interference with prospective economic advantage.

20         Finally, plaintiff does not allege that ELAM engaged in any independently wrongful conduct,

21   such as a criminal action, that interfered with her prospective economic advantage.  If plaintiff's

22   cause of action were allowed to stand, it would lead to the illogical result that every potential third-

23   party beneficiary to an alleged insurance policy would be allowed to bring a lawsuit (against the

24   general manager of the insured entity) when the third-party beneficiary was dissatisfied with the

25   outcome of the settlement.  The tort simply does not apply to these facts and this cause of action

26   should be dismissed without leave to amend.

27   **O.    IN THE ALTERNATIVE, DEFENDANTS MOVE THIS COURT FOR A MORE
         DEFINITE STATEMENT**

28

1    Rule 12(e) provides that a "party may move for a more definite statement of a pleading to

2    which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

3    reasonably prepare a response. The motion must be made before filing a responsive pleading and

4    must point out the defects complained of and the details desired."

5    While defendants readily acknowledge that a motion for a more definite statement under Rule

6    12(e) is a disfavored motion, here, plaintiff's complaint is so deficient that a more definite statement

7    should be required.

8    Plaintiff fails to include any dates for the DISTRICT'S and ELAM'S alleged misconduct and

9    does not specify which incidents occurred after the 2004 overflow or the 2007 overflow.  For

10   instance, she does not state when the DISTRICT'S employees took her personal property, an activity

11   upon which she bases the fourth cause of action for negligence and the sixth cause of action for theft,

12   conversion and/or waste.  She also fails to state when ELAM purportedly interfered with her

13   prospective economic advantage.

14   In her eighth cause of action for violation of civil rights, plaintiff does not provide the dates or

15   identify the persons responsible for the alleged discriminatory communications.  Instead, she asserts

16   that all of the "defendants' verbal and written communications" to her indicated discriminatory

17   intent.  Plaintiff has brought suit against three different separate entities, with different and

18   independent potential affirmative defenses.  She also does not identify the persons who allegedly

19   stole and/or damaged her personal property.  Her general allegations against all "defendants" means

20   that defendants are unable to prepare a meaningful response to these claims.

21   In addition, plaintiff's eighth cause of action refers generally to the First Amendment, Fifth

22   Amendment and Fourteenth Amendment without specifying the individual constitutional rights under

23   Section 1983 she claims were violated.  *See Petersen v. California Special Education Hearing Office*,

24   2007 U.S. Dist. LEXIS 87137 (N.D.Cal. November 6, 2007).

25   Likewise, plaintiff's claims under the Unruh Civil Rights Act are impermissibly vague

26   because she does not identify which rights and which statutes she seeks to invoke.  Plaintiff's failure

27   to state which rights were violated makes it impossible for defendants to determine which defenses

28

1  and statutes of limitations are applicable. "Because some of the provisions commonly treated by the

2  courts as part of the Unruh Civil Rights Act derive from the common law and some do not, we

3  conclude that no single statute of limitations applies to all. The one-year statute will apply to causes

4  of action under provisions that evolved from the common law; the three-year statute will apply to

5  others." *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 777 (2002). Defendants are unable to

6  determine which, if any, of plaintiff's claims are timely without more information from plaintiff

7  regarding which constitutional rights she claims were violated.

8        Defendants respectfully submit that plaintiffs should be ordered to amend their complaint and

9  to cure the pleading deficiencies identified herein.

10                                    **V.  CONCLUSION**

11        For the foregoing reasons, defendants respectfully request plaintiff's complaint be dismissed

12  in its entirety.

13  Dated:  June 17, 2008                          BERTRAND, FOX & ELLIOT

14

15                                    By:_____/s/_____

16                                          Eugene B. Elliot
                                            Christine Lee
17                                          Attorneys for Defendants
                                            TAMALPAIS COMMUNITY SERIVCES DISTRICT
18                                          and JON ELAM

19

20

21

22

23

24

25

26

27

28