Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendants
TAMALPAIS COMMUNITY SERIVCES DISTRICT and JON ELAM, erroneously named herein as JOE ELAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>          Plaintiff,<br>     vs.<br><br>TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>          Defendants. | Case No.: C08-02354 VRW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS TAMALPAIS COMMUNITY SERVICES DISTRICT and JON ELAM'S MOTION TO DISMISS** |

The Motion to Dismiss on behalf of defendants TAMALPAIS COMMUNITY SERVICES DISTRICT and JON ELAM, *erroneously sued as* JOE ELAM, came on regularly for hearing on _____, 2008 at 2:30 p.m. in Courtroom 6 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Chief Judge Vaughn R. Walker presiding.

The moving papers having been considered and all argument presented,

1    IT IS HEREBY ORDERED that defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) be GRANTED.

Plaintiff cannot state a cause of action under Section 1983 against the DISTRICT because she does not allege that the misconduct occurred pursuant to an official policy or custom. A Section 1983 action may not be maintained against ELAM because he did not participate in or personally direct the misconduct.

Plaintiff's claims under the First, Fifth and Fourteenth Amendments fail to state a claim because she does not identify a constitutionally protected interest violated by defendants. She also fails to identify which rights she asserts under the First, Fifth and Fourteenth Amendments. protections she wishes to invoke under the individual amendments. Any claim under the Fourteenth Amendment fails because the denial of compensation for damages is not a constitutionally protected right and the denial of compensation does not shock the conscience.

Plaintiff's Title VI cause of action under 42 U.S.C. section 2000d fails because the DISTRICT does not receive federal funds and Title VI does not provide relief against individuals.

Plaintiff's civil rights claims under the California Constitution Article I, sections 4 and 7, and the Unruh Civil Rights Act cannot stand because plaintiff did not alleged how defendants prevented her from the free religious expression or treated her in such a way to violate the Equal Protection Clause. Plaintiff also failed to identify how defendants violated the Unruh Civil Rights Act and she did not specify which statutes defendants supposedly violated.

Plaintiff's tort claims also fail because she did not allege facts to state a claim pursuant to FRCP Rule 12(6)(b). The following tort claims are dismissed for failure to state a claim upon which relief may be granted: _____. These claims are dismissed.

Moreover, plaintiff's complaint was composed in such a way that it was impossible for defendants to formulate a meaningful response. Plaintiff is directed to amend her complaint to identify which defendant preformed which actions, to specify the dates of each action, and to identify the statutory basis for each cause of action where applicable. Plaintiff must specify the constitutional

2

1  rights she claims were violated and how they were violated.
2      The first amended complaint should be filed and served within ten days of this order.  Failure
3  to file an amended complaint within ten days of this order subjects the complaint to dismissal.
4  IT IS SO ORDERED.

6  Dated: _____                    _____
7                                                Honorable Chief Judge Vaughn R. Walker