Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
Joshua K. Clendenin, Bar No. 245564
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-09990
Facsimile:   (415) 353-0990

Attorneys for Defendants
TAMALPAIS COMMUNITY SERVICES DISTRICT and JON ELAM,
erroneously named herein as JOE ELAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>       Plaintiff,<br>   vs.<br><br>TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>       Defendants. | Case No.: C08-02354 VRW<br><br>**DEFENDANTS TAMALPAIS COMMUNITY SERVICES DISTRICT AND JON ELAM'S NOTICE OF MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:   August 21, 2008<br>Time:   2:30 p.m.<br>Dept.:   Courtroom 6, 17th Floor<br><br>Honorable Chief Judge Vaughn R. Walker |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on August 21, 2008 at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Chief Judge Vaughn R. Walker in Courtroom 6, of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants TAMALPAIS COMMUNITY SERVICES DISTRICT (hereinafter "DISTRICT") and JON ELAM (hereinafter "ELAM"), erroneously named herein as JOE ELAM, will and do move this court to strike all requests for punitive and exemplary damages against defendant DISTRICT and defendant ELAM in his official capacity.

Pursuant to FRCP 12(f), defendants, as a public entity and a public official sued in his official capacity, are immune from punitive and exemplary damages under California Government Code section 818. The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the proposed order and the pleadings and papers filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure Rule 12(f), defendants TAMALPAIS COMMUNITY SERVICES DISTRICT ("DISTRICT") and JON ELAM ("ELAM"), *erroneously named herein as* JOE ELAM, move to strike all requests for punitive and exemplary damages against defendant DISTRICT and defendant ELAM where sued in his official capacity from plaintiff MARJORY ANDERSON'S complaint. This Motion is filed in conjunction with defendants' Motion to Dismiss, or in the Alternative for a More Definite Statement, their Proposed Order, and their Notice of Motion to Dismiss and Notice of Motion to Strike, which are incorporated herein by reference.

### I.   FACTS

Plaintiff filed this action on April 7, 2007, in the Superior Court of California, for the County of Marin. Defendants removed the action to this Court under federal question jurisdiction pursuant to 28 U.S.C. §1331.

Plaintiff alleges that defendants were responsible for two separate sewage back-ups in her home, in December 2004 and April 2007. Plaintiff requests punitive damages from all defendants, including the DISTRICT, a public entity, and ELAM, in his official capacity as General Manager and employee of the DISTRICT.

### II.   PLAINTIFF'S REQUESTS FOR PUNITIVE AND EXEMPLARY DAMAGES

Defendants move to strike the following excerpts from the lines, pages, and causes of action in plaintiff's complaint as indicated below:

1. "The entry of sewage into Mrs. Anderson's home on April 17, 2007 occurred as a direct result of TCSD's, Joe Elam's, Board of Trustees', and/or Does 1 through 5's knowing and reckless disregard of Mrs. Anderson's health, welfare, and property rights, and as a consequence, Mrs. Anderson is entitled to exemplary damages from TCSD, Joe Elam, Board of Trustees, and/or Does 1

through 5 in an amount to be proven at trial to be between $900,000 and $4,050,000." *See Complaint*, paragraph 37.

2. "Because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to abate the nuisance created by the remaining portions of its sewage in Mrs. Anderson's home, despite a long passage of time and several demands for said abatement, in knowing and willful disregard of Mrs. Anderson's health and safety, and because TCSD, Elam, Board of Trustees, and Does 1-5 failed and refused to correct the known defects in TCSD's sewage system prior to the April 2007 sewage intrusion in knowing and willful disregard of Mrs. Anderson's health and safety, Mrs. Anderson is entitled to punitive damages from TCSD, Elam, Board of Trustees, and Does 1-5 in an amount to be proven at trial to be between $900,000 and $4,050,000." *See Complaint*, paragraph 44.

3. "Because Defendants were grossly negligent, and/or breached their duties to Mrs. Anderson with oppression, fraud, and/or malice, they should be required to pay exemplary damages of three to nine times that amount." *See Complaint*, paragraph 52.

4. "Mrs. Anderson is entitled to punitive and exemplary damages from TCSD, Joe Elam, … and Does 11 through 15 for said conversion, theft, or waste in an amount to be determined at trial to be between $90,000 and $405,000." *See Complaint*, paragraph 66.

5. "Because ....Elam […]'s interference with [*sic*] was legally and/or actually malicious, Mrs. Anderson is entitled to punitive damages from … Elam … in an amount to be proven at trial to be between $900,000 and $4,050,000." *See Complaint*, paragraph 74.

6. "Pursuant to Cal. Civil Code § 52(a), Mrs. Anderson is entitled to treble damages of over $3 million from each of TCSD, …[and] Elam…. for each of their alleged acts of discrimination." *See Complaint*, paragraph 82.

7. "Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to punitive and exemplary damages in an amount to be proven at trial to be between $2 million and $ 9 million." *See Complaint*, paragraph 86.

8. "For treble damages of $3,000,000.00 against each of TCSD, […and] Elam …;" *See Complaint*, paragraph 86 (b).

9. "For punitive and exemplary damages of $9,000,000 against each of TCSD …[and] Elam

3

… and… for punitive and exemplary damages against each other Defendant according to proof." *See Complaint*, paragraph 86 (g).

### III.   GROUNDS FOR MOTION TO STRIKE

Defendants DISTRICT and ELAM bring their Motion to Strike pursuant to Federal Rules of Civil Procedure, Rule 12(f). Rule 12(f) provides, in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike may be used to strike portions of the complaint where the relief sought is not recoverable as a matter of law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005). A motion to strike can apply to a request for punitive damages. *Id*.

Defendants, a public entity and its manager sued in his official capacity, are immune from punitive damages and plaintiff has no legal basis to request punitive and exemplary damages against defendants. Each and every request for punitive and exemplary damages is thus improper and, pursuant to Rule 12(f), these allegations should be stricken.

### IV.   ARGUMENT

According to California Government Code section 818, public entities are immune from punitive and exemplary damages. The United States Supreme Court has repeatedly held that a suit against a public official in his official capacity equates to suit against the government body itself. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Karcher v. May*, 484 U.S. 72, 78 (1987) ("the real party in interest in an official capacity suit is the entity represented and not the individual office holder").

DISTRICT is immune from punitive damages whether sued directly by name or indirectly by naming an employee in his official capacity. Accordingly, plaintiff's requests for punitive and exemplary damages against defendant DISTRICT and defendant ELAM in his official capacity must be stricken. Specifically, plaintiff's requests for punitive and exemplary damages in paragraphs 37, 44, 52, 66, 74, 82, and 86 must be stricken as against the defendants.

### V.   CONCLUSION

Defendant DISTRICT and defendant ELAM in his official capacity are immune from claims

1  for punitive and exemplary damages. Each and every request for such damages by plaintiff, as
2  outlined above, must be stricken from the complaint as they are improper and entirely without legal
3  basis. For these reasons, defendants respectfully request that this Court strike the references to
4  requests for punitive and exemplary damages against defendant DISTRICT and defendant ELAM in
5  his official capacity.

7  Dated: June 17, 2008                    BERTRAND, FOX & ELLIOT

9                                          By:_____/s/_____
                                                Eugene B. Elliot
10                                              Christine Lee
                                                Joshua K. Clendenin
11                                              Attorneys for Defendants
                                                TAMALPAIS COMMUNITY SERIVCES DISTRICT
12                                              and JON ELAM

5

DEFENDANT DISTRICT & ELAM'S MOTION TO STRIKE PUNITIVE DAMAGES