1  DEBRA STEEL STURMER (State Bar No. 105276)
   JACHYN K. DAVIS (State Bar No. 236432)
2  LERCH STURMER LLP
   333 Bush Street, Ste. 2020
3  San Francisco, California 94104
   Telephone:    (415) 217-6340
4  Facsimile:    (415) 217-2782

5  Attorneys for Defendants
   PEARCE & FRANKMAN, INC. and
6  MILLEN GRIFFITH

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  MARJORY ANDERSON,                        )  Case No.: CV08-2354 VRW
                                             )
11            Plaintiff,                      )  **NOTICE OF MOTION TO STRIKE AND**
                                             )  **MEMORANDUM OF POINTS AND**
12       v.                                   )  **AUTHORITIES IN SUPPORT OF**
                                             )  **DEFENDANTS' MOTION TO STRIKE**
13  TAMALPAIS COMMUNITY SERVICES              )
    DISTRICT, JOE ELAM, BOARD OF              )  Date: August 21, 2008
14  TRUSTEES OF TAMALPAIS COMMUNITY          )  Time: 2:30 p.m.
    SERVICES DISTRICT, PEARCE &               )  Court: Courtroom 6
15  FRANKMAN, INC., MILLEN GRIFFITH,          )
    SPECIAL DISTRICT RISK MANAGEMENT          )
16  SERVICES AND DOES 1 through 15,           )  Honorable Vaughn R. Walker
                                             )
17            Defendants.                     )
                                             )
18  _____ )

19       PLEASE TAKE NOTICE that on August 21, 2008, at 2:30 p.m., or as soon thereafter as the

20  matter may be heard before the Honorable Vaughn R. Walker in Courtroom 6,  of the above-

21  entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants PEARCE &

22  FRANKMAN, INC., and MILLEN GRIFFITH ("PEARCE" or "defendants") will and do move this

23  court to strike all requests for punitive and exemplary damages against defendants pursuant to

24  California Civil Code § 3294.  The motion will be based on this Notice of Motion and the

25  Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

26  ///

27  ///

28  ///

1

PEARCE & FRANKMAN and MILLEN GRIFFITH'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
& AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1

## I. INTRODUCTION

2      In her complaint, Marjory Anderson ("Ms. Anderson" or "plaintiff") has made various

3   claims of intentional torts and violations of the civil rights laws.  Due to the onerous nature of these

4   accusations, the defendant seeks to strike the punitive and exemplary damages from the complaint

5   as plaintiff has not alleged sufficient allegations to warrant a punitive damages award pursuant to

6   Cal. Civil Code § 3294 ("Code § 3294")

7      The instant action arises out of plaintiff's claim for damages as a result of two sewage

8   overflows into her home.  The crux of plaintiff's allegation is that she received inadequate

9   compensation as result of her claims for damages submitted to the Tamalpais Community Services

10   District.  Plaintiff has made a demand for punitive damages as to all of the defendants in this action.

11   PEARCE contends in this motion that plaintiff's request for punitive damages is insufficiently plead

12   and should be struck from the complaint.

13

## II. MEMORANDUM OF POINTS AND AUTHORITY

14      Pursuant to Federal Rules of Civil Procedure, Rule 12(f), PEARCE moves to strike all

15   requests for punitive damages against PEARCE from plaintiff's complaint on the grounds that

16   punitive damages must be plead with particularity pursuant to California Civil Code § 3294.  Thus,

17   it is proper to request a review of the sufficiency of the allegations.  Angie M. v. Superior Court,

18   (1995) 37 Cal. App. 4th 1217.

19      The time for filing a motion to strike is within the time allowed to respond to a pleading.

20   PEARCE is filing this motion in conjunction with its Motion to Dismiss pursuant to Rule 12(b)(6)

21   and its Motion for a more Definite Statement pursuant to Rule 12(e).  PEARCE was served with the

22   complaint on June 5, 2008.  A timely response would be filed within 20 days of the complaint being

23   served.  Thus, the time for responding to this Complaint expires on June 25, 2008.

24

## III. LEGAL ARGUMENT

25   **A.      Punitive Damages Claim**

26      Pursuant to Rule 12(e) a court may strike portions of the complaint where the relief sought

27   is not recoverable as a matter of law.  Wilkerson v. Butler, (E.D. Cal. 2005) 229 F.R.D. 166, 172.

28   In California, the award of damages by way of example or punishment is controlled by Civil Code §

2

1  3294, which authorizes punitive damages against a tortfeasor who has been guilty of "oppression,

2  fraud or malice, express or implied."  However, plaintiff must plead punitive damages with

3  particularity so as to give the defendant adequate notice of the kind of conduct charged upon it.

