1  DEBRA STEEL STURMER (State Bar No. 105276)
   JACHYN K. DAVIS (State Bar No. 236432)
2  LERCH STURMER LLP
   333 Bush Street, Ste. 2020
3  San Francisco, California 94104
   Telephone:   (415) 217-6340
4  Facsimile:   (415) 217-2782

5  Attorneys for Defendants
   PEARCE & FRANKMAN, INC. and
6  MILLEN GRIFFITH

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10 | MARJORY ANDERSON,                         ) Case No.: CV08-2354 VRW
                                               )
11 |          Plaintiff,                       ) **NOTICE OF MOTION AND**
                                               ) **MEMORANDUM OF POINTS AND**
12 |     v.                                    ) **AUTHORITIES IN SUPPORT OF**
                                               ) **MOTION TO DISMISS PURSUANT TO**
13 | TAMALPAIS COMMUNITY SERVICES              ) **RULE 12(b)(6) OR IN THE**
   | DISTRICT, JOE ELAM, BOARD OF              ) **ALTERNATIVE A MOTION FOR A**
14 | TRUSTEES OF TAMALPAIS COMMUNITY           ) **MORE DEFINITE STATEMENT**
   | SERVICES DISTRICT, PEARCE &               ) **PURSUANT TO RULE 12(e)**
15 | FRANKMAN, INC., MILLEN GRIFFITH,          )
   | SPECIAL DISTRICT RISK MANAGEMENT          ) Date: August 21, 2008
16 | SERVICES AND DOES 1 through 15,           ) Time: 2:30 p.m.
                                               ) Location: Courtroom 6
17 |          Defendants.                      )
                                               ) Honorable Vaughn R. Walker
18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

    I.    INTRODUCTION .................................................................................................1

    II.    STATEMENT OF ISSUES TO BE DECIDED ....................................................2

    III.    LEGAL AUTHORITY ..........................................................................................3

    IV.    LEGAL ARGUMENT...........................................................................................4

        A.    Plaintiff cannot Establish the Sixth Cause of Action for Theft, Conversion and/ or Waste because Plaintiff did not Allege that PEARCE had Dominion or Control over her Property ....................................4

        B.    Plaintiff cannot Establish a Cause of Action for Wrongful Interference with a Prospective Economic Advantage because she does not have an Economic Relationship with TCSD, nor can she prove Wrongful Conduct by PEARCE ..................................................................................5

        C.    Plaintiff cannot establish a Claim for Relief under the First, Fifth and Fourteenth Amendments under the U.S. Constitution, nor under Article I., §§4 & 7 under the California Constitution because PEARCE is not a Government Actor ..........................................................8

        D.    Plaintiff cannot establish a Claim for Relief under 42 U.S.C. § 1983 because PEARCE is not a State Actor, nor was PEARCE acting under the Banner of Federal or State Law .......................................................9

        E.    Plaintiff cannot establish a Claim for Relief under 42 U.S.C. § 2000d because PEARCE does not receive Federal Funding........................................9

        F.    The Plaintiff cannot establish a Claim for Relief under the Religious Freedom Restoration act because PEARCE is not a State Actor .....................9

        G.    Plaintiff cannot Establish a Claim for Relief under the Unruh Civil Rights Act because TCSD is not a Business Establishment, Plaintiff cannot prove Intentional Discrimination and cannot Plead a Disparate Treatment Theory to Establish a Violation of the Unruh Civil Rights Act....10

        H.    In the Alternative the Defendants Move This Court for a More Definite Statement ........................................................................................12

    V.    CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Federal Cases**                                     **Page**

Balisteri v. Pacifica Police Dept., (9th Cir. 1990) 901 F.2d 696, 699 ................................................3

Bartkus v. Illinois, (1959) 359 U.S. 121, 124 ................................................8

Bohlke v. California, 2006 U.S. Dist. LEXIS 60698................................................11

Clegg v. Cult Awareness Network, (9th Cir. 1994) 18 F.3d 752, 754-55 ................................................4

