ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

MARJORY ANDERSON,

                Plaintiff,

       v.

TAMALPAIS COMMUNITY
SERVICES DISTRICT, *et al.,*

                Defendants

_____ )

CASE NO.  CV08-2354 VRW

**OPPOSITION TO TCSD'S
MOTION TO DISMISS OR FOR A
MORE DEFINITE STATEMENT**

Hearing:  August 21, 2008
Time:  2:30 pm
Dept:  Courtroom 6, 17th Floor

Honorable Vaughn R. Walker

      Plaintiff, Marjory Anderson opposes the motion of Tamalpais Community

Services District ("TCSD") and Jon Elam to Dismiss or For More Definite Statement, filed

May 27, 2008 and re-filed June 17, 2008, as follows:

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

**Table of Contents**

I.  ISSUES.                                                                                      1

II.  INTRODUCTION                                                                                1

III.  POINTS AND AUTHORITIES                                                                     2

  A.  Standards Governing TCSD's Motion.                                                         2

  B.  Government Code § 815 Provides No Immunity to Any Defendant from            2
      the Facts Pled in the Complaint.
      1.  The Immunity Waiver of Government Code § 835 Allows Mrs.               3
          Anderson to Proceed with Her First, Second, Third, Fourth, and
          Fifth Causes of Action.
      2.  The Immunity Waiver of Government Code § 815.2 Also Allows            5
          Mrs. Anderson to Proceed with Her First through Sixth Causes
          of Action.
      3.  The Immunity Waiver of Government Code § 815.4 Allows Mrs.            7
          Anderson to Proceed with Her Fourth and Sixth Causes of
          Action.
      4.  Government Code § 815 Provides TCSD No Immunity from                  8
          Mrs. Anderson's First Cause of Action, so No Waiver Is
          Necessary.
  C.  Government Entities Are Liable for Negligence *per se* Claims to          10
      the Same Extent as Other Persons.
  D.  The Statutes Underlying Plaintiff's Negligence *per se* Claims Are        10
      Applicable to this Case.
  E.  Mrs. Anderson's Disparate Treatment Claims Are Well Pled, State           12
      Valid Claims against All Defendants, and May Be Pursued against
      TCSD under Monell.
      1.  Mrs. Anderson's Disparate Treatment Claims Are Sufficiently           12
          Pled.
      2.  Defendants Are Mistaken to Argue that Mrs. Anderson's Eight           13
          Cause of Action Does Not State a Claim for which Relief May
          Be Granted.
      3.  Monell Authorizes Mrs. Anderson to Proceed Against TCSD               15
          with Her Section 1983 Claim, as Pled.
  F.  Dismissal on the Ground of Anticipated Affirmative Defenses, such as      18
      Statutes of Limitations, Would Deprive Mrs. Anderson of the
      Opportunity to Examine the Factual Basis for those Defenses.
  G.  Mrs. Anderson's Interference Claim is Properly Pled.                      18

III.     CONCLUSION.                                                            19

1

**Table of Authorities**

2

**Federal Constitution, Statutes, and Rules**

3

U.S. Constitution, Amendment 1.  ………………………………………… **13**

4

U.S. Constitution, Amendment 5. **13**

U.S. Constitution, Amendment 14, § 1. ……………………………………….. **13**

5

42 USC § 1983 **13, 16**

42 USC 2000bb, *et seq*. ………………………………………………………… **13**

6

42 USC § 2000d, *et seq*. **13**

F. R. Civ. Proc. Rule 8(a)(2). …………………………………………………… **12, 19**

7

F. R. Civ. Proc. Rule 8(c) **18**

F. R. Civ. Proc. Rule 81(c)(1) …………………………………………………… **12**

8

9

**Federal Cases**

Adarand Constructors, Inc., Petitioner v. Pena, 515 U.S. 200, 224, 115 S. Ct.      **15**
10
2097, 132 L. Ed. 2d 158 (1980)

11

Avery v. Midland County, Tex, 390 U.S. 474, 479, 88 S. Ct. 1114, 20 L. Ed.      **14**
2d 45 (1968)

12

Cooper v. Aaron, 358 U.S. 1, 17, 78 S. Ct. 1401; 3 L. Ed. 2d 19 (1958)      **14**

Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966)      **14-15**

13

Kentucky Finance v. Paramount Auto Exchange, 262 U.S. 544, 550, 43 S. Ct.      **14**
636, 67 L. Ed. 1112

14

Miller v. Johnson, 515 U.S. 900, 911, 115 S.Ct. 2475, 132 L. Ed. 2d 762      **15**
(1995)

15

Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L.      **1, 15-18**

16

Ed. 2d 611 (1977)

Navarro v. Block, 72 F 3d 712, 716 (9th Cir. 1995).      **14**

17

Sun Savings & Loan  v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987)      **2**

United States v. Poland, *et al*., 251 U.S. 221, 227-228, 40 S. Ct. 127, 64 L. Ed.      **18**

18

236 (1920)

19

United States v. Raines, 362 U.S. 17, 25, 80 S. Ct. 519; 4 L. Ed. 2d 524      **14**

Ventura Mobilehome Comm. Owners Ass'n v. City of San Buenaventura, 371      **13**

