1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

| MARJORY ANDERSON, | ) | CASE NO.  CV08-2354 VRW |
|---|---|---|
| Plaintiff, | ) | **PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE** |
| v. | ) | |
| TAMALPAIS COMMUNITY SERVICES DISTRICT, *et al.,* | ) | Hearing:  August 21, 2008<br>Time:  2:30 pm<br>Dept:  Courtroom 6, 17th Floor |
| Defendants | ) | Honorable Vaughn R. Walker |
| _____ | ) | |

17

18

19

20

Plaintiff, Marjory Anderson partially opposes Tamalpais Community

Services District's ("TCSD") and Jon Elam's motion filed June 17, 2008, to strike portions

of her complaint seeking exemplary or punitive damages, as follows.

21    **I.    INTRODUCTION**

22

23

24

25

26

TCSD and Jon Elam both ask the Court to completely strike all of Mrs.

Anderson's claims for punitive and exemplary damages against them.  In support of their

motion, they submit evidence that TCSD is a "public entity" and ask the Court to take

judicial notice of that evidence.  Mrs. Anderson has no objection to judicial notice of that

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

27

28

PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE

1   evidence.  Based on that evidence, Mrs. Anderson does not oppose the striking of her

2   punitive and exemplary damages claims against TCSD.

3
4           Mrs. Anderson does oppose striking her punitive and exemplary damages

5   claims against Mr. Elam, as set forth below.

6           In addition, Mrs. Anderson opposes any striking of her claims against either

7   TCSD or Mr. Elam for statutory amounts allegedly due her under the Unruh Civil Rights

8   Act, Cal. Civ. Code §§ 52(b)(2) and 52(b)(3), or under 42 USC §§ 1983, 1988(c), as further

9   set forth below.

10  **II.    ISSUES.**

11
12          Whether TCSD is immune from Mrs. Anderson's claims for punitive and

13  exemplary damages.  (Plaintiff concedes this issue).

14          Whether Mr. Elam is immune from Mrs. Anderson's claims for punitive and

15  exemplary damages.

16          Whether statutory damages sought by Mrs. Anderson under the Unruh Civil

17  Rights Act, Cal. Civ. Code §§ 52(b)(2) and 52(b)(3), or under 42 USC §§ 1983, 1988(c) are

18  within TCSD's public-entity immunity from exemplary or punitive damages.

19
20  **III.   POINTS AND AUTHORITIES**

21          **A.    TCSD's Immunity from Punitive and Exemplary Damages Claims Does
                    Not Extend to Its Officers, Employees, or Agents.**

22          Cal. Government Code § 818 provides, in its entirety, that:

23
24          Notwithstanding any other provision of law, a public entity is not liable
            for damages awarded under Section 3294 of the Civil Code or other
25          damages imposed primarily for the sake of example and by way of
            punishing the defendant.

26

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

27

28

PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE

1    Nothing in that language indicates any immunity from punitive damages for employees of

2    public entities.

3          Accordingly, California Courts applying Cal. Government Code § 818 to

4    claims of exemplary damage immunity by officers or employees of public entities have

5    found that they have no immunity from such damages under § 818. *See, e.g.*, <u>Runyon v.</u>

6    
7    <u>Superior</u> Court, 187 Cal App 3d 878, 881, 232 Cal Rptr 101 (Cal App 4th Dist, 1986)

8    ("Section 818 setting forth the immunity from punitive damages expressly pertains only to

9    public entities. There is no corresponding immunity provision pertaining to public

10   employees."); <u>Austin v. Regents of University of California</u>, 89 Cal App 3d 354, 359 152

11   
12   Cal Rptr 420 (Cal App 2d Dist, 1979) (No punitive damages against the U.C. Regents but

13   "there is no restriction against claiming punitive damages as against" the Regents'

14   employee physician).

15         TCSD appears to argue, however, that the Courts of California have it wrong

16   on this point, because Mrs. Anderson's suit against Mr. Elam, being a suit against him in his

17   official capacity, is actually a suit against TCSD, and that he is therefore also immune.

