ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TAMALPAIS COMMUNITY<br>SERVICES DISTRICT, *et al.,*<br><br>　　　　　　Defendants | CASE NO. CV08-2354 VRW<br><br>**LIMITED NON-OPPOSITION TO SDRMA'S MOTION TO STRIKE**<br><br>Hearing: August 21, 2008<br>Time:  2:30 pm<br>Dept: Courtroom 6, 17th Floor<br><br>Honorable Vaughn R. Walker |

　　　　Plaintiff, Marjory Anderson does not oppose Special District Risk Management Authority's ("SDRMA") motion, filed June 17, 2008, to strike portions of her complaint seeking exemplary or punitive damages, as long as that striking is limited to her claims for exemplary or punitive damages, as opposed to statutory damages, as follows.

**I.　　INTRODUCTION**

　　　　SDRMA asks the Court to completely strike all of Mrs. Anderson's claims for punitive and exemplary damages against it. In support of its motion, it submits evidence that SDRMA is a "public entity" and asks the Court to take judicial notice of that evidence. Mrs. Anderson has no objection to the judicial notice of that evidence. Based on that

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

1
LIMITED NON-OPPOSITION TO SDRMA'S MOTION TO STRIKE

evidence, Mrs. Anderson does not object to striking her punitive and exemplary damages claims against SDRMA.

Mrs. Anderson would, however, oppose any striking of her claims for statutory amounts due her under the Unruh Civil Rights Act, Cal. Civ. Code §§ 52(b)(2) and 52(b)(3), or under 42 USC §§ 1983, 1988(c), as further set forth below.

## II.   ISSUES.

Whether, as a public entity, SDRMA is immune to claims for exemplary or punitive damages. (Plaintiff concedes this issue).

Whether statutory damages sought by Mrs. Anderson under the Unruh Civil Rights Act, Cal. Civ. Code §§ 52(b)(2) and 52(b)(3), or under 42 USC §§ 1983, 1988(c) are within SDRMA's public-entity immunity from exemplary or punitive damages.

## III.   POINTS AND AUTHORITIES

### A.   TCSD's Statutory Immunity from Punitive Damages Does Not Extend to Statutory Damages under the Unruh Civil Rights Act or 42 USC § 1988.

Cal. Government Code § 818 provides, in its entirety, that:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

Nothing in that language indicates any immunity from statutory punitive damages not imposed primarily for the sake of punishment or example.

California's Courts have consequently held that the Statutory immunity of a public entity under Government Code § 818 does not extend to "statutory damages" due Mrs. Anderson under Cal. Civil Code § 52(b)(2)  <u>Los Angeles County Metropolitan</u>

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

LIMITED NON-OPPOSITION TO SDRMA'S MOTION TO STRIKE

Transportation Authority v. Superior Court, 123 Cal App 4th 261, 268, 20 Cal Rptr 3d 92 (Cal App 2d Dist, 2004) ("*section 52, subdivision (b)(2)*, establishes a separate remedial category that is distinct from the exemplary damages provided for in *section 52, subdivision (b)(1)*" and is therefore not governed by Government Code § 818).  The rationale of the Los Angeles County Metropolitan Transportation Authority Court, that Cal. Civil Code § 52(b)(2) provides for damages that are separate and distinct from exemplary damages provided for in another portion of the same act, equally applies to the separate attorney-fee and expert-fee provisions of 42 USC § 1988 applicable to Mrs. Anderson's federal claims under §1983.  There is no reason to consider a State entity immune from liability from statutory damages under 42 USC § 1988 to a greater extent than it is immune from statutory damages under Government Code § 818.  *accord,* Los Angeles County Metropolitan Transportation Authority, *supra*, at 266-267.

   Accordingly, SDRMA is not immune to the damages sought by Mrs. Anderson against TCSD for violations of the Unruh Civil Rights Act in ¶ 83 of her complaint ("a civil penalty of $25,000 from each Defendant for each act of his or its alleged discrimination"), or ¶ 84 of her complaint ("her reasonable attorneys' fees incurred in prosecuting this action")

   Accordingly, SDRMA is not immune to the damages sought by Mrs. Anderson against SDRMA for violations of 42 USC § 1983 in ¶ 84 of her complaint ("her reasonable attorneys' fees incurred in prosecuting this action"), or ¶ 85 of her complaint ("expert witness fees necessary to prove her discrimination").

/ / /

### III. CONCLUSION.

LIMITED NON-OPPOSITION TO SDRMA'S MOTION TO STRIKE

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

For the foregoing reasons, Mrs. Anderson does not oppose the striking of her punitive damages claims stated in ¶¶ 44, 52, 66, 74, 82, 86, and 86(b) of her complaint to the extent they apply to SDRMA, a public entity. Mrs. Anderson would, however, most respectfully oppose any effort to strike her claims in ¶¶ 83, 84, or 85 of her complaint.

DATED: July 31, 2008

                                            _____/s/_____
                                            Antonio L. Cortes,
                                            Counsel for Plaintiff

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4
LIMITED NON-OPPOSITION TO SDRMA'S MOTION TO STRIKE