ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TAMALPAIS COMMUNITY<br>SERVICES DISTRICT, *et al.,*<br><br>　　　　　Defendants | CASE NO. CV08-2354 VRW<br><br>**OPPOSITION TO SDRMA's MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Hearing: August 21, 2008<br>Time: 2:30 pm<br>Dept: Courtroom 6, 17th Floor<br><br>Honorable Vaughn R. Walker |

　　　　Plaintiff, Marjory Anderson partially opposes the Motion to Dismiss or for a More Definite Statement, filed June 25, 2008 by Special District Risk Management Authority ("SDRMA"), as follows.

**I.　INTRODUCTION.**

　　　　SDRMA asks the Court to completely dismiss all of Mrs. Anderson's claims against it. In support of its motion, it argues that because it can be considered the functional equivalent of an insurer, it cannot be sued directly because of the "two-action rule" developed by interpreting Insurance Code § 11580(b)(2). In addition, by means of an administrative motion to join, which Mrs. Anderson does not oppose, SDRMA also

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

1
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE

incorporates, by reference, all of the points and authorities submitted by Tamalpais Community Services District (TCSD) in its own June 6, 2008 Motion to Dismiss or for More Definite Statement, and asks this honorable Court to dismiss Mrs. Anderson's claims against SDRMA for those reasons as well.

As set forth below, Mrs. Anderson has adequately alleged all three of its causes of action against SDRMA and none of them should be dismissed.

## II. ISSUES.

Whether SDRMA should be dismissed on the basis of the "two-action rule" derived from Insurance Code § 11580(b)(2) even though SDRMA is not an insurer and TCSD has no policy of insurance with SDRMA that would be governed by § 11580(b)(2) if SDRMA were an insurer.

Whether, even if SDRMA were an insurer, § 11580(b)(2) would prevent it from being sued for its own violations of the Equal Protection Clause.

Whether, even if SDRMA were an insurer, § 11580(b)(2) would prevent it from being sued for its own acts of theft, conversion, and waste.

Whether SDRMA should be dismissed on the basis of its joinder in TCSD's June 6, 2008 motion to dismiss.

## III. POINTS AND AUTHORITIES

### A. Introduction.

When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. Sun Savings & Loan v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987). For a motion to dismiss to be granted, it must appear to a certainty that the

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

2
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE

plaintiff would not be entitled to relief under any set of facts that could be proved. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

### B. Insurance Code § 11580(b), and the "Two-Action Rule" Based on It, Are Both Inapplicable to SDRMA.

California's Insurance Code § 11580(b)(2) simply requires insurers licensed in California and regulated by the Insurance Code to place a clause in each of their insurance policies providing that:

> whenever judgment is secured against the insured or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment .

Insurance Code § 11580(b)(2). There is no other basis in California law for requiring a claimant to reduce a claim against an insured to judgment before making a claim against its insurer. All the authorities cited by SDRMA for the proposition that Mrs. Anderson cannot directly sue it in this action are careful to properly confine California's "two-action rule" to the parameters of Insurance Code § 11580(b)(2). They consistently hold that before proceeding against *an insurer* governed by Insurance Code § 11580(b)(2) *on a policy* containing the language required by Insurance Code § 11580(b)(2), a plaintiff must first obtain a judgment against the insured.

Accordingly, to be dismissed from this action on the basis of Insurance Code § 11580(b)(2) and the cases applying it, SDRMA must first establish both: (a) that it is an *insurer* governed by Insurance Code § 11580(b)(2) and; (b) that its responsibility to settle claims against TCSD arises from an *insurance policy* containing the language required by Insurance Code § 11580(b)(2). SDRMA has not, and cannot, establish either of these

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

3
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE

things, and therefore lacks the necessary factual predicate for the relief it seeks in its motion. As conceded by SDRMA, California Government Code § 990.8(c)[1] *prevents* SDRMA from being considered an insurer for the purposes of seeking protection from Insurance Code § 11580(b)(2) or the "two-action" rule it embodies, or from writing an insurance policy subject to Insurance Code § 11580(b)(2). Thus, it cannot avail itself of the "two-action rule" based on that section, as it attempts to do here.

