ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARJORY ANDERSON, | ) | CASE NO.  CV08-2354 VRW |
| | ) | |
| Plaintiff, | ) | **OPPOSITION TO PEARCE AND** |
| | ) | **GRIFFITH'S MOTION TO** |
| v. | ) | **STRIKE** |
| | ) | |
| TAMALPAIS COMMUNITY | ) | Hearing:  August 21, 2008 |
| SERVICES DISTRICT, *et al.*, | ) | Time:  2:30 pm |
| | ) | Dept:  Courtroom 6, 17th Floor |
| | ) | |
| Defendants | ) | Honorable Vaughn R. Walker |
| | ) | |
| | ) | |

        Plaintiff, Marjory Anderson partially opposes the Motion to Strike filed June

25, 2008 by Pearce and Frankman, Inc. ("Pearce") and Millen Griffith, as follows.

I.        INTRODUCTION.

        Pearce and Mr. Griffith ask the Court to completely strike all of Mrs.

Anderson's claims for punitive and exemplary damages against them.  In support of their

motion, they cite numerous decisions of California Courts discussing California State Court

standards for pleading punitive and exemplary damages, then urge this Court to strike Mrs.

Anderson's exemplary damages claims based on those decisions.  Mrs. Anderson opposes

that motion because she believes the Federal Rules of Civil Procedure govern the

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

1

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

1   sufficiency of her allegations, and because she believes her exemplary damages allegations

2   meet the pleading requirements of F. R. Civ. Proc. Rule 8.

3   **II.    ISSUES.**

4         Whether Plaintiff has adequately alleged her punitive and exemplary

5   damages claims against Defendants Pearce and Mr. Griffith.

6

7   **III.    POINTS AND AUTHORITIES**

8       **A.    Standards.**

9         When a court considers a motion to dismiss, all allegations of the complaint

10  are construed in the plaintiff's favor.  <u>Sun Savings & Loan  v. Dierdorff</u>, 825 F.2d 187, 191

11  (9th Cir. 1987). For a motion to dismiss to be granted, it must appear to a certainty that the

12  plaintiff would not be entitled to relief under any set of facts that could be proved.  <u>Wool v.</u>

13  <u>Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

14

15      **B.    The Federal Rules of Civil Procedure Govern the Sufficiency of Mrs.
       Anderson's Exemplary Damages Allegations.**

16        This case, brought it the Superior Court of California, was removed to this

17  Court.  Accordingly, the Federal Rules of Civil Procedure apply.  F. R. Civ. Proc. Rule

18  81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

19  Pearce and Mr. Girffith declined to waive service, and were consequently served after the

20  case was removed.   To withstand demurrer in State Court, Mrs. Anderson needed to plead

21  "ultimate facts" supporting each of her claims for relief.  Cal. Code Civ. Proc. § 425.10.  In

22  this Court, by contrast, she needs to have made a short plain statement of her claim showing

23  that she is entitled to relief.  F. R. Civ. Proc. Rule 8(a)(2).

24  */ / /*

25

26

27

28

**C.**  **Mrs. Anderson's Exemplary Damages Allegations Meet the Requirements of Federal Pleading.**

**1.**  **Mrs. Anderson's Relevant Allegations.**

Portions of Mrs. Anderson's Complaint relevant to her exemplary damages claims against Pearce and Mr. Griffith include the following:

[From the Sixth Cause of Action]

61.   On information and belief, TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, and/or Millen permitted, employed, hired, and/or contracted with Does 11 through 15 to clean sewage filth from Mrs. Anderson's home and to perform limited repairs to Mrs. Anderson's home.

62.   While performing such cleaning and repairs, the foregoing Defendants removed and/or caused to be removed a large number of valuable items of personal property belonging to Mrs. Anderson from her home and property without her knowledge or consent and against her wishes.

63.   On information and belief, the foregoing Defendants *either converted such property to their own use, intentionally stole it, wantonly and willfully disposed of it without regard to Mrs. Anderson's ownership interest in said property, or wasted it while it was in their control.*

64.   On information and belief, Does 11 through 15 converted, stole, disposed of, or wasted said property with the complicity or tacit consent of one or more of Defendants TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, and/or Millen.

