ANTONIO L. CORTÉS
Attorney at Law
Bar No. 142356
528 Wisteria Way
San Rafael, California 94903
Tel: 415-256-1911
Fax: 415-256-1919

Attorney for Plaintiff
Marjory Anderson

UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARJORY ANDERSON, | ) | CASE NO. CV08-2354 VRW |
| Plaintiff, | ) | **OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** |
| v. | ) | |
| TAMALPAIS COMMUNITY SERVICES DISTRICT, *et al.,* | ) | Hearing: August 21, 2008<br>Time: 2:30 pm<br>Dept: Courtroom 6, 17th Floor |
| Defendants | ) | Honorable Vaughn R. Walker |

Plaintiff, Marjory Anderson partially opposes the Motion to Dismiss or for a More Definite Statement, filed June 25, 2008 by Pearce and Frankman, Inc. ("Pearce") and Millen Griffith, as follows.

**I.   INTRODUCTION.**

Pearce and Mr. Griffith ask the Court to completely dismiss all of Mrs. Anderson's claims against them, with prejudice. In support of their motion they argue that Mrs. Anderson has not adequately pled her claims against them for theft, conversion and/or waste, wrongful interference with a prospective economic advantage, and disparate treatment in violation of the Fourteenth Amendment and the Unruh Civil Rights Act.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

As set forth below, Mrs. Anderson has adequately alleged all three of those causes of action and they should not be dismissed.

**II.     ISSUES.**

Whether Mrs. Anderson has adequately pled her sixth cause of action for theft, conversion and/or waste against Pearce and Mr. Griffith.

Whether Mrs. Anderson has adequately pled her seventh cause of action for for wrongful interference with a prospective economic advantage against Pearce and Mr. Griffith.

Whether Mrs. Anderson has adequately pled her eighth cause of action for disparate treatment against Pearce and Mr. Griffith.

Whether Pearce and Griffith were State actors properly subject to liability for their alleged violations of the Fourteenth Amendment and 42 U.S.C. § 1983.

Whether Mrs. Anderson has alleged discrimination and disparate treatment, making Pearce and Mr. Griffith liable under the Unruh Civil Rights Act.

**III.    POINTS AND AUTHORITIES**

   **A.    Introduction.**

When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. Sun Savings & Loan v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987). For a motion to dismiss to be granted, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Many of Pearce and Mr. Griffith's arguments for dismissal of Mrs. Anderson's claims contain various assertions regarding her ability to prove the facts she

2
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

alleges. In considering this motion to dismiss, however, all of Mrs. Anderson's allegations should be taken as true.

### B. Mrs. Anderson Has Adequately Pled the Elements of Interference.

The tort of intentional interference with a prospective economic advantage consists of the following elements:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Korea Supply v. Lockheed Martin, 29 Cal. 4th 1134, 1153, 63 P.3d 937, 131 Cal. Rptr. 2d 29 (Cal. 2003).

Mrs. Anderson has pled that she has an economic relationship with TCSD and SDRMA. Complaint at ¶ 69 ("As a customer of TCSD, Mrs. Anderson was an intended third-party beneficiary of that alleged contractual relationship or business expectance"), ¶ 39 ("TCSD was the owner and operator of the sewage system serving Mrs. Anderson's residence"); ¶ 68 ("TCSD and SDRMA had a contractual relationship or business expectance pursuant to which SDRMA was obligated to settle claims of third parties to whom TCSD was liable for damages of the type claimed by Mrs. Anderson."), ¶ 7 (SDRMA provided actual or *de facto* insurance covering Mrs. Anderson's claims).

She has alleged facts showing that Pearce and Mr. Griffith knew of that relationship. Complaint at ¶ 70 ("Pearce, Griffith, Elam, and SDRMA each knew of that alleged contractual relationship or business expectance."), ¶¶ 4-5 (Peace and Mr. Griffith are claims adjusters for SDRMA's actual or *de facto* insurance coverage for TCSD).

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

---
3
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

She has alleged acts of Pearce and Mr. Griffith designed to disrupt that relationship. Complaint at ¶ 61 ("Pearce, and/or Millen permitted, employed, hired, and/or contracted with Does 11 through 15 to clean sewage filth from Mrs. Anderson's home and to perform limited repairs to Mrs. Anderson's home"); ¶ 62 (Pearce and Mr. Griffith "removed and/or caused to be removed a large number of valuable items of personal property belonging to Mrs. Anderson from her home and property without her knowledge or consent and against her wishes."); ¶ 71 ("Pearce, Griffith, Elam, and SDRMA each interfered with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance."); ¶ 77 (Pearce and Mr. Griffith failed and refused to adjust her claims properly because "motivated, at least in part, by her Asian race, her Indian ancestry, her age, her spiritual practices, and her gender.").

