1  Eugene B. Elliot, State Bar No. 111475
   Christine Lee, State Bar No. 231617
2  Joshua K. Clendenin, State Bar No. 245564
   BERTRAND, FOX & ELLIOT
3  The Waterfront Building
   2749 Hyde Street
   San Francisco, California 94109
4  Telephone:    (415) 353-0999
   Facsimile:    (415) 353-0990
5
6  Attorneys for Defendants
   TAMALPAIS COMMUNITY SERIVCES DISTRICT, and
7  JON ELAM, erroneously named herein as JOE ELAM

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MARJORY ANDERSON,                         Case No.: CV08-2354 VRW

12              Plaintiff,

13       vs.                                  **DEFENDANTS TAMALPAIS COMMUNITY
                                              SERVICES DISTRICT'S & JON ELAM'S
14  TAMALPAIS COMMUNITY SERVICES             REPLY  IN SUPPORT OF MOTION TO
    DISTRICT, JOE ELAM, BOARD OF             DISMISS  [FRCP 12(b)(6)]**
15  TRUSTEES OF TAMALPAIS COMMUNITY
    SERVICES DISTRICT, PEARCE &              Date:   August 21, 2008
16  FRANKMAN, INC., MILLEN GRIFFITH,         Time:   2:30 p.m.
    SPECIAL DISTRICT RISK MANAGEMENT         Dept.:  Courtroom 6, 17th Floor
17  SERVICES, and DOES 1 through 15,         Honorable Chief Judge Vaughn R. Walker

18              Defendants.

19

20              I.    INTRODUCTION

21       Plaintiff's opposition presents no argument and cites to no facts to support her claims under

22  the First Amendment, Fifth Amendment, Title VI or the Religious Freedom Restoration Act

23  ("RFRA"); or the California Constitution or Unruh Civil Rights Act.   Accordingly, these claims

24  should be dismissed.

25       The majority of plaintiff's opposition relies on the federal notice pleading standards, rather

26  than substantive facts or legal authority.  However, taking all of plaintiff's allegations as true, she

27  fails to state valid causes of action.   She admits in her opposition she did not allege that the

28  DISTRICT'S discrimination under Section 1983 was the result of a practice, pattern or custom.

                                      1

1   She does not state facts to show that ELAM participated in, directed, or knew of the alleged

2   discrimination and failed to rectify it.  Further, plaintiff fails to adequately allege facts to state a

3   cause of action for disparate treatment.

4        The DISTRICT is a public entity and is therefore immune from common law tort claims,

5   such as plaintiff's second, third, fourth, sixth and seventh causes of action.  Plaintiff fails to

6   identify any legal authority that would allow her to proceed with her negligence per se claim based

7   on the statutes she identified in her complaint because the overflows are not public nuisances.

8   Likewise, she does not cite facts to state a cause of action for wrongful interference with

9   prospective economic advantage, nor does she identify case law that recognizes her seventh cause

10  of action.

11       Finally, the DISTRICT and ELAM properly moved to dismiss plaintiff's claims based on

12  the 2004 overflow.  Plaintiff cites no facts to show that the actions following the 2004 overflow are

13  timely.

## II.    LEGAL ARGUMENT

**A.    PLAINTIFF OFFERS NO ARGUMENT AGAINST DEFENDANTS' MOTION TO DISMISS HER CLAIMS UNDER THE FIRST AMENDMENT, THE FIFTH AMENDMENT, TITLE VI, THE RFRA, THE CALIFORNIA CONSTITUTION AND UNRUH CIVIL RIGHTS ACT.**

17       Plaintiff fails to offer facts or legal argument to support her claims under the First

18  Amendment or the Religious Freedom Restoration Act ("RFRA").  She does not address any of the

19  concerns raised by defendants' motion to dismiss.  Likewise, she asserts no argument in support of

20  her claims for violation of the California Constitution or the California Unruh Civil Rights Act.

