Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
Joshua K. Clendenin, State Bar No. 245564
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-09990
Facsimile:    (415) 353-0990

Attorneys for Defendants
TAMALPAIS COMMUNITY SERVICES DISTRICT and JON ELAM,
erroneously named herein as JOE ELAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>           Plaintiff,<br>vs.<br><br>TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>           Defendants. | Case No.: C08-02354 VRW<br><br>**DEFENDANTS TAMALPAIS COMMUNITY SERVICES DISTRICT AND JON ELAM'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:   August 21, 2008<br>Time:  2:30 p.m.<br>Dept.:  Courtroom 6, 17th Floor<br><br>Honorable Chief Judge Vaughn R. Walker |

### I.   INTRODUCTION

Plaintiff MARJORY ANDERSON'S opposition to Defendants TAMALPAIS COMMUNITY SERVICES DISTRICT'S ("DISTRICT") and JON ELAM'S ("ELAM"), erroneously named herein as JOE ELAM, motion to strike correctly concedes that plaintiff may not seek punitive damages against the DISTRICT under California Government Code section 818.

However, plaintiff's opposition erroneously asserts she has carte blanche to seek punitive and exemplary damages against ELAM where sued in his official capacity. Plaintiff's argument relies upon cases addressing a claimant's right to proceed against a public official in his individual capacity, without addressing the precedent establishing that a suit against a public official in his

official capacity is tantamount to a suit against the public entity itself.

## II. LEGAL ARGUMENT

### A. PLAINTIFF DOES NOT OPPOSE STRIKING HER PUNITIVE AND EXEMPLARY DAMAGE CLAIMS AGAINST THE DISTRICT.

According to California Government Code section 818, public entities are immune from punitive and exemplary damages. In her opposition, plaintiff concedes that the DISTRICT is a public entity and is immune from punitive or exemplary damages. Defendant DISTRICT respectfully requests that the Court strike plaintiff's requests for punitive or exemplary damages in paragraphs 37, 44, 52, 66, 82, 86, 86(b), and 86(g) of her complaint.

### B. PLAINTIFF'S CLAIMS FOR PUNITIVE AND EXEMPLARY DAMAGES AGAINST DEFENDANT ELAM MUST BE STRICKEN WHERE HE IS SUED IN HIS OFFICIAL CAPACITY.

Defendant ELAM brings his Motion to Strike pursuant to Federal Rules of Civil Procedure, Rule 12(f). Rule 12(f) provides, in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

A motion to strike may be used to strike portions of the complaint where the relief sought is not recoverable as a matter of law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike can apply to a request for punitive damages. *Wilkerson*, supra, 229 F.R.D. at 172. ELAM seeks to strike all requests for punitive or exemplary damages against him where he is sued in his official capacity.

"Punitive damages are not available against a public employee in his official capacity pursuant to Government Code § 818." *Kelly v. North Highlands Rec. & Park Dist.*, 2006 U.S. Dist. LEXIS 1991, *26 (E.D. Cal. 2006) (emphasis added). The United States Supreme Court has repeatedly held that a suit against a public official in his official capacity equates to suit against the government body itself. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Karcher v. May*, 484 U.S. 72, 78 (1987) ("the real party in

interest in an official capacity suit is the entity represented and not the individual office holder"). The immunities available to an individual sued in his official capacity are the same as those that the government entity possesses. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

Plaintiff's opposition misses the point, as defendants never attempted to argue that California courts have interpreted Government Code section 818 incorrectly. Instead, defendants appropriately noted that a suit against a public employee in his official capacity equates to a suit against the public entity itself. A public entity has immunity from punitive or exemplary damages in California under Government Code section 818. Thus, any requests for punitive or exemplary damages against a public employee in his official capacity are not recoverable as a matter of law as improper requests for punitive or exemplary damages against a public entity.

Plaintiff's reliance upon *Runyon v. Superior Court*, 187 Cal. App. 3d 878 (Cal. App. 4th Dist., 1986), is misplaced. The principle established in that case, that a public employee is not immune from punitive damages, applies when the public employee is sued in his individual capacity. *Fenters v. Yosemite Chevron*, 2006 U.S. Dist. LEXIS 53450, *32, (E.D. Cal. 2006) (citing *Runyon* to make the point that two individual county employees may be found liable for punitive damages where sued in their <u>individual</u> capacities).

Plaintiff's complaint states that: "Defendant Joe Elam was the General Manager of TCSD. Plaintiff sues Defendant Elam *in that capacity* and also as an individual." *See Complaint*, ¶ 3. Plaintiff may not maintain a suit for punitive damages against defendant ELAM in his official capacity, and her requests for punitive damages against him in that role should be stricken.

To the extent that plaintiff seeks punitive damages against ELAM as an individual, plaintiff has not sufficiently alleged that ELAM personally acted or took part in any alleged violations of her rights for which she seeks punitive damages. *See Kentucky v. Graham*, *supra*, 473 U.S. at 167 (stating "personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law").

Accordingly, ELAM respectfully requests that the Court strike plaintiff's requests for punitive or exemplary damages as against him in paragraphs 37, 44, 52, 66, 74, 82, 86, 86(b), and 86(g) in her complaint.

## III. CONCLUSION

Defendant DISTRICT and defendant ELAM in his official capacity are immune from claims for punitive and exemplary damages. Plaintiff concedes that her claims for punitive and exemplary damages must be stricken as against defendant DISTRICT. For the foregoing reasons, defendant ELAM requests that the Court strike all requests for punitive and exemplary damages against him.

Dated: August 7, 2008

BERTRAND, FOX & ELLIOT

By: *Christine Lee*
Eugene B. Elliot
Christine Lee
Joshua K. Clendenin
Attorneys for Defendants
TAMALPAIS COMMUNITY SERIVCES DISTRICT
and JON ELAM