James P. Wagoner, # 058553
Ruby Ann D. Helsley, # 191812
A. Robert Rhoan, # 231949
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendant
SPECIAL DISTRICT RISK MANAGEMENT
AUTHORITY erroneously sued herein as Special
District Risk Management Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJORY ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,<br><br>　　　　　Defendants. | Case No. CV08-2354 VRW<br><br>**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S REPLY IN SUPPORT OF ITS' MOTION TO STRIKE PLAINTIFFS' EXEMPLARY AND PUNITIVE DAMAGES**<br><br>Date:　　　August 21, 2008<br>Time:　　　2:30 p.m.<br>Judge:　　　Hon. Vaughn R. Walker<br>Courtroom: 6 |

I. **INTRODUCTION**

Plaintiff Marjory Anderson ("Plaintiff") does not oppose Special District Risk Management Authority's ("SDRMA") Motion to Strike Plaintiffs' punitive and exemplary damage allegations at paragraphs 44, 52, 66, 74, 86 and 86(b) of her complaint. Accordingly, this Court should grant SDRMA's motion to strike those allegations. *See Jones v. Hubbard*, No. CIV S 07-2682 MCE GGH P, 2008 WL 746371, at *1 (E.D. Cal. March 18, 2008) (granting motion to strike where non-moving party filed a statement of non-opposition); *Butler v. City of Sacramento*, No. CIV. 07-2406 WBS EFB, 2008 WL 717919, at *1 (E.D. Cal. March 17, 2008) (same). The purpose of a motion to strike is to eliminate allegations or remedies that are facially unsupportable, therefore Plaintff should not be granted leave to amend its' claims for punitive and exemplary damages.

Additionally, Plaintiffs' opposition addresses allegations of her complaint and statutory provisions that were not addressed in SDRMA' motion to strike, and therefore, the court should not consider them. *See Lovesy v. Armed Forces Benefit Assn.*, No. C 07-2745 SBA, 2008 WL 696991, at *7 (N.D. Cal. March 13, 2008) (refusing to consider argument first raised in Plaintiffs' opposition to Defendants' motion to dismiss), *citing Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003); *Del Monte Fresh Produce Co. v. United States*, No. 07-2143(JDB), 2008 WL 2746051, at *3 (noting that claims raised for the first time in an opposition to a dispositive motion are not properly before the court); *McKenna v. Wright*, No. 01 CIV. 6571(WK), 2002 WL 338375, at *13 (S.D.N.Y. March 4, 2002) (same).

However, to the extent that the Court does conclude that it may properly consider Plaintiffs' argument concerning civil penalties under California Civil Code Sections 52(b)(2) and 51.7, the latter of which Plaintiff did not state a claim under in her complaint, then SDRMA should be permitted to provide a reply.[1] *See Groobert v. President and Directors of Georgetown College*, 219 F.Supp.2d 1, 13 (D.D.C. 2002) (permitting plaintiff to address arguments first raised in defendant's reply). Therefore, SDRMA respectfully requests that this Court consider its'

---

[1] SDRMA does not oppose Plaintiffs' argument that her allegations concerning attorneys' fees under Section 1988 are proper.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

argument in opposition to those raised by Plaintiff for the first time in her opposition.

## II. LEGAL ARGUMENT

### A. The Court Should Strike Plaintiffs' Claim for Civil Penalties Under California Civil Code Section 52(b)(2).

Plaintiff contends in her opposition that her claim for civil penalties in the amount of $25,000 should not be stricken because California Government Code Section 818 does not confer immunity on SDRMA for civil penalties under California Civil Code Section 52(b)(2). *See Los Angeles Cty. Metropolitan Transportation Authority v. Super. Ct.*, 123 Cal.App.4th 261, 268 (2004). However, that section likewise provides no authority for the imposition of a penalty against SDRMA based on the allegations of Plaintiffs' complaint.

California Civil Code Section 52(b)(2) provides, in pertinent part:

> "Whoever *denies the right provided by Section 51.7 or 51.9*, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right, and, in addition, the following:
>
> * * *
>
> (2)   A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person *denied the right provided by Section 51.7* in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice." (emphasis added).

"Civil Code 52(b) permits anyone whose rights under Section 51.7 have been violated to collect both actual and statutory damages."[2] *Diem v. City & Cty of San Francisco*, 686 F.Supp. 806, 812 (N.D. Cal. 1988). In order for Plaintiff to sufficiently state entitlement to civil penalties under Section 52(b) as alleged in her complaint in paragraph 83, she must allege that SDRMA engaged in conduct that violated California Civil Code Section 51.7. Section 51.7 provides, in pertinent part:

---

[2] Violence of Civil Code § 51.9 also serves as the foundation for a civil penalty under Civil Code § 52(b)(2). However, Civil Code § 51.9 only permits a claim of discrimination based on sexual harassment, and there are no allegations in Plaintiffs' complaint even remotely suggesting any such claim.

> (a) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

"This civil code section asserts that California residents have a right to be free from violence or threats of violence directed at them on account" of certain bases of discrimination. *Deim*, 686 F.Supp. at 812; *see also Rohm v. Homer*, 367 F.Supp.2d 1278, 1287 (N.D. Cal. 2005). In order to sufficiently state a claim under this section, Plaintiff must allege that SDRMA has committed violence against her or made "sufficient threats of violence." *Id.* (holding that Plaintiff had sufficiently alleged threats of violence under 51.7 to survive a motion to dismiss); *Garcia v. Cty. of Fresno*, No. 1:05-CV-0794, 2005 WL 3143429, at *6 (E.D. Cal. 2005) (holding that plaintiffs' allegations that sherriff's deputies shot and killed decedent were sufficient to state a claim a violation of Section 51.7 and damages under 52(b); *Peters v. CJK Associates, LLC*, No. Civ.S 03 1388 LKK/KJ, 2003 WL 24205920, at *3 (E.D. Cal. Oct. 29, 2003) (noting that Section 52(b) "creates a remedy for . . . discriminatory violence"), *citing Doran v. Embassy Suites Hotel*, No. C-02-1961 EDL, 2002 WL 1968166, at *2 (N.D. Cal. Aug. 26, 2002).

