1  James P. Wagoner, # 058553
   Ruby Ann D. Helsley, # 191812
2  A. Robert Rhoan, # 231949
   McCormick, Barstow, Sheppard,
3  Wayte & Carruth LLP
   P.O. Box 28912
4  5 River Park Place East
   Fresno, CA  93720-1501
5  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
6
   Attorneys for Defendant
7  SPECIAL DISTRICT RISK MANAGEMENT
   AUTHORITY erroneously sued herein as Special
8  District Risk Management Services

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARJORY ANDERSON,

            Plaintiff,

    v.

TAMALPAIS COMMUNITY SERVICES DISTRICT, JOE ELAM, BOARD OF TRUSTEES OF TAMALPAIS COMMUNITY SERVICES DISTRICT, PEARCE & FRANKMAN, INC., MILLEN GRIFFITH, SPECIAL DISTRICT RISK MANAGEMENT SERVICES, and DOES 1 through 15,

            Defendants.

Case No. CV08-2354 VRW

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S REPLY IN SUPPORT OF ITS' MOTION TO DISMISS**

Date:       August 21, 2008
Time:       2:30 p.m.
Judge:      Honorable Vaughn R. Walker
Courtroom:  6

## I. INTRODUCTION

In opposing Special District Risk Management Authority's ("SDRMA") Motion to Dismiss, Plaintiff asserts that: (1) SDRMA is not an insurer for the purposes of regulation under California Insurance Code 11580(b)(2), and there is no other basis in California that requires a third-party claimant to first obtain a judgment against a party prior to maintaining a direct action against an indemnitor; (2) her sixth and eighth causes of action are stated directly against SDRMA for its alleged violation of Civil Rights laws, rather than in its capacity as the analytical equivalent of Tamalpais Community Service District's ("TCSD") Insurer; and (3) equal protection claims cannot be considered "bodily injury, death, or property damage" claims under Insurance Code Section 11580(b)(2).

However, as set forth in detail below, each of these contentions are erroneous, and SDRMA's motion to dismiss should be granted.

## II. LEGAL ARGUMENT

### A. SDRMA's Contractual Relationship With TCSD Is Analytically Equivalent To That Between Insurer And Insured Requiring Application of Section 11580(b)(2) To Bar Plaintiffs' Causes of Action.

Contrary to Plaintiffs' assertions, she has alleged that SDRMA "provides insurance, or the functional equivalent thereto, to resolve the claims of TCSD customers against TCSD." Complaint at ¶ 7. For purposes of analyzing a motion to dismiss, this allegation, as well as other allegations in Plaintiffs' complaint, must be taken to be true. *See Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) ("[t]he factual allegations in the complaint are assumed to be true"); *accord, Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F.Supp.2d 1133, 1139 (N.D. Cal. 2007). Therefore, as alleged, SDRMA can be considered analytically equivalent to an insurer, and the rule of Section 11580 does apply to bar Plaintiff from maintaining causes of action against SDRMA and TCSD in the same action.

A cursory examination of Plaintiffs' complaint reveals that several of her allegations are primarily based on SDRMA's alleged role in providing the "functional equivalent" of "insurance" to TCSD, and any third-party beneficiary rights that flow to Plaintiff from that relationship. Those allegations are stated as follows:

2

SDRMA'S REPLY IN SUPPORT OF ITS' MOTION TO DISMISS
CV08-2354 VRW

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1. "On information and belief, defendant Special District Risk Management Advisor [sic] ("SDRMA") provides insurance, or the functional equivalent thereto, to resolve [sic] the claim of TCSD customers against TCSD." Complaint at ¶ 7.

2. "On information and belief, TSCD and SDRMA had a contractual relationship or business expectance pursuant to which SDRMA was obligated to settle claims of third parties to whom TCSD was liable for damages of the type claimed by Mrs. Anderson." Complaint at ¶ 68.