4  G.D. Searle & Co. v. Superior Court, (1975) 49 Cal. App. 3d 22, 29.  A mere conclusory statement

5  without specific factual allegations will not suffice.  Monge v. Superior Court, (1986) 176 Cal. App.

6  3d 503, 510.  Plaintiff must demonstrate that defendants acted with such "oppression, fraud or

7  malice" within the meaning of Code § 3294 to warrant a punitive damages award.  Further, the

8  factual allegations must demonstrate some purposeful intent, or some deliberate motive.  See

9  Monge v. Superior Court, supra, 176 Cal. App. 3d at 511-512.  If plaintiff fails to illustrate this

10  threshold conduct in the complaint, punitive damages will be struck down.

11       PEARCE moves to strike the following excerpts from the lines, pages, and cause of action

12  in plaintiff's complaint as indicated below:

13    1.  "Because Defendants were grossly negligent, and/or breached their duties to Mrs.

14        Anderson with oppression, fraud and/or malice, they should be required to pay

15        exemplary damages of three to nine times that amount."  Complaint, ¶52.

16    2.  "Mrs. Anderson is entitled to punitive and exemplary damages from TCSD, Joe Elam,

17        Board of Trustees, SDRMA, Pearce, Millen, and Does 11 through 15 for said

18        conversion, theft, or waste in an amount to be determined at trial to be between

19        $90,000 and $405,000."  Complaint, ¶ 66.

20    3.  "Because Pearce, Griffith, Elam, and SDRMA's interference with [sic] was legally

21        and/or actually malicious, Mrs. Anderson is entitled to punitive damages from Pearce,

22        Griffith, Elam, and SDRMA in an amount to be proven at trial to be between $900,000

23        and $4,050.000."  Complaint, ¶ 74.

24    4.  "Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to

25        punitive and exemplary damages in an amount to be proven at trial to be between $2

26        million and $9 million."  Complaint, ¶ 86.

27  ///

28  ///

3

PEARCE & FRANKMAN and MILLEN GRIFFITH'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
& AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

1        5.    "For punitive and exemplary damages of $9,000.000 against each of TCSD, SDRMA,

2            Elam, Pearce, and Griffith and for punitive and exemplary damages against each other

3            Defendant according to proof."  Complaint, ¶ 86(g).

4    In judging the sufficiency of the allegations the court will read the complaint as a whole, and

5    interpret the demand for punitive damages in light of the other factual allegations.  Monge v.

6    Superior Court, supra, Cal. App. 3d at 510.  Here, plaintiff alleges that PEARCE in some

7    unspecified fashion stole her property, interfered with her economic advantage and violated her

8    civil rights.  The plaintiff adopts the language of Code § 3294 by using terms like, "wanton," or

9    "malicious", or "willfully."  However, plaintiff does not specifically allege what conduct was

10    fraudulent and oppressive.  The prayer for punitive relief in light of these facts falls below sufficient

11    pleading guidelines as set out in the § 3294.  Plaintiff's alleged facts must demonstrate that

12    PEARCE acted with oppression, fraud or malice within the meaning of § 3294.  Plaintiff has not

13    alleged that PEARCE acted in a malicious manner, but only that she does not feel that she was

14    adequately compensated.   There was no malice or fraud involved.  Simply because plaintiff did not

15    receive what she believes to be adequate compensation for her claim does not in and of itself rise to

16    the level of something done with malice or evil motive.  It takes much more to rise to that level.

17    Plaintiff fails to allege either directly or indirectly through the complaint that some evil motive is

18    attributable to PEARCE.

19    The Complaint at issue here is not similar to those cases where the courts have found there

20    were sufficient facts plead to support a punitive damages claim.  Monge v. Superior Court, (1986)

21    176 Cal. App. 3d 503, was a sexual discrimination case.  The complaint alleged in part: "…their

22    supervisors had conspired to make a lewd message appear on a computer terminal's video screen

23    while one plaintiff was using it. When both plaintiffs complained, the supervisors refused to

24    investigate the incident and retaliated by creating a hostile work environment." Monge v. Superior

25    Court, supra, 176 Cal. App. 3d at 511.  The court held there were sufficient *facts* alleged to support

26    a punitive damage claim.  Id.  Specifically, they noted that these facts illustrated a "deliberate

27    intent" or "evil motive."  Id.

28    ///

4

1          Perkins v. Superior Ct, (1981) 117 Cal. App. 3d. 1, was an invasion of privacy case.  The

2    plaintiff sued the phone company after discovering his office number as listed was titled "Pep

3    Boys" in the phone book.  Perkins v. Superior Court, supra, 117 Cal. App. 3d. at 4.  Plaintiff

4    notified the company before they had distributed all the phone books.  Id.  The complaint stated;

5    "By means of the distribution of said directories, particularly after receiving plaintiff's complaints,

6    defendants have *wrongfully and intentionally* invaded plaintiff's privacy and subjected him to

7    annoyance, inconvenience, and interruption in the practice of his profession, to plaintiff's damage in

8    the sum of $ 25,000."  Perkins v. Superior Court, supra, 117 Cal. App. 3d at 5.  In Perkins, the facts

9    demonstrated the "evil motive" requirement as necessary pursuant to Code § 3294.