Conley v. Gibson, (1957) 355 U.S. 41, 45-46 ................................................3

Hall v. American National Red Cross, (9th Cir. Cal. 1996) 86 F.3d 919, 920-923................................................10

Taormina v. California Dept. of Corrections, (S.D. Cal. 1996) 949 F. Supp. 829, 834-833................................................11

United States v. El Camino Community College Dist., (C.D. Cal. 1978) 454 F. Supp 825, 828-829................................................9

United States v. Stanley, (1883) 109 U.S. 3, 11 ................................................8

**State Cases**                                       **Page**

Blank v. Kirwan, (1985) 39 Cal. 3d. 311, 330................................................5, 6

Burlesci v. Petersen, (1998) 68 Cal. App. 4th 1062, 1066 ................................................4

Harris v. Capital Growth Investors XIV, (1991) 52 Cal. 3d 1142, 1150................................................10, 11

Korea Supply Company v. Lockheed Martin Corporation, (2003) 29 Cal. 4th 1134, 1153........5, 6, 7

Robbins v. Hamburger Home for Girls, (1995) 32 Cal.App.4th 671, 683 ................................................9

Spates v. Dameron Hosp. Assoc., (2003) 114 Cal. App. 4th 208, 222................................................4

**Statutes & Constitution**

Art. I, § 7 of the California Constitution ................................................2, 8, 9

Art. I, § 4 of the California Constitution................................................8, 9, 10

41 U.S.C. 2000bb................................................8

42 U.S.C. § 1983................................................2, 3, 8, 9

42 U.S.C. §2000d ................................................3, 8, 9

42 U.S.C. § 2000bb1(a) ................................................10

42 U.S.C. §§2000cc ................................................10

42 U.S.C. § 2000d..................................................................................................................8

Federal Rules of Civil Procedure Rule (12)(b)(6) ...............................................................1

Unruh Civil Rights Act, Cal. Civil Code ¶ 51 .............................................. 3, 8, 10, 11

PLEASE TAKE NOTICE that on August 21, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Vaughn R. Walker in Courtroom 6, of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, defendants PEARCE & FRANKMAN, INC., and MILLEN GRIFFITH ("PEARCE" or "defendants") will and do move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because the complaint fails to state a cause of action as to plaintiff's federal and state claims, and the complaint is so vague and ambiguous that PEARCE cannot prepare a meaningful response.

PEARCE seeks to dismiss Marjory Anderson's ("Ms. Anderson" or "plaintiff") complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) because the complaint fails to state a cause of action as to each and every one of plaintiff's state claims, namely the sixth cause of action for Theft, Conversion and/or Waste, and the seventh cause of action for Wrongful Interference with a Prospective Economic Advantage. Additionally, plaintiff has also failed to state a cause of action as to each and every one of plaintiff's claims identified in her eighth cause of action for Violation of Civil Rights.

Alternatively, defendants move this Court for a more definite statement pursuant to rule 12(e). In truth, PEARCE has no idea which unlawful actions plaintiff is ascribing to PEARCE. Plaintiff has not put PEARCE on notice of the allegations charged against PEARCE. Thus, PEARCE cannot meaningfully respond nor can PEARCE conduct its own investigation into the matter to assess any potential liability.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The complaint filed in this action is a garden variety inverse condemnation claim that has been dressed up with various intentional torts and allegations of Civil Rights violations. The plaintiff, Marjory Anderson, lives in Marin County and is provided sewage services by the Tamalpais Community Services District ("TCSD"). On two separate occasions, December 24, 2004 and April 17, 2007 sewage overflowed into plaintiff's home. Pearce & Frankman, Inc. and Millen Griffith acted as the claims adjuster for the second incident. PEARCE investigated

1

DEFENDANTS' PEARCE & FRANKMAN, INC. & MILLEN GRIFFITH'S NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

plaintiff's second claim and reported as necessary to TCSD and the Special District Risk Management Authority ("SDRMA"). The sum and substance of plaintiff's complaint seems to be that she received inadequate compensation for her claim, yet she has raised vague and conclusory allegations attempting to support other tort theories of liability for which no cause of actions is actually stated.