20

F. 3d 1046, 1055 (9th Cir. 2004)

Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)      **2**

21

22

**State Constitution and Statutes**

California Const., Art. I, § 19 …………………………………………….      **9, 11**

23

California Civil Code § 3480      **6, 10, 11**

California Code Civ. Proc. § 338  ……………………………………………      **18**

24

California Code Civ. Proc. § 355.1      **18**

California Code Civ. Proc. § 425.10 ……………………………………….      **12**

25

California Evid Code § 669      **12**

California Government Code § 810.8 ……………………………………..      **4**

26

California Government Code § 815      **2-3, 7-9**

California Government Code Section 815.2(a) ………………………………      **5, 7**

27

California Government Code § 815.4      **7, 8**

28

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

California Government Code § 830(a) ……………………………………….. **4**
California Government Code § 835 **3, 5**
California Health and Safety Code § 5411 ………………………………… **6, 10-11**
California Health and Safety Code § 5412 **10**
California Penal Code § 372 ……………………………………………….. **10, 12**


**State Cases**

*Albers v. County of Los Angeles (1965) 62 Cal.2d 250, 263-264 [42 Cal.* **9**
*Rptr. 89, 398 P.2d 129]*

Brown v. George Pepperdine Foundation, 23 Cal.2d 256, 260-261, 143 P.2d **7**
929 (Cal. 1943)

CSAA v. Palo Alto, 138 Cal. App. 4th 474, 479, 41 Cal. Rptr. 3d 503, 506 **9**
(Cal. App. 2006)

*Holtz v. Superior Court (1970) 3 Cal.3d 296, 303 [90 Cal. Rptr. 345, 475* **9**
*P.2d 441]*

Jacob B. v. County of Shasta, 40 Cal. 4th 948, 963. 154 P.3d 1003, 56 Cal. **8**
Rptr. 3d 477 (Cal. 2007)

Korea Supply v. Lockheed Martin, 29 Cal. 4th 1134, 1153, 63 P.3d 937, 131 **19**
Cal. Rptr. 2d 29 (Cal. 2003)

McAtee v. Marysville, 111 Cal. App. 2d 507, 511, 244 P. 2d 936, 938 (Cal. **5**
App. 1952)

McCarty v. Caltrans, _____ Cal. App. 4th _____ (4th Dist., July 10, 2008), **8**
E040627, *slip op.*,[1] at 29

Ngim v. San Francisco, 193 Cal. App. 2d 138, 144, 13 Cal. Rptr. 849, 853 (Cal. **5**
App., 1961, Tobriner, J.)

Randi W. v. Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1087 (Cal. 1997). **10**
Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256, 1285 (Cal. App. 2006). **10**
Walker v. Capistrano Saddle Club, 12 Cal. App. 3d 894, 899 (Cal. App., 1970) **7**
Yazzolino v. Jones 153 Cal.App.2d 626, 633-634, 315 P.2d 107 (Cal. App. **7**
1957)


**Treatises**
Rest.2d Torts, § 421. **7**

---

[1]    Available at http://www.metnews.com/sos.cgi?0708%2FE040627

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    ISSUES.

Whether TCSD is immune from Mrs. Anderson's claims under Cal. Government Code § 818.

Whether the statutes underlying Mrs. Anderson's negligence *per se* claim apply to the discharge of sewage into residences.

Whether Mrs. Anderson has properly alleged a claim of disparate treatment in violation of the Fourteenth Amendment, and consequently, 42 USC § 1983.

Whether Mrs. Anderson's disparate treatment claims are barred by the Supreme Court's ruling in <u>Monell v. Department of Social Services</u>.[2]

Whether TCSD has asserted a statute of limitation defense adequate to limit Mrs. Anderson's claims at this time.

Whether Mrs. Anderson's interference claim against Mr. Elam is adequately pled.

## II.    INTRODUCTION

TCSD and Mr. Elam seek to dismiss all allegations against them on their contention that:  (1) they have statutory immunity from suit; (2) the statutes underlying Mrs. Anderson's negligence *per se* claim do not apply to the discharge of sewage into residences; (3) Mrs. Anderson's disparate treatment claims are not properly pled and state no valid claim; (4) Mrs. Anderson's disparate treatment claims are barred by the Supreme Court's ruling in the <u>Monell</u> case; (5) some claims are barred by an applicable statute of limitations; and (6) some ultimate facts are not pled.  Their motion should be denied because, as set forth below, neither TCSD nor Mr. Elam has statutory immunity from Mrs. Anderson's

---

[2]    436 U.S. 658; 98 S. Ct. 2018; 56 L. Ed. 2d 611 (1977).

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

claims, at least one of the statutes underlying the negligence *per se* cause of action does apply to sewage discharges into residential dwellings, Mrs. Anderson's disparate treatment claim is adequately pled and states a claim for which relief can be granted, <u>Monell</u> does not bar claims against public employees such as Mr. Elam, all or some of Mrs. Anderson's claims against TCSD are of a type specifically authorized by the <u>Monell</u> Court, dismissal on statute of limitations grounds lacks the required factual showing, and Mrs. Anderson need not have pled ultimate facts in this Court.