18   Mrs. Anderson disagrees with that analysis for two reasons.  First, she submits that the

19   Court should honor the California Courts' construction of California Government Code §

20   
21   818, which consistently hold that § 818 provides no immunity for Mr. Elam.  Second, Mrs.

22   Anderson has not alleged that she sues Mr. Elam solely in his capacity as a TCSD official.

23   Complaint, ¶ 3 ("Defendant Joe Elam was the General Manager of TCSD.  Plaintiff sues

24   Defendant Elam in that capacity *and also as an individual*." [emphasis added]).  Mr. Elam

25   cites no reason Mr. Anderson cannot sue him as an individual.  More importantly, though,

26   

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

27   
28   

3
PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE

even to the extent she does so, he has no § 818 immunity.  Runyon v. Superior Court, *supra*,

at 881, Austin v. Regents of University of California, *supra*, at 359.

Accordingly, Mrs. Anderson opposes striking her punitive and exemplary

damages claims against Mr. Elam, but does not oppose striking those claims insofar as the

Complaint seeks them from TCSD.

**B.      TCSD's Statutory Immunity from Punitive Damages Does Not Extend to Statutory Damages under The Unruh Civil Rights Act or 42 USC § 1988.**

The Statutory immunity of a public entity under Government Code § 818

does not extend to "statutory damages" due Mrs. Anderson under Cal. Civil Code §

52(b)(2)  Los Angeles County Metropolitan Transportation Authority v. Superior Court,

123 Cal App 4th 261, 268, 20 Cal Rptr 3d 92 (Cal App 2d Dist, 2004) ("*section 52,*

*subdivision (b)(2)*, establishes a separate remedial category that is distinct from the

exemplary damages provided for in *section 52, subdivision (b)(1)*" and is therefore not

governed by Government Code § 818).  The rationale of the Los Angeles County

Metropolitan Transportation Authority Court, that Cal. Civil Code § 52(b)(2) provides for

damages that are separate and distinct from exemplary damages provided for in another

portion of the same act, equally applies to the separate attorney-fee and expert-fee

provisions of 42 USC § 1988 applicable to Mrs. Anderson's federal claims under §1983.

There is no reason to consider a State entity immune from liability from statutory damages

under 42 USC § 1988 to a greater extent than it is immune from statutory damages under

Government Code § 818.  *accord,* Los Angeles County Metropolitan Transportation

Authority*, supra*, at 266-267.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE

1      Accordingly, TCSD is not immune to the damages sought by Mrs. Anderson

2  against TCSD for violations of the Unruh Civil Rights Act in ¶ 83 of her complaint ("a civil

3  penalty of $25,000 from each Defendant for each act of his or its alleged discrimination"),

4  or ¶ 84 of her complaint ("her reasonable attorneys' fees incurred in prosecuting this

5  action")

6

7      Accordingly, TCSD is not immune to the damages sought by Mrs. Anderson

8  against TCSD for violations of 42 USC § 1983 in ¶ 84 of her complaint ("her reasonable

9  attorneys' fees incurred in prosecuting this action"), or ¶ 85 of her complaint ("expert

10 witness fees necessary to prove her discrimination").

11 **IV.    CONCLUSION.**

12

13     For the foregoing reasons, Mrs. Anderson does not oppose the striking of her

14 punitive damages claims stated in ¶¶ 44, 52, 66, 74, 82, 86, and 86(b) of her complaint *to*

15 *the extent they apply to TCSD*, a public entity.  Mrs. Anderson does most respectfully

16 oppose the striking of those paragraphs as they apply to Mr. Elam, and would oppose any

17 effort to strike her claims in ¶¶ 83, 84, or 85 of her complaint.

18

19 DATED:  July 31, 2008

20                                    _____/s/_____

21                                    Antonio L. Cortes,
                                       Counsel for Plaintiff

22

23

24

25

26

ANTONIO L. CORTÉS  27
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919  28
                                                        5
PARTIAL OPPOSITION TO TCSD'S MOTION TO STRIKE