Confusingly, however, certain language SDRMA's motion appears to indicate that this Court has already ruled to the contrary, which it certainly has not done and cannot do without violence to the text of Insurance Code § 11580(b)(2), and Mrs. Anderson thus wishes the Court to carefully examine that language. In footnote 1 on page 3 of its motion, SDRMA states:

> However, SDRMA can be considered to be providing the "functional equivalent of insurance" to its' [sic] members and employees for the purposes of analyzing Plaintiffs' [sic] complaint under dismissal standards pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Marcelos v. Dominguez*, 2008 WL 1820683, at *1 (N.D. Cal. 2008), *citing Cahill v. Liberty Mut. Ins. Co.,* 80 F. 3d 336, 340 (9th Cir. 1996).

A reasonable person reading that passage might understand this passage to say that the Dominguez decision somehow stands for the proposition that SDRMA can be considered an insurer for the purposes of its motion to dismiss, or that the "two-action rule" can therefore be applied to it on the basis of that functional equivalence. Because, however, the Dominguez case is a TILA case in which no parties are insurers, and no parties are providers of any functional equivalent of insurance, and no motion has been made addressing the issue of whether an entity such as SDRMA might or might not be considered

---

[1] Liability sharing pools such as SDRMA "shall not be considered insurance nor be subject to regulation under the Insurance Code."

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE

to be providing the functional equivalent of insurance, that decision provides no authority supporting SDRMA's position that it has some kind of protection under the "two action rule" or Insurance Code § 11580(b)(2).

Accordingly, because SDRMA is not an insurer, and because it is statutorily barred by Government Code 990.8(c) from taking refuge in the "two-action rule" or Insurance Code § 11580(b)(2), it cannot seek dismissal of Mrs. Anderson's claim against it on the basis of that rule or that section.

### C. Even if Applicable, Insurance Code § 11580(b)(2) Would Provide No Relief from Mrs. Anderson's Claims against SDRMA.

Insurance Code § 11580(b)(2) requires regulated insurers to include, in their insurance policies, a provision allowing an action by a claimant on a "judgment secured against the insured or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage." To the extent this requirement has been construed as prohibiting a direct action prior to obtaining such a judgment against an insured, it only does so for claims for "bodily injury, death, or property damage." There is no textual or logical basis for construing this statute as providing total immunity from all manner of legal action whatsoever to all insurers to which the § 11580(b)(2) applies.

Mrs. Anderson's Sixth Cause of Action alleges that SDRMA *itself*, and/or its employees or contractors, stole, converted, or wasted her personal property. Her Eighth Cause of Action alleges that SDRMA *itself* violated Mrs. Anderson's rights under the Fourteenth Amendment's Equal Protection Clause and other laws. Mrs. Anderson alleges that SDRMA itself, along with others, has wronged her in these ways. Neither of these claims directly against SDRMA could be dismissed under § 11580(b)(2) even if SDRMA

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

5
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE

were an insurer because they allege a violation of Mrs. Anderson's rights *by SDRMA* and the theft, conversion, or waste of her property *by SDRMA*, not just by TCSD. Further, even if § 11580(b)(2) applied to SDRMA, which it does not, it cannot be construed as insulating an insurer from equal protection claims. By its own terms, it applies only to "bodily injury, death, or property damage" claims.

### D. SDRMA's Joinder in TCSD's Motion to Dismiss.

SDRMA has made an administrative motion to join in TCSD's motion to dismiss. Mrs. Anderson understands that motion to seek to dismissal of SDRMA to the extent and for the same reasons sought by TCSD in its motion to dismiss. To the extent SDRMA is permitted to join TCSD's motion to dismiss, Mrs. Anderson incorporates herein its opposition to TCSD's motion to dismiss, filed herewith. It has no governmental immunity for the reasons stated in Mrs. Anderson's opposition to TCSD's motion, is liable for Mrs. Anderson's disparate treatment claims for the reasons stated in that opposition, and is otherwise not subject to dismissal for those same reasons.

### III. CONCLUSION.

For the foregoing reasons, Mrs. Anderson most respectfully opposes the dismissal of her complaint with prejudice as requested by Pearce and Mr. Griffith. To the extent Mrs. Anderson's pleading may be found insufficient to support her claims, she most respectfully begs leave to amend them to cure any such insufficiency.

DATED: July 30, 2008

_____/s/_____
Antonio L. Cortés,
Counsel for Plaintiff

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

6
OPPOSITION TO SDRMA'S MOTION TO DISMISS OR MORE DEFINITELY STATE