66.   *Mrs. Anderson is entitled to punitive and exemplary damages from TCSD, Joe Elam, Board of Trustees, SDRMA, Pearce, Millen, and Does 11 through 15 for said conversion, theft, or waste in an amount to be determined at trial to be between $90,000 and $405,000.*

[From the Seventh Cause of Action]

68.   On information and belief, TCSD and SDRMA had a contractual relationship or business expectance pursuant to which SDRMA was obligated to settle claims of third parties to whom TCSD was liable for damages of the type claimed by Mrs. Anderson.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

69.   As a customer of TCSD, Mrs. Anderson was an intended third-party beneficiary of that alleged contractual relationship or business expectance.

70.   Pearce, Griffith, Elam, and SDRMA each knew of that alleged contractual relationship or business expectance.

71.   *Pearce, Griffith, Elam, and SDRMA each interfered with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance*

72.   As a direct and proximate result of that interference, Mrs. Anderson has been damaged in an amount to be proven at trial to exceed $450,000.00.

74.   The interference by Pearce, Griffith, Elam, and SDRMA with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance *was legally and/or actually malicious.*

75.   *Because Pearce, Griffith, Elam, and SDRMA's interference with was legally and/or actually malicious, Mrs. Anderson is entitled to punitive damages from Pearce, Griffith, Elam, and SDRMA in an amount to be proven at trial to be between $900,000 and $4,050,000.*

[From the Eighth Cause of Action]

76.   Mrs. Anderson is entitled to be considered for compensation from Defendants for damages she has suffered from the two sewage invasions without regard to her race, nationality, age, gender, or spiritual and religious beliefs.

77.   Based on the foregoing allegations in this complaint, Mrs. Anderson is informed and believes that Defendants' failure and refusal to provide her that compensation was and is motivated, at least in part, by her Asian race, her Indian ancestry, her age, her spiritual practices, and her gender, as indicated by Defendants' verbal and written communications to her, the patronizing tone of those communications, Defendants' insistence in addressing her as "Marge" when denying her the compensation she was entitled to receive, the fact that she never addressed any Defendant by his first name or expressed acceptance for their addressing her as "Marge," Defendants' repeated sarcastic remarks belittling Mrs. Anderson's efforts to discuss compensation with Defendants, such as "Oh, and you are an expert on sewage!," Defendants' unsolicited and unwelcomed verbal and written remarks expressing their consciousness of her Asian race, her Indian nationality,

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

her age, and her spiritual practices, and by Defendants' demeanor when delivering the foregoing communications to her

78.    Based on the foregoing, *Mrs. Anderson is informed and believes that there is a disparity between Defendants' provision of due compensation to her and to their provision of compensation to other similarly-situated TCSD customers and other similarly-situated SDRMA intended beneficiaries* who are not of Asian race, of Indian Ancestry, senior citizenship, and/or female gender, and/or who have religious and spiritual beliefs and practices shared by Defendants and/or more readily acceptable to Defendants.

79.    The foregoing alleged denials of compensation based on Mrs. Anderson's race, ancestry, age, and spiritual practices, and the foregoing disparate treatment, violate her rights under the First, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, under the Civil Rights Act of 1964, 42 USC § 2000d, *et seq.*, and under the Religious Freedom Restoration Act of 1993, 41 USC 2000bb, *et seq.*, and, accordingly, violate 42 USC § 1983.

82.    *Pursuant to Cal. Civil Code § 52(a), Mrs. Anderson is entitled to treble damages of over $3 million from* each of TCSD, SDRMA, Elam, *Pearce, and Griffith*, for each of their alleged acts of discrimination.

86.    *Pursuant to State statutes such as Civil Code § 3294, Mrs. Anderson is entitled to punitive and exemplary damages in an amount to be proven at trial to be between $2 million and $9 million.*

Complaint at ¶¶ 61-64, 68-72, 74-76, 77-79, 82, and 86 [emphasis added].

## 2.    Federal Standards Regarding the Sufficiency of Those Allegations.

Regardless of State procedure (with which Mrs. Anderson believes she has also complied), those allegations <u>are</u> adequately pled under the Federal Rules now applicable in this case.