She has alleged actual disruption of that relationship. Complaint at ¶¶ 19, 22, 24, and 48 c, d, e, f, and g (Mrs. Anderson has been unable to obtain the benefits of SDRMA's obligations at the entity TCSD solely relies upon for payment of Mrs. Anderson's claims for the damage to her home).

She has alleged economic harm proximately caused by the acts of Pearce and Mr. Griffith. Complaint at ¶ 72 ("As a direct and proximate result of that interference, Mrs. Anderson has been damaged in an amount to be proven at trial to exceed $450,000.00"); ¶ 22 ("Because of the limited nature of TCSD's assistance after the April 17, 2007 invasion, Mrs. Anderson has lost $30,000 in personal property, has suffered damage to her home that has and will cost more than $160,000 to repair, has incurred incidental expenses exceeding

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

4
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

$20,000, has suffered emotional distress, and has continued to suffer the loss of her means of livelihood and personal enjoyment of life.").

Mrs. Anderson believes these portions of her complaint provide Defendants with fair notice of "the general nature and type" of her claims and are therefore adequate. 2 Schwartzer, California Civil Procedure before Trial – Federal, at 8:362, *citing* Foman v. Davis, *infra*. To the extent the Court may find these allegation insufficient, Mrs. Anderson should be allowed to amend them. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), Martinez v. Newport Beach, 125 F. 3d 777, 785 (9th Cir. 1997).

Pearce and Mr. Griffith argue that Mrs. Anderson must but cannot allege any "wrongful" acts against them because there must be some violation of "some constitutional, statutory, regulatory, common law, or otherwise determinable legal standard."[1]  Again, Mrs. Anderson's allegations were that Pearce and Mr. Griffith treated her differently than similarly situated claimants due to her race, ancestry, gender, and religion, in violation of the Fourteenth Amendment and the Unruh Civil Rights Act – wrongful acts, and very good examples of determinable legal standards.  Further, Mrs. Anderson alleges that Pearce and Mr. Griffith used their power as SDRMA's "adjuster" to deny her compensation she was entitled to recover from TCSD under California Constitution Art. I, § 19.  The right to that compensation, being constitutionally guaranteed, is precisely the type of "protectable expectancy" Pearce and Mr. Griffith argue Mrs. Anderson must *prove* under Blank v. Kirwan, 39 Cal. 3d 311, 330 (Cal. 1985).  Unlike a city council engaged in discretionary legislation on behalf of an electorate, TCSD had and has a specific constitutional duty under California Constitution Art. I, § 19 to compensate those suffering losses from its

---

[1]     Pearce and Mr. Griffith's Motion to Dismiss, at 6:23-24.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

5
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

maintenance of wastewater facilities.  Mrs. Anderson alleges that SDRMA has a duty to fund such compensation, and that Pearce and Mr. Griffith have interfered with Mrs. Anderson's constitutional right to receive that compensation by:  (a) denying her valid claim; and (b) considering her race, ancestry, gender, and religion that denial such that there is a disparity between the way they adjusted her claim and the way they adjusted other claims of similarly situated persons.

Although Pearce and Mr. Griffith argue that denial of Mrs. Anderson's constitutionally-mandated expectancy "had nothing to do with the work done by PEARCE," Mrs. Anderson has alleged that that denial had everything to do with the work done by Pearce and Mr. Griffith, they being the precise bottleneck that has wrongfully prevented her receipt of her constitutional and statutory due from SDRMA and TCSD.  Having prevented Mrs. Anderson's rightful recovery under California Constitution Art. I, § 19, thus forcing her to bring this action, Pearce and Mr. Griffith should not argue that this is simply a "garden variety" compensation case under that section of the Constitution.  It should have been, but due in large part to their acts, it is not.

### C. Mrs. Anderson Has Adequately Pled Her Alternative Claims for Theft, Conversion, and/or Waste.

Mrs. Anderson does not know what Defendants did with her personal property.  All she knows is that Defendants and others working for them took control of the portion of her home in which the missing property was located, and excluded her from the area while they controlled it, and that when she regained access to and control of that area, she discovered her property to be gone.[2]  She does not know which of TCSD, SDRMA, or

---

[2] When the time comes, the evidence will show that men came to her home, purportedly to clean sewage and repair sewage damage, that they ordered her away from the area in which they were

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

6
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

Pearce hired the others working there, but she does know that one of those entities did so. Due to Defendants' act of excluding her from the area from which her property was removed, she cannot know whether these persons took her property as their own or threw it away. Consequently, she alleges that they either took it as their own, or threw it away, or both.

Pearce and Mr. Griffith do not argue that Mrs. Anderson has failed to state a claim for theft or waste. They confine their arguments to whether or not she has adequately pled conversion. Their sole argument is that she has not adequately pled dominion or control of her property by Pearce or Mr. Griffith, and element, they say, or conversion. By those Defendants' own authority, however, all she needed to plead for her alternative claim of conversion was: (1) her ownership of the property; (2) their conversion of that property by a wrongful act; and (3) damages. Pearce's Motion at 4, *citing* Burlesci v. Peterson, 68 Cal. App. 4th 1062, 1066 ((1998). Mrs. Anderson has alleged all of those things. But Pearce and Mr. Griffith then also cite Spates v. Dameron Hospital, 114 Cal. App. 4th 208, 222 (2003), for the proposition that Mrs. Anderson should also have alleged that these defendants took control of her property or deprived her of her ownership of it. The Spates holding, though, was merely that "conversion requires affirmative action to deprive another of property, not a lack of action." 114 Cal. App. 4th, at 222. In that case, the plaintiffs had sued a hospital for failing to preserve a relative's remains. The Court ruled that it was not conversion because the hospital did not take the body or take any other action at all. Here, Mrs. Anderson has alleged that these Defendants actually removed her property from her

working, and that while they would not let her observe their activities, her personal property disappeared.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

7
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

possession – an "affirmative action to deprive [her] of property." *id.* Under Pearce and Mr. Griffith's own authority, this states a claim for conversion.

### D. Pearce and Mr. Griffith May Be Sued for Disparate Treatment because They *Were* Acting in a Governmental Capacity.

Mrs. Anderson alleges, against Pearce and Mr. Griffith, that they did not treat her claims as favorably as they did claims of others who were not of Asian race, of Indian Ancestry, senior citizenship, and/or female gender, and/or who have religious and spiritual beliefs and practices shared by Defendants and/or more readily acceptable to Defendants.[3] While disparate treatment claims under the Fourteenth Amendment only apply to State actors, private individuals and private corporations can be sued for discriminatory treatment of persons they take as private persons acting under color of state law. Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966) ("when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations"). TCSD and SDRMA have both taken pains to point out that they are governmental entities of the State of California. Mrs. Anderson has alleged, correctly, that SDRMA's function, its State function, is to pay valid claims of persons situated similarly to herself. SDRMA has chosen an insurance adjustment firm and an insurance adjuster, Pearce and Mr. Griffith, to perform its State functions for it with regard to Mrs. Anderson. Pearce and Mr. Griffith are thus squarely within the classification of "private individuals or groups . . . endowed by the State with powers or functions governmental in nature." 382 U.S., at 299.

---

[3] Complaint, at ¶¶ 78 and 79.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919

8
OPPOSITION TO PEARCE AND GRIFFITH'S MOTION TO DISMISS OR MORE DEFINITELY STATE

1  Pearce and Griffith claim that their alleged discrimination is not within the purview of the Unruh Civil Rights Act because "Plaintiff has made no claim that she has been denied equal access to a facility, privilege or service, etc."[4]  Mrs. Anderson submits that she has done precisely that in her Eighth Cause of Action, especially ¶¶ 78-79.

**III.     CONCLUSION.**

For the foregoing reasons, Mrs. Anderson most respectfully opposes the dismissal of her complaint with prejudice as requested by Pearce and Mr. Griffith.  To the extent Mrs. Anderson's pleading may be found insufficient to support her claims, she most respectfully begs leave to amend them to cure any such insufficiency.

DATED:  July 30, 2008

_____/s/_____
Antonio L. Cortes,
Counsel for Plaintiff

---

[4]     Pearce and Mr. Griffith's Motion to Dismiss, at 10:23-24.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX: (415) 256-1919