21       Title VI and the Fifth Amendment claims require an allegation that the defendant receives

22  federal funding.  *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994)

23  *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131

24  (9th Cir. 2001); *Bartkus v. Illinois*, 359 U.S. 121, 124 (1959).  Plaintiff makes no such allegation

25  in her complaint.  She addresses this point in a single sentence in her opposition, stating: "Insofar

26  as [the DISTRICT] and SDRMA may have received federal funding, making Defendants federal as

27  well as state actors, the same rules of equality apply to them under authority of the Fifth

28  Amendment."  This statement is speculation and does not plead a claim under Title VI or the Fifth

1   Amendment.  The court is not required to accept conclusory allegations, unreasonable inferences,

2   legal characterizations or unwarranted deductions of fact contained in plaintiff's complaint.  *SEC v.*

3   *Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982); *Western Mining Council v. Watt*, 643 F.2d

4   618, 630 (9th Cir. 1981).  Plaintiff's claims under the First Amendment, Fifth Amendment, Title

5   VI, the RFRA, the California Constitution and the California Unruh Civil Rights Act should be

6   dismissed accordingly.

7   **B.    PLAINTIFF DOES NOT ADEQUATELY ALLEGE A POLICY, PRACTICE OR**
    **CUSTOM TO IMPOSE SECTION 1983 LIABILITY ON THE DISTRICT.**

8

9       Plaintiff contends her complaint satisfies federal notice pleading requirements because she is

10  only required to provide a "short and plain statement of her claim showing that [she] is entitled to

11  relief", in order to "give the defendant fair notice of what the . . . claim is and the grounds upon

12  which it rests." F.R.C.P. Rule 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1956).  She asserts that

13  defendants are put on notice of her claims and therefore her complaint is sufficient.

14      Plaintiff oversimplifies the federal pleading requirements.  A recent Supreme Court case held

15  that a plaintiff must provide both notice and the grounds upon which her claims rest.  In *Bell Atl.*

16  *Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007), the Supreme Court recognized that "[w]hile a

17  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

18  [*Conley, supra*]; *Sanjuan v. American Bd. of Psych. & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.

19  1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more

20  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

21  do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to

22  accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be

23  enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, *Federal*

24  *Practice and Procedure* § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he

25  pleading must contain something more . . . than . . . a statement of facts that merely creates a

26  suspicion [of] a legally cognizable right of action"),n3 on the assumption that all the allegations in the

27  complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

28  508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance

1    . . . dismissals based on a judge's disbelief of a complaint's factual allegations""); *Scheuer v. Rhodes*,

2    416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery

3    is very remote and unlikely").

4        In a footnote, the Court stated: "Rule 8(a)(2) still requires a "showing," rather than a blanket

5    assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see

6    how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the

7    claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule

8    8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim

9    presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to

10    it"). *Id.* at 1965 n.3.

11        Applying these standards to a Section 1983 claim against a public entity, a plaintiff must

12    show that the alleged violation was made pursuant to an official policy, pattern or practice. *Monell v.*

13    *New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1997). To establish that a practice that has

14    not received formal approval is a custom for the purposes of liability under Section 1983, a plaintiff

15    must show that the "relevant practice is so 'permanent and well settled as to constitute a custom or

16    usage with the force of law.'" *Thomas v. Baca*, 514 F. Supp. 2d 1201, 1206 (C.D. 2007) (quoting

17    *Monell, supra*, at 691 (internal quotation marks omitted)).

18        Here, plaintiff admits she does not state that her alleged mistreatment was made pursuant to a

19    practice, policy or custom of the DISTRICT. She contends that such a statement is unnecessary

20    because "in her view, the words 'disparate treatment' precisely describe a 'custom,' and a 'pattern

21    and practice…" *See Opposition, p. 18, ln. 1-2.* However, no case law holds that a simple

22    assertion of disparate treatment, without more, satisfies the pleading requirement for a Section 1983

23    cause of action against a public entity. Her allegation is conclusory and amounts to a blanket

24    assertion that she is entitled to relief. The allegation fails to provide any facts beyond mere

25    speculation about the grounds upon which her claim rests. Plaintiff also fails to state facts to show

26    that the alleged discrimination was the result of a practice so permanent and well-settled that it

27    constitutes a custom or usage with the force of law. She has not stated a claim under Section 1983

28    against the DISTRICT.

1  **C.    PLAINTIFF DOES NOT ADEQUATELY ALLEGE A SECTION 1983 CLAIM**
2  **AGAINST ELAM.**

3    "A supervisor is only liable for constitutional violations of his subordinates if the
4  supervisor participated in or directed the violations, or knew of the violations and failed to act to
5  prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Vague and conclusory
6  allegations of official participation in civil rights violations are not sufficient to withstand a motion
7  to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Here,
8  plaintiff does not allege that ELAM participated in, directed, or knew of the violations and failed to
9  prevent them. Her opposition provides no argument or factual support for this cause of action
10 against ELAM.

11 **D.    PLAINTIFF DOES NOT ADEQUATELY ALLEGE DISPARATE TREATMENT.**

12    Plaintiff's complaint fails to provide notice to the DISTRICT and ELAM as to the nature of
13 her civil rights claims. Her complaint contains passing references to multiple constitutional
14 amendments without specifying which rights she wishes to assert. While she clarifies in her
15 opposition that she intends to bring a claim for disparate treatment in violation of the Equal
16 Protection clause, she does not allege adequate facts to support such a claim. Simply reciting the
17 elements of a cause of action is not sufficient, as detailed above. In her complaint, plaintiff did not
18 allege facts to show she was treated differently than other similarly situated persons because it
19 appears that she was the only person affected by the 2004 and 2007 overflows. She does not state
20 that the overflows affected any of her neighbors. From the facts in the complaint and opposition,
21 there are no other similarly situated persons who were treated differently than plaintiff in the
22 provision of due compensation for the overflows. Simply stating she was treated differently is a
23 conclusory allegation and a blanket assertion of entitlement to relief.

24 **E.    THE DISTRICT IS IMMUNE FROM COMMON LAW TORT CLAIMS.**

25    California Government Code section 835, identified for the first time in the opposition,
26 provides explicit conditions under which a public entity may be liable for injuries caused by a
27 dangerous condition of public property. The statute is applied to instances of premises liability. It
28 is not a waiver of public entity immunity for other common law causes of action.

"[P]ublic entity liability for property defects is not governed by the general rule of vicarious liability provided in § 815.2, but instead by the specific provisions set forth in §§ 830-835.4. . . . liability of the public entity [for a dangerous condition of public property] could only be statutory and could not rest on a theory of common law negligence." *Van Kempen v. Hayward Area Park Etc. Dist.,* 23 Cal. App. 3d 822, 825 (1972).    The California appellate court specifically distinguished a negligence cause of action as separate and distinct from a dangerous condition of public property cause of action.

California Government Code section 835 does not alter the California Supreme Court holding that: ""Under the California Tort Claims Act, a public entity is not liable for injury arising from an act or omission except as provided by statute.    Thus, in California, all government tort liability must be based on statute." *Hoff v. Vacaville Unified Sch. Dist.,* 19 Cal. 4th 925, 932 (1998).

The California Supreme Court unanimously criticized case law that failed to apply the relevant Government Code statutes for a negligence claim against a public entity in *Eastburn v. Regional Fire Protection Auth.,* 31 Cal. 4th 1175 (2003).    The *Eastburn* court stated, "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions. . . . Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles." *Id.* at 1183; *see also Zelig v. County of Los Angeles,* 27 Cal. 4th 1112, 1131-1132 (2002) (explaining the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances).

Here, plaintiff attempts to assert various common law tort claims under the umbrella of California Government Code section 835.    However, that section applies to dangerous condition of public property claims only and does not dispose of the requirement that all public entity liability must be based on statute.    As the court in *Van Kempen* recognized, a cause of action under Government Code section 835 does not allow for a negligence cause of action simply because the elements might apply.    Likewise, Section 835 does not allow for claims of Trespass (Second Cause of Action); Nuisance (Third Cause of Action; Negligence (Fourth Cause of Action); Theft,

1    Conversion, and/or Waste (Sixth Cause of Action); and Wrongful Interference with a Prospective

2    Economic Advantage (Seventh Cause of Action).  Plaintiff fails to identify a specific statutory basis

3    for these claims against the DISTRICT.    Further, plaintiff cannot impose liability on the

4    DISTRICT through respondeat superior because she fails to allege that ELAM personally

5    participated in any of the alleged common law torts.

6            The DISTRICT did not direct its motion to dismiss towards plaintiff's first cause of action

7    for inverse condemnation based on immunity from common law torts.

8    F.    **NEGLIGENCE PER SE IS AN EVIDENTIARY DOCTRINE, NOT A STATUTORY
          WAIVER OF IMMUNITY AND THE CITED STATUTES DO NOT APPLY HERE.**
9

10           "Negligence per se is not a cause of action distinct from negligence, but rather an

11   evidentiary doctrine used to establish the standard of care when negligence is claimed." *Cade v.*

12   *Mid-City Hosp. Corp.*, 45 Cal. App. 3d 589, 596-97 (1975).  The DISTRICT as a public entity is

13   immune from common law tort claims such as negligence.  Pursuant to Government Code section

14   815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise provided by statute."

15           Plaintiff's reliance on *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066 (1997)

16   is misplaced.  The issue in *Randi W.* was the propriety of using a statute, in that case Penal Code

17   section 11166, as the standard of care to establish negligence when ordinary, common law

18   negligence is the underlying cause of action.  The court never stated, as plaintiff insinuates, that

19   Evidence Code section 669 imposes liability upon a public entity to overcome the general immunity

20   for common law torts.

21           Moreover, the DISTRICT recognized in its motion to dismiss that a public entity may be

22   held liable under certain statutes if particular requirements are met, as enumerated in California

23   Government Code section 815.6.  None of the statutes cited by plaintiff apply to the instant case

24   because they target public nuisances and/or contamination of the waters of the state.

25           Plaintiff asserts the following statutes provide for liability against the DISTRICT:

26   California Health and Safety Code sections 5411 and 5412; California Penal Code section 372, and

27   California Civil Code section 3840.  Plaintiff focuses on the language of Health & Safety Code

28   section 5411, which proscribes "contamination, pollution or a nuisance".  She argues that Section

1   5411 does not require the sewage discharge to qualify as a nuisance.  She fails to address the
2   DISTRICT'S contention that Section 5411 requires the impairment of the public health, regardless
3   of whether the complained of act is contamination, pollution or a nuisance.  Health & Safety Code
4   section 5410 specifically defines "contamination" as waste which creates a "hazard to the public
5   health."  H&S Code § 5410(d).  Her attempt to distinguish nuisance from contamination does not
6   alter the fact that Health & Safety Code section 5411 targets waste that affects the public health
7   and/or constitutes a public nuisance.

8          In addition, plaintiff's opposition fails to cite any legal support to show that the cited
9   statutes address private nuisance.  The complaint involves the overflow of sewage into plaintiff's
10  private residence.   However, plaintiff attempts to cast her nuisance claim as one for public
11  nuisance.

12         "In determining whether something is a public nuisance, the focus must be upon whether an
13  entire neighborhood or community or at least a considerable number of persons are affected in the
14  manner and by the factors that make the thing a nuisance under Civil Code section 3479 [which
15  defines nuisance]." *Beck Dev. Co. v. S. Pac. Transp. Co.*, 44 Cal. App. 4th 1160, 1209 (1996).
16  "In other words, a private nuisance does not become a public nuisance merely because the public
17  may be said to be affected in some tangential manner rather than specifically in the manner set
18  forth in Civil Code section 3479." *Beck, supra*, 44 Cal. App. 4th at 1209 (holding that oil
19  contamination of a private landowner's property was not a public nuisance because there was no
20  evidence of a specific injurious impact on surrounding lands, there was no risk to health through
21  personal proximity if substance beneath property were left where it was, and it was not shown that
22  the substance had likely invaded public water supplies).  Here, plaintiff has not alleged facts in her
23  complaint or opposition to show that her neighborhood or community, or at least a considerable
24  number of persons, were affected by the overflows.  Instead, she states that because the sewer line
25  serves her neighborhood, the overflows constituted a public nuisance.  The definition of public
26  nuisance focuses on the number of persons affected, not the instrumentality that causes the
27  nuisance.

28         Penal Code section 372 addresses public nuisance.  Civil Code section 3840 defines public

                                                8

1    nuisance. Plaintiff has not stated facts or cited legal authority to show that the overflows constitute

2    public nuisances. The cited statutes simply do not apply to the present situation, and defendants

3    request that the Court dismiss plaintiff's fifth cause of action, accordingly.

4    **G.    PLAINTIFF DOES NOT ALLEGE FACTS TO SUPPORT HER SEVENTH CAUSE
         OF ACTION FOR WRONGFUL INTERFERENCE WITH PROSPECTIVE
5       ECONOMIC ADVANTAGE.**

6        Plaintiff's opposition to the DISTRICT and ELAM'S motion to dismiss her seventh cause of

7    action relies entirely on the premise that she need only allege the elements of a cause of action to

8    survive a motion to dismiss. This premise is incorrect, as explained above. Simply stating the

9    elements without supporting plausible facts does not sufficiently state a cause of action. Further,

10   plaintiff fails to address the legal requirements of her claim. She cites no case law to support a

11   finding that a third-party beneficiary to an insurance contract constitutes an adequate economic

12   relationship upon which to base the tort of interference with prospective economic advantage. She

13   also fails to address the impropriety of bringing this claim against ELAM, who is an agent of the

14   DISTRICT. The DISTRICT is a party to the relevant contract and ELAM cannot be held liable for

15   inducing breach of contract to which the DISTRICT is a party. "It is axiomatic, however, that

16   there can be no action for inducement of breach of contract against the other party to the contract.

17   It is also well established that corporate agents and employees acting for and on behalf of a

18   corporation cannot be held liable for inducing a breach of the corporation's contract." *Shoemaker*

19   *v. Myers*, 52 Cal. 3d 1, 24 (1990).

20   **H.    PLAINTIFF'S CLAIMS BASED ON THE 2004 OVERFLOW ARE UNTIMELY.**

21       A motion to dismiss is a proper way to dispose of untimely causes of action if the defect

22   appears on the fact of the complaint. *See, e.g., McDougal v. County of Imperial*, 942 F.2d 668, 675

23   (9th Cir. 1991). Here, plaintiff asserts violations that occurred more than two-years prior to filing her

24   complaint and those claims should be dismissed. The purpose of time limitations on legal actions is

25   to promote the timely filing of claims and the preservation of evidence, among other things. These

26   policies would not be served if a plaintiff were allowed to file a complaint at any point in time with

27   the idea that facts to support tolling of the statute of limitations would be found during discovery. If

28   plaintiff is allowed to amend her complaint, then she should be ordered to provide relevant dates of

1  the alleged theft, trespass and wrongful interference with a prospective economic advantage to

2  determine the timeliness of her claims.

### V.  CONCLUSION

4       For the foregoing reasons, defendants respectfully the motion to dismiss be granted.  In the

5  alternative, defendants respectfully request that plaintiff be ordered to amend her complaint

6  consistent with the arguments in its motion to dismiss and reply in support thereof.

8  Dated:  August 7, 2008                    BERTRAND, FOX & ELLIOT

10                                       By: _____
                                             Eugene B. Elliot
11                                           Christine Lee
                                             Attorneys for Defendants
12                                           TAMALPAIS COMMUNITY SERIVCES DISTRICT,
                                             and JON ELAM

DISTRICT & ELAM'S REPLY/MOTION TO DISMISS