No where in Plaintiffs' complaint has she alleged that SDRMA has violated California Civil Code Section 51.7. Nor does Plaintiff allege any acts that SDRMA has committed that would constitute violence or threats of violence against her. Such allegations are essential to sufficiently state a claim for civil penalties under Section 52(b)(2). Therefore, paragraph 83 of Plaintiffs' complaint should be stricken, because Plaintiff does not allege facts sufficient to constitute a violation of Section 51.7, a necessary predicate to stating a claim for civil penalties under Section 52(b)(2).

### III. CONCLUSION

For all of the foregoing reasons, SDRMA respectfully requests that the Court strike without leave to amend, those portions of Plaintiffs' set forth in the Notice of Motion and Motion to Strike and this Reply in support thereof.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

| | |
|---|---|
| Dated: August 7, 2008 | McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP |
| | |
| | By:  /s/ James P. Wagoner /s/ |
| | James P. Wagoner |
| | Ruby Ann D. Helsley |
| | A. Robert Rhoan |
| | Attorneys for Defendant |
| | SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY erroneously sued herein as Special District Risk Management Services |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

5

SDRMA'S REPLY IN SUPPORT OF ITS' MOTION TO STRIKE PUNITIVE/EXEMPLARY DAMAGE
CV08-2354 VRW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 2

II. LEGAL ARGUMENT ........................................................................................................ 3

    A. The Court Should Strike Plaintiffs' Claim for Civil Penalties Under California Civil Code Section 52(b)(2) ............................................................ 3

III. CONCLUSION ................................................................................................................... 4

# TABLE OF AUTHORITIES

Page

**Cases**

*Broam v. Bogan,*
   320 F.3d 1023, 1026 n. 2 (9th Cir. 2003)..................................................................... 2

*Butler v. City of Sacramento,*
   No. CIV. 07-2406 WBS EFB, 2008 WL 717919, at *1 (E.D. Cal. March 17, 2008) .................. 2

*Del Monte Fresh Produce Co. v. United States,*
   No. 07-2143(JDB), 2008 WL 2746051, at *3................................................................ 2

*Diem v. City & Cty of San Francisco,*
   686 F.Supp. 806, 812 (N.D. Cal. 1988) ...................................................................... 3

*Doran v. Embassy Suites Hotel,*
   No. C-02-1961 EDL, 2002 WL 1968166, at *2 (N.D. Cal. Aug. 26, 2002)............................. 4

*Garcia v. Cty. of Fresno,*
   No. 1:05-CV-0794, 2005 WL 3143429, at *6 (E.D. Cal. 2005).......................................... 4

*Groobert v. President and Directors of Georgetown College,*
   219 F.Supp.2d 1, 13 (D.D.C. 2002) ........................................................................... 2

*Jones v. Hubbard,*
   No. CIV S 07-2682 MCE GGH P, 2008 WL 746371, at *1 (E.D. Cal. March 18, 2008)............ 2

*Los Angeles Cty. Metropolitan Transportation Authority v. Super. Ct.,*
   123 Cal.App.4th 261, 268 (2004) .............................................................................. 3

*Lovesy v. Armed Forces Benefit Assn.,*
   No. C 07-2745 SBA, 2008 WL 696991, at *7 (N.D. Cal. March 13, 2008) ........................... 2

*McKenna v. Wright,*
   No. 01 CIV. 6571(WK), 2002 WL 338375, at *13 (S.D.N.Y. March 4, 2002) ....................... 2

*Peters v. CJK Associates, LLC,*
   No. Civ.S 03 1388 LKK/KJ, 2003 WL 24205920, at *3 (E.D. Cal. Oct. 29, 2003)................... 4

*Rohm v. Homer,*
   367 F.Supp.2d 1278, 1287 (N.D. Cal. 2005) ................................................................ 4

1258047.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

i

SDRMA'S REPLY IN SUPPORT OF ITS' MOTION TO STRIKE PUNITIVE/EXEMPLARY DAMAGE
CV08-2354 VRW

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On August 7, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S REPLY IN SUPPORT OF ITS' MOTION TO STRIKE PLAINTIFFS' EXEMPLARY AND PUNITIVE DAMAGES**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☐ **BY ELECTRONIC MAIL:** by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Antonio L. Cortes
Attorney at Law
528 Wisteria Way
San Rafael, CA 94903
Phone: 415-256-1911

*Attorneys for Plaintiff*
Marjory Anderson

Eugene B. Elliott
Christine Lee
Bertrand, Fox & elliott
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Phone: 415-353-0999
Fax: 415-353-0990

*Attorneys for Defendants*
Tamalpais CSD and Jon Elam

Jachyn Davis
Lerch Sturmer, LLP
333 Bush Street, Suite 2020
San Francisco, California 94104
jdavis@lerchsturmer.com
Phone: (415) 217-6354
Fax: (415) 217-2782

*Attorneys for Defendants*
Pearce & Frankman, Inc. and Millen Griffith

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on August 7, 2008, at Fresno, California.

_____
Alysia Eckersberg

48530/00181-1236645.v1