3. "As a customer of TCSD, Mrs. Anderson was an intended third-party beneficiary of that alleged contractual relationship or business expectance." Complaint at ¶ 69.

4. "SDRMA . . . knew of that alleged contractual relationship or business expectance." Complaint at ¶ 70.

5. "SDRMA . . . interfered with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance." Complaint at ¶ 71.

6. "The interference by . . . SDRMA with Mrs. Anderson's ability to successfully assert her rights as an intended third-party beneficiary of that alleged contractual relationship or business expectance was legally and/or actually malicious." Complaint at ¶ 73.

In short, under the "no direct action" rule, Plaintiff is not permitted to maintain causes of action premised on the foregoing allegations against SDRMA, while simultaneously suing its' member, TCSD, in the same lawsuit. *Laguna Publishing Co. v. Employers Reinsurance Corp.*, 617 F.Supp. 271, 72 (C.D. Cal. 1985) ("[u]nder the law of California . . . a direct action is not allowable until after the claimant shall have secured final judgment against the insured"), *citing Tashire v. State Farm Fire & Cas. Co.*, 363 F.2d 7, 10 (9th Cir. 1966). Indeed, even prior to the enactment of Insurance Code § 11580 in 1935, the law of California was clear that an injured party could not join both the tort-feasor-insured and the tort-feasor's insurer in the same action. *Severns v. California Highway Indem. Exchange*, 100 Cal.App. 384, 393 (1929).

In addition, and more fundamentally, should this Court determine that California Insurance Code Section 11580(b)(2) does not apply to bar Plaintiffs' causes of action against SDRMA, the underlying rationale for the rule embodied by this statute still applies to bar

3

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

Plaintiffs' claims. It is well settled that "joint powers authority risk pools are ultimately member created and directed, they are not considered insurance in a conventional sense; *they are an alternative to commercial insurance.*" *Southgate Recreation and Park District v. Cal. Assn. for Park and Recreation Ins.*, 106 Cal.App.4th 293, 297 (2003) (emphasis added). In providing this alternative, joint powers authority's generally provide indemnity under "coverage memoranda, [which] provide the framework within which to determine the rights, liabilities, and intentions of the pools and their respective members." *City of South El Monte v. So. Cal. Joint Powers Ins. Authority*, 38 Cal.App.4th 1629, 1639-1640 (1995).

Therefore, since SDRMA, for these purposes, provides the analytical equivalent of insurance to its' members, the same policy reasons underlying the rule embodied in Section 11580(b)(2) should also apply to bar Plaintiffs from suing SDRMA in the same lawsuit against its member, TCSD, just as those policy reasons applied even before the enactment of Section 11580(b)(2) in 1935. *Severns v. California Highway Indem. Exchange, supra*, 100 Cal.App. at 393; *see also Ritter v. Cal. Highway Indem. Exchange*, 214 Cal. 791, 792 (1931) (approving the holding of the *Severns* court and noting "that the obtaining of . . . final judgment constituted a condition precedent to *any action* which the injured person might have against the insurance carrier"); *Wiggins v. Pac. Indem. Co.*, 134 Cal.App. 328, 337 (1933) ("under the common-law rule . . . the right to sue was limited to the obligee named in the bond, and from those bonds or contracts of insurance which postponed the right to sue until final judgment was had against the principal"); 14A Cal. Jur. 3d Contribution and Indemnification, II.F., § 71 (3d Ed. 2008) ("[w]here the indemnitor's undertaking is to pay any final judgment that an injured person may secure against the indemnitee, the obtaining of such a judgment *is a condition precedent* to any action that the injured person might have against the indemnitor").[1]

---

[1] This disposes of Plaintiffs' argument that the requirements of Section 11580(b)(2) only prohibits a direct action against the insurer "prior to obtaining . . . judgment against an insured [only] for claims for "bodily injury, death, or property damage." Plaintiffs' Opposition at p. 5:11-19. Indeed, under the common law rule preceding the enactment of Section 11580(b)(2) all direct actions against an insurer, or its' analytical equivalent, are prohibited prior to obtaining a judgment, regardless of the claim asserted. Indeed, without this rule, it is likely that virtually all third-party claimants would routinely join the insured and its insurer in litigation, in contravention of the policy reasons prohibiting such actions, which are outlined below.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

In a related context, the California Supreme Court outlined the policies supporting the rule that a claimant should be required to resolve underlying litigation prior to maintaining a lawsuit against an insurer. *See Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 308 (1988). The policies advanced by this rule include: (1) preservation of the rule provided by Evidence Code section 1155, which makes evidence of insurance inadmissible to determine the insured's liability, which would be violated in letter and spirit, were it otherwise; (2) assuring that the defense of the insured is not compromised by discovery initiated by the injured party against the insurer;[2] (3) requiring the third party claimant to conclude its action against the insured, so that the best determination can be made as to the damages suffered by the claimant as a result of the insurer's conduct; and (4) the legal principle that no enforceable claim accrues against the insurer until the liability of the insured is established. *See, e.g., Marenger v. Hartford Accident & Indem. Co.*, 219 Cal.App.3d 625, 631 (1990). Although the court addressed the analytically distinct question of whether a third party claimant could maintain a direct action against an insurer for violations of the unfair claims settlement practices statute prior to obtaining a judgment against the insured, the *Moradi-Shalal* court's reasoning leading to its conclusion that a direct action could not be maintained against an insurer is implicated where, as here, a Plaintiff seeks to sue SDRMA and its' member in the same lawsuit.

Thus, the policies outlined above would also be advanced by dismissing all causes of action against SDRMA which implicate its relationship with its member. Accordingly, this court should grant SDRMA's motion to dismiss all causes of action against it.[3]

---

[2] For instance, in this case, Plaintiff will undoubtedly request SDRMA's "claim file" thereby potentially compromising the defense of its member, TCSD.

[3] Plaintiff only opposes SDRMA's motion to dismiss on three of her causes of action. Plaintiffs' Opposition at .p. 2:6-7 ("[a]s set forth below, Mrs. Anderson has adequately alleged all *three of its causes of action* against SDRMA and none of them should be dismissed) (emphasis added). Presumably, since Plaintiff has asserted four causes of action in her complaint, she has chosen not to oppose SDRMA's motion to dismiss her fourth cause of action for negligence, since she raises no legal argument in her brief outlining any opposition to dismissal of this claim. Accordingly, SDRMA's motion to dismiss should be granted as to this cause of action, as Plaintiff has not opposed SDRMA's arguments in this regard. *See Robinson v. Gusman*, No. 05-6446, 2008 WL 348780, at *2 (E.D. La. Feb. 7, 2008) (granting motion to dismiss where non-movant did not oppose dismissal); *AT & T Corp. v. Walker*, No. C04-5709FDB, 2006 WL 3019980, at *2 (W.D. Wash. Oct. 17, 2006) (dismissing claim as unopposed); *Olazarra v. DeFulvio*, No. CIV.A.97-7833, 1998 WL 544955 (E.D. Pa. Aug. 26, 1998) (granting motion to dismiss as uncontested);

**B.   Plaintiff Does Not Sufficiently Allege That SDRMA Has Directly Violated Her Civil Rights.**

Contrary to Plaintiffs' contention, she does not sufficiently allege that SDRMA has directly engaged in conduct that violates her civil rights. Instead, Plaintiff has alleged that she "is informed and believes that there is a disparity between Defendants' provision of due compensation to her and to their provision of compensation to other similarly-situated TCSD customers and other similarly situated *SDRMA intended beneficiaries* . . ." Complaint at ¶ 78. Indeed, this and other allegations of the eighth cause of action are predicated on SDRMA's role in providing, for these purposes, the analytical equivalent of insurance to its member, TCSD. *See, e.g.,* Complaint at ¶ 76 ("Mrs. Anderson is entitled to be *considered for compensation* . . ."); Complaint at ¶ 77 ("Mrs. Anderson is informed and believes that Defendants' failure and refusal to provide *her that compensation* . . ."); Complaint at ¶ 77 ("Defendants' insistence in addressing her as "Marge" when *denying her compensation* . . ."; Complaint at ¶ 77 ("Defendants' repeated sarcastic remarks belittling Mrs. Anderson's efforts to *discuss compensation*"); Complaint at ¶ 78 ("there is a disparity between Defendants' *provision of due compensation*"); Complaint at ¶ 79 ("the foregoing *denials of compensation*"); Complaint at ¶ 80 ("[t]he foregoing alleged *denials of compensation*").

Accordingly, Plaintiffs' eighth cause of action based on SDRMA's alleged conduct in denying her compensation as an intended beneficiary of the relationship between SDRMA and TCSD should be dismissed for the reasons outlined in section II.A. of this memorandum.

**C.   Plaintiffs' Cause Of Action For Waste Against SDRMA Is Insufficiently Stated And Should Be Dismissed.**

In her opposition, Plaintiff asserts that her "Sixth Cause of Action alleges that SDRMA *itself* and/or its employees and contractors stole, converted or wasted her personal property." Plaintiffs' Opposition at p. 5:20-21. A cause of action for "[w]aste evolved and broadened from a cause of action designed to protect owners of succeeding estates against the improper conduct of

---

*Felder v. New York City Housing Authority*, No. CV-91-3333(CPS), 1993 WL 416604, at *1 (E.D.N.Y. Oct. 1, 1993) (same).

the person in possession which harmed and affected the inheritance, to a legal means by which any concurrent non-possessory holders of interest in the land are enabled to prevent or restrain harm to the land committed by persons in possession." *Smith v. Cap Concrete*, 133 Cal.App.3d 769, 775 (1982). "To constitute waste there must be an injury to the inheritance . . ." *Hardie v. Chew Fish Yuen*, 258 Cal.App.2d 301, 304 (1968). "Injury to the inheritance, which under the common law would be termed 'waste' can only be proved, with the possible exception of a few instances, by evidence of acts which injuriously affect the market value of the property." *Eastman v. Peterson*, 268 Cal.App.2d 169, 175 (1968); *Sallee v. Daneri*, 49 Cal.App.2d 324, 327 (1942). "[C]onduct which has resulted in substantial depreciation of the market value of land" establishes waste. *Id.*

In short, to state a cause of action for waste, Plaintiff is required to plead that: (1) she has a non-possessory interest in land; (2) SDRMA currently possesses the land; and (3) that SDRMA has engaged in conduct which has injuriously affected the market value of the property. Plaintiff has not met this standard because all of the allegations supporting her cause of action relate to waste of personal property as opposed to land. *See, e.g.*, Complaint at ¶ 62 ("the foregoing Defendants removed and/or caused to be removed a large number of valuable items of [Plaintiffs'] personal property"); Complaint at ¶ 63 ("Defendants . . . wasted [her personal property] while it was in their control"); Complaint at ¶ 64 ("Does 11 through 15 . . . wasted said property with the complicity or tacit consent of . . . SDRMA . . ."). In addition, no where in her allegations does Plaintiff state that SDRMA's alleged conduct resulted in injury to the market value of her land.

Accordingly, SDRMA's Motion to Dismiss the Sixth Cause of Action, to the extent it alleges "Waste," should be granted.

D. **Plaintiffs' Cause of Action for Conversion Is Insufficiently Stated And Should Be Dismissed.**

Under California law, theft and conversion do not constitute separate causes of action. *See People v. Stephen*, 182 Cal.App.3d Supp. 14, 25 n. 6 (1986) ("[i]t is established that 'the civil remedy of damages for conversion is the equivalent of the misdemeanor offense of theft, which is

'the unlawful taking of the property of another'"), citing *People v. O'Rear*, 220 Cal.App.2d Supp. 927, 931 (1963). "Conversion is the wrongful exercise of dominion over the property of another. The elements of conversion are the plaintiff's ownership or right to possession of the property at the time of conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Spates v. Dameron Hospital Assn.*, 114 Cal.App.4th 208, 221 (2003), citing *Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543-544 (1996).

Therefore, in order to properly state a cause of action for Conversion, Plaintiff must allege that: (1) she has an ownership interest in the property which she alleges has been converted; (2) that SDRMA wrongfully converted this property in violation of her rights; and (3) she suffered damages as a result of the conversion. Plaintiff concedes in her opposition to Co-Defendant Pearce and Griffith's Motion to Dismiss or for a More Definite Statement that she cannot sufficiently allege a conversion cause of action, since she admittedly "does not know which of TCSD, SDRMA or Pearce hired the others working there, but she does know that one of those entities did so." Plaintiffs' Opposition to Pearce and Griffith's Motion to Dismiss at p. 6-7. As part of her claim for conversion, Plaintiff must allege that SDRMA exercised dominion over her property, and cannot do so because she simply does not know which entity converted her property.

Accordingly, SDRMA's Motion to Dismiss Plaintiffs' Sixth Cause of Action for Conversion should be granted.

E.   **SDRMA's Joinder In TCSD's Reply In Support Of Its' Motion To Dismiss or for a More Definite Statement.**

Plaintiff does not oppose SDRMA's administrative motion to join in TCSD's Motion to Dismiss or for a More Definite Statement. Therefore, this Court should grant SDRMA's administrative motion. SDRMA hereby incorporates TCSD's reply in support of its' Motion to Dismiss or for a More Definite Statement as though fully set forth herein.

### III. CONCLUSION

For all of the foregoing reasons, and the reasons outlined in SDRMA's Notice of Motion and Motion, this Court should grant SDRMA's Motion to Dismiss Plaintiffs' fourth, sixth, seventh, and eighth causes of action in their entirety.

Dated: August 7, 2008

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner /s/
James P. Wagoner
Ruby Ann D. Helsley
A. Robert Rhoan
Attorneys for Defendant
SPECIAL DISTRICT RISK
MANAGEMENT AUTHORITY
erroneously sued herein as Special District
Risk Management Services

48530/00181-1258520.v1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 2

II.  LEGAL ARGUMENT ........................................................................................... 2

    A.   SDRMA's Contractual Relationship With TCSD Is Analytically Equivalent To That Between Insurer And Insured Requiring Application of Section 11580(b)(2) To Bar Plaintiffs' Causes of Action........................................ 2

    B.   Plaintiff Does Not Sufficiently Allege That SDRMA Has Directly Violated Her Civil Rights ................................................................................................. 6

    C.   Plaintiffs' Cause Of Action For Waste Against SDRMA Is Insufficiently Stated And Should Be Dismissed ....................................................................... 6

    D.   Plaintiffs' Cause of Action for Conversion Is Insufficiently Stated And Should Be Dismissed ......................................................................................... 7

    E.   SDRMA's Joinder In TCSD's Reply In Support Of Its' Motion To Dismiss or for a More Definite Statement ......................................................................... 8

III. CONCLUSION ..................................................................................................... 9

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

i

SDRMA'S REPLY IN SUPPORT OF ITS' MOTION TO DISMISS
CV08-2354 VRW

# TABLE OF AUTHORITIES

Page

**Cases**

*City of South El Monte v. So. Cal. Joint Powers Ins. Authority,*
  38 Cal.App.4th 1629, 1639-1640 (1995) .................................................................. 4

*Eastman v. Peterson,*
  268 Cal.App.2d 169, 175 (1968) .............................................................................. 7

*Hardie v. Chew Fish Yuen,*
  258 Cal.App.2d 301, 304 (1968) .............................................................................. 7

*Laguna Publishing Co. v. Employers Reinsurance Corp.,*
  617 F.Supp. 271, 72 (C.D. Cal. 1985) ...................................................................... 3

*Marenger v. Hartford Accident & Indem. Co.,*
  219 Cal.App.3d 625, 631 (1990) .............................................................................. 5

*Milstein v. Cooley,*
  257 F.3d 1004, 1007 (9th Cir. 2001) ........................................................................ 2

*Moradi-Shalal v. Fireman's Fund Ins. Cos.,*
  46 Cal.3d 287, 308 (1988) ........................................................................................ 5

*Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales,*
  474 F.Supp.2d 1133, 1139 (N.D. Cal. 2007) ........................................................... 2

*Oakdale Village Group v. Fong,*
  43 Cal.App.4th 539, 543-544 (1996) ........................................................................ 8

*People v. O'Rear,*
  220 Cal.App.2d Supp. 927, 931 (1963) .................................................................... 8

*People v. Stephen,*
  182 Cal.App.3d Supp. 14, 25 n. 6 (1986) ................................................................. 7

*Ritter v. Cal. Highway Indem. Exchange,*
  214 Cal. 791, 792 (1931) .......................................................................................... 4

*Sallee v. Daneri,*
  49 Cal.App.2d 324, 327 (1942) ................................................................................ 7

*Severns v. California Highway Indem. Exchange,*
  100 Cal.App. 384, 393 (1929) .............................................................................. 3, 4

*Smith v. Cap Concrete,*
  133 Cal.App.3d 769, 775 (1982) .............................................................................. 7

*Southgate Recreation and Park District v. Cal. Assn. for Park and Recreation Ins.,*
  106 Cal.App.4th 293, 297 (2003) ............................................................................. 4

# TABLE OF AUTHORITIES
(continued)

Page

*Spates v. Dameron Hospital Assn.*,
  114 Cal.App.4th 208, 221 (2003) .................................................................................. 8

*Tashire v. State Farm Fire & Cas. Co.*,
  363 F.2d 7, 10 (9th Cir. 1966) ....................................................................................... 3

*Wiggins v. Pac. Indem. Co.*,
  134 Cal.App. 328, 337 (1933) ....................................................................................... 4

**Statutes**

Insurance Code § 11580 in 1935 ...................................................................................... 3

**Treatises**

14A Cal. Jur. 3d Contribution and Indemnification, II.F., § 71 (3d Ed. 2008) .................. 4

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 5 River Park Place East, Fresno, California 93720-1501. On August 7, 2008, I served the within documents:

**SPECIAL DISTRICT RISK MANAGEMENT AUTHORITY'S REPLY IN SUPPORT OF ITS' MOTION TO DISMISS**

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ **BY PERSONAL DELIVERY:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☒ **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically by ECF to be posted to the website and notice given to all parties that the document has been served.

☐ **BY ELECTRONIC MAIL:** by causing documents(s) to be transmitted by electronic mail to the below e-mail addresses.

Antonio L. Cortes
Attorney at Law
528 Wisteria Way
San Rafael, CA 94903
Phone: 415-256-1911

*Attorneys for Plaintiff*
Marjory Anderson

Eugene B. Elliott
Christine Lee
Bertrand, Fox & elliott
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Phone: 415-353-0999
Fax: 415-353-0990

*Attorneys for Defendants*
Tamalpais CSD and Jon Elam

1  Jachyn Davis
2  Lerch Sturmer, LLP
   333 Bush Street, Suite 2020
3  San Francisco, California 94104
   jdavis@lerchsturmer.com
4  Phone: (415) 217-6354
   Fax: (415) 217-2782
5
   *Attorneys for Defendants*
6  Pearce & Frankman, Inc. and Millen
   Griffith
7
8      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on August 7, 2008, at Fresno, California.

_____
Alysia Eckersberg

48530/00181-1236645.v1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
P.O. Box 28912
Fresno, CA 93729-8912

2
PROOF OF SERVICE