10          In Perkins and Monge the plaintiffs alleged through clearly illustrated facts that the

11    defendant had some evil motive or intent.  Perkins, supra, 117 Cal. App. 3d at 5, Monge, supra, 176

12    Cal. App. 3d. at 11.  They did not simply make conclusory statements about the defendant's

13    conduct, but demonstrated for the court the alleged conduct that deserved punishment pursuant to

14    § 3294.  See id.  If a defendant is going to be charged with such heinous behavior, it should be

15    notified of exactly what it has done; not in general terms, but in a factually specific claim.  This is

16    especially important in light of the various civil rights violations that the plaintiff has alleged

17    against PEARCE.  PEARCE should be specifically notified pursuant to the  § 3294 what conduct

18    plaintiff believes warrants a punitive damages award.

19          The instant case is analogous to Brousseau v. Jarrett, (1977) 73 Cal. App. 3d 864 which was

20    a medical malpractice action.  The plaintiff went to the doctor after an accident and the doctor

21    allegedly undervalued his injuries in order to get in "good" with the insurance company.  Brousseau

22    v. Jarrett, supra, 73 Cal. App. 3d at 868.  The second count in the complaint described the defendant

23    as acting intentionally, willfully, fraudulently, and with a wanton, reckless disregard for the possible

24    injury to plaintiff.  Brousseau v. Jarrett, supra, 73 Cal. App. 3d at 869.  The court held this pleading

25    was insufficient under Civil Code § 3294 because it simply made a conclusory statement without

26    alleging specific facts to establish a deliberate motive.  Broussseau v. Jarrett, supra, 73 Cal. App. 3d

27    at 872.

28    ///

5

1    In <u>Smith v. Superior Court</u>, (1992) 10 Cal. App. 4th 1033, the court also held the complaint

2  was insufficient to plead punitive damages.  <u>Smith</u> was a legal malpractice claim.  The complaint

3  alleged: "[D]efendants misrepresented and fraudulently concealed the true nature of the

4  representation being afforded by defendants and that plaintiff's legal interests and rights were being

5  protected, when in fact, they were not. The defendants' conduct ... was intentional, knowing,

6  malicious, fraudulent, false and deceitful. Said acts and omissions were undertaken with a

7  conscious and knowing disregard of the interests and rights of plaintiff and to benefit the defendants

8  financially, and were part and parcel of a scheme and plan to defraud plaintiff. Defendants' conduct

9  was thus such as to constitute oppression, fraud or malice...."  <u>Smith v. Superior Court</u>, supra 10

10  Cal. App. 4th at 1036.  In rejecting the prayer for punitive damages the court focused on the fact

11  that plaintiff simply made conclusory statements without illustrating facts that would demonstrate

12  evil motive.  <u>Smith v. Superior Court</u>, supra 10 Cal. App. 4th at 1041-1042.

13    In both <u>Brousseau</u> and <u>Smith</u>, the plaintiff merely stated defendants conduct was purposeful

14  without alleging specific facts.  <u>Brousseau v. Jarrett</u>, supra 73 Cal. App. 3d at 872; <u>Smith v.</u>

15  <u>Superior Court</u>, supra 10 Cal. App. 4th at 1041-1042.  These cases are akin to the instant case in

16  that the complaint does not allege specific facts that would illustrate an evil motive or deliberate

17  intent within the confines of California Civil Code § 3294.

18                                    **IV.  <u>CONCLUSION</u>**

19    Plaintiff has not sufficiently plead a claim for punitive damages pursuant to California Civil

20  Code § 3294.  The prayer for punitive damages should be stricken.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      Wherefore, Defendants, PEARCE & FRANKMAN, Inc. and MILLEN GRIFFITH;

2  respectfully request that this court GRANT their Motion to Strike those portions of the Complaint

3  that violate California Code § 3294, specifically, Paragraph 52, Paragraph 66, Paragraph 74,

4  Paragraph 86, and Paragraph 86(g).

5  Dated:  June 25, 2008                                    LERCH STURMER LLP

6

7

8                                                                     _____
                                                              Debra Steel Sturmer, Esq.
9                                                              Jachyn K. Davis
                                                              Attorneys for PEARCE & FRANKMAN, INC.
10                                                             and MILLEN GRIFFITH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARCE & FRANKMAN and MILLEN GRIFFITH'S NOTICE OF MOTION AND MEMORANDUM OF POINTS
& AUTHORITIES IN SUPPORT OF MOTION TO STRIKE