## II. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1. Whether plaintiff fails to state a claim for which relief can be granted under the sixth cause of action for Theft, Conversation and/or Waste because the plaintiff cannot establish that PEARCE had dominion or control of the plaintiff's property.

2. Whether plaintiff fails to state a claim for which relief can be granted under the seventh cause of action for Wrongful Interference with a Prospective Economic Advantage because the plaintiff cannot establish an economic relationship with the probability of future economic benefit.

3. Whether plaintiff fails to state a claim for which relief can be granted under the seventh cause of action for Wrongful Interference with a Prospective Economic Advantage because the plaintiff cannot establish that PEARCE's conduct was wrongful.

4. Whether plaintiff fails to state a claim for which relief can be granted under the First Amendment of the U.S. Constitution because PEARCE is not a federal actor.

5. Whether plaintiff fails to state a claim for which relief can be granted under the Fifth Amendment of the U.S. Constitution because PEARCE is not a federal actor.

6. Whether plaintiff fails to state a claim for which relief can be granted under the Fourteenth Amendment of the U.S. Constitution because PEARCE is not a state actor.

7. Whether plaintiff fails to state a claim for which relief can be granted under Art. I, § 7 of the California Constitution because PEARCE is not a state actor.

8. Whether plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. § 1983 because PEARCE is not a state actor.

///

9. Whether plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. § 1983 because PEARCE was not acting under the banner of federal or state law.

10. Whether plaintiff fails to state a claim for which relief can be granted under 42 U.S.C. §2000d because PEARCE is not an entity that receives federal funding.

11. Whether plaintiff fails to state a claim for which relief can be granted under the Religious Freedom Restoration Act because PEARCE is not a state actor.

12. Whether plaintiff fails to state a claim for which relief can be granted under the Religious Freedom Restoration Act because plaintiff did not allege that PEARCE burdened the free exercise of plaintiff's religion.

13. Whether plaintiff fails to state a claim for which relief can be granted under Art. I, § 4 of the California Constitution because PEARCE is not a state actor.

14. Whether plaintiff fails to state a claim for which relief can be granted under the Unruh Civil Rights Act because TCSD is not a business establishment.

15. Whether plaintiff fails to state a claim for which relief can be granted under the Unruh Civil Rights Act because the plaintiff has not alleged intentional discrimination.

16. Whether plaintiff fails to state a claim for which relief can be granted under the Unruh Civil Rights Act because the plaintiff has alleged disparate impact.

17. Whether plaintiff's complaint is so vague and ambiguous that a more definite pleading is required.

### III. LEGAL AUTHORITY

A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in the complaint. Conley v. Gibson, (1957) 355 U.S. 41, 45-46. The granting of a rule 12(b)(6) motion is appropriate where there is either, "a lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable" legal theory. Balisteri v. Pacifica Police Dept., (9th Cir. 1990) 901 F.2d 696, 699. The court must decide if the facts alleged, if true, would entitle the plaintiff to some form of legal relief. Conley, 355 U.S. at 45-46. However, the court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be

///

3

drawn from the facts alleged." Clegg v. Cult Awareness Network, (9th Cir. 1994) 18 F.3d 752, 754-55.

Rule 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

## IV. LEGAL ARGUMENT

**A. Plaintiff cannot Establish the Sixth Cause of Action for Theft, Conversion and/ or Waste because Plaintiff did not Allege that PEARCE had Dominion or Control over her Property.**

In support of the sixth cause of action, the plaintiff has merely alleged, "Pearce and/or Millen permitted, employed, hired and/or contracted with Does 11-15 to clean sewage filth…." and "while performing such cleaning and repairs, the foregoing Defendants removed and/or caused to be removed a large number of valuable items…" and, "the foregoing defendants either converted such property to their own use, intentionally stole it…or wasted it while it was in their control." Complaint ¶¶'s 61-63.

Plaintiff cannot establish conversion because she has not, nor can she, alleged that PEARCE exercised sufficient dominion and control over plaintiff's property. The elements of conversion are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a *wrongful act* or disposition of the property; and (3) damages. Burlesci v. Petersen, (1998) 68 Cal. App. 4th 1062, 1066.

At paragraph's 18-19 and 22 the plaintiff alleges that workers hired by TCSD, "took a large number of valuable goods belonging to plaintiff." The PEARCE defendants acted as a claims adjuster in this matter. Plaintiff cannot establish "dominion and control" of her property by mere allegations of complicity and tacit consent. In order to establish conversion, plaintiff must show an intent or purpose on behalf of the defendant to take control or ownership of the property or to deprive the plaintiff of ownership of the property. Spates v. Dameron Hosp. Assoc., (2003) 114 Cal. App. 4th 208, 222. Plaintiff will not be able to establish that the mere alleged "hiring" of the

4

cleaning crew evidences some intent on behalf of PEARCE to take dominion or control over plaintiff's property.

In this cause of action, plaintiff has alleged that defendants stole the property, that defendants converted the property and/or that defendants got rid of the plaintiff's property. The plaintiff has not plead sufficient allegations to establish that PEARCE had any part in the alleged conversion or theft of her property. Due to the above, the sixth cause of action for Theft, Conversion and/or Waste should be dismissed without leave to amend.

### B. Plaintiff cannot Establish a Cause of Action for Wrongful Interference with a Prospective Economic Advantage because she does not have an Economic Relationship with TCSD, nor can she prove Wrongful Conduct by PEARCE.

In her seventh cause of action plaintiff alleged that PEARCE intentionally interfered with a prospective economic advantage by interfering "with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of the alleged contractual relationship or business expectance." Complaint ¶ 71.

To plead and prove this cause of action plaintiff must demonstrate that defendant had knowledge of an "economic relationship" between plaintiff and some third party, with the probability of future economic benefit to plaintiff. Korea Supply Company v. Lockheed Martin Corporation, (2003) 29 Cal. 4th 1134, 1153. Plaintiff alleges that the economic relationship in the instant action was created because she is a customer of TCSD, she therefore concludes that she is a third-party beneficiary of the contract between TCSD and SDRMA. Complaint ¶¶ 68-69. The crux of plaintiff's allegation is that PEARCE in some unspecified manner interfered with plaintiffs dealings with TCSD and prevented her from receiving *what she believes* was adequate compensation for her claim. In Blank v. Kirwan, (1985) 39 Cal. 3d. 311, 330 the California Supreme Court held an economic relationship generally involves a case in which there was an economic expectancy tied to a commercial business dealing. In Blank, the plaintiff brought a cause of action for intentional interference against the City of Bell because he had been denied a license to open a poker club. The court held that the plaintiff did not have an economic relationship with the city, nor did the plaintiff have a "protectible expectancy" because the City Council had broad discretion to deny or grant the application. Blank, 35 Cal. 3d. at 330-331. In Blank, even if there

5

1  had been an "economic relationship," Blank's ability to earn money was *speculative at best* and
2  thus the denial of his license application was not an inference with an economic advantage.
3      The plaintiff alleges that the economic relationship in the instant action is created by a
4  contract between TCSD and SDRMA of which she claims to be a third-party beneficiary.
5  Complaint ¶68-69  However, plaintiff has failed to plead any facts or allegations which would
6  support this theory.  The plaintiff cannot establish that she has an economic relationship with either
7  TCSD or SDRMA.
8      Furthermore, even if an economic relationship is found, plaintiff cannot establish that she
9  has a "protectible expectancy" because, like the plaintiff in Blank, Ms. Anderson's expectancy was
10 speculative and based upon a myriad of variables that had nothing to do with the work done by
11 PEARCE.  The plaintiff's final compensation was based upon many factors including: the
12 legitimacy of her claim, the cause of the overflow, the type of damages that she claimed and the
13 amount of her damage claim.  Adjusting third-party claims is not a one size fits all process and the
14 plaintiff must appreciate this factor.
15     Next, the plaintiff must establish that PEARCE engaged in *intentionally wrongful acts*
16 designed to disrupt plaintiff's economic relationship. Korea Supply Company, 29 Cal. 4th at
17 1158-1159.  In order to demonstrate this plaintiff must plead: (1) that the defendant engaged in an
18 independently wrongful act, and; (2) that the defendant acted either with the desire to interfere or
19 the knowledge that interference was certain or substantially certain to occur. Id.  Plaintiff has not
20 alleged either and only claims that PEARCE interfered with her ability to, "successfully assert her
21 rights."  PEARCE has no idea what right plaintiff is speaking of, but assumes that plaintiff means
22 her right to receive compensation pursuant to her claim for damages.  However, the court in Korea
23 Supply Company held that an act is "independently wrongful if it is unlawful, that is, if it is
24 proscribed by some constitutional, statutory, regulatory, common law, or otherwise determinable
25 legal standard." 29 Cal. 4th at 1159.  Mere interference alone is not unlawful conduct and the court
26 has made it clear that it will not punish businesses for their choice of commercial pursuits. Id. at
27 1158-1159.  Plaintiff has not alleged and cannot establish any unlawful conduct on the part of
28 ///

6

DEFENDANTS' PEARCE & FRANKMAN, INC. & MILLEN GRIFFITH'S NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

1  PEARCE. PEARCE cannot be held liable for simply doing its job as a claims adjuster as this
2  cause of action requires some interference that is *illegal*.
3       Furthermore, plaintiff cannot plead nor prove that PEARCE acted intentionally and with the
4  knowledge that this act would likely create an inference. PEARCE was simply the claims adjuster
5  in this situation and Ms. Anderson was a customer of TCSD with a sewage back up. PEARCE's
6  only intentional conduct was adjusting the claim and reporting its findings to the appropriate
7  parties.
8       In Korea Supply Company, the defendant knew that the plaintiff was a broker working for a
9  30 million dollar commission and intentionally bribed officials with gifts and sexual favors in order
10 to win the bid. 29 Cal. 4th at 1164-1165. The defendant in Korea Supply knew about the plaintiffs
11 commission, and the plaintiff alleged that the defendants interference was a violation of the Foreign
12 Practices Act. Id. The crux of Ms. Anderson's complaint is that PEARCE's adjusting of plaintiff's
13 claim interfered with her prospective economic relationship with TSCD in some unspecified
14 manner. Unlike the defendant in Korea Supply Company, whose *unlawful interference* was the
15 direct catalyst to plaintiffs lost of a prospective economic advantage, there is no allegation that
16 PEARCE's conduct was unlawful.
17      Finally, the plaintiff in the instant action cannot establish an actual disruption of the
18 economic relationship or that the economic harm that plaintiff alleges was proximately caused by
19 PEARCE. Korea Supply Company, 29 Cal. 4th at 1165-1166. The plaintiff asserts that due to
20 PEARCE's interference, she has been damaged in the amount of $450,000.00. Plaintiff has not
21 sufficiently alleged any causation between PEARCE's alleged unspecified interference which
22 demonstrate actual disruption causing her damage. In Korea Supply Company, the plaintiff alleged
23 that the defendants interference kept them from receiving their commission and specifically alleged
24 the *unlawful actions* of the defendants that kept the plaintiffs from receiving their expected and
25 stated commission. Id. Plaintiff cannot plead that but for PEARCE's interference, she would have
26 received *more compensation* from TCSD. Plaintiff's damages are *too speculative and too remote*
27 *and disconnected* from the actions of PEARCE to give rise to liability. See id. With regard to
28 PEARCE, plaintiff had no "protectible expectancy" and thus no actual disruption could occur.

7

Due to the above, plaintiff's claim for Wrongful Interference with a Prospective Economic Advantage should be dismissed without leave to amend.

## OVERVIEW OF EIGHTH CAUSE OF ACTION

In the eighth cause of action, plaintiff alleges that, "[t]he foregoing alleged denials of compensation based on Mrs. Anderson's race, ancestry, age, and spiritual practices, and the foregoing disparate treatment, violate her rights under the First, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, under the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*, and under the Religious Freedom Restoration Act of 1993, 41 U.S.C. 2000bb, *et seq.*, and, accordingly, violate 42 U.S.C. § 1983." Complaint ¶ 79. Further, plaintiff contends "[t]he foregoing alleged denials of compensation based on Mrs. Anderson's race, nationality, age, and spiritual practices, and the foregoing alleged disparate treatment, also violate her rights under Cal. Const. Art. I, ¶¶ 4, and 7, and under the Unruh Civil Rights Act, Cal. Civil Code ¶ 51, *et seq.* PEARCE will discuss in detail below the reasons why each and every one of plaintiff's claims under the U.S. and California Constitutions is legally insufficient and should be dismissed without leave to amend as to PEARCE.

**C. Plaintiff cannot establish a Claim for Relief under the First, Fifth and Fourteenth Amendments under the U.S. Constitution, nor under Article I., §§4 & 7 under the California Constitution because PEARCE is not a Government Actor**

As a matter of law PEARCE cannot be held to have violated the First and Fifth Amendment of the U.S. Constitution because those amendments only apply to federal action. Bartkus v. Illinois, (1959) 359 U.S. 121, 124. Further, as a matter of law PEARCE cannot be found to have violated the Fourteenth Amendment because that amendment only applies to state action or an entity that is conducting traditional state functions. United States v. Stanley, (1883) 109 U.S. 3, 11. PEARCE is a claims adjusting firm and thus is neither a federal nor state actor, nor are the functions of a claims adjuster acts that could be considered traditional state functions.

Similarly, plaintiff's claims under Art I., §§ 4 and 7 of the California Constitution fail because there must also be state action. Plaintiff has only referred to these sections without alleging the actual violation. However, PEARCE assumes that plaintiff is alleging a taking of her property by the *government* without due process of the law and a burden on the exercise of plaintiff's

8

religion by the *government*. Due to the above, plaintiff cannot establish a violation of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, nor can she establish a violation of Art I., §§ 4 and 7 of the California Constitution.

### D. Plaintiff cannot establish a Claim for Relief under 42 U.S.C. § 1983 because PEARCE is not a State Actor, nor was PEARCE acting under the Banner of Federal or State Law.

A plaintiff may bring a claim under 42 U.S.C. § 1983 to sue *state actors* in federal or state court. Additionally, the defendant in these actions must have been acting under the color of any, "statute, ordinance, regulation, custom or usage…" 42 U.S.C. § 1983. PEARCE is not a state actor, nor in adjusting the plaintiff's claim was PEARCE acting under the banner of state or federal law. See Robbins v. Hamburger Home for Girls, (1995) 32 Cal.App.4th 671, 683. Due to the above, plaintiff cannot establish a violation of 42 U.S.C. § 1983.

### E. Plaintiff cannot establish a Claim for Relief under 42 U.S.C. § 2000d because PEARCE does not receive Federal Funding.

42 U.S.C. § 2000d, "prohibits discrimination on the basis of race, color, and national origin in programs receiving federal financial assistance." In order for plaintiff to receive money damages she must allege: (1) that the defendant is an entity engaging in racial discrimination and (2) that it is receiving federal funding. PEARCE is not an entity engaging in racial discrimination, nor has plaintiff alleged any facts that would rise to the level of racial discrimination. The Civil Rights laws are not to be used as a civility code. More importantly, PEARCE is not receiving federal funding. This is an incurable defect. Plaintiff will never be able to establish that PEARCE is an entity receiving federal funding. See United States v. El Camino Community College Dist., (C.D. Cal. 1978) 454 F. Supp 825, 828-829. Due to the above, plaintiff cannot establish a violation of 42 U.S.C. § 2000d and it should be dismissed without leave to amend.

### F. The Plaintiff cannot establish a Claim for Relief under the Religious Freedom Restoration act because PEARCE is not a State Actor.

PEARCE can dispense with discussions of the details of the Religious Freedom Restoration Act or the amended version entitled the Religious Land Use and Institutionalized Persons Act of 2000 because in order for plaintiff to be able to establish a claim pursuant to these provisions, there

must be state action. 42 U.S.C. § 2000bb1(a); 42 U.S.C. §§2000cc *et seq*. PEARCE is not a government actor. See <u>Hall v. American National Red Cross</u>, (9th Cir. Cal. 1996) 86 F.3d 919, 920-923. Even if plaintiff can establish that she received inadequate compensation, there is no causal nexus between that and an alleged burden on plaintiff's free exercise of religion. Furthermore, plaintiff has not even alleged how PEARCE burdened her freedom to exercise her religion.

Plaintiff has also alleged that PEARCE has violated the California Constitution Art. I, § 4. Again, plaintiff has failed to allege what the violation of the California Constitution was in this action. For the same reasons as stated above, plaintiff will be unable to establish this claim. Due to the above, plaintiff cannot establish a violation of the Religious Freedom Restoration Act or, Art I., § 4 of the California Constitution.

**G. Plaintiff cannot Establish a Claim for Relief under the Unruh Civil Rights Act because TCSD is not a Business Establishment, Plaintiff cannot prove Intentional Discrimination and cannot Plead a Disparate Treatment Theory to Establish a Violation of the Unruh Civil Rights Act.**

Plaintiff merely states that the, "foregoing alleged denials of compensation based on [plaintiff's] race, nationality, age, and spiritual practices, and the foregoing alleged disparate treatment also violate her rights…under the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq*." Complaint ¶ 80. The Unruh Act, "secures equal accommodations to public accommodations and prohibits discrimination by business establishments." <u>Harris v. Capital Growth Investors XIV</u>, (1991) 52 Cal. 3d 1142, 1150.

It is not clear from the complaint what violation of the Unruh Act the plaintiff is actually alleging. It seems that the crux of plaintiff's allegation is a violation of her constitutional right to due compensation for inverse condemnation. Plaintiff has made no claim that she has been denied equal access to a facility, privilege or service, etc. If plaintiff is attempting to make a claim under the Unruh Act, then she must allege facts that show how PEARCE denied her access to a business establishment, which, in this case, could only be TCSD.

PEARCE contends that as TCSD is not a "business establishment" within the meaning of Unruh Act and thus plaintiff's claim for a violation of this statute is legally insufficient. To

determine whether a public entity is functioning as a business establishment, the courts have focused on the, "particular state function at issue." <u>Bohlke v. California</u>, 2006 U.S. Dist. LEXIS 60698. In the instant action, TCSD's function was to maintain pipes that would collect the effluent from private homes and business for treatment. TCSD is providing a public health service to those private homes and individuals who live within the area in which their pipes collect the affluent. Members of the community pay a charge for effluent collection, but this is simply a necessary community service. <u>Bohlke</u>, 2006 U.S. Dist. at 7-12. Similarly, in <u>Taormina v. California Dept. of Corrections</u>, (S.D. Cal. 1996) 949 F. Supp. 829, 834-833, the court held that the Department of Corrections was not found to be a "business establishment" because the prisoners were there to pay their debt to the public, not because they were learning a profession. TCSD is providing sewer service in order to sanitize the effluent and provide a necessary public service. TCSD may not be a "non-profit" organization, but it is a public entity which is not organized to earn a profit. As plaintiff cannot establish that she was denied equal access to a business establishment, her claim pursuant to the Unruh Act must fail.

   Plaintiff alleges that a disparate impact theory will demonstrate that PEARCE has violated the Unruh Civil Rights Act ¶ 78. However, in <u>Harris v. Capital</u>, the California Supreme Court held that, "In summary, we hold that a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act. A disparate impact analysis or test does not apply to the Unruh Act claims." 52 Cal. 3d. at 1175.

   Furthermore, plaintiff cannot plead and prove intentional discrimination. Plaintiff has plead that the defendants (without making a specific reference to a specific defendant) talked to her in a sarcastic tone, called plaintiff by her first name, made belittling remarks to her about her knowledge of sewage and wouldn't engage in conversations with her. First, plaintiff needs to state which defendants made these alleged comments. Second, the plaintiff is going to have to prove that PEARCE intentionally adjusted plaintiff's claim in a certain manner due to her perceived race or nationality. Due to the above, plaintiff cannot establish a claim for violation of the Unruh Civil Rights Act and it should be dismissed without leave to amend.

**H.  In the Alternative the Defendants Move This Court for a More Definite Statement.**

PEARCE acknowledges that the federal court's practice notice pleading and as such, a Rule 12(e) motion is disfavored in the eyes of the court.  However, plaintiff's complaint is devoid of any specifics that might aid the defendants in responding to the complaint and defending themselves in this action.  In the plaintiff's statement of facts as related to all of her claims, she never even mentions PEARCE and yet plaintiff reincorporates those allegations into the three causes of action which she asserts against PEARCE.  How exactly is PEARCE to begin an investigation into this matter without knowing what conduct is being charged as unlawful?

Further, plaintiff fails to include any dates for PEARCE's alleged misconduct and does not specify which incidents occurred after the 2004 overflow versus the 2007.  Due to this, PEARCE is unable to make a meaningful motion to dismiss on the statute of limitations issue at this time.  More importantly, PEARCE cannot meaningfully respond to the complaint when it does not know which alleged violations occurred as a result of a particular incident.  Is PEARCE to believe that the same exact violations, behaviors, actions happened in both 2004 and 2007?

In her sixth cause of action for theft, conversion and/or waste the plaintiff does not allege when her property was stolen, whom it was stolen by or what property was stolen.  In her seventh cause of action for prospective economic interference the plaintiff fails to state when the defendant interfered, what this interference constituted and how this interference was the proximate cause of plaintiff's damages.

When civil rights allegations are made, it is generally the practice of a plaintiff to plead the requirements of the statute.  Plaintiff recited a litany of federal and state violations without stating which defendants violated those rights, which of her civil rights were violated, how her civil rights were violated and the causal nexus between the actions of PEARCE and plaintiff's claimed damages.  By purposefully lumping all of these very distinct defendants together, the plaintiff has failed to put each and every defendant on notice as to the type and nature of the allegations against them.  At the very least plaintiff should be required to make a more definite statement as respect each particular defendant and its specific conduct.

///

12

DEFENDANTS' PEARCE & FRANKMAN, INC. & MILLEN GRIFFITH'S NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS

## V. CONCLUSION

PEARCE is a claims adjusting firm and its only job was to adjust the 2007 claim and report its findings to the necessary parties; no more and no less. Plaintiff has not alleged that PEARCE stole plaintiff's property, or otherwise attempted to interfere with the processing of her claim, or infringe upon her civil rights. Plaintiff has failed to adequately specify the allegations as to each defendant. As a matter of law, PEARCE cannot be held legally responsible under the majority of theories alleged, nor can PEARCE meaningfully respond. Though the federal court practices notice pleading, the plaintiff must articulate some factual and legal basis on which to file a complaint. Plaintiff cannot plead nor prove her state nor federal claims as against PEARCE and each and every one of her claims must be dismissed without leave to amend.

Dated: June 25, 2008                          LERCH STURMER LLP

_____
Debra Steel Sturmer, Esq.
Jachyn K. Davis
Attorneys for PEARCE & FRANKMAN, INC.
and MILLEN GRIFFITH