## III.     POINTS AND AUTHORITIES.

### A.     Standards Governing TCSD's Motion.

When a court considers a motion to dismiss, all allegations of the complaint are to be taken as true and construed in the plaintiff's favor.  <u>Sun Savings & Loan  v. Dierdorff</u>, 825 F.2d 187, 191 (9th Cir. 1987).  For a motion to dismiss to be granted, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved.  <u>Wool v. Tandem Computers, Inc.,</u> 818 F.2d 1433, 1439 (9th Cir. 1987).

### B.     Government Code § 815 Provides No Immunity to Any Defendant from the Facts Pled in the Complaint.

Defendants claim immunity under California Government Code § 815.

Section 815 provides that:

> <u>Except as otherwise provided by statute</u>:
>
> (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.
>
> (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person.

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

[emphasis added].  Defendants do not discuss the statutory waivers that immediately follow § 815, or the Constitutional provision that limits its effect.  Those provisions, which waive immunity from all of Mrs. Anderson's claims, are therefore discussed here.

Prior to that discussion, however, Mrs. Anderson notes that § 815 applies only to "A public entity," and that the only Defendants in this action who are public entities are TCSD and SDRMA.  Consequently, § 815 provides no immunity to Mr. Elam, Mr. Griffith, or Pearce, none of whom is "A public entity."

1.    **The Immunity Waiver of Government Code § 835 Allows Mrs. Anderson to Proceed with Her First, Second, Third, Fourth, and Fifth Causes of Action.**

One of the statutory waivers referred to in § 815 is Government Code § 835.  Section 835 provides, in its entirety, that:

> Except as provided by statute, a public entity <u>is liable</u> for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Government Code § 835 [emphasis added].    The word "injury" as used in § 835 is defined to include ". . . <u>damage to or loss of property</u>, or any other injury that a person may suffer to [her] person . . . feelings or estate, of such nature that it would be actionable if inflicted by a

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

1    private person." Government Code § 810.8 [emphasis added].[3] "Dangerous condition" is

2    defined to mean "a <u>condition of property that creates a substantial</u> (as distinguished from a

3    minor, trivial or insignificant) <u>risk of injury</u> when such property or adjacent property is used

4    with due care in a manner in which it is reasonably foreseeable that it will be used."

5    Government Code § 830(a) [emphasis added].

6

7                Mrs. Anderson's first, second, third, fourth, and fifth causes of action contain

8    allegations that TCSD's sewage system is public property belonging to TCSD[4] and that it

9    was in a condition in December 2004 and April 2007 such that it caused injury to Mrs.

10   Anderson by damaging her property[5] and causing her to be depressed, ill, and despondent.[6]

11   These causes of action further allege that the condition of TCSD's property was such that it

12   created a reasonably foreseeable risk Mrs. Anderson would be injured in the manner of

13   which these causes of action complain.[7]  The first through fifth causes of action attribute

14   this dangerous condition to negligent and wrongful acts of TCSD's employees in the scope

15   of their employment.[8]  Because these dangerous conditions allegedly caused two (2)

16   discharges of sewage into Mrs. Anderson's home, TCSD and SDRMA had actual

17   knowledge of the dangerous condition at least after the first discharge.  In sum, Mrs.

18   Anderson claims that TCSD's sewage system was in the dangerous condition of being

19   prone to discharge sewage into her home under certain conditions, that she was injured

20   when that happened, that the acts and omissions of TCSD's employees caused the

21

22

23

24   _____

25   [3]     "The definition of 'dangerous condition' is quite broad because it incorporates the broad
     definition of 'injury' contained in Section 810.8."  Law Revision Commission Comments to
     Government Code § 830, reported following that section in Deering's Annotated Cal. Code.
26   [4]     *e.g.,* Complaint, ¶¶ 26 and 40.
     [5]     *e.g.,* Complaint, ¶¶ 27, 28, 41, and 32.
27   [6]     Complaint, ¶¶ 23 & 35.
     [7]     *cf,* Complaint, ¶¶ 17 & 20, *see also* ¶¶ 47-48.
28   [8]     *See, e.g.*, Complaint at ¶¶ 10-12, 18, 19, 22, 37, 40, 47-48, and 54.

_____

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

4

1  dangerous condition, and that TCSD and all other Defendants had actual knowledge of the

2  dangerous condition at least by the time of the first discharge of sewage into her home.

3          Not surprisingly, California Courts have applied Government Code § 835 and

4  its predecessors to hold government entities liable for injuries caused by the maintenance of

5  public sewage facilities in a manner that might foreseeably cause harm to persons or

6  property.  Ngim v. San Francisco, 193 Cal. App. 2d 138, 144, 13 Cal. Rptr. 849, 853 (Cal.

7  App., 1961, Tobriner, J.) (a public entity is liable for sewage discharge into basement

8  arising from a defective condition if person authorized to remedy condition had knowledge

9  or notice and thereafter failed to remedy), McAtee v. Marysville, 111 Cal. App. 2d 507,

10 511, 244 P. 2d 936, 938 (Cal. App. 1952) (". . . when it is shown that by carrying out the

11 [sewage system] plan a dangerous or defective condition has been created, no further proof

12 is needed to charge the city with notice of that condition . . .").  Accordingly, Mrs.

13 Anderson's claims against TCSD for maintaining a sewage system that discharges sewage

14 into her home are squarely within the statutory waiver provided by Government Code §

15 835.

16              **2.      The Immunity Waiver of Government Code § 815.2 Also Allows**
                          **Mrs. Anderson to Proceed with Her First through Sixth Causes**
17                        **of Action.**

18      Government Code Section 815.2(a) provides that:

19          A public entity is liable for injury proximately caused by an act or
            omission of an employee of the public entity within the scope of his
20          employment if the act or omission would, apart from this section, have
            given rise to a cause of action against that employee or his personal
21          representative.

22 Cal. Government Code § 815.2(a).  Mrs. Anderson alleges that TCSD's officers,

23 employees, co-employees, servants, and agents charged with responsibility for the proper

24

25

26

27

28

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

5

functioning of TCSD's sewage system that served Mrs. Anderson's home,[9] and its officers,

employees, co-employees, servants, and agents charged with responsibility for cleaning

sewage filth from Mrs. Anderson's home or repairing damage caused by sewage filth to

Mrs. Anderson's home,[10] committed acts and omissions within the scope of their

employment by allowing TCSD's raw sewage to invade Mrs. Anderson's home,[11]  by

constructing and maintaining TCSD's sewage system in a manner that forces sewage from

other TCSD customers into Mrs. Anderson's home,[12] by breaching their duty to exercise

due care to not needlessly deprive Mrs. Anderson of her health, welfare, home, enjoyment

of life, livelihood, and constitutional rights,[13] by violating the following statutes:  (a) Health

& Safety Code §§ 5411 & 5412; (b) Civil Code § 3480; and (c) Penal Code § 372,[14] by

stealing, converting, or wasting her personal property,[15] all to the foreseeable injury to Mrs.

Anderson, for which injury she seeks redress with her tort claims in this action.

The complaint alleges that those acts and omissions were committed by

TCSD officers, employees, co-employees, servants, and agents within the scope of their

employment by TCSD.[16]  The complaint alleges that those acts and omissions constituted

trespass, nuisance, negligence, negligence per se, and theft, conversion, and/or waste,[17] and

alleges all necessary elements of those causes of action, and thus alleges that each of those

employees is liable to Mrs. Anderson under those theories in their individual capacities.

Accordingly, the Complaint does allege liability of TCSD that is squarely within the waiver

---

[9]    *See* Complaint at ¶ 10.
[10]   *See* Complaint at ¶ 12.
[11]   *See* Complaint at ¶¶ 17, 20, and 33-37.
[12]   *See* Complaint at ¶¶ 17, 20, and 40.
[13]   See Complaint at ¶¶ 17, 20, and 47-48.
[14]   See Complaint at ¶¶ 17, 20, and 54.
[15]   See Complaint at ¶¶ 17, 20, and 61-64.
[16]   See Complaint at ¶ 9.
[17]   The complaint does not plead a claim for interference against TCSD.

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

of sovereign immunity provided by the Legislature in Government Code § 815.2(a), a

second statutory provision waiving the limited immunity of Section 815.

### 3.    The Immunity Waiver of Government Code § 815.4 Allows Mrs. Anderson to Proceed with Her Fourth and Sixth Causes of Action.

Government Code § 815.4 provides that:

> A public entity is liable for injury proximately caused by <u>a tortious act or omission of an independent contractor of the public entity</u> to the same extent that the public entity would be subject to such liability if it were a private person. Nothing in this section subjects a public entity to liability for the act or omission of an independent contractor if the public entity would not have been liable for the injury had the act or omission been that of an employee of the public entity.

Government Code § 815.4 [emphasis added].

Whether a person is liable for the torts of its independent contractor is a question of fact, to be decided by the trier of fact.  <u>Walker v. Capistrano Saddle Club</u>, 12 Cal. App. 3d 894, 899 (Cal. App., 1970).  Thus, dismissal of claims based on a TCSD claim that a normal person would not be liable for the alleged theft, conversion, or waste of Mrs. Anderson's property by TCSD's contractors would be premature, the Court having not yet heard any evidence of facts.  Further, precedent indicates that government entities hiring independent contractors are liable for the torts of contractors hired to fulfill the governmental entity's duties in the injured party's home while the governmental entity controls the work area.  <u>Brown v. George Pepperdine Foundation</u>, 23 Cal.2d 256, 260-261, 143 P.2d 929 (Cal. 1943); *see also* <u>Yazzolino v. Jones</u> 153 Cal.App.2d 626, 633-634, 315 P.2d 107 (Cal. App. 1957); Rest.2d Torts, § 421.  Finally, while there have historically been exceptions to a government entity's liability for the acts and omissions of its independent contractors, the California Court of Appeals has recently noted that the Legislature intended Government Code § 815.4 to hold government entities liable even in circumstances where it

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

had historically escaped liability under those exceptions.  <u>McCarty v. Caltrans</u>, ____ Cal.

App. 4th ____ (4th Dist., July 10, 2008), E040627, *slip op.*,[18] at 29 ("Thus, it appears that the

Legislature intended public entities to be subject to liability under all such exceptions . . .

.").

   In Mrs. Anderson's fourth cause of action, she alleges that TCSD, Mr. Elam,

SDRMA, Pearce, and Mr. Griffith were negligent, among other ways, in "Failing to

supervise their employees or contractors working at Mrs. Anderson's home to the extent

required to prevent them from taking or disposing of Mrs. Anderson's personal property

without her consent"  Complaint at ¶ 48d.  In her sixth cause of action, she alleges that

"TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, and/or Millen permitted, employed,

hired, and/or contracted with Does 11 through 15 to clean sewage filth from Mrs.

Anderson's home and to perform limited repairs"[19] and that while doing so, those

Defendants or their contractors stole, converted, or wasted her personal property.[20]

   Because normal persons would be liable for those sorts of actions of their

independent contractors in such circumstances, TCSD and SDRMA are liable under

Government Code § 815.4 and cannot claim immunity for those claims.

### 4. Government Code § 815 Provides TCSD No Immunity from Mrs. Anderson's First Cause of Action, so No Waiver Is Necessary.

   No California statute may be applied in a manner that negates or nullifies a

provision of the Constitution of the State of California.  <u>Jacob B. v. County of Shasta</u>, 40

Cal. 4th 948, 963. 154 P.3d 1003, 56 Cal. Rptr. 3d 477 (Cal. 2007) ("The California

---

18    Available at http://www.metnews.com/sos.cgi?0708%2FE040627
19    Complaint, ¶ 61.
20    Complaint, ¶¶ 62-64.

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

1    Constitution is 'the supreme law of the state' to which all statutes must conform.").   Cal.

2    Const., Art. I, § 19 provides, in pertinent part, that:

3            (a) Private property may be taken or damaged for a public use and only
4            when just compensation, ascertained by a jury unless waived, has first
             been paid to, or into court for, the owner.

5            * * *

6            (e) For the purpose of this section:

7            * * *

8            5. "Public work or improvement" means facilities or infrastructure for the
             delivery of public services such as education, police, fire protection,
9            parks, recreation, emergency medical, public health, libraries, flood
             protection, streets or highways, public transit, railroad, airports and
10           seaports; utility, common carrier or other similar projects such as energy-
             related, communication-related, water-related and wastewater-related
11           facilities or infrastructure; projects identified by a State or local
             government for recovery from natural disasters; and private uses
12           incidental to, or necessary for, the public work or improvement.

13    [emphasis added].

14            Applying Cal. Const., Art. I, § 19 to a homeowner's right to recover from a

15    government entity for damage caused by the discharge of sewage into a home, the

16    California Court of Appeals ruled that:

17            A property owner may recover just compensation from a public entity
18            for "any actual physical injury to real property proximately caused by [a
              public] improvement as deliberately designed and constructed ...
19            whether foreseeable or not." (*Albers v. County of Los Angeles (1965) 62
              Cal.2d 250, 263-264 [42 Cal. Rptr. 89, 398 P.2d 129]* (*Albers*); see
20            *Holtz v. Superior Court (1970) 3 Cal.3d 296, 303 [90 Cal. Rptr. 345,
              475 P.2d 441]*.)

21

22    CSAA v. Palo Alto, 138 Cal. App. 4th 474, 479, 41 Cal. Rptr. 3d 503, 506 (Cal. App.

23    2006).

24            Because Government Code § 815 cannot be applied so as to negate or

25    nullify Cal. Const., Art. I, § 19, it can provide no immunity from Plaintiff's first cause of

26

27

28

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

action for inverse condemnation, which is based solely on Mrs. Anderson's constitutional rights under Art. I, § 19.

### C.     Government Entities Are Liable for Negligence *per se* Claims to the Same Extent as Other Persons.

TCSD argues that as a public entity it can only be liable for statutory violations, and that because negligence *per se* is, according to TCSD, a common law doctrine, TCSD cannot be liable on a negligence *per se* claim.  Under California law, however, "'[n]egligence per se' is an evidentiary doctrine codified at Evidence Code § 669." Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256, 1285 (Cal. App. 2006). Under the foregoing waivers of immunity, government entities are liable for all negligence claims within those waivers, and there is no reason substantive provisions of the Evidence Code should not apply to prove such claims for which immunity has been statutorily waived.  Accordingly, contrary to TCSD's contention, negligence *per se* claims <u>are</u> made against government entities such as school districts without any assertion that such claims cannot be made against public entities.  *See, e.g.*, Randi W. v. Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1087 (Cal. 1997).

### D.     The Statutes Underlying Plaintiff's Negligence *per se* Claims <u>Are</u> Applicable to this Case.

TCSD and Mr. Elam contend that the statutes underlying Mrs. Anderson's negligence *per se* cause of action (Health and Safety Code §§ 5411 and 5412, Penal Code § 372, and Civil Code § 3480) "were not enacted to protect against overflows in an individual's home."[21]  The plain text of these statutes plainly provides otherwise.

Health and Safety Code § 5411 provides that "No person shall discharge sewage or other waste, or the effluent of treated sewage or other waste, <u>in any manner</u>

---

[21]     TCSD's Motion, at 16:19-20.

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

which will result in contamination, pollution or a nuisance." [emphasis added].  Although

TCSD contends that this statute was "not enacted to protect against overflows in on

individual's home,"[22] that plain text enacted by the Legislature, especially the words "in any

manner which will result in contamination," explicitly provides that there is no limit to

where the sewage discharge must be made to qualify as a nuisance under Health and Safety

Code § 5411.

Penal Code § 372 provides that "Every person who maintains or commits

any public nuisance, the punishment for which is not otherwise prescribed, or who willfully

omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a

misdemeanor."  The Complaint pleads Nuisance, without limiting that claim to either public

or private nuisance, and alleges facts sufficient to support claims for both public and private

nuisance.  The Complaint alleges facts sufficient to support a claim of public nuisance with

the words:

> Defendants constructed and maintained the portion of its sewage system
> adjacent to and/or serving Mrs. Anderson's residence and the residences
> of her neighbors in a manner that does not allow sufficient drainage of
> sewage away from Mrs. Anderson's residence during certain conditions,
> and that, in certain conditions, forces sewage from other TCSD
> customers into Mrs. Anderson's home.

Complaint, at ¶ 40.  Thus, the Complaint alleges that a portion of a public work, that portion

of TCSD's sewage system that is "adjacent to and/or serving Mrs. Anderson's residence and

the residences of her neighbors," constitutes a nuisance.  That fits adequately into the

statutory definition of a public nuisance:  ". . . one which affects at the same time an entire .

. . neighborhood, or any considerable number of persons, although the extent of the

annoyance or damage inflicted upon individuals may be unequal."  Civil Code § 3480.

---

[22]    TCSD's Motion, at 16:19-20.

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

Although Mrs. Anderson suffered most or all of the damage that has resulted from the

defective portion of TCSD's sewage system serving her neighborhood, she submits that this

portion is a public nuisance because it serves the entire neighborhood.  Thus, Penal Code §

372 is facially intended to protect Mrs. Anderson against the maintenance of such a

nuisance, and is therefor a proper basis for her negligence *per se* cause of action.  Cal. Evid

Code § 669 (negligence per se is adequately pled by alleging (1) violation of a statute; (2)

injury proximately caused by the violation; (3) injury resulting from harm the statute was

intended to prevent, and (4) that the person harmed was a member of the class the statute

was intended to protect.)

> **E.    Mrs. Anderson's Disparate Treatment Claims Are Well Pled, State Valid Claims against All Defendants, and May Be Pursued against TCSD under <u>Monell</u>.**

> > **1.    Mrs. Anderson's Disparate Treatment Claims Are Sufficiently Pled.**

This case was removed to the United States District Court, and the Federal

Rules of Civil Procedure therefore apply.  F. R. Civ. Proc. Rule 81(c)(1) ("These rules apply

to a civil action after it is removed from a state court.").  To withstand demurrer in State

Court, Mrs. Anderson would have to have pled "ultimate facts" supporting each claim for

relief.  Cal. Code Civ. Proc. § 425.10.  To withstand the extant motions to dismiss in this

Court, she needs to have made a short plain statement of her claim showing that she is

entitled to relief.  F. R. Civ. Proc. Rule 8(a)(2).

The crux of her disparate treatment claims is pled as follows:

> 78.   Based on the foregoing, Mrs. Anderson is informed and believes that *there is a disparity between Defendants' provision of due compensation to her and to their provision of compensation to other similarly-situated TCSD customers and other similarly-situated SDRMA intended beneficiaries* who are not of Asian race, of Indian Ancestry, senior citizenship, and/or female gender, and/or who have religious and

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

1
2
spiritual beliefs and practices shared by Defendants and/or more readily acceptable to Defendants.

3
4
5
6
79.  The foregoing alleged denials of compensation *based on* Mrs. Anderson's race, ancestry, age, and spiritual practices, *and the foregoing disparate treatment*, violate her rights under the First, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, under the Civil Rights Act of 1964, 42 USC § 2000d, *et seq.*, and under the Religious Freedom Restoration Act of 1993, 41 USC 2000bb, *et seq.,* and, accordingly, violate 42 USC § 1983.

7
Complaint, at ¶¶ 78-79.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
Bearing the pleading rules and the foregoing allegations in mind, it appears to Mrs. Anderson that she has given Defendants sufficient notice of her claims that they should not be dismissed.  As set forth in TCSD's own motion, "An individual may bring a claim for disparate treatment in violation of the equal protection clause under § 1983 by alleging that persons similarly situated to plaintiff, who are not in the same protected class, were treated differently."  *citing* <u>Ventura Mobilehome Comm. Owners Ass'n v. City of San Buenaventura</u>, 371 F. 3d 1046, 1055 (9th Cir. 2004). Mrs. Anderson has alleged that she was treated more poorly by TCSD, SDRMA, Mr. Elam, Pearce, and Mr. Griffith than others similarly situated based on her race, nationality, age, and religion.  TCSD and SDRMA are State entities, and engaged in the alleged disparate treatment as State actors.  Gender, race, age, and religion are all protected classifications for purposes of discrimination under the equal protection clause.

22
23
2.    **Defendants Are Mistaken to Argue that Mrs. Anderson's Eight Cause of Action Does Not State a Claim for which Relief May Be Granted.**

24
25
26
27
Discrimination of this kind is forbidden by the Constitution as a violation of a citizen's civil rights.  The Fourteenth Amendment provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Constitution,

28

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

Amendment 14, § 1. This "equal protection" clause forbids State entities such as TCSD and SDRMA to deny on person the same protection of the laws enjoyed by other persons in the same circumstances. <u>Kentucky Finance v. Paramount Auto Exchange</u>, 262 U.S. 544, 550, 43 S. Ct. 636, 67 L. Ed. 1112 (1923) ("meaning, of course, the protection of laws applying equally to all in the same situation."). All persons enjoy this protection with specific regard to their rights in their "property." *id.* ("To have denied that right would in effect have deprived the plaintiff of its property"). "[D]iscriminatory application of a facially neutral law" specifically violates the requirements of the Fourteenth Amendment. <u>Navarro v. Block</u>, 72 F 3d 712, 716 (9th Cir. 1995). The Equal Protection clause is aimed at all State-authorized agencies and instrumentalities. <u>Avery v. Midland County, Tex</u>, 390 U.S. 474, 479, 88 S. Ct. 1114, 20 L. Ed. 2d 45 (1968) ("The *Equal Protection Clause* reaches the exercise of state power however manifested, whether exercised directly or through subdivisions of the State"); <u>Cooper v. Aaron</u>, 358 U.S. 1, 17, 78 S. Ct. 1401; 3 L. Ed. 2d 19 (1958) ("Thus the prohibitions of the *Fourteenth Amendment* extend to all action of the State denying equal protection of the laws; whatever the agency of the State taking the action . . ."). Mrs. Anderson's claims against Mr. Elam are authorized by this rule because he is an official of a State-created entity. <u>United States v. Raines</u>, 362 U.S. 17, 25, 80 S. Ct. 519; 4 L. Ed. 2d 524 ("It is, however, established as a fundamental proposition that every state official, high and low, is bound by the Fourteenth and Fifteenth Amendments."). Mrs. Anderson's claims against Pearce and Mr. Griffith are authorized by this rule because they were retained by SDRMA and/or TCSD, State entities, to "adjust" Mrs. Anderson's claim against TCSD, a State entity, and were thus endowed with governmental powers and functions. <u>Evans v. Newton</u>, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966)

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

1   ("when private individuals or groups are endowed by the State with powers or functions

2   governmental in nature, they become agencies or instrumentalities of the State and subject

3   to its constitutional limitations").  Insofar as TCSD and SDRMA may have received federal

4   funds, making Defendants federal as well as state actors, the same rules of equality apply to

5   them under authority of the Fifth Amendment.  *e.g.*, Adarand Constructors, Inc., Petitioner

6   v. Pena, 515 U.S. 200, 224, 115 S. Ct. 2097, 132 L. Ed. 2d 158 (1980) ("'Equal protection

7   analysis in the *Fifth Amendment* area is the same as that under the *Fourteenth Amendment*,'

8   *Buckley v. Valeo, 424 U.S. at 93*") [original italics].

9

10        Disparate treatment specifically may not be based on race, creed, color, sex,

11  religion, or nationality.  Adarand Constructors, *supra*, at 223 ("'"Any preference based on

12  racial or ethnic criteria must necessarily receive a most searching examination,"'"), Miller

13  v. Johnson, 515 U.S. 900, 911, 115 S.Ct. 2475, 132 L. Ed. 2d 762 (1995) ("At the heart of

14  the Constitution's guarantee of equal protection lies the simple command that the

15  Government must treat citizens 'as individuals, not "as simply components of a racial,

16  religious, sexual or national class."").

17

18        Accordingly, Mrs. Anderson's Eighth Cause of Action, for disparate

19  treatment based on her race, gender, national origin, age, and religion, does state a claim for

20  which relief may be granted.

21        3.   **Monell Authorizes Mrs. Anderson to Proceed Against TCSD with
             Her Section 1983 Claim, as Pled.**

22        Mrs. Anderson agrees with TCSD and SDRMA that Monell v. Department

23  of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977), is controlling

24  authority on the issue of which of her claims may be made only against Mr. Elam, Mr.

25  Griffith, and Pearce, and which of her claims may also be made against TCSD and SDRMA

26

27

28

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

15

as well.  Mrs. Anderson disagrees with TCSD's assertion that she does not allege a pattern

and practice of prohibited discrimination by TCSD that has injured her.

In <u>Monell</u>, the Supreme Court carefully described the § 1983 liability of

governmental entities and their employees.

First, the <u>Monell</u> Court confirmed that Mr. Elam, as an employee of a

governmental entity, <u>can be held personally liable</u> for § 1983 violations he caused his

respective employer to commit.  In the words of the Supreme Court:

> our holding today that local governments can be sued under *§ 1983*
> necessarily decides that local government officials sued in their official
> capacities are "persons" under *§ 1983* in those cases in which, as here, a
> local government would be suable in its own name.

436 U.S., at 690, fn 55.

Second, the <u>Monell</u> Court confirmed that TCSD and SDRMA, as public

entities, <u>can</u> <u>be directly sued</u> by Mrs. Anderson for any § 1983 violations by which they

injured her, as long as those violations were either:  (a) official policy; <u>or</u> (b) <u>customary</u>

<u>behavior</u>.

> Our analysis of the legislative history of the Civil Rights Act of 1871
> compels the conclusion that Congress *did* intend municipalities and other
> local government units to be included among those persons to whom *§
> 1983* applies. Local governing bodies, therefore, can be sued directly
> under *§ 1983* for monetary, declaratory, or injunctive relief where, as
> here, the action that is alleged to be unconstitutional implements or
> executes a policy statement, ordinance, regulation, or decision officially
> adopted and promulgated by that body's officers.  Moreover, although the
> touchstone of the *§ 1983* action against a government body is an
> allegation that official policy is responsible for a deprivation of rights
> protected by the Constitution, local governments, like every other *§ 1983*
> "person," by the very terms of the statute, may be sued for constitutional
> deprivations visited pursuant to governmental "custom" even though
> such a custom has not received formal approval through the body's
> official decisionmaking channels.

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

436 U.S., at 690 [emphasis in original, footnote markers omitted].   The Supreme Court made that careful statement just prior to stating the narrow rule of government entity non-liability for claims made "*solely*" on a *respondeat superior* theory, stated as follows:  "we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under *§ 1983* on a *respondeat superior* theory."  *id.* [emphasis in original].  To make sure the Court was not misunderstood to have undone the general government-entity liability for § 1983 violations as a result of official policy *or custom*, the Supreme Court then re-iterated is prior statement of that liability:

> We conclude, therefore, that a local government may not be sued under *§ 1983* for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy *or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury *that the government as an entity is responsible under § 1983.*

436 U.S., at 694 [emphasis added].

As set forth above, Mrs. Anderson *does* allege, in paragraphs 78 and 79 or her complaint, that both TCSD and SDRMA injured her by engaging in "disparate treatment" based on the constitutionally and statutorily prohibited grounds of race, national origin, age, and religious belief.  If necessary, Mrs. Anderson would gladly amend these allegations to more clearly allege that TCSD and SDRMA "customarily" treat persons better than they have treated her when such persons are not of Asian race, of Indian ancestry, senior citizenship, *etc.*, but she submits that it is not necessary under the law to require her to do so because her use of the words "disparate treatment" "directly allege[] constitutional  deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

channels." 436 U.S., at 690. In her view, the words "disparate treatment" precisely describe a "custom," and a "pattern and practice," and therefore squarely meet the <u>Monell</u> criteria for direct actions against TCSD and SDRMA that are not based on a *respondeat superior* theory.

### F. Dismissal on the Ground of Anticipated Affirmative Defenses, such as Statutes of Limitations, Would Deprive Mrs. Anderson of the Opportunity to Examine the Factual Basis for those Defenses.

TCSD and Mr. Elam urge the Court to dismiss portions of Mrs. Anderson's claims on Statute of Limitations grounds.[23]  TCSD and Mr. Elam are entitled to assert statute of limitations as an affirmative defense in a responsive pleading. F. R. Civ. Proc. Rule 8(c). In response to such an assertion, Mrs. Anderson would be entitled to ask the Court consider whether any asserted statute applied, when, under the facts of this case, such a statute began to run, and whether there are any facts that might have tolled any statutes asserted by Defendants to bar her claims. Mrs. Anderson therefore believes that dismissal of her claims on a finding that a Defendant has met its burden of proving an affirmative defense is premature at this time. Mrs. Anderson has given adequate notice of her claims, and has alleged that she is entitled to relief from them. The burden now shifts to Defendants to make out their affirmative defenses.  <u>United States v. Poland, *et al.*,</u> 251 U.S. 221, 227-228, 40 S. Ct. 127, 64 L. Ed. 236 (1920).

### G. Mrs. Anderson's Interference Claim is Properly Pled.

Mrs. Anderson alleges interference against Mr. Elam, but not TCSD. TCSD and Mr. Elam urge dismissal of Mrs. Anderson's interference claim, not because it omits a

---

[23]     TCSD's Motion to Dismiss, at 13-15. (TCSD relies on a personal injury statute, CCP § 335.1, and a property damage statute, CCP § 338.  Inexplicably, it calculates from the date of the first sewage discharge, rather than from the dates of Defendants' alleged tortious acts and omission and alleged violations of Mrs. Anderson's right to equal protection.  Such statutes do not begin to run until a cause of action accrues).

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**

necessary element of such claims, but because it fails to allege ultimate facts. Again, in this Court, she need only to have made a short plain statement of her claim showing that she is entitled to relief, which she has done. F. R. Civ. Proc. Rule 8(a)(2). Her interference claim need allege only the following elements:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'

Korea Supply v. Lockheed Martin, 29 Cal. 4th 1134, 1153, 63 P.3d 937, 131 Cal. Rptr. 2d 29 (Cal. 2003). As set forth in more detail in her opposition to Pearce and Frankman and Millen Griffth's motion to dismiss, filed herewith, she alleges the first element in ¶ 69 and others, the second element in ¶ 70 and others, the third element in ¶¶ 61, 62, 71 & 77, the fourth element in ¶¶ ¶¶ 19, 22, 24, 48 c, d, e, f, and g, and the fifth element in ¶¶ 22 and 77, as well as others.

**III.    CONCLUSION.**

For the foregoing reasons, Plaintiff Marjory Anderson most respectfully requests this honorable Court to deny the motion of TCSD and Jon Elam to Dismiss or For More Definite Statement.

DATED:  July 31, 2008

_____/s/_____
Antonio L. Cortes,
Counsel for Plaintiff

---

**OPPOSITION TO TCSD'S MOTION TO DISMISS OR FOR DEFINITE STATEMENT**