Under the Federal Rules, Mrs. Anderson need only make "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for that relief." F. R. Civ. Proc. Rule 8(a)(2) and (3). Under the Federal Rules, the only claims requiring heightened specificity of the type discussed in Defendants' State precedents are

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

5

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

those required by Rule 9, which does no enumerate claims for punitive or exemplary

damages as requiring heightened factual specificity.  As set forth by one recent decision of

another U.S. District Court in this State:

> Defendant correctly observes that California case law generally
> establishes a heightened pleading standard to recover punitive damages
> under *Section 3294. See, e.g., Smith v. Superior Court, 10 Cal. App. 4th
> 1033, 1041-1042, 13 Cal. Rptr. 2d 133 (1992)*; *Brousseau v. Jarrett, 73
> Cal. App. 3d 864, 872, 141 Cal. Rptr. 200 (1977)* ("conclusory
> characterization of defendant's conduct as intentional, willful and
> fraudulent is a patently insufficient statement . . . [for] *section 3294*");
> *G.D. Searle & Co. v. Superior Court, 49 Cal. App. 3d 22, 28-29, 122
> Cal. Rptr. 218 (1975)* ("certain tortious injuries demand firm
> allegations"). Defendant argues Plaintiff has failed to meet that standard
> in this case. Rather, Defendant states Plaintiff has failed to allege
> sufficient facts, and the facts alleged are too conclusory and general.
>
> However, Defendant's reliance on California law is misplaced. The
> Federal Rules of Civil Procedure, not California law, govern the
> sufficiency of Plaintiff's pleading. *Rule 8 of the Federal Rules of Civil
> Procedure* provides pleadings "shall contain . . . a short and plain
> statement of the claim showing that the pleader is entitled to relief." *Fed.
> R. Civ. P. 8(a)*. Additionally, *Rule 9* states "[m]alice, intent, knowledge,
> and other condition of mind of a person may be averred generally." *Fed.
> R. Civ. P. 9(b)*. This Rule does not require "*any* particularity in
> connection with an averment of intent, knowledge or condition of the
> mind." *Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1019 (S.D. Cal.
> 2000)* (quoting *In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th
> Cir. 1994)* (en banc)) (emphasis in original). Rather, "[i]n federal court, a
> plaintiff may include a 'short and plain' prayer for punitive damages that
> relies entirely on unsupported and conclusory averments  of malice or
> fraudulent intent." *Id.*

Lear v. Louisville Ladder, Inc., Case No. 07cv1404 DMS (S. D. Cal., October 9, 2007),

2007 U.S. Dist. LEXIS 75007, at *3-4 [emphasis in original]; *accord* Securimetrics, Inc. v.

Hartford Casualty Insurance Co.,   Case No. C 05-00917 CW (N.D. Cal., July 21, 2005),

2005 U.S. Dist. LEXIS 44893, at *8-9.

### 3.        Application of Federal Standards to Mrs. Anderson's Complaint.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

As set forth above, Mrs. Anderson made a short plain statement of the fact underlying the three causes of action against Pearce and Mr. Griffith, made a short plain allegation of the requisite culpability predicating the exemplary damages, and made a short plain prayer for those damages.

Specifically, the alleged facts for such damages in the Sixth Cause of action include theft and conversion. Those are a proper basis for an award of exemplary damages under Civ. Code § 3794.[1] The Seventh Cause of action alleges that the alleged interference by Pearce and Mr. Griffith "was legally and/or actually malicious." Complaint at ¶ 73. Such "conclusory allegations" are adequate in Federal Pleading. <u>Lear</u>, *supra*, at *4 [see quoted language above]. The Eighth Cause of action alleges that Pearce and Mr. Griffith discriminated against Mrs. Anderson by denying her protection available to other citizens due to her race, nationality, age, and religious beliefs, thereby violating 42 U.S.C. §1983 and the Unruh Civil Rights Act, Cal. Civil Code § 51, *et seq.* Complaint at ¶¶ 79-80. This is a proper factual predicate for exemplary damages under either Cal. Civil Code § 52(a) and Cal. Civil Code § 3794.

## III.    CONCLUSION.

For the foregoing reasons, Mrs. Anderson opposes the striking of the punitive damages claims stated in her complaint to the extent they apply to Pearce or Mr. Griffith. To the extent Mrs. Anderson's pleading may be found insufficient to support her punitive damages claims against these two parties, she most respectfully begs leave to amend them to cure any such insufficiency.

DATED: July 31, 2008

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---

[1]      *See, e.g.*, <u>Arzaga v. Villalba</u>, 85 Cal. 191, 24 P. 646 (Cal. 1890).

7

OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE

1

2
                                                    _____/s/_____
3                                                   Antonio L. Cortes,
                                                    Counsel for Plaintiff
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANTONIO L. CORTÉS
528 WISTERIA WAY    27
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919  28
                                                    